# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | January 22, 2007 |
| Title | TrafficSchool.com, et al. v. eDriver, Inc., et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

DOCKETED ON CM

JAN 2 4 2007

BY _____ 004

Before the Court is a Motion to Dismiss (Docket No. 9) filed by defendants eDriver, Inc. and Online Guru, Inc. (collectively, "Defendants"). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 22, 2007, is vacated, and the matter taken off calendar.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In this action brought under § 43(a) of the Lanham Act, plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC (collectively, "Plaintiffs") allege that Defendants have engaged in false advertising by using the term "DMV" in conjunction with their Internet website, even though that website is not endorsed by any state's department of motor vehicles.

According to the Complaint, Defendants operate a website by the name of "DMV.ORG," which is located at http://www.dmv.org (the "site"). Plaintiffs allege that the term "DMV" is used by California and several other states in conjunction with governmental agencies that regulate motor vehicle licensing, and that Defendants have no "license or permission to act on behalf of any state DMV agency or to represent (impliedly or expressly) that it is endorsed by, affiliated with, or licensed by the California DMV or any other state DMV." (Compl. ¶ 15.) Accordingly, they allege that Defendants' use of the term is likely to cause confusion and deceive the public because it suggests that the site is sanctioned by or affiliated with at least one state DMV agency.

Plaintiffs also allege that this practice harms them because the site contains links to other parties who directly compete with them. According the Complaint, Plaintiffs provide online traffic school courses and drivers education services and the site has recommendations for at least one other online traffic school and one other online drivers education service that directly compete with Plaintiffs' services. Thus, Plaintiffs allege that they are harmed by the site because it leads consumers to believe that California and other state DMV agencies have recommended their competitors as preferred providers for traffic school and drivers education.

Based on these allegations, Plaintiffs assert a claim for false advertising under § 43(a) and an unfair competition claim under California Business & Professions Code section 17200. Defendants

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

Case No.   CV 06-7561 PA (CWx)                                    Date   January 22, 2007

Title   TrafficSchool.com, et al. v. eDriver, Inc., et al.

move to dismiss the Lanham Act claim pursuant to Rule 12(b)(6) on the ground that Plaintiffs lack standing to bring a claim under § 43(a) or, in the alternative, for a more definite statement pursuant to Rule 12(e).

## II. STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do substantial justice." Fed. R. Civ. P. 12(b)(6), 8(f). "'Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)); see also Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) ("A motion may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). "'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'" Daniel, 288 F.3d at 380 (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

## III. ANALYSIS

The gravamen of Defendants' motion is that the alleged conduct complained of by Plaintiffs is actionable only as a violation of the false association prong of § 43(a), and not as a violation of the false advertising prong of the statute. This distinction matters, Defendants contend, because Plaintiffs must assert a commercial interest in the allegedly misused "DMV" term in order to establish standing for a claim for false association.

As pointed out by Defendants, § 43(a) contains two different subsections, each of which describes an analytically distinct form of conduct prohibited by the Lanham Act. In full, the section reads:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

Case No.   CV 06-7561 PA (CWx)                              Date   January 22, 2007

Title      TrafficSchool.com, et al. v. eDriver, Inc., et al.

> (A) is likely to cause confusion, or to cause mistake, or to deceive
> as to the affiliation, connection, or association of such person with
> another person, or as to the origin, sponsorship, or approval of his
> or her goods, services, or commercial activities by another person,
> or
>
> (B) in commercial advertising or promotion, misrepresents the
> nature, characteristics, qualities, or geographic origin of his or her
> or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is
> or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1) (2006). The two basis of liability provided for under this section are "(1) false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device ('false association'), and (2) false representations in advertising concerning the qualities of goods or services ('false advertising')." Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1108 (9th Cir. 1992). The two prongs of § 43(a) serve different purposes, as the false association prong serves mainly to "make 'actionable the deceptive and misleading use of marks in . . . commerce'" and the false advertising prong serves to "'protect persons engaged in . . . commerce against unfair competition,'" at least to the extent that federal law protects against unfair competition. See id. (quoting 15 U.S.C. § 1127 (1998)); Toho Co., Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 792 (9th Cir. 1981) ("federal law does not prohibit a broad range of acts defined as unfair competition by the law of many states").

