# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | March 15, 2007 |
| Title | TrafficSchool.com, et al. v. eDriver, Inc., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss the First Amended Complaint (Docket No. 18) filed by defendants eDriver, Inc. and Online Guru, Inc. (collectively, "Defendants"). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 19, 2007, is vacated, and the matter taken off calendar.

## I.     FACTUAL & PROCEDURAL BACKGROUND

In this action brought under § 43(a) of the Lanham Act, plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC (collectively, "Plaintiffs") allege that Defendants have engaged in false advertising by using the term "DMV" in conjunction with their Internet website, even though that website is not endorsed by any state's department of motor vehicles. On January 22, 2007, this Court dismissed Plaintiffs' Complaint with leave to amend. They filed a First Amended Complaint ("FAC") on February 5.

According to the FAC, Defendants operate a website by the name of "DMV.ORG," which is located at http://www.dmv.org (the "site"). Plaintiffs allege that the term "DMV" is used by California and several other states in conjunction with governmental agencies that regulate motor vehicle licensing, and that Defendants have no "license or permission to act on behalf of any state DMV agency or to represent (impliedly or expressly) that they are endorsed by, affiliated with, or licensed by the California DMV or any other state DMV." (FAC ¶ 27.) Accordingly, they allege that Defendants' use of the term is likely to cause confusion and deceive the public because it suggests that the site is sanctioned by or affiliated with at least one state DMV agency.

Plaintiffs also allege that they compete with Defendants in the business of referring consumers to third parties who provide traffic school and drivers education. They claim that Defendants' use of the term DMV leads consumers to believe that Defendants' site is an officially sanctioned source for such referrals, and therefore use Defendants' site to obtain the referrals instead of theirs. This, they allege, harms them because it causes them to lose referral fees from the third parties.

DOCKETED ON CV
MAR 21 2007

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 06-7561 PA (CWx) | Date March 15, 2007 |
| Title TrafficSchool.com, et al. v. eDriver, Inc., et al. | |

Based on these allegations, Plaintiffs assert a claim for false advertising under § 43(a) and an unfair competition claim under California Business & Professions Code section 17200. Defendants move to dismiss the Lanham Act claim pursuant to Rule 12(b)(6) on the ground that Plaintiffs lack standing.

## II. STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do substantial justice." Fed. R. Civ. P. 12(b)(6), 8(f). "'Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)); see also Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) ("A motion may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). "'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'" Daniel, 288 F.3d at 380 (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

## III. ANALYSIS

As with their previous motion to dismiss, Defendants challenge the FAC on the ground that Plaintiffs lack standing to bring their false advertising claim under § 43(a). As previously explained by this Court, Plaintiffs "must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant." Barrus v. Sylvania, 55 F.3d 468, 470 (9th Cir. 1995); accord Jack Russell Terrier Network of N. California v. Am. Kennel Club, 407 F.3d 1027, 1037 (9th Cir. 2005). This requires analysis of whether or not the parties are competitors in the sense that they "vie for the same dollars from the same consumer group," and whether the alleged misrepresentation effects a diversion of business from the plaintiff to the defendant. Kournikova v. Gen. Media Commc'ns, 278 F. Supp. 2d 111, 1117-18 (C.D. Cal. 2003); see also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734 (9th Cir. 1999).

The FAC plainly satisfies these requirements. Plaintiffs have now alleged that they are competitors with Defendants because both "act as a referral source for third party traffic schools and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | March 15, 2007 |
| Title | TrafficSchool.com, et al. v. eDriver, Inc., et al. | | |

drivers education schools" and "advertise other third party services (i.e., other than traffic and drivers education schools) and receive financial consideration from those third parties for the same types of services." (FAC ¶ 17.) They also allege the requisite diversion of business from themselves to Defendants by claiming that Defendants' misrepresentations cause online consumers to visit their site over Plaintiffs' websites and therefore deprive Plaintiffs of "revenue which they otherwise would have obtained from the illegally diverted consumers." (FAC ¶ 19.)

Defendants fail to identify any manner in which these allegations are insufficient. Though Defendants are correct that the FAC focuses on new and different facts not alleged in the Complaint, they have failed to show that the any of the new allegations are contradictory to or inconsistent with anything previously asserted by Plaintiffs. They have also failed to show that Plaintiffs' claims must fail simply because they center around a small part of Plaintiffs' business rather than the "focal point" of their business. See Kournikova, 278 F. Supp. 2d at 1117-19; W. States Wholesale, Inc. v. Synthetic Indus., Inc., 206 F.R.D. 271, 276 (C.D. Cal. 2002); Summit Tech., Inc. v. High-Line Med. Instruments, Co., 933 F. Supp. 918, 939 (C.D. Cal. 1996); Nat'l Servs. Group v. Painting & Decorating Contractors of Am., No. SACV06-563CJC(ANX), 2006 WL 2035465, at *3-*4 (C.D. Cal. July 18, 2006).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.

IT IS SO ORDERED.