# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7561 PA (CWx) | Date | June 11, 2007 |
|---|---|---|---|

| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. |
|---|---|

Present: The Honorable PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Leave to File Second Amended Complaint (Docket No. 28) filed by plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC (collectively "Plaintiffs"). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 11, 2007, is vacated, and the matter taken off calendar.

As the Court has previously described, this is an action for false advertising and unfair competition under the Lanham Act and California Business & Professions Code section 17200. Plaintiffs allege that defendants eDriver, Inc. and Online Guru, Inc. (collectively "Defendants") have engaged in false advertising by using the term "DMV" in conjunction with their Internet website, dmv.org, even though that website is not endorsed by any state's department of motor vehicles. They claim that Defendants' use of the term is likely to cause confusion and deceive the public because it suggests that the site is sanctioned by or affiliated with at least one state DMV agency and therefore leads consumers to believe that the site is an official source for referral to providers of traffic school and drivers education services.

Plaintiffs now want to add Find My Specialist, Inc., Seriousnet, Inc., and Ravi K. Lahoti as defendants, and request a continuance of the trial and pretrial dates ordered by the Court on March 15, 2007. Lahoti is a corporate officer for the current corporate defendants, and is also a corporate officer for Find My Specialist and Seriousnet. Though Defendants do not object to the joinder of Lahoti, they oppose joinder of the two additional corporate entities on the grounds that relief will be complete even if they are not added and that the allegations of the proposed Second Amended Complaint ("SAC") fail to state a claim for relief against them. They also oppose Plaintiffs' request for a continuance.

Addressing first Plaintiff's request for leave to file the SAC, their motion is timely pursuant to the Court's Scheduling Order and is therefore considered under Federal Rule of Civil Procedure 15. The rule provides for amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-7561 PA (CWx)                                Date   June 11, 2007

Title   TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al.

"facilitate decision on the merits rather than on pleadings or technicalities"). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). These factors are not of equal weight, however in that either delay or futility are sufficient alone to justify denial of a motion to amend. DCD Programs, 833 F.2d at 186; cf. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."). In this context, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988). In other words, "[t]he court can deny the motion to amend on the basis of futility either if the amended complaint would be dismissed under Rule 12(b)(6), or if plaintiff fails to plead with requisite specificity under Rule 9(b)." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003) (citations omitted); see also Miller, 845 F.2d at 214 ("'[The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'") (quoting 3 James Wm. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Because Plaintiffs seek to join additional defendants, their Motion also brings into consideration Rule 20, which allows for permissive joinder. In pertinent part, the Rule provides:

> All persons . . . may be joined in one action as defendants if there is
> asserted against them jointly, severally, or in the alternative, any right to
> relief in respect of or arising out of the same transaction, occurrence, or
> series of transactions or occurrences and if any question of law or fact
> common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Rule 20(a) imposes two specific requirements for proper joinder: "(1) a right to relief must be asserted . . . against . . . each defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Defendants may be added by the Court "on such terms as are just." Fed. R. Civ. P. 21.

Here, none of the factors considered under Rule 15(a) counsel against granting leave to amend. Plaintiffs' proposed SAC asserts viable claims against Find My Specialist and Seriousnet in alleging that they participate in a scheme to direct consumers to the dmv.org site through various other interlinked websites and are "engaged in a joint venture relating to the operation of DMV.ORG" and a conspiracy to engage in false advertising and unfair competition. (SAC ¶¶ 11, 19.) This is sufficient to state a claim

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7561 PA (CWx) | Date | June 11, 2007 |
|---|---|---|---|

| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. |
|---|---|

for relief and vitiates Defendants' arguments that Plaintiffs' Motion is futile or made in bad faith. Plaintiffs' motion was also filed within the deadlines set by the Court, does not pose a threat of prejudice to Defendants, and involves completely new issues than those at stake when Plaintiffs first amended the Complaint. Addition of the two corporate entities is also proper under Rule 20, as Plaintiffs' claims arise out of the same factual background and present the same questions of fact or law regarding liability for the dmv.org site as their current claims against Defendants.

Taking next Plaintiff's request for a continuance, the Court has already issued a scheduling order pursuant to Rule 16, so that Plaintiff's request must meet the "good cause" standard of Rule 16(b). Under this standard, the Court "primarily considers the diligence of the party seeking to interpose an amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Good cause can be shown if the pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). At this point, the request is based on the speculative concern that Defendants will oppose discovery with respect to the new parties until a motion to dismiss the SAC is filed and ruled upon. This does not satisfy the standard set by Rule 16 and, for now, the Court accepts Defendants' representations that they will adhere to the Court's pretrial schedule. The Court reminds the parties of their obligation to cooperate in the discovery process without unreasonable delay, however, and strongly urges them to do so.

Accordingly, for the foregoing reasons, the Court grants Plaintiffs leave to file a Second Amended Complaint and denies their request for a continuance without prejudice. The deputy clerk is ordered to file the Proposed Second Amended Complaint lodged with Plaintiffs' Motion.

IT IS SO ORDERED.



Initials of Preparer

cc.