SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | September 10, 2007 |
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                                          None

**Proceedings:**       IN CHAMBERS—COURT ORDER

Before the Court are cross-motions for summary judgment filed by plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC ("Plaintiffs") (Docket No. 59), and defendants eDriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, Raj Lahoti, and Does 1 through 10 ("Defendants") (Docket No. 50). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for September 10, 2007 is vacated, and the matter taken off calendar.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In this action brought under § 43(a) of the Lanham Act and California Business & Professions Code § 17200, et seq., Plaintiffs allege that Defendants have engaged in false advertising by using the term "DMV" in conjunction with their Internet website, even though that website is not endorsed by any state's department of motor vehicles.[1] On January 22, 2007, this Court dismissed Plaintiffs' Complaint with leave to amend. Plaintiffs filed a First Amended Complaint on February 5, 2007, a Second Amended Complaint on June 11, 2007, and a Third Amended Complaint ("Complaint") on July 17, 2007.

According to the Complaint, Defendants operate a website by the name of "DMV.ORG," which is located at http://www.dmv.org (the "site" or "website"). Plaintiffs allege that the term "DMV" is used by California and several other states in conjunction with governmental agencies that regulate motor vehicle licensing. Accordingly, they allege that Defendants' use of the term is likely to cause confusion and deceive the public because it suggests that the site is sanctioned by or affiliated with at least one state DMV agency.

---

[1]      Defendants note, however, that the State of Pennsylvania has entered a written linking agreement with DMV.ORG in which Pennsylvania would confirm DMV.ORG's express right to link to the Pennsylvania motor vehicle website.

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | September 10, 2007 |
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

Plaintiffs also allege that they compete with Defendants in the business of referring consumers to third parties who provide traffic school and drivers education. They claim that Defendants' use of the term "DMV" leads consumers to believe that Defendants' site is an officially-sanctioned source for such referrals, and therefore use Defendants' site to obtain the referrals instead of Plaintiffs' site This, they allege, harms them because it causes them to lose referral fees from the third parties.

Based on these allegations, Plaintiffs assert claims for (1) unfair competition/false advertising in violation of 15 U.S C. § 1125(a); and (2) unfair competition in violation of California Business & Professions Code § 17200 et seq. On August 10, 2007, Defendants filed their Motion for Summary Judgment ("Defendants' Motion") on both of Plaintiffs' claims, and also on their affirmative defenses of unclean hands and laches. On August 20, 2007, Plaintiffs filed their Motion for Summary Judgment ("Plaintiffs' Motion") on both of their claims.

In their Motion, Defendants assert that they are entitled to summary judgment because: (1) the Plaintiffs lack standing, (2) Defendants' website is not materially misleading because it is not literally false even by implication, and because the website is not materially deceptive; (3) Plaintiffs are guilty of unclean hands; and (4) the doctrine of laches bars Plaintiffs' claims

Plaintiffs assert in their Motion that they are entitled to summary judgment on both of their claims because: (1) Defendants' website is materially misleading because it is literally false by implication, because the website actually has deceived and has a tendency to deceive consumers, and because the misrepresentation is likely to affect many consumers' purchasing decisions; and (2) Plaintiffs are guilty of neither unclean hands nor laches, and even if they were, the public interest in protecting the public from misleading advertisements outweighs any such defenses.

Because both Defendants' and Plaintiffs' Motions address substantially the same issues, the Court will address both parties' Motions simultaneously by issue.

## II. STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | September 10, 2007 |
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

any other form of admissible evidence. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325, 106 S. Ct. at 2554.

The nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e) (nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512). If the adverse party does not so respond, summary judgment shall be entered.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue as to any material fact regarding any element for which the non-moving party bears the burden of proof at trial. Celotex, 477 U.S. at 322, 106 S. Ct. at 2552 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

## III. ANALYSIS

### A. Standing

Defendants vigorously argue that Plaintiffs have failed to demonstrate Article III standing, standing under California Business & Professions Code § 17200, et seq., or standing under the Lanham Act. Defendants assert that Plaintiffs have failed to show injury in fact and a causal connection to Defendants' actions.[2]

In order to bring a false advertising claim, Plaintiffs "must allege commercial injury based upon a misrepresentation about a product, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant." Barrus v. Sylvania, 55 F.3d 468, 470 (9th Cir. 1995)

