DAVID N. MAKOUS (State Bar # 082409)
makous@lbbslaw.com
DANIEL C. DECARLO (State Bar #160307)
decarlo@lbbslaw.com
MINA I. HAMILTON (State Bar # 213917)
hamilton@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012-2601
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiffs
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC, California companies.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EDRIVER, INC., a California corporation; ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No. CV 06-7561 PA (CWx)<br><br>The Honorable Percy Anderson<br><br>**PLAINTIFFS' OBJECTIONS** TO DEFENDANTS' INITIAL AND SECOND REQUESTS FOR JUDICIAL NOTICE<br><br>Date: Nov. 6, 2007<br>Crtm.: 15 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs TRAFFICSCHOOL.COM, INC. and DRIVERS ED DIRECT, LLC., ("Plaintiffs") hereby submit this request for an opportunity to be heard on the "propriety of taking judicial notice and the tenor of the matter noticed" of the topics in Defendants' Request for Judicial Notice for Trial *and* Defendants' Second Request for Judicial Notice for Trial.

Defendants have the burden of proving that the fact matters sought to be proved by judicial notice (facts relating the parties, their properties, their actions, etc., which would be the subject of proof) are *not reasonably disputable*. FRE 201 (a); See, e.g., Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 347-348 (5th Cir. 1982).

Moreover, the matter to be judicially noticed must be *relevant* to the issues in the case. FRE 402; See, e.g., Latino Food Marketers, LLC v. Ole Mexican Foods, Inc. (7th Cir. 2005), 407 F.3d 876, 881 (court did not err in refusing to take judicial notice of FDA standards for impeachment purposes when defendant never claimed its products met standards).

Specifically, Plaintiffs object as follows:

**Item No. 1:**

Defendants' misquote from a portion of argument from Plaintiffs' Memorandum in Support of Motion for Summary Judgment in which Plaintiffs argued: "Defendants have changed their website numerous times over the past several years, progressing from a simple and non-offensive website to an actionable one in late 2006." (Def. Req. Exhibit 1, pg. 3).

From that, Defendants ask this Court to take judicial notice of the fact that Plaintiffs' have admitted "that the website was 'non-offensive' and not 'actionable' prior to late 2006."

This grossly misstates Plaintiffs' statement and is hereby *disputed*. The only

undisputed matter is that Plaintiffs stated the website was indeed an "actionable one in late 2006" (and thus why Plaintiffs filed suit then). Plaintiffs only meant that from 2002 to before filing suit, the website progressed "from a simple and non-offensive website" *in* 2002 to one alleged to be actionable when Plaintiffs filed suit in late 2006. *Nothing is otherwise admitted or stated about the website from its inception in 2002 until 2006.*

Accordingly, the requested fact for judicial notice is also *irrelevant* for the reasons submitted by Defendants.

**Item No. 2:**

Again, Defendants' misquote from a portion of argument from Plaintiffs' Opposition to Defendants' Motion for Summary Judgment in which Plaintiffs argued, in part, that the "Site as it existed in 2002 and 2003 was fundamentally different (and not misleading) from what it was like at the time the lawsuit was filed." (Def. Req. Exhibit 2, pg. 5).

From that, Defendants ask this Court to take judicial notice of the fact that Plaintiffs' have admitted "that the website was 'not misleading' prior to late 2006.

Again, this is inaccurate and is hereby *disputed*, as the only undisputed item is that Plaintiffs stated the Site in 2002 and 2003 was not misleading. Plaintiffs never stated that the site was "not misleading" *prior to late 2006.*

Accordingly, the requested fact for judicial notice is also *irrelevant* for the reasons submitted by Defendants.

**Item No. 3:**

In this Item, the Court is asked to take judicial notice of numerous facts of an FTC case that is *unrelated and irrelevant for purposes of the precise issues in this case.* That FTC matter was apparently resolved by *settlement* between the FTC and Consumerinfo.com. (Def. Req. Ex. 3, pg. 8 "Note: A stipulated final judgment and order is for settlement purposes only..."). That case (of which a copy of the complaint is *not* attached), likely implicated FTC regulations not alleged in *this* case,

and apparently dealt with consumer rights under the "Fair Credit Reporting Act and the FACT Act" (Id.), both *not* at issue in this case. See, e.g., Latino Food Marketers, LLC v. Ole Mexican Foods, Inc. (7th Cir. 2005), 407 F.3d 876, 881 (court did not err in refusing to take judicial notice of FDA standards for impeachment purposes when defendant never claimed its products met standards).

Thus, these facts cannot support Defendants' relevance argument that "DMV.ORG's disclosures both pre-and post-litigation meet or exceed the terms agreed to by the FTC."

**Item No. 4:**

In this Item, Defendants ask the Court to take judicial notice of the "availability of .ORG domain registrations" because the website confirms that .ORG is an "open" and "unrestricted" domain.

Whether the .ORG domain *can* be registered by anyone is *not relevant* to the issue in this case, which is whether the DMV.ORG brand in the context of Defendants' search engine and website advertising is false or misleading *to consumers*. Moreover, the Exhibit itself states that .ORG is "primarily is used by *noncommercial* entities around the world" (Def. Req. Ex. 4, pg. 15). Unless Defendants are willing to agree that .ORG signifies to consumers a *noncommercial* entity, what "PIR" says "About .ORG" is a matter that is not appropriate for judicial notice in this case.

**Item No. 5:**

In this Item, Defendants again ask the Court to take judicial notice of "the rules re restricted availability of .GOV domain registrations." This is *irrelevant* to this case.

