BRIAN M. DAUCHER, Cal. Bar No. 174212
ROBERT S. BEALL, Cal. Bar No. 132016
JOSEPH H. TADROS, Cal. Bar No. 239379
ASHLEY E. MERLO, Cal. Bar No. 247997
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
bdaucher@sheppardmullin.com
jtadros@sheppardmullin.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC., a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>Defendants. | Case No. CV 06-7561 PA (CWx)<br><br>*The Hon. Percy Anderson*<br><br>**DEFENDANTS' NOTICE OF DISCOVERY RESPONSES TO BE OFFERED AT TRIAL**<br><br>Complaint Filed: November 28, 2006<br>Trial: November 6, 2007 |

## SELECTED DISCOVERY RESPONSES OF PLAINTIFFS
## TO BE OFFERED AT TRIAL

In accordance with the Court's Civil Trial Order ¶ 14 (March 15, 2007), Defendants hereby submit selected discovery responses served by Plaintiffs that Defendants expect to offer at trial.

## TABLE OF CONTENTS

Page

1. TRAFFICSCHOOL.COM'S SELECTED RESPONSES TO
   REQUESTS FOR ADMISSIONS NOS. 2, 6, 9, 10, AND 20..........................3

2. DRIVERS ED DIRECT'S SELECTED RESPONSES TO
   REQUESTS FOR ADMISSIONS NOS. 2, 6, 9, 10, AND 20..........................5

3. TRAFFICSCHOOL.COM'S SELECTED RESPONSES TO
   REQUESTS FOR PRODUCTION NOS. 11, 12, 14, 15, AND 16 ..................8

4. DRIVERS ED DIRECT'S SELECTED RESPONSES TO
   REQUESTS FOR PRODUCTION NOS. 11, 12, 14, 15, AND 16 ................10

1. **TRAFFICSCHOOL.COM'S SELECTED RESPONSES TO REQUESTS FOR ADMISSIONS NOS. 2, 6, 9, 10, AND 20**

The following sets forth TrafficSchool.com's responses to Requests for Admissions Nos. 2, 6, 9, 10, and 20, as provided in TrafficSchool.com, Inc.'s Responses to Defendants' First Set of Requests for Admissions, served on June 13, 2007, which is marked as Trial Exhibit 619:

**REQUEST FOR ADMISSION NO. 2:**

Admit that when You contacted Defendants to have Your services advertised on DMV.ORG, You did not believe that Defendants were engaging in false advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding party objects to this Request for Admission on the grounds that it is too ambiguous to frame an intelligent response as it presumes there was a time "when" Plaintiff TS "contacted Defendants to have [its] services advertised on DMV.ORG" and presumes that at such a time, Plaintiff TS had formed an opinion as to the legal conclusion of "false advertising." Without waiving said objections, Plaintiff TS responds as follows: Denied. At that time of inquiry, Plaintiffs had not formed a belief one way or the other as to the ultimate legal conclusion of whether Defendants were engaged in false advertising.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You cannot identify any entity that would have advertised on Your Website but for that entity's decision to advertise on DMV.ORG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party objects to this Request for Admission on the grounds that it is not relevant to any claim or defense of any party. Plaintiff TS

-3-

need not prove actual injury for injunction or monetary relief under the Lanham Act. Without waiving said objections, Plaintiff responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You possess no evidence that Defendants caused You to lose revenue from the referral of traffic school services to third parties.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding party objects to this Request for Admission on the grounds that it is ambiguous as to "the referral of traffic school services to third parties" as it does not specify whose referral – Defendants or Plaintiff TS's – is meant. Responding Party further objects on the grounds that it is not relevant to any claim or defense of any party and on that basis, no admission or denial is required. Plaintiff TS need not prove actual injury for injunction or monetary relief under the Lanham Act.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You possess no evidence that Defendants caused You to lose revenue from the advertisement of third party services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding party objects to this Request for Admission on the grounds that it is ambiguous as to "the advertisement of third party services" as it does not specify whose advertisement – Defendants or Plaintiff TS's – is meant. Responding Party further objects on the grounds that it is not relevant to any claim or defense of any party and on that basis, no admission or denial is required. Plaintiff TS need not prove actual injury for injunction or monetary relief under the Lanham Act.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You cannot demonstrate any loss of property as a result of any conduct by Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding party objects to this Request for Admission on the grounds that it is ambiguous as to "demonstrate any loss of property." Plaintiff TS need not prove "loss of property" for injunction or monetary relief under the Lanham Act, therefore the request is not relevant to any claim or defense of any party and on that basis no admission or denial is required.

