1  BRIAN M. DAUCHER, Cal. Bar No. 174212
   ROBERT S. BEALL, Cal. Bar. No. 132016
2  JOSEPH H. TADROS, Cal. Bar. No. 239379
   ASHLEY E. MERLO, Cal. Bar No. 247997
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
4    Including Professional Corporations
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California  92626-1993
   Telephone:  (714) 513-5100
6  Facsimile:   (714) 513-5130
   bdaucher@sheppardmullin.com
7  jtadros@sheppardmullin.com

8  Attorneys for Defendants

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11
   TRAFFICSCHOOL.COM, INC., a          Case No. CV 06-7561 PA (CWx)
12 California corporation; DRIVERS ED
   DIRECT, LLC., a California limited   *The Hon. Percy Anderson*
13 liability company,
                                        **DEFENDANTS' NOTICE OF**
14            Plaintiffs,               **DESIGNATION OF CERTAIN**
                                        **DEPOSITION TESTIMONY OF**
15       v.                             **DR. THOMAS MARONICK**
                                        **IN LIEU OF**
16 EDRIVER, INC., ONLINE GURU,          **CROSS-EXAMINATION AT TRIAL**
   INC., FIND MY SPECIALIST, INC.,
17 and SERIOUSNET, INC., California
   corporations; RAVI K. LAHOTI, an     Complaint Filed:  November 28, 2006
18 individual; RAJ LAHOTI, an           Bench Trial:      November 6, 2007
   individual; DOES 1 through 10,
19
              Defendants.
20

21
22
23
24
25
26
27
28

-1-

# TO THE ABOVE-CAPTIONED COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

By prior stipulation of the parties and with the prior consent of this Court, Defendants hereby give notice and submit the following deposition testimony to be considered in lieu of live cross-examination of plaintiffs' expert Dr. Thomas Maronick at the trial of this matter.  A table with references to the designated deposition testimony and summaries of the deposition testimony are included herein.

| Deponent | References | Exhibit |
|---|---|---|
| Maronick, Thomas | pp. 13:4-14:4; 34:5-35:5; 38:2-39:3 (referring to TE 144, p. 115 (survey 3, questions 5-7)); 39:4-11; 40:6-23 (referring to TE 144, p. 115 (survey 3, questions 5-7)); 41:22-42:19 (referring to TE 144, p. 115 (survey 3, questions 5-7)); 44:2-18 (referring to TE 144 (surveys 2 and 3)); 45:17-46:22; 49:2-19; 50:14-51:15; 54:7-10; 64:25-65:18; 69:4-70:18 (referring to TE 144 (surveys 2 and 3)); 70:19-71:12; 72:12-73:13; 75:13-23 (referring to TE 143, p. 305 (bottom right column)); 78:1-24; 80:3-8; 80:18-81:8; 81:18-82:8; 83:24-84:1; 95:25-96:1; 96:18-96:19; 96:20-97:12 (referring to TE 144 (survey 2)); 97:17-21 (referring to TE 144, p. 115 (survey 3)); 100:2-7 (referring to TE 144 (surveys 2 and 3)); 101:6-102:7; 102:22-103:5; 103:6-12; 104:7-16; 104:20-24; 108:3-25; 109:1-23; 109:24-110:2; 110:18-20; 115:18-116:9; 116:25-117:10; 118:8-21; 125:8-126:17 (referring to TE 144 (survey 4)); 137:23-138:13; 139:21-140:15; 172:4-173:4; 173:5-11; 198:23-199:12; 217:13-218:14. | Ex. A |

DEFENDANTS' DESIGNATION OF MARONICK
DEPOSITION TESTIMONY IN LIEU OF CROSS

## SUMMARY OF DEPOSITION TESTIMONY FOR
## CROSS-EXAMINATION OF DR. THOMAS MARONICK
## BY SUBJECT MATTER

### Survey Universe

1.      Maronick surveyed respondents only in relation to California traffic school and gave no opinion as to driver's education. pp. 83:24-84:1; 96:18-19.

### Survey Stimulus

2.      The Maronick survey 3 showed respondents only the top portion of one page of the DMV.ORG website, which excludes the bottom portion of the webpage containing a disclaimer. pp. 13:4-14:4 (referring to TE 144, p. 114 (survey 3 stimuli)).

3.      Maronick agreed that in evaluating advertising claims, the standard is the overall net impression made by the ad.  p. 50:14-50:24.

4.      Maronick excluded the bottom portion of the DMV.ORG webpage shown to respondents because of the disclaimer at the top of the page and his view that a consumer with a traffic ticket would not review material not addressing traffic school.  pp. 198:23-199:12.

### Use of a Control

5.      Maronick authored an article in 1995, wherein he wrote that the use of a control mechanism is indispensable in a Lanham Act case. pp. 49:2-19; 75:13-23 (referring to TE 143, p. 305 (bottom right column)).

6.      Maronick agreed that the use of a control helps ensure that responses to the challenged ad claims are not due to factors other than the challenged ad claims in question.  pp. 50:25-51:15; 70:19-71:12; 72:12-20, 80:18-23 (referring to TE 143, p. 306)).

-3-

7.    Maronick testified that he did not believe CAR.ORG to be a proper control because it did not relate to traffic schools.  p. 78:1-24.

