1 | DAVID N. MAKOUS (State Bar # 082409)
makous@lbbslaw.com
2 | DANIEL C. DECARLO (State Bar # 160307)
decarlo@lbbslaw.com
3 | MINA I. HAMILTON (State Bar # 213917)
hamilton@lbbslaw.com
4 | LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
5 | Los Angeles, California 90012-2601
Telephone:  (213) 250-1800
6 | Facsimile:  (213) 250-7900

7 | Attorneys for Plaintiffs
TRAFFICSCHOOL.COM, INC. and
8 | DRIVERS ED DIRECT, LLC, California companies

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

TRAFFICSCHOOL.COM, INC.,                    ) Case No. CV 06-7561 PA (CWx)
12 | a California corporation; DRIVERS ED      )
DIRECT, LLC, a California limited            ) The Honorable Percy Anderson
13 | liability company,                        )
                                             )
14 |                    Plaintiffs,           ) **PLAINTIFFS' FURTHER BRIEFING**
                                             ) **RE EXCLUSION OF IDENTIFIED**
15 |          vs.                             ) **EXPENSE ITEMS ON**
                                             ) **DEFENDANTS' 2006, 2007**
16 | EDRIVER, INC., a California              ) **FINANCIAL SUMMARY (TRIAL**
corporation; ONLINE GURU, INC.,              ) **EXHIBIT 680)**
17 | FIND MY SPECIALIST, INC., and           )
SERIOUSNET, INC., California                 )
18 | corporations; RAVI K. LAHOTI, an        ) Trial:      November 6-8, 2007
individual; RAJ LAHOTI, an individual;       )
19 | and DOES 1 through 10,                   )
                                             )
20 |                    Defendants.           )
                                             )
21 | ——————————————————————————              )

22

23

24 |          Plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC ("Plaintiffs")

25 | hereby file their additional brief in support of their evidentiary objection to certain

26 | expenses first identified in Trial Exhibit 680.  This brief is being filed at the

27 | invitation of the Court.

28

4813-2856-4994.1

PLAINTIFFS' FURTHER BRIEFING RE EXCLUSION OF IDENTIFIED EXPENSE ITEMS ON DEFENDANTS'
2006, 2007 FINANCIAL SUMMARY (TRIAL EXHIBIT 680)

1.   **INTRODUCTION**

During discovery, Defendants produced, by way of summary charts, their financial information for the years 2003 through September of 2007. These summaries included Trial Exhibits 115 and 668, but *not* 680 .[1]/ After the close of discovery, after this Court ordered that motions *in limine* be filed, and after the original Pre-Trial Conference on October 5, 2007, Defendants provided for the first time a summary chart of financials for 2006 through September of 2007 which included a summary of various expenses which had not previously been disclosed. This document was *first provided* to Plaintiffs on October 21, 2007 – over two weeks after the October 5, 2007 Pre-trial Conference – and after the Court originally scheduled motions *in limine* to be heard (October 22, 2007).[2]/

Because Defendants failed to disclose the disputed expense information as is their burden under both the Federal Rules of Civil Procedure and the substantive law of the Lanham Act, it is respectfully requested by Plaintiffs that the Court strike the "expenses items" and "net income" items in Exhibit 680.[3]/

2.   **PROCEDURAL LAW AND APPLICATION TO FACTS IN THIS CASE**

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). An evidentiary objection requesting

---

[1]/   Trial Exhibit 115 is attached hereto as "Exhibit A", Trial Exhibit 668 is attached hereto as "Exhibit B" and Trial Exhibit 680 is attached hereto as Exhibit "C".

[2]/   Attached as "Exhibit D" herein is a copy of an e-mail from Defendants' counsel, Joseph Tadros, to Mina Hamilton on October 21, 2007. In this e-mail Mr. Tadros identifies Exhibit 680 as a new exhibit, and indeed, Plaintiffs had never before been provided with the "expense" items listed on this exhibit. Attached herein as "Exhibit E" is a copy of the Court's Minute Order dated March 12, 2007. On page 2 of the Minute Order are various deadlines, including the last day to file motions *in limine* (October 5, 2007) and the hearing on the motions *in limine* (October 22, 2007).

