**EXHIBIT F**

1. [4:319] **Nature of Motion:** A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." [_Luce v. United States_ (1984) 469 US 38, 40, 105 S.Ct. 460, 462, fn. 2]

     Its purpose is to avoid the obviously futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial. [See _McEwen v. City of Norman, Okla._ (10th Cir. 1991) 926 F2d 1539, 1548]

     Motions in limine serve other purposes as well: They may be used to obtain an advance ruling on the admission of certain evidence. They permit more careful consideration of evidentiary issues than would take place in the heat of battle during trial. They minimize conferences and disruptions during trial. Finally, by resolving critical evidentiary issues at the outset, they enhance efficiency of the trial process and promote settlements. [See _In re Japanese Electronic Products Antitrust Litig._ (3rd Cir. 1983) 723 F2d 238, 260, rev'd on other grounds in _Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp._ (1986) 475 US 574, 106 S.Ct. 1348—in limine procedure "permitted more thorough briefing and argument than would have been likely had the rulings been deferred"]

     Justice Breyer described the in limine procedure as follows: "(T)he trial court (may determine) that certain evidence ... is relevant to a material issue ... and will permit the evidence to be offered at the trial ... The (c)ourt (may decide) that certain other evidence ... is not relevant to any material issue ... and therefore may not be offered at the trial ... unless circumstances later warrant." [_Associated Press v. District Court for Fifth Judicial Dist. of Colo._ (2004) 542 US 1301, 1303, 125 S.Ct. 1, 2 (parentheses added)]

     a. [4:320] **Compare—objection to evidence during trial:** The same result (i.e., the exclusion of evidence) can be achieved by objecting to the evidence when offered. But trial objections are not as effective in keeping the evidence from the jury. The motion in limine provides a procedure by which counsel may avoid contaminating the jury with inadmissible evidence.
          => [4:321] **_PRACTICE POINTER:_** Moreover, objections during trial may have a negative impact on the jury. Jurors may feel the objecting attorney is trying to hide something. Thus, objections could undermine your credibility with the jury!
               Also, judges dislike "bombshell" objections raised for the first time during trial. Such objections disrupt the proceedings and keep the jury waiting while the issue is argued and resolved.

2. [4:322] **Authority for Motions in Limine:** Although there is no express authority in either the Federal Rules of Civil Procedure (FRCP) or the Federal Rules of Evidence (FRE), motions in limine are well recognized in practice and by case law. [See _Ohler v. United States_ (2000) 529 US 753, 758, 120 S.Ct. 1851, 1854 & fn. 3; _Padillas v. Stork–Gamco, Inc._ (3rd Cir. 1999) 186 F3d 412, 417; _United States v. Cook_ (9th Cir. 1979) 608 F2d 1175, 1186—matter should be left to trial court's discretion "with a reminder that advance planning helps both parties and the court"]

     a. [4:323] **Court's inherent power:** Authority for these motions also may be implied from "the court's inherent power to manage the course of trials." [_Luce v. United States_ (1984) 469 US 38, 41, 105 S.Ct. 460, 463, fn. 4; _United States v. Holmquist_ (1st Cir. 1994) 36 F3d 154, 163]

     b. [4:324] **Compare—some courts reluctant to grant _pretrial_ motions:** Some courts prefer not to grant pretrial motions in limine. [See _Hawthorne Partners v. AT & T Technologies, Inc._ (ND IL 1993) 831 F.Supp. 1398, 1400]
          Under this view, unless the evidence is _clearly inadmissible_ on _all potential_ grounds, the court defers ruling on a motion in limine until trial. Alternatively, the court may deny the pretrial motion but preserve the right to raise the evidentiary objections at trial. This way, questions of foundation, relevance and potential prejudice may be resolved

**13**

in full context. [See *Hawthorne Partners v. AT & T Technologies, Inc.*, supra, 831 F.Supp at 1400; see also *Forrest v. Beloit Corp. (3rd Cir. 2005) 424 F3d 344, 348*]

- **[4:325]** For example, a trial judge who is asked to exclude evidence as cumulative under FRE 403 might need to see how the proof develops at trial before acting on the request. Or, a judge who is asked to admit evidence to prove intent under FRE 404(b) may want to reserve judgment to see whether intent actually is disputed during trial. *See discussion at ¶ 4:470.*

     **[4:326–329]** *Reserved.*

3. **[4:330]** **Objectives:** A motion in limine may accomplish any of the following objectives:
  a. **[4:331]** **Exclusion of evidence:** The most common use of a motion in limine is to prevent opposing parties from making any use of certain prejudicial evidence. Assuming the court grants the motion, the evidence is *permanently* excluded from trial (unless the court is willing to reconsider, see ¶ *4:334*).

