BRIAN M. DAUCHER, Cal. Bar No. 174212
ROBERT S. BEALL, Cal. Bar. No. 132016
JOSEPH H. TADROS, Cal. Bar. No. 239379
ASHLEY E. MERLO, Cal. Bar No. 247997
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
bdaucher@sheppardmullin.com
jtadros@sheppardmullin.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC., a California limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>    Defendants. | Case No. CV067561 PA (CWx)<br>*The Hon. Percy Anderson*<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON PARTIAL FINDINGS**<br><br>**[Fed. R. Civ. P. 52(c)]**<br><br>Complaint Filed: November 28, 2006<br>Trial Commenced: November 6, 2007 |

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Procedural History and Introduction

At the close of Plaintiffs' case-in-chief, Defendants moved for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c) on the grounds that Plaintiffs failed to present evidence that could support liability as to any defendant other than Online Guru, Inc., the manager of the DMV.ORG website.[1] (Reporter's Daily Trial Transcript ("RDT"), Nov. 7, 2007, 143:17-24.) Other named defendants include EDriver, Inc., Find My Specialist, Inc., SeriousNet, Inc., Ravi Lahoti, and Raj Lahoti. The Court requested post-trial briefing on the issue. (Trial Transcript, Nov. 8, 2007, 4:14-22.) Defendants therefore hereby submit this brief in support of its motion for judgment on partial findings.

## 2. Judgment Should Be Entered Against Plaintiffs On Their Claims Against All Defendants Other Than Online Guru

### 2.1 Standard For Motion For Judgment on Partial Findings

Under Fed. R. Civ. P. 52(c), a party may move for judgment as a matter of law where an issue has been fully heard and a claim or defense cannot be maintained or defeated without a favorable finding on that issue

Where the judge, sitting as trier of fact, is persuaded that plaintiff failed to sustain its burden of proof, the motion dispenses with the need for defendant to produce any evidence. Rule 52 allows either party to move for judgment at the close of the opposing party's case or at any time after a party has been heard fully on an issue. See FED. R. CIV. P. 52(c) Adv. Comm. Notes (1993); See Geddes v. Northwest Missouri State Univ., 49 F.3d 426, 429, fn. 7 (8th Cir. 1995).

In ruling on a motion for judgment under Rule 52(c), the trial court

---

[1] In making this motion, Defendants in no way concede that a liability finding is appropriate as to Online Guru. Rather, Defendants merely submit that the utter lack of evidence to support liability of the other defendants should support a judgment under 52(c) as to the other defendants.

may "weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." See International Union of Oper. Engineers, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 257 (7th Cir. 1994). The weighing of evidence may include assessing witness credibility and drawing reasonable inferences. See Roth v. American Hosp. Supply Corp., 965 F.2d 862, 865 (10th Cir. 1992); Winning Ways, Inc. v. Holloway Sportswear, Inc., 913 F.Supp. 1454, 1460 (D. KS 1996).

### 2.2 Standard For Individual Liability For False Advertising

To establish liability for false advertising by entities or individuals other than Online Guru, the operator of the website, Plaintiffs must establish that the individual in question actively and knowingly participated in the unfair competition. Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994) (personal responsibility hinges on active and knowing participation); Wechsler v. Macke Int'l. Trade, Inc., 486 F.3d 1286, 1292 (Fed. Cir. 2007) (applying 9th circuit law in patent context; personal liability must be supported by personal culpability).

### 2.3 Standard For Conspiracy

Plaintiffs have improperly alleged a state law claim for civil conspiracy to violate the Lanham Act against all defendants, including individual defendants.

Civil conspiracy under California law is not a separate and distinct cause of action. Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997). Conspiracy depends upon an underlying state tort. In this case, the alleged wrong is false advertising under the federal Lanham Act. But, federal law does not tack on conspiracy liability under the Lanham Act. 15 U.S.C. § 1125(a) (saying only that liability extends to "Any person who ... uses ..."); and see Synthes (U.S.A.) v. Globus Medical, Inc., 2005 U.S.Dist. LEXIS 19962 (E.D.Pa.) (civil conspiracy liability grounded in one of four state torts, not co-pending Lanham Act claim); and Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F.Supp.2d 1032 (D.Kan. 2006) (civil conspiracy claim based upon state

-3-

defamation tort, not co-pending Lanham Act claim). Moreover, civil conspiracy will not lie against an agent for conspiring with a principal (i.e., the individual defendants conspiring with the corporate entities for whom they act). Accuimage Diagnostics Corp. v. Terarecon, Inc., 260 F.Supp.2d 941, 947-48 (N.D. Cal. 2003).

Plaintiffs' efforts to plead this claim are inadequate as a matter of law. Accuimage, supra, 260 F.Supp.2d at 948 (conspiracy must be alleged clearly and cannot be alleged "indiscriminately ... between and among all defendants"). (Compare TAC, ¶ 11, Claims 1 and 2 (headings only).)

If there were a state law civil conspiracy claim that could be tacked to a false advertising claim under the Lanham Act, then Plaintiffs would have to establish the following elements for state law civil conspiracy:

1. Formation and operation of the conspiracy.
2. Damage to plaintiffs.
3. From a wrongful act done by defendant in furtherance of the common design.

Rusheen v. Cohen, 37 Cal.4th 1048 (2006).

### 3. **Plaintiffs Failed To Offer Evidence Sufficient To Establish Liability Of Any Defendant Other Than Online Guru**

In addition to Online Guru, the manager of the website, Plaintiffs also named as defendants EDriver, Inc., Find My Specialist, Inc., SeriousNet, Inc., and individuals Raj Lahoti and his brother Ravi Lahoti. (TAC, ¶¶ 6, 8-10.)

#### 3.1 **Summary Of Evidence Offered**

EDriver. Literally, the only evidence at trial as to EDriver is that it owns the DMV.ORG domain name. (11/6 RDT 21:6-8.)

Find My Specialist, Inc. At trial, Plaintiffs showed merely that FMS owns many domain names that redirect to DMV.ORG. (11/6 RDT 21:9-24.)

Plaintiffs also demonstrated that FMS owns the TeenDriversEducation domain; but, evidence showed that third party Golden State Private School owns and manages its content. (11/6 RDT 119:1-6, 124:2-125:17, and 126:14-127:1.)

-4-

<u>Ravi Lahoti</u>. Plaintiffs did not call Ravi Lahoti at trial.

Plaintiffs did offer evidence that Ravi registered the DMV.ORG domain name originally. (Moretti Depo. 17:12-15.) Plaintiffs also offered deposition testimony from Moretti indicating that he believed that Ravi had agreed with Raj that they should continue using the domain, time unspecified. (Moretti Depo. 129:1-17.) In the same testimony, Moretti indicated that Ravi's duties consist of domain name management. (<u>Id.</u>)

Plaintiffs also offered deposition testimony of Ravi Lahoti about his ownership and management of various other domain names. (Ravi Lahoti Depo. 37:2-62:7.) Much of this testimony is subject to pending objections. (Defendants' Objections to Plaintiffs' Designated Deposition Testimony, Objections 3.1-3.4.)

<u>SeriousNet, Inc.</u>

SeriousNet, Inc. is not part of the BizGroups companies and is owned solely by Ravi Lahoti. (11/7 RDT 102:7-14.)

Plaintiffs offered evidence that SeriousNet owns or has owned various domain names, some of which redirect, or have redirected at times, to DMV.ORG. (11/7 RDT 93:21-95:24; <u>and</u> Ravi Lahoti Depo. 37:2-62:7 (subject to objections).)

<u>Raj Lahoti</u>.

Defendants of course concede that Raj Lahoti is active in the business of Online Guru in managing the DMV.ORG domain name, including that he oversees search engine marketing and search engine optimization for the company. This is not disputed.

However, there is no evidence whatsoever to support a finding that Raj Lahoti knowingly engaged in any false advertising. To the contrary, the evidence shows that:

- DMV.ORG has always utilized disclaimers and clarifying language on its site (Raj Lahoti Decl. ¶¶ 25-27; Trial Exhibits 623-625);

- DMV.ORG's search engine marketing sponsored listings actually resemble the organic listing that Google and Yahoo post for DMV.ORG, suggesting that Google and Yahoo view those descriptions as reasonable (11/6 RDT 97:23-99:2, 99:19-100:19, 102:10-104:17; and Trial Exhibits 323, 324 (p. 2), and 670-671);
- DMV.ORG's use of disclaimers and clarifying language substantially exceeds what is done, or not done, by others including plaintiffs (Defendants' RJN, Items 11-13 (other similar type sites, no disclaimers); 11/6 RDT 205:25-206:25 (no disclaimer on DrivingLinks.com); Trial Exhibit 20 (DrivingLinks.com); 11/7 RDT 20:4-8 (no disclaimers on FloridaTrafficSchool.com); and
- DMV.ORG, under Raj's direction, has made voluntary changes to reinforce the message that there is no affiliation with the government (Raj Lahoti Decl. ¶¶ 29-34; Trial Exhibit 631).

### 3.2 The Evidence Does Not Support Liability Of Any Of These Defendants

The evidence outlined above simply does not demonstrate any intent to engage in false advertising or plan to assist in false advertising. Contrast Transgo, Inc. v. Ajac Transmission Parts, 768 F.2d 1001, 1021 (9th Cir. 1985) (president's individual liability affirmed where evidence amply demonstrated "instrumental role" of president in "copying" plaintiffs products and "marketing the imitations as if they were Transgo's products"); and Donsco, Inc. v. Casper Corporation, 587 F.2d 602 (3rd Cir. 1978) (personal liability of owner found where owner delivered plaintiff's certificate of authenticity to designer for copying); and Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994) (personal liability found where individuals admitted they were personally involved in purchase and sale of infringing products after receipt of notice by plaintiff that such conduct was in violation of plaintiff's rights).

In contrast to cases where the evidence put the other defendants in clear and knowing violation of law, here there is no such evidence.

EDriver merely owns the domain name DMV.ORG.

FMS and SeriousNet also merely own domain names; there is no evidence that they are in any way responsible for the content of the DMV.ORG website, much less that they knowingly engaged in the false advertising alleged in the complaint.

And, Ravi Lahoti has not been shown to be active in the management of DMV.ORG website except in the most general sense; there is no evidence of specific conduct by Ravi Lahoti that suggests he knowingly assisted DMV.ORG to mislead consumers as to an affiliation between DMV.ORG and the government.

Raj Lahoti, although active in the management of the DMV.ORG website, engaged in no conduct from which an inference of intentional false advertising could be drawn. To the contrary, his management of the DMV.ORG website suggests just the opposite, namely that both before and since the litigation he has voluntarily taken steps to post disclaimers and clarifying language both on the website and in search engine marketing to draw the distinction between DMV.ORG and the government.

When Raj Lahoti's conduct in these areas is compared to that of others, including plaintiffs, it becomes apparent that his conduct is among the least blameworthy. Plaintiffs use no disclaimers on sites like FloridaTrafficSchool.com and DrivingLinks.com. Others behave in a similar way.

In short, because there is no evidence to suggest that any defendant actively and knowingly assisted the alleged false advertising, these other defendants are entitled to judgment as a matter of law under Fed. R. Civ. Proc. 52(c).

4. **Conclusion**

For these reasons, Defendants request that this Court enter judgment as a matter of law against Plaintiffs as it relates to their claims against all defendants

-7-

other than Online Guru, Inc., the manager of the website.

DATED: November 14, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
BRIAN M. DAUCHER
JOSEPH H. TADROS
ASHLEY A. MERLO

Attorneys for Defendants