BRIAN M. DAUCHER, Cal. Bar No. 174212
ROBERT S. BEALL, Cal. Bar. No. 132016
JOSEPH H. TADROS, Cal. Bar. No. 239379
ASHLEY E. MERLO, Cal. Bar. No. 247997
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
bdaucher@sheppardmullin.com
jtadros@sheppardmullin.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC., a California limited liability company,<br><br>        Plaintiffs,<br><br>    v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>        Defendants. | Case No. CV067561 PA (CWx)<br>*The Hon. Percy Anderson*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE CERTAIN FINANCIAL INFORMATION FOUND IN TRIAL EXHIBIT 680**<br><br>Complaint Filed: November 28, 2006<br>Trial Commenced: November 6, 2007 |

Plaintiffs ask this Court to exclude the portions of trial exhibit 680 that details non-advertising expenses incurred by defendant Online Guru in managing the DMV.ORG website. This request is not well taken for the following reasons:

Plaintiffs mischaracterize the burden of production in this case. In the first instance, Plaintiffs must articulate a theory of damage. Fed. R. Civ. P. 26(a)(1)(C). Plaintiffs did not do this. In their initial disclosures (Ex A), Plaintiffs merely stated as to damages that "defendants' profits and any damages sustained by Plaintiffs recoverable under the 15 U.S.C. § 1117 have not been computed at this time." The Court should note that 15 U.S.C. § 1117(a) provides for <u>alternative</u> measures of damages, including injury to plaintiffs or profits.

The suggestion that Rule 26 requires any Lanham Act defendant, especially prior to a clear election, to produce documents to fend off alternative damage claims at the outset of a case cannot be taken seriously. <u>See</u> Fed. R. Civ. P. 26(a)(1)(B) (party required to produce evidence in support of claims or defenses).

In fact, it was not until September 21, 2007, after the discovery closed, in an email that Plaintiffs plainly stated they intended to opt for some share of profits as the measure of damages under 15 U.S.C. § 1117 (Ex. B).

Notably, Plaintiffs did not make any demand during discovery for Rule 26 expense disclosures from Defendants. Instead, Plaintiffs propounded written discovery on June 1, 2007 seeking financial information from Defendants (Ex. C, RFP 18). Defendants objected on grounds that full financial discovery was premature (<u>Id.</u>). Plaintiffs moved to compel but sought <u>only</u> gross revenues and advertising expense at that time (Ex. D, pp. 10-11). At the hearing on this motion, Magistrate Woehrle ordered additional production only as to gross revenues and advertising costs and Plaintiffs accepted this result (Ex. E (transcript), pp. 4-5 and 8).

Leading up to trial, Defendants maintained that the damage/injunctive relief phase of the case should be bifurcated, to be tried only if necessary. (PTCO, p. 24; Defendants' Memorandum of Fact and Law, p. 17.) This made more sense in

-2-

the context of a jury trial where the introduction of profits could be prejudicial. Following the jury waiver and the Court's indication on October 16, 2007 that there would be no bifurcation, the parties immediately discussed supplementing financial records (Ex. F (email), p. 2.). And, on October 21, 2007, Defendants produced updated financials (Trial Exhibit 680).

        Plaintiffs could have articulated a theory of damage based upon profits with their initial disclosures in April 2007, sought discovery, and, if unsatisfied, filed a motion in limine ahead of trial to preclude any further evidence of offsets. (3/15/07 Civil Trial Order, p. 4, lines 4-5.) Plaintiffs' suggestion that they could not anticipate that Online Guru would have other, non-advertising, operating expenses also cannot be taken seriously.

        Finally, the suggestion that the introduction of evidence of other expenses is prejudicial is also not persuasive. These expenses were produced October 21, 2007, then introduced by the Moretti declaration, filed October 23, 2007, 14 days ahead of the start of trial in this matter. In that time, Plaintiffs could easily have contrived some basic cross-examination if they believed that the expenses listed were inflated or improper; but, they asked no such questions at trial. Even now, as demonstrated by Plaintiffs' brief, they are able to offer any substantive argument they deem proper related to such expenses.

        For these reasons, the motion to exclude portions of trial exhibit 680 is not well taken and should be denied.

DATED: November 19, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
BRIAN M. DAUCHER

Attorneys for Defendants

-3-
W02-WEST:NA6\400528256.1

DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE CERTAIN FINANCIAL INFORMATION