Against this backdrop, Defendants contend that Plaintiffs' claim must be construed as arising under the false association prong of § 43(a) because it involves the allegation that the site appears to be sanctioned by or affiliated with state DMV agencies and is therefore likely to cause confusion as to its "origin, sponsorship, or approval." See § 1125(a)(1)(A). The claim cannot arise under the false advertising prong, Defendants argue, because it only prohibits misrepresentation as to the "*geographic origin*" of a defendant's goods. See § 1125(a)(1)(B) (emphasis added).

Defendants' argument must be rejected, as it misrepresents the true nature of Plaintiffs' allegations. Plaintiffs do not merely allege that consumers are likely to be confused as to the source of Defendants' site, but instead that they are likely to be deceived into thinking that the site, as well as the services of Plaintiffs' competitors, are endorsed by various government agencies when it fact they are not. While Defendants may be correct to the extent that such a claim could be brought under the false association prong, the claim is also properly construed as arising under the false advertising prong because the latter prohibits a rather broad category of misrepresentations, including those regarding the nature, characteristics, or qualities of a defendant's goods. Ample authority establishes that Plaintiffs' claim, alleging a misrepresentation of an endorsement or approval of a governmental agency, is properly within that prohibition. See, e.g., Cottrell, Ltd. v. Biotrol Int'l, Inc., 191 F.3d 1248, 1255-56 (7th Cir.

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | January 22, 2007 |
| Title | TrafficSchool.com, et al. v. eDriver, Inc., et al. | | |

1999); Pfizer v. Y2K Shipping & Trading Inc., 70 U.S.P.Q.2d 1592, 1599 (E.D.N.Y. 2004); Summit Tech., Inc. v. High-Line Med. Instruments, Co., 933 F. Supp. 918, (C.D. Cal. 1996); Performance Indus. Inc. v. Koos Inc., 18 U.S.P.Q.2d 1767, 1770-71 (E.D. Pa. 1990).

Accordingly, Plaintiffs correctly assert that "different causes of action alleged pursuant to the different subsections of 15 U.S.C. § 1125(a) have different standing requirements" and that they do not need to meet the standing requirements for false association claims. See Jack Russell Terrier Network of N. California v. Am. Kennel Club, 407 F.3d 1027, 1037 (9th Cir. 2005); Barrus v. Sylvania, 55 F.3d 468, 469-70 (9th Cir. 1995). Nonetheless, Plaintiffs' insistence that they are pursuing a false advertising claim and their argument that they meet the standing for that claim only highlight a more serious, and fatal, defect of the Complaint. In order to satisfy standing for that claim, Plaintiffs "must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant." Barrus, 55 F.3d at 470; accord Jack Russell, 407 F.3d at 1037.

In evaluating whether a competitive injury has been alleged, the Court must determine whether Plaintiffs and Defendants are competitors, that is "'persons endeavoring to do the same thing and each offering to perform the act, furnish the merchandise, or render the service better or cheaper than his rival.'" Fuller Bros., Inc. v. Int'l Mktg., Inc., 870 F. Supp. 299, 303 (D. Or. 1994) (quoting Black's Law Dictionary 257 (5th ed. 1979)), quoted in Summit Tech., 933 F. Supp. at 939 n.14; accord Kournikova v. Gen. Media Commc'ns, 278 F. Supp. 2d 111, 1117 (C.D. Cal. 2003); W. States Wholesale, Inc. v. Synthetic Indus., Inc., 206 F.R.D. 271, 276 (C.D. Cal. 2002). Under this test, it is not sufficient to show that "some economic nexus" exists between the parties, or that the defendant's conduct merely has "some economic effect" on the plaintiff. Summit Tech., 933 F. Supp. at 939 n.14. Instead, courts looks to whether or not the parties are competitors in the sense that they "vie for the same dollars from the same consumer group," and whether the alleged misrepresentation effects a diversion of business from the plaintiff to the defendant. Kournikova, 278 F. Supp. 2d at 1117-18; see also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734 (9th Cir. 1999).

Here, none of Plaintiffs allegations even remotely suggest that they have suffered a competitive injury because they all establish that Plaintiffs and Defendants offer different services to different customers. First, the Complaint essentially concedes that Plaintiffs and Defendants do not compete by alleging that the site "acts as a referral source in California and other states for traffic schools and drivers education schools that are competitive with Plaintiffs." (Compl. ¶ 15.) This allegation identifies Plaintiffs' competitors as other providers of online traffic school courses and drivers education services, and recognizes that Defendants merely provide an advertising forum for those competitors.

Second, even to the extent that Plaintiffs allege some economic effect resulting from Defendants' alleged misrepresentations, they plainly fail to allege any diversion of business from themselves to Defendants. Plaintiffs allege that "Defendants are generating revenues for themselves by driving internet traffic to the Site and by obtaining referral fees and other participatory benefits from Plaintiffs' competitors" in a manner that "eliminates or reduces the commercial benefit and opportunities of

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | January 22, 2007 |
| Title | TrafficSchool.com, et al. v. eDriver, Inc., et al. | | |

Plaintiffs to selling their traffic school and drivers education services for profit." (Id.) Again, these allegations only establish that Defendants receive consideration for advertising the services of Plaintiffs' competitors in the online traffic school and drivers education market. Combining this with Plaintiffs' allegation that "Defendants' activities have the effect of harming Plaintiffs' ability to compete fairly in the marketplace," it is clear that Plaintiffs' alleged injury in this case is the diversion of business from themselves to parties not named in this lawsuit.

The Ninth Circuit rejected precisely this type of claim in Jack Russell. There, the plaintiffs were breeders of Jack Russell Terriers who had been excluded from membership in the Jack Russell Terrier Club of America (the "Club"). Jack Russell, 407 F.3d at 1031. The Club also published a magazine that listed the breeders as former members who had been excluded from the Club. Id. The breeders claimed that the publication was a false advertisement that misrepresented the quality of their terriers by implying that Club-registered terriers were superior to all other Jack Russell Terriers and false implying that the breeders' terriers did not meet Club standards. Id. at 1036. One of the breeders further claimed to have been harmed by the publication because it caused other dog owners and breeders to stop associating with her, breed with her dogs, or buy her puppies. Id. at 1031. The district court held that the breeders did not have standing to pursue their Lanham Act claim. Id. at 1029. The Ninth Circuit affirmed; even though the Club's alleged misrepresentations may have caused the breeders to lose business, the court held the parties were not competitors. See id. at 1037.

Thus, in Jack Russell, the Ninth Circuit held that a plaintiff does not have standing to pursue a false advertising claim simply because a defendant engages in misrepresentations that divert sales from the plaintiff to some other third party. Here, that is all that is alleged. Accordingly, Plaintiffs' Complaint, as is, fails to state a claim for false advertising under the Lanham Act. See Barrus, 55 F.3d at 470. The claim is dismissed with leave to amend. While the Court has serious reservations that plaintiff will be able to amend its complaint, it shall have until February 5, 2007 to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the false advertising claim is granted. Thus, having dismissed the only claim over which its had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law cause of action.[1] See 28 U.S.C. § 1367(c); Executive Software v. United States Dist. Court, 24 F.3d 1545, 1555-56 (9th Cir. 1994). Accordingly, Plaintiffs' supplemental state law claim is dismissed without prejudice.

IT IS SO ORDERED.

---

[1] Pursuant to 28 U.S.C. § 1367(c), the statute of limitations is tolled for a minimum of thirty (30) days.