---

[2] Section 43(a) of the Lanham Act provides that one who falsely advertises "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged . . ." 15 U.S.C. 1125(a)(1) (emphasis added). Defendants' suggestion that Plaintiffs must show that, but for Defendants' alleged false advertising, that Plaintiffs would have gotten every referral that Defendants got, would effectively read the clause "likely to be" out of the Lanham Act.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7561 PA (CWx) | Date | September 10, 2007 |
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

(citations omitted); accord, Jack Russell Terrier Network of N. California v. Am. Kennel Club, 407 F.3d 1027, 1037 (9th Cir. 2005). This requires analysis of whether or not the parties are competitors in the sense that they "vie for the same dollars from the same consumer group," and whether the alleged misrepresentation effects a diversion of business from the plaintiff to the defendant. Kournikova v. Gen. Media Commc'ns, 278 F. Supp. 2d 1111, 1117–18 (C.D. Cal. 2003); see also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734 (9th Cir. 1999).

Defendants argue that Plaintiffs do not compete with them.[3/] Defendants's arguments were previously rejected by the Court when Defendants made them in a motion to dismiss. (See Order of March 15, 2007.) Defendants now attempt to make the same arguments in a new way: by suggesting that Plaintiffs are only in de minimis competition with Defendants, and that this precludes standing under the Lanham Act. Defendants' argument fails for several reasons.

First, neither of the two cases that Defendants cite for the proposition that a de minimus injury is insufficient to confer standing have anything to do with the nature of competition between parties in an action for unfair advertising. See Shimkus v. Hickner, 417 F. Supp. 2d 884 (E.D. Mich. 2006) (involving state court action arising from dissolution of a housing commission and termination of its director); Small v. General Nutrition Cos., Inc., 388 F.Supp.2d 83 (E.D.N.Y. 2005) (involving claimed violations of the Americans with Disabilities Act and New York City Human Rights Law).

Second, as in their motion to dismiss, Defendants have not demonstrated to the Court that Plaintiffs' claims must fail simply because they center around a small part of Plaintiffs' business rather than the "focal point" of their business. See Kournikova, 278 F. Supp. 2d at 1117–19; W. States Wholesale, Inc. v. Synthetic Indus., Inc., 206 F.R.D. 271, 276 (C.D. Cal. 2002); Summit Tech., Inc. v. High-Line Med. Instruments, Co., 933 F. Supp. 918, 939 (C.D. Cal. 1996); Nat'l Servs. Group v. Painting & Decorating Contractors of Am., No. SACV 06-563 CJC (ANx), 2006 WL 2035465, at *3–*4 (C.D. Cal. July 18, 2006). Defendants' argue that only a small portion — about one percent — of Plaintiffs' gross revenues are derived from the traffic and drivers education school referrals portion of Plaintiffs' business (which is the only portion that directly competes with Defendants' business). Plaintiffs counter that Defendants have based this accusation on revenue figures from only one third-party provider for only a select number of states, and that in actuality, about 18% of Plaintiffs' gross revenue, or $530,000, comes from referral revenue. This dispute is sufficient to create a genuine issue of material fact.

---

[3/] The Court notes the irony that Defendants argue that Plaintiffs do not compete with them, yet when arguing that Plaintiffs come with unclean hands, Defendants state that "Plaintiffs, through their DrivingLinks.com website, essentially operate the exact website about which they now complain." (Defs.' Mot. 20.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7561 PA (CWx) | Date | September 10, 2007 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

Third, in Kournikova, the court noted that to show a competitive injury, a plaintiff could show a measurable drop in sales during the period in which the defendant's alleged false advertising occurred, and some evidence to connect that decline to the defendant's action. 278 F. Supp. 2d at 1119. Plaintiffs provide information regarding how their business has suffered since Defendants began operating their site, particularly after Defendants allegedly revised their site to more effectively exploit consumer confusion. For example, Plaintiffs contend that their sales through their website for traffic school courses have decreased 14% between 2005 and 2007, and that sales for drivers education courses have decreased almost 45% in Texas, 30% in California, and 40% in Florida. (Pls.' Mot. 13.) Plaintiffs also maintain that their total costs of pay-per-click advertising have decreased significantly since 2005, reflecting significantly fewer people clicking on Plaintiffs' sponsored links.[4] (Id. 13–14.) Finally, Plaintiffs provided evidence that consumers did business with third-party vendors recommended on Defendants' website because those consumers thought the third-party vendors were recommended by official state motor vehicle agencies. Indeed, Plaintiffs provide the declaration of Shannon Robertson who goes so far as to say: "Had I known that 'dmv.org' was not the Department of Motor Vehicles website at the time I did the online search, I probably would have looked elsewhere for the information and would have considered other online providers, including Drivers Ed Direct." (Pls.' Mot., Robertson Decl. ¶ 8.) This evidence is sufficient to create a genuine issue of material fact regarding Plaintiffs' competitive injury for both the Lanham Act and state law claims. Therefore, the Court will not grant summary judgment on the issue of Plaintiffs' standing.

B.  False Advertising

Defendants argue that they are entitled to summary judgment because their website is not materially misleading, and thus there has been no false advertising. Plaintiffs argue that they are entitled to summary judgment because the website is materially misleading.

The elements of false advertising under the Lanham Act are:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales

---

[4]  Defendants argue that Plaintiffs failed to provide any information regarding injury during discovery. The court takes no position on whether the Plaintiffs' theory will be admissible trial if they failed to disclose it in response to a properly worded discovery request.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7561 PA (CWx) | Date | September 10, 2007 |
|---|---|---|---|

| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc , et al. |
|---|---|

from itself to defendant or by lessening of the goodwill associated with its products.

Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997). The parties have argued issues associated with the fifth element in the context of standing, which the Court has addressed. Neither party disputes that Defendants have, by placing their website content on the world-wide-web, placed their statement in interstate commerce, and therefore the fourth element is satisfied. See, e.g., Intermatic Inc. v. Toeppen, 947 F. Supp. 1227, 1239–40 (N.D. Ill. 1996) (finding internet communications to meet the "in commerce" requirement). Thus, the parties dispute the first three elements: whether Defendants' website constitutes a false statement of fact that is materially misleading.

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." Southland, 108 F.3d at 1139 (citation omitted). Plaintiffs assert that they are entitled to summary judgment on either or both of these forms of falsity, and Defendants argue that there is no evidence of either form of falsity.

"When evaluating whether an advertising claim is literally false, the claim must always be analyzed in its full context." Id. (citations omitted). There is no dispute that Defendants' website as a whole is not literally false in haec verba, but Plaintiffs argue that Defendants' website, as a whole (including associated search engine advertisements), is literally false by implication because it implies that the website is either a governmental DMV agency website, or is endorsed by such, when in fact neither is true. Defendants counter that, when viewed as a whole, the website does not imply that it is a government website, nor that it is approved by a governmental entity, because it contains disclaimers stating that it is not an official or endorsed website, and because the website truthfully implies only that it provides information about driving and state DMVs, not that it is a state DMV. In Southland, the Ninth Circuit found summary judgment inappropriate because it found that "there are several ways in which a jury could reasonably conclude that the bar chart advertisements, when read as a whole, contain literally false statements within the meaning of § 43(a)." 108 F.3d at 1144. Like the Ninth Circuit in Southland, this Court finds that summary judgment for either party is inappropriate because a jury might reasonably conclude that Defendants' website, as a whole, falsely implies that it is a governmental DMV website, or is sanctioned by the same. Likewise, a jury might reasonably find that the website is not literally false by implication given its disclaimers and the absence of any expressly false statement.

Plaintiffs also argue that Defendants' website, even if literally true, is likely to mislead or confuse customers, and thus is false under the Lanham Act. "Reactions of the public are typically tested through the use of consumer surveys." Southland, 108 F.3d at 1140 (citations omitted). Here, Plaintiffs provide surveys that purport to show that when California residents saw the DMV.ORG internet address and link through a Google search for online traffic schools, over half thought the link was to the California Department of Motor Vehicles official website. (Pls.' Mot., Ex. 51.) Likewise, after actually

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 06-7561 PA (CWx)                                Date   September 10, 2007

Title    TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al

viewing Defendants' website, over half thought that they were viewing the official California Department of Motor Vehicles website. (Id.) The survey also showed that 67% of those surveyed consider a recommendation by the state DMV to be an important factor in their decision about what traffic school to choose. (Id.) Plaintiffs provide emails that Defendants produced during discovery that appear to indicate that the email authors thought they were sending emails to an official state DMV, when in fact they were sending them to Defendants (Pls.' Mot., Ex. 35.) Finally, Plaintiffs provide the declaration of Shannon Robertson who states that her choice of an online drivers education course via the DMV ORG website was influenced by her belief that Defendants' website was the official state DMV site. (Pls.' Mot., Robertson Decl. ¶ 6.)

However, Defendants also provide a survey that purports to show that less than 1% of respondents associated Defendants' website with the official state Department of Motor Vehicles. (Defs.' Opp'n, Ex. 79 & 80.) The parties' competing surveys and other evidence raise genuine issues of material fact that preclude summary judgment for either party on the false advertising claims.

C     Unclean Hands and Laches

Defendants argue that they are entitled to summary judgment because Plaintiffs come with unclean hands, and because the doctrine of laches bars their claims. A plaintiff has unclean hands, and can be barred from relief, if the plaintiff has engaged in inequitable conduct and that conduct relates to the subject matter of the claims that the plaintiff brings against the defendant. Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987). Specifically, Defendants argue that Plaintiffs come with unclean hands because: (1) Plaintiffs only filed this suit because they were unable to reach a satisfactory advertising arrangement with Defendants; (2) Plaintiffs did, in fact, advertise with Defendants; (3) Plaintiffs have themselves registered many domain names with the moniker "dmv," including online-dmv.org and internet-dmv.org; and (4) Plaintiffs established a website, DrivingLinks.com, that is extremely similar to Defendants' website.

The doctrine of laches bars equitable relief when the plaintiff unreasonably delayed in bringing suit, and either the plaintiff acquiesced in the defendant's actions about which the plaintiff complains, or the defendant has suffered prejudice from the delay. TransWorld Airlines v. Am. Coupon Exchange, Inc., 913 F.2d 676, 696 (9th Cir. 1990). Defendants argue that they are entitled to summary judgment on their defense of laches because: (1) Plaintiffs knew about Defendants' website in March of 2002, yet waited to file suit until 2006; (2) Plaintiffs acquiesced when they tried to advertise (and did advertise) on Defendants' website and raised no objection about its alleged deceptive nature; and 3) Defendants are prejudiced because they have invested a great deal of time and resources in the website during this period in which Plaintiffs delayed filing suit.

Plaintiffs raise numerous individual arguments as to why neither the doctrine of unclean hands nor laches applies. However, the Court need not reach them. Plaintiffs note that even if they are guilty

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 06-7561 PA (CWx)                                    Date   September 10, 2007

Title      TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al.

---

of unclean hands or laches, the public interest in preventing public deception can "trump" such defenses. See, e.g., Republic Molding Corp. v. B W. Photo Utils., 319 F.2d 347, 350 (9th Cir. 1963) ("Unclean hands, then, does not stand as a defense that may be properly considered independent of the merits of the plaintiff's claim . . . . In the interests of right and justice the court should not automatically condone the defendant's infractions because the plaintiff is also blameworthy, thereby leaving two wrongs unremedied and increasing the injury to the public. Rather the court must weigh the substance of the right asserted by plaintiff against the transgression which, it is contended, serves to foreclose that right. The relative extent of each party's wrong upon the other and upon the public should be taken into account, and an equitable balance struck."); U-Haul Int'l, Inc. v Jartan, Inc., 522 F. Supp 1238, 1255 (D. Ariz. 1981), aff'd, 681 F.2d 1159 (9th Cir. 1982) (finding that a defense of unclean hands did not preclude injunctive relief because, inter alia, it is a disfavored defense and the public interest weighed against its application); ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic and Sports Physical Therapy P.C., 314 F.3d 62, 68 (2d Cir. 2002) ("Even where laches and acquiescence would bar damages, moreover, a court may nonetheless grant injunctive relief if it determines that the likelihood of confusion is so great that it outweighs the effect of plaintiff's delay in bringing suit "). Plaintiffs have shown genuine issues of material fact regarding public deception. Thus, there exists a genuine issue of material fact regarding the defenses of unclean hands and laches.

### Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment and Plaintiffs' Motion for Summary Judgment are both denied.

IT IS SO ORDERED.

_____  :  _____
Initials of Preparer

cc