Whether the .GOV domain can only be registered by government agencies does not prove that consumers know this, or that consumers think that every state DMV website must be a .GOV domain. Indeed, North Carolina's DMV *can be found at a .ORG domain* (ncdot.org, not a .gov domain), showing that governments are

clearly *not restricted to the use of .GOV domains*.

**Item No. 6:**

In this Item, Defendants appear to be asking the Court to take judicial notice of an undated report (but referencing dates from 2004). The study is old, not clearly dated; lacking in foundation, and incomplete (Were other studies done? What about the reports for this year? What is the "California Portal" it mentions?). Moreover, there is no evidence that there is any "agency action" related to this report, as Defendants claim by arguing "judicial notice of agency action may be proper...".

Moreover, these are not "adjudicative facts" that go to any relevant issue. Defendants' claim that they are relevant to "establish why there is a market for private information on how to deal with the state motor vehicle departments" is not well taken; no one disputes that there is market for such information – only that DMV.ORG does not operate in that market in a fair way.

**Item No. 7:**

The California Legislative Analyst's Office report in February 2004 are not "adjudicative facts" that go to any relevant issue in this case. Defendants' claim that they are relevant to "establish why there is a market for private information on how to deal with the state motor vehicle departments" is not well taken. Again, no one disputes that there is market for such information – only that DMV.ORG does not operate in the market in a fair way. This document is also not up to date (i.e., 2004).

**Item No. 8:**

Portions of the file history of the state of California's trademark application should be excluded as *irrelevant to the issues in this case.* For purposes of a federal registration, the fact that CA DMV had to disclaim DMV only shows the well-settled principle of trademark law that trademarks have geographic limitations that are dictated by the reach of the trademark's use. In other words, DMV is proprietary to CA in this state, but would not be proprietary to the state of California in other states, because other states also have DMVs, and thus had to limit its *federal* registration

1  accordingly.
2  **Item No. 9:**
3  Same as above.
4  **Item No. 10:**
5  This Item (counsel prepared chart) lacks foundation and is incomplete, is disputed, and is irrelevant for purposes of a determination of how consumers perceive DMV.ORG. Indeed, Plaintiffs' Trial Exhibit 400 shows a collection of consumer emails to the DMV.ORG website from consumes living in "non-DMV" states (i.e., those states that do not necessary use DMV for their agency name) that *still use the term DMV to refer to that state's agency*. Plaintiffs' Trial Exhibit 401 shows DMV.ORG's ads that target consumers from non-DMV states by using those state's agency acronyms or similar indicia in the DMV.ORG advertisement. Thus, these issues are disputed and not subject to judicial notice.

**Item No. 11:**
This item is irrelevant, as it a third party site not at issue in this case.

**Item No. 12:**
Same as above.

**Item No. 13:**
Same as above.

**Item No. 14:** [From Defendants' Second Request]
This item is irrelevant. Defendants' incorrectly assert that "Damages, if any, should be limited to in these states, accordingly." However, Plaintiffs monetary relief is not based on a damage model; but rather Defendants' *gross profits*. As stated in the Joint Stipulation of the Parties Regarding Plaintiffs' Motion to Compel the Production of Documents [by Defendants]:

> "It is Ninth Circuit law that "[a] plaintiff who successfully establishes a violation of § 43(a) is entitled to recover, "subject to the principles of equity, ... (1)

*defendant's profits*, (2) any damages sustained by the plaintiff, *and* (3) the costs of the action." 15 U.S.C. § 1117(a)... the preferred approach allows the district court in its discretion to fashion relief, including monetary relief, *based on the totality of the circumstances*." [Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, *1139 (9th Cir. 1997), emphasis added].

According, Defendants' profits related to DMV.ORG are relevant in this action. Moreover, Plaintiffs are entitled to discover *all gross profits attributable to the misrepresentations of DMV.ORG*, which means all the profits derived from the operation of DMV.ORG, not just Defendants' traffic school and drivers education related revenues. "In assessing profits the plaintiff shall be required to prove defendant's sales only. . ." 15 U.S.C. § 1117(a).

....

Next, the "totality of circumstances" approach to remedies mandated by the Ninth Circuit encompasses Plaintiffs' demand for Defendants' *advertising costs* related to DMV.ORG. Indeed, the Ninth Circuit has affirmed monetary awards based on the *defendant's costs of advertising*. See, e.g., U-Haul Intern., Inc. v. Jartran, Inc., 793 F.2d 1034, *1042 (9th Cir. 1986)(affirming district court's inclusion of the $6 million cost of its advertising campaign as "profits" within the meaning of Lanham Act § 35, noting that "the district court assumed that the financial benefit [to the defendant] was at least equal to the

advertising expenditures.").

It is axiomatic, therefore, that in order for the Court to fashion relief based on "defendant's profits" (including by measurement of Defendants' advertising costs), Plaintiffs must necessarily be provided in discovery with information related to Defendants' profits and advertising costs for DMV.ORG since its inception to the present. .."

**Item No. 15:** [From Defendants' Second Request]

This item is irrelevant, as it a third party site not at issue in this case.

DATED: November 6, 2007  **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Mina Hamilton
Mina I. Hamilton
David N. Makous
Daniel C. DeCarlo
Attorneys forPlaintiffs
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC.

# PROOF OF SERVICE
Trafficschool.com, Inc. v. Edriver, Inc. - File No. 25162.14

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 N. Figueroa Street, Suite 1200, Los Angeles, California, 90012.

On November 7, 2007, I served the following document described as **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' INITIAL AND SECOND REQUESTS FOR JUDICIAL NOTICE** on all interested parties in this action by providing [X] a true copy by hand delivery to:

Brian M. Daucher, Esq.
Joseph H. Tadros, Esq.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 7, 2007 at Los Angeles, California.

_____
MINA HAMILTON