2. **DRIVERS ED DIRECT'S SELECTED RESPONSES TO REQUESTS FOR ADMISSIONS NOS. 2, 6, 9, 10, AND 20**

The following sets forth Drivers Ed Direct's responses to Requests for Admissions Nos. 2, 6, 9, 10, and 20, as provided in Drivers Ed Direct, LLC's Responses to Defendants' First Set of Requests for Admissions, served on June 13, 2007, which are identical to TrafficSchool.com's responses and are marked as Trial Exhibit 620:

**REQUEST FOR ADMISSION NO. 2:**

Admit that when You contacted Defendants to have Your services advertised on DMV.ORG, You did not believe that Defendants were engaging in false advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding party objects to this Request for Admission on the grounds that it is too ambiguous to frame an intelligent response as it presumes there was a time "when" Plaintiff DED "contacted Defendants to have [its] services advertised on DMV.ORG" and presumes that at such a

time, Plaintiff DED had formed an opinion as to the legal conclusion of "false advertising." Without waiving said objections, Plaintiff DED responds as follows: Denied. At that time of inquiry, Plaintiffs had not formed a belief one way or the other as to the ultimate legal conclusion of whether Defendants were engaged in false advertising.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You cannot identify any entity that would have advertised on Your Website but for that entity's decision to advertise on DMV.ORG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party objects to this Request for Admission on the grounds that it is not relevant to any claim or defense of any party. Plaintiff DED need not prove actual injury for injunction or monetary relief under the Lanham Act. Without waiving said objections, Plaintiff responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You possess no evidence that Defendants caused You to lose revenue from the referral of drivers education services to third parties.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding party objects to this Request for Admission on the grounds that it is ambiguous as to "the referral of drivers education services to third parties" as it does not specify whose referral – Defendants or Plaintiff DED's – is meant. Responding Party further objects on the grounds that it is not relevant to any claim or defense of any party and on that basis, no admission or denial is required. Plaintiff DED need

not prove actual injury for injunction or monetary relief under the Lanham Act.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You possess no evidence that Defendants caused You to lose revenue from the advertisement of third party services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding party objects to this Request for Admission on the grounds that it is ambiguous as to "the advertisement of third party services" as it does not specify whose advertisement – Defendants or Plaintiff DED's – is meant. Responding Party further objects on the grounds that it is not relevant to any claim or defense of any party and on that basis, no admission or denial is required. Plaintiff DED need not prove actual injury for injunction or monetary relief under the Lanham Act.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You cannot demonstrate any loss of property as a result of any conduct by Defendants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding party objects to this Request for Admission on the grounds that it is ambiguous as to "demonstrate any loss of property." Plaintiff DED need not prove "loss of property" for injunction or monetary relief under the Lanham Act, therefore the request is not relevant to any claim or defense of any party and on that basis no admission or denial is required.

3. **TRAFFICSCHOOL.COM'S SELECTED RESPONSES TO REQUESTS FOR PRODUCTION NOS. 11, 12, 14, 15, AND 16**

The following sets forth TrafficSchool.com's responses to Requests for Production Nos. 11, 12, 14, 15, and 16 as provided in TrafficSchool.com, Inc.'s Responses to Defendants' First Set of Requests for Production to TrafficSchool.com, Inc, served on June 13, 2007, which is marked as Trial Exhibit 613:

**REQUEST FOR PRODUCTION NO. 11:**

All Documents reflecting Your loss, if any, of traffic school referral revenues that You contend has been caused by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this Request on the grounds that it is beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents reflecting Your loss, if any, of drivers education referral revenues that You contend has been caused by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this Request on the grounds that it is beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any

recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that support Your contention that You have suffered damages from the type of competition alleged in paragraph 17 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this Request on the grounds that it is ambiguous as to "have suffered damages from the type of competition alleged in paragraph 17 of the FAC" because the allegations of paragraph 17 of the FAC are directed toward showing that Defendants and Plaintiffs commercially compete, and not that damages result from that commercial competition but by the false advertising alleged by Defendants elsewhere in the FAC. Responding Party further objects to this Request as beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that Refer, Pertain, or Relate to Your contention that Plaintiffs have suffered and continue to suffer commercial injury based on Defendants' misrepresentations about their services as alleged in paragraph 19 of the FAC.

-9-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party further objects to this Request as beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents that Refer, Pertain, or Relate to Your contention that Plaintiffs are deprived of revenue which they otherwise would have obtained from diverted consumers as alleged in paragraph 19 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

See Response to Request No. 15.

4. **DRIVERS ED DIRECT'S SELECTED RESPONSES TO REQUESTS FOR PRODUCTION NOS. 11, 12, 14, 15, AND 16**

The following sets forth Drivers Ed Direct's responses to Requests for Production Nos. 11, 12, 14, 15, and 16 as provided in Drivers Ed Direct, LLC's Responses to Defendants' First Set of Requests for Production to Drivers Ed Direct, LLC, served on June 13, 2007, which are identical to TrafficSchool.com's responses and are marked as Trial Exhibit 614:

**REQUEST FOR PRODUCTION NO. 11:**

All Documents reflecting Your loss, if any, of traffic school referral revenues that You contend has been caused by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this Request on the grounds that it is ambiguous because Responding Party, Plaintiff DED does not receive traffic school referral revenues but rather drivers education referral revenues. Responding party further objects that this Request is beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents reflecting Your loss, if any, of drivers education referral revenues that You contend has been caused by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this Request on the grounds that it is beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that support Your contention that You have suffered damages from the type of competition alleged in paragraph 17 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this Request on the grounds that it is ambiguous as to "have suffered damages from the type of competition alleged in paragraph 17 of the FAC" because the allegations of paragraph 17 of the FAC are directed toward showing that Defendants and Plaintiffs commercially compete, and not that damages result from that commercial competition but by the false advertising alleged by Defendants elsewhere in the FAC. Responding Party further objects to this Request as beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that Refer, Pertain, or Relate to Your contention that Plaintiffs have suffered and continue to suffer commercial injury based on Defendants' misrepresentations about their services as alleged in paragraph 19 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party further objects to this Request as beyond the scope of permissible discovery because Plaintiffs need not prove actual injury for injunction or monetary relief under the Lanham Act, and while Plaintiffs have and will continue to suffer injury based on Defendants' false advertising, Plaintiffs are not pursuing any recovery of monetary

relief based on a measure of "damages sustained by the plaintiff." Accordingly, no such documents will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents that Refer, Pertain, or Relate to Your contention that Plaintiffs are deprived of revenue which they otherwise would have obtained from diverted consumers as alleged in paragraph 19 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

See Response to Request No. 15.

Dated: November 5, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Brian M. Daucher
BRIAN M. DAUCHER
JOSEPH H. TADROS
ASHLEY E. MERLO

Attorneys for Defendants

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **November 6, 2007**, I served the following document(s) described as **DEFENDANT'S NOTICE OF DISCOVERY RESPONSES TO BE OFFERED AT TRIAL** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Mina I. Hamilton, Esq.
David N. Makous, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
HAMILTON@lbbslaw.com
makous@lbbslaw.com
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

[x] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

[ ] **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

[x] **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

[x] **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1 | Executed on **November 6, 2007**, at Los Angeles, California.

*Cynthia Coblentz*
Cynthia Coblentz