8.    Maronick admitted that the CAR.ORG control removed the potentially misleading claim and that he could not imagine that survey respondents would make an affiliation to any government agency with the CAR.ORG control. pp. 80:3-8; 80:18-81:8; 81:18-82:8.

9.    Maronick did not use a control in conducting surveys for Plaintiffs because, he testified, he could not conceive of an appropriate control for this case. pp. 34:5-35:5; 72:15-73:13.

## Leading Questions and Demand Effect

10.    Maronick agreed that the use of leading questions would be a problem in a survey.  p. 54:7-10.

11.    Maronick explains that in survey 3, the fifth question ("Whose website do you think this is?") is followed by the closed-ended question, "Is this website endorsed by any government agency?"  pp. 38:2-39:3 (referring to TE 144, p. 115 (survey 3, questions 5-7)).

12.    Question 6 in Maronick survey 3 asked respondents: Is this website endorsed by any government agency?  Question 7, which was on the same screen asked: "What government agency."  pp. 39:5-11; 40:6-23 (referring to TE 144, p. 115 (survey 3, questions 5-7)).

13.    Maronick described the progression for question 5 ("Whose website do you think this is?) to question 6 ("Is this website endorsed by any government agency?") as a "funneling approach."  pp. 41:22-42:19 (referring to TE 144, p. 115 (survey 3, questions 5-7)).

14.    Questions 6 and 7, which both appear on one page in surveys 2 and 3, and questions 8 and 9, which both appear on one page in surveys 2 and 3, are the only questions that were not shown to respondents as single questions on

-4-

separate pages. pp. 39:5-11; 40:5-23 (referring to TE 144, p. 115 (survey 3, questions 5-7)); 44:2-18 (referring to TE 144, pp. 115-116 (survey 3, questions 6-7 and 8-9); 96:20-97:12 (referring to TE 144 (survey 2)); 97:17-21 (referring to TE 144, p. 115 (survey 3)); 100:2-7 (referring to TE 144 (surveys 2 and 3)).

15.  Maronick testified that he could have put questions 6 and 7 on different pages, but stated that he wanted respondent to see these questions in tandem. pp. 40:6-23; 44:2-18 (referring to TE 144 (surveys 2 and 3)).

16.  Respondents could change their answer to question 6 after seeing question 7 and could change their answer to question 8 after seeing question 9. pp. 64:25-65:18; 69:4-70:18 (referring to TE 144 (surveys 2 and 3)).

17.  Maronick survey 4, question 2 asked respondents to specify whether each of 8 factors (pre-selected and set forth in the survey) were important in their decision as to which traffic school course to use. pp. 116:25-117:10; 118:8-21; 125:8-126:17 (referring to TE 144 (survey 4)).

### Guessing

18.  Maronick did not instruct respondents not to guess because he testified that guessing "reflects reality" and he did not believe it "appropriate or necessary" to give such an instruction. pp. 45:17-46:22; 95:25-96:1; 172:4-173:4.

19.  Maronick agreed that a guess can be induced by a question. pp. 173:5-11.

### Reading Test vs. Memory Test

20.  Maronick conduct a reading test (stimulus remained in front of the respondent) on survey 2, but conducted a memory test (stimulus shown to respondents and then removed from view) on survey 3. pp. 101:6-102:7; 103:6-12; 110:18-20.

21.  Maronick testified that he believed a memory test should always be used. pp. 102:22-103:5.

-5-

DEFENDANTS' DESIGNATION OF MARONICK
DEPOSITION TESTIMONY IN LIEU OF CROSS

22.    Maronick disagreed that a memory test was inappropriate in relation to survey 3.  p. 109:1-23.

23.    Maronick agreed that a respondent would be more likely to notice the disclaimers on the DMV.ORG webpage if he had conducted a reading test on survey 3.  pp. 109:24-110:2.

### High Involvement vs. Low Involvement Decision-Making

24.    Maronick described a high involvement decision as one in which a respondent is likely to take more time in evaluating the decision to be made. p. 104:7-16.

25.    Maronick testified that he did not know whether the decision to purchase online traffic school was a casual decision and that because of that he instructed respondents to read carefully. p. 108:3-20.

26.    Maronick testified that whether the Internet is a low or high involvement process depends on various factors.  p. 115:18-116:9.

27.    Maronick testified that his survey was designed to mimic a high involvement decision. pp. 108:11-25; 116:3-9.

28.    Maronick testified that he believed viewing DMV.ORG to be a low involvement process. p. 104:20-24.

### Consumer Purchasing Habits

29.    Maronick agreed that the goal of a college student with a traffic ticket is typically to get out of a traffic ticket as cheaply and quickly as possible. pp. 137:23-138:13.

30.    Maronick agreed that a consumer is likely to hunt around on a variety of websites before making a purchasing decision and that they are going to be more careful when making a decision.  pp. 217:13-218:14.

DEFENDANTS' DESIGNATION OF MARONICK
DEPOSITION TESTIMONY IN LIEU OF CROSS

1    31.    Maronick testified that by the phrase "recommended by the

2  DMV," he meant that a traffic school course would serve to discharge a traffic

3  ticket. pp. 139:21-140:15.

4

5  Dated:  November 12, 2007

6                              Respectfully submitted,

7                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                              By    _Ashley E. Merlo_____

10                                     ASHLEY E. MERLO

11                                   Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' DESIGNATION OF MARONICK
                                         DEPOSITION TESTIMONY IN LIEU OF CROSS