[3]/   Plaintiffs have bracketed that section of Trial Exhibit 680 (Exhibit C herein) that they request stricken.

1     the exclusion of evidence necessarily achieves the same purpose, namely, exclusion

2     of the proffered evidence.  Plaintiffs have located no authority which suggests that

3     either one of these procedures is mandatory in any particular context.  Rather, it

4     appears the decision of whether to request that evidence be stricken by way of an

5     evidentiary objection at trial or a motion *in limine* before trial, is driven by the needs

6     of a particular case and more specifically, whether there is a need to have the issue

7     ruled upon outside of the presence of the jury.  Some issues are so prejudicial that the

8     mere reference to them before the jury makes it difficult to "unring the bell," hence a

9     motion *in limine* might be advisable in that scenario.  *See* generally, *McEwen v. City*

10    *of Norman*, 926 F.2d 1539, 1548 (1991).[4]

11         One treatise has noted the following in comparing motions *in limine* and

12    evidentiary objections at the time of trial:

13               "The same result (i.e., the exclusion of evidence) can be

14               achieved by objecting to the evidence when offered. But

15               trial objections are not as effective in keeping the evidence

16               from the jury.  The motion *in limine* provides a procedure

17               by which counsel may avoid contaminating the jury with

18               inadmissible evidence."

19    Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL

20    TRIALS AND EVIDENCE §4:320 (The Rutter Group 2007).[5]  This same treatise opines

21    that obtaining an advance ruling of evidentiary issues is *not* mandatory.  (Id. at

22    §4:337.)

23         In this case, the Court's deadline to file motions *in limine* had passed by the

24    time that Plaintiffs received the belated information from Defendants, however, a

25

26         [4]     In *McEwen*, the plaintiff's counsel articulated to the court that the

27 rational for his motion *in limine* was to avoid the prospect of having to unring the bell of the prejudicial testimony.

28         [5]     Attached as "Exhibit F" is a copy of the relevant sections from this treatise.

1    timely written objection was filed with the Court.  Moreover, as this was a bench

2    trial, the problem of un-ringing the bell was not an issue.

3         Moreover, the procedure ordered by the Court concerning direct evidence

4    declarations required the adverse party to submit *written objections* to the evidence

5    proffered in these declarations.  Defense witness Steve Moretti used the relevant

6    figures in his declaration at paragraphs 29-34 and Plaintiffs *provided a detailed*

7    *written objection regarding the disputed evidence in a timely fashion and as ordered*

8    *by the Court.*

9         In summary, there appears to be no authority which mandates that evidentiary

10   objections be made via a motion *in limine* and in the context of this case, since the

11   proffered evidence was served after the time for filing motions *in limine* and because

12   there was no jury, a written trial objection, Plaintiffs respectfully submit, is an

13   appropriate procedural vehicle to bring the matter to the Court's attention.

14   **3.    THE OBJECTIONABLE EVIDENCE SHOULD HAVE BEEN SERVED**

15         **DURING THE DISCOVERY PERIOD SO THAT PLAINTIFFS COULD**

16         **HAVE CROSS-EXAMINED THE APPROPRIATE WITNESS ON THE**

17         **TOPIC**

18         Plaintiffs will now articulate the substantive reason for the objection and their

19   prejudice if the evidence is allowed. Plaintiffs have asserted two causes of action,

20   one of which is a violation of §43a of the Lanham Act (15 U.S.C. §1125(a)).

21   Specifically related to monetary remedies, violators are subject to disgorgement of

22   profits pursuant to 15 U.S.C. §1117.  The disgorgement of profit remedy is an

23   appropriate remedy in false advertising claims under §43a of the Lanham Act.  *U-*

24   *Haul International v. Jartran, Inc.*, 793 F.2d 1034, 1041-42 (9th Cir. 1986).

25         In order to assess what the profits of the Defendants are related to their

26   wrongful conduct, the statute provides the following guidance:

27              "In assessing profits, the plaintiff shall be required to prove

28              defendant's sales only; defendant must prove all elements

1          of cost or deduction claimed." 15 U.S.C. §1117(a).

2 As such, it is the Defendants' burden to provide those cost elements that they seek to

3 introduce at trial to off-set gross sales revenue to arrive at profits. In other words,

4 Plaintiffs' only burden on this front is to present the evidence of sales and then the

5 burden shifts to the Defendants to provide the offsets.

6          Pursuant to F.R.C.P. Rule 26(a)(1)(B) and 26(e), parties are required "without

7 awaiting a discovery request" to provide the information that it may use to "support

8 its claims or defenses" and must "supplement or correct the disclosures" in a

9 reasonable time. Thus, pursuant to these discovery provisions *in addition* to 15

10 U.S.C. §1117 (supra) which makes it Defendants' burden to provide costs,

11 Defendants were suppose to provide Plaintiffs with any cost information they wished

12 to use at trial at a reasonable time.

13          During discovery, Defendants produced Trial Exhibits 115 and 668 (Exhibits

14 A and B attached hereto) which constitute a summary of relevant financial

15 information.  Defendants' witnesses were deposed on the information provided on

16 these exhibits.  Notably, the summaries do not include any off-sets other than costs

17 of goods sold to arrive at a profit.  No further offsets were provided.  Indeed,

18 Defendants' depositions were taken (in particular Mr. Moretti and the CFO Michael

19 Jacobsen) with Exhibit 115 as the point of inquiry as it relates to the financial and

20 monetary remedial aspect of this case.[6/]  Plaintiffs did not have before them Exhibit

21 680, which includes supposed additional off-sets to gross revenues for which to

22 depose and cross-examine anyone. This was prejudicial to the Plaintiffs as there was

23 no ability during discovery to ascertain what expenses are appropriately deducted

24

25

[6/]        At Mr. Moretti's June 29, 2007 deposition, Plaintiffs' counsel asked

26 about the lack of cost data. (Exhibit "G", relevant portion of the deposition of Steve Moretti- Page 74 lines 1- Page 75 line 12).  In a July 11, 2007 meet and confer

27 conference which in part dealt with financials, Defendants' counsel stated, "We are going to produce cost information as well as MJ [Michael Jacobsen- Defendants'

28 CFO- who was deposed] to testify about that information." (Exhibit "H" , portion of July 11, 2007 e-mail meet and confer string.)

1   against the revenues to arrive at an appropriate profit figure.[2/]  As such, in light of the

2   fact that Defendants failed to disclose this information during discovery, and only

3   disclosed it just prior to trial (October 21, 2007), pursuant to F.R.C.P. Rule

4   37(a)(c)(1), Plaintiffs request that those items identified as "Expenses" and the "net

5   income" in Exhibit 680 be stricken.

6

7   DATED: November 14, 2007      LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

10  By_____

11          DAVID N. MAKOUS
            DANIEL C. DECARLO
            MINA I. HAMILTON
12          Attorneys for Plaintiffs
            TRAFFICSCHOOL.COM, INC. and
13          DRIVERS ED DIRECT, LLC, California
            companies

14

15

16

17

18

19

20

21      [2/]    For example, according to Exhibit 680, in 2006, Defendants incurred
22   $148,971 in "legal and accounting" expenses.  In 2007, Defendants incurred
     $790,987 in "legal and accounting" expenses.  These professional fees of about
23   $950,000 are likely primarily related to this litigation.  Expenses related to defending
     against these claims would not be appropriate off-sets to lower Plaintiffs' profit
24   figure as it relates to their wrongful acts.  However, because of the lack of disclosure
     of these facts prior to trial, Plaintiffs did not have the benefit of deposing the
25   appropriate witnesses prior to trial to ascertain what of these expenses are
     appropriately off set. There are also approximately $300,000 in consultancy fees for
26   2006 and 2007 and neither one of these fees would appear to be appropriate off sets
     to the revenues derived from the illegal conduct of the Defendants.  As such, even
27   without conducting further investigation, it would appear that at least $1.3 million of
     the identified expenses for 2006 and 2007 would not be appropriate off-sets.  Again,
28   Defendants' failure to timely identify these items did not afford Plaintiffs the
     opportunity to fully explore those issues.

PLAINTIFFS' FURTHER BRIEFING RE EXCLUSION OF IDENTIFIED EXPENSE ITEMS ON DEFENDANTS'
2006, 2007 FINANCIAL SUMMARY (TRIAL EXHIBIT 680)