  b. **[4:332]** **Preventing any mention of excluded evidence:** In addition to excluding highly prejudicial evidence, the court may instruct opposing counsel to *avoid any mention* of the evidence in question in opening statements, during trial, or in argument to the jury; and to direct persons under their control (counsel's associates, clients, witnesses, etc.) likewise to avoid such mention. [*Benedi v. McNeil–P.P.C., Inc.* (4th Cir. 1995) 66 F3d 1378, 1384]
  => **[4:333]** *PRACTICE POINTER FOR MOVING PARTY:* Your opponent's violation of an order in limine greatly strengthens your chances on a motion for mistrial during trial, or for a new trial following an adverse verdict. Courts rarely are receptive to the "it was an accident" excuse. [See *Barnd v. City of Tacoma* (9th Cir. 1982) 664 F2d 1339, 1341]
     To preserve the record, however, you must object *promptly* and move for mistrial when such violations occur. This gives the court a chance to admonish the jury and attempt to "unring the bell." *See Ch. 13, Motions During Trial.*

  => **[4:334]** *PRACTICE POINTER FOR OPPOSING PARTY:* Don't abandon hope if the judge grants a motion in limine excluding your evidence. Try to get the judge to "leave the door open" to reconsideration of the matter. Ask the judge (on the record) to permit you to offer the same evidence later during trial after you have made a more complete showing as to its relevancy, etc.
     Of course, any further proffer of such evidence should be made *outside the jury's presence*; and the ruling (particularly if favorable) should be on the record.

     Also, your opponent may "open the door" by offering the very evidence he or she sought to have excluded. Watch for opportunities to bring the excluded evidence into the case. [See *Griffin v. Washington Convention Ctr.* (DC Cir. 1998) 142 F3d 1308, 1312; *Wood v. Morbark Indus., Inc.* (11th Cir. 1995) 70 F3d 1201, 1208— counsel's opening statement, combined with testimony elicited during cross-examination of witness, "took unfair advantage of the court's in limine ruling and opened the door for rebuttal testimony"]

  (1) **[4:335]** **Remedies for violations of order:** If, after a motion in limine is granted, the opposing party introduces or otherwise mentions the excluded evidence in the jury's presence, the court may:
  —impose sanctions;

  —admonish the party (or the party's witness);

  —give a curative instruction:

**14**

—grant a mistrial;

—grant a new trial; or

—refer the misconduct to the state attorney disciplinary authority. [See _United States v. Turk_ (8th Cir. 1994) 21 F3d 309, 312–313—jury admonished to disregard testimony elicited in contravention of district court's order in limine; _United States v. Talley_ (6th Cir. 1999) 194 F3d 758, 763—attorney admonished and jury given curative instruction; _McWhorter v. City of Birmingham_ (11th Cir. 1990) 906 F2d 674, 677—new trial granted where counsel discussed theory district court had prohibited in order in limine and referred to exhibit not in evidence during closing argument]

c. [4:336] **Obtain advance ruling on admissibility:** Although a motion in limine is usually used to exclude evidence, it may also be used to admit certain evidence. For tactical reasons, counsel planning to offer controversial evidence may want to know in advance whether it will be allowed into evidence. [_Piper Aircraft Corp. v. Wag–Aero, Inc._ (7th Cir. 1984) 741 F2d 925, 930—motion in limine proper to establish admissibility of survey evidence in trademark litigation]

Accordingly, a motion in limine often is used to determine the admissibility of models, "day-in-the-life" videotapes, computer simulations, scientific experiments, expert testimony, and courtroom demonstrations. The whole strategy during trial may be affected dramatically by the court's ruling.

(1) [4:337] **Obtaining advance ruling not mandatory:** The fact a motion in limine can be used for this purpose does not make it mandatory. There is no requirement that an attorney obtain leave of court before offering controversial evidence. The fact such evidence is arguably subject to exclusion does not obligate the attorney to raise the issue by a motion in limine. It is the opposing party's burden to object (or to bring a motion in limine to exclude it).

=> [4:338] **_PRACTICE POINTER:_** Even so, this is risky! Judges may react negatively to your "springing" highly sensitive evidence where there is a serious question as to its admissibility. If the evidence is in fact inadmissible and truly prejudicial, you are risking a mistrial.

(2) [4:339] **Effect of judge's failure to rule:** Trial judges often hesitate to make permanent evidentiary rulings before evidence is produced at trial. Therefore, they sometimes take in limine motions _under submission_ or simply _decline to rule_ until after trial starts and the evidence becomes more apparent.

This creates a difficult dilemma for counsel offering the evidence—i.e., whether to mention the evidence in opening statement to the jury without assurance the evidence will later be admitted. [See _Rosemann v. Roto–Die, Inc._ (8th Cir. 2004) 377 F3d 897, 902]

Some courts even deny motions in limine, directing the parties to take up the matters in post-trial motions. [See _Brennan's Inc. v. Dickie Brennan & Co. Inc._ (5th Cir. 2004) 376 F3d

**15**