1  *and increased competition); BMMG, Inc. v. American Telecast Corp., 1994 U.S.*
2  *App. LEXIS 34142 (9th Cir. 1994)(affirming denial of monetary damages where*
3  *there was no evidence that plaintiffs' lost sales were a result of the alleged*
4  *deception; "the causal link [was] missing"); Bateman v. Por-ta Target, Inc., 2004*
5  *U.S. Dist. Lexis 28487, \*65 (C.D. Cal. 2004)(summary judgment granted in favor of*
6  *plaintiff on defendant's counterclaim for false advertising because defendant could*
7  *not show any specific harm it suffered and failed to show any causal connection*
8  *between its allegations and plaintiff's actions); Air Turbine Technology, Inc. v. Atlas*
9  *Copco AB, 410 F.3d 701 (Fed. Cir. 2005) (summary judgment granted in favor of*
10 *defendant because plaintiff failed to prove its lost sales were the result of*
11 *defendant's advertisements.]*

12    34.  The Court finds that Defendants have violated Section 43a of The Lanham Act by engaging in false advertising and thus the Court finds that injunctive relief is appropriate and required in this case.

15 *[Disputed that the DMV.ORG website violates the Lanham Act and/or that injunctive relief is necessary or appropriate.]*

         **E.    Legal Conclusions Regarding Monetary Remedies under the Lanham Act**

    35.  Violations of Section 43a of the Lanham Act, 15 U.S.C. §1125(a) provide for a monetary remedy in the form of disgorgement of profits.  The statutory authority for such disgorgement of profits lies in Section 35 of the Lanham Act, 15 U.S.C. § 1117.  Section 1117 provides in pertinent part that when a violation of section 43a is established, the plaintiff "shall be entitled...subject to the principles of equity, to recover (1) defendant's profits..." ."In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  Id.

*[Plaintiffs conveniently omit citation to some provisions of section 1117 that this*

1  *Court might find relevant, including: (i) "the court may in its discretion enter*
2  *judgment for such sum as the court shall find to be just, according to the*
3  *circumstances of the case;" and (ii) "[s]uch sum in either of the above circumstances*
4  *shall constitute compensation and not a penalty."  Because Plaintiffs have failed to*
5  *carry their burden to show any actual injury, and because of their own unclean*
6  *hands and laches, they are not entitled to any award of Online Guru's profits.]*

7  36. No proof of actual confusion or actual injury is required to recover an infringer's profits. Gracie v. Gracie, 217 F.3d 1060, 1068 (9th Cir. 2000) ( "[a] showing of actual confusion is not necessary to obtain a recovery of profits" ).

*[Plaintiffs seriously mislead this Court with their reference to Gracie, supra, for the proposition that profit's may be awarded without proof of actual injury.  Gracie, a trademark case, only says that absence of actual confusion is no bar to an award of profits to the owner of a mark.  Profits awards in trademark infringement cases are more common, perhaps in part because the injury is to the goodwill of the plaintiff-owner of the mark, not to competitors in general (Plaintiffs in this case are not even members of that broader group). Sugai Products, Inc. v. Kona Kai Farms, Inc., 1997 WL 824022, *12 (D. Hawaii 1997) (the fact of injury is an element of liability with regard to the Lanham Act which must be proven);  Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 919 (Fed. Cir. 1984) ("accounting [of profits] . . . is not automatic, and may be denied . . . , where there has been no showing of fraud . . . , or where . . . 'careful examination of the record fails to reveal . . . that [plaintiff] has lost substantial business and profits as a result of [defendant's] unfair competition.'"); Holmes Group, Inc. v. RPS Products, Inc., 424 F.Supp.2d 271, 292 (Mass. 2006) (summary judgment in favor of defendant granted on plaintiff's claims for money damages for false advertising since plaintiff failed to offer evidence of actual damages; actual damages is an element of a false advertising claim where plaintiff seeks damages).]*

37. The best way to deter future acts of false advertising and other forms of commercial piracy is simply to make such conduct unprofitable. Maier Brewing Co., 390 F.2d 117, 123 (C.D. Cal 1968). In this case the Court finds that the profits of the Defendants amount to unjust enrichment, and pursuant to Section 1117, such profits must be disgorged.

*[Disputed on the grounds that 15 U.S.C. § 1117 provides that monetary relief is for the purposes of "compensation and not a penalty," and that Plaintiffs are not entitled to a windfall. Again, Plaintiffs rely upon trademark cases, and ignore the absence of injury, in seeking profits.]*

38. An appropriate measure of disgorgement is the amount spent by Defendants on the false advertising because such amount equates with the financial benefit received by the wrongdoer. U-Haul Intern., Inc. v. Jartran, Inc., 793 F.2d 1034 (9th Cir. 1986).

*[Plaintiffs now attempt to substitute a new theory of damage, not previously articulated. Compare Pre-Trial Hearing, 10/16/07, 13:19-15:12 (counsel for Plaintiffs articulates theory of damage based upon 10% of Defendants profits in CA TX and FL for traffic school and driver's ed, after expenses, for the period November 2006 to trial); and see Fed. R. Civ. P. 26(a)(1)(C) (must disclose computation of damages). Even this articulated theory suffers from serious defects in proof of injury, and, there is no evidence that Plaintiffs even occupy ten percent of the market in these states. 11/7 TT 11:15-12:2, 13:6-17:4; Defendants' Second RJN No.1.]*

39. Another appropriate method of calculating the profits which must be disgorged is calculating profits derived from sales attributable to the wrongful conduct.

Lindy Pen Co. v. Bic Pen, Inc., 982 F.2d 1400, 1408 (9th Cir. 1993)

*[Again, this new damage theory is improper. See Defendants' Statement of Dispute to Legal Conclusion No. 38.]*

40. The type of conduct that Lanham Act damages are designed to deter is unrelated to the type of intellectual property protected. U-Haul International v. Jartran, Inc., 793 F. 2d. 1034, 1042 (9th Cir. 1986). So whether the matter is one for trademark infringement or false advertising does not change the rationale for making such activity unprofitable for the wrongdoer for there is no significant distinction between false advertising cases and other types of cases under the Lanham Act. Id.

*Disputed on the grounds that U-Haul involved a willful and predatory false comparative advertising campaign directed against plaintiff specifically. Additionally, in most false advertising cases, courts do take into account the more diffuse nature of the injury and regularly deny awards of profits, likely in compliance with the statutory mandate that any award be "compensation and not a penalty." 15 U.S.C. section 1117. Balance Dynamics Corp. v Schmitt Indus., 204 F.3d 683 (6th Cir. 2000) (in case involving claim of false advertising, plaintiff cannot recover defendants profits where plaintiff has no proof of damages to its business; to recover damage to goodwill or disgorgement of profits, plaintiff must show at least some damage in marketplace); Burndy Corp. v Teledyne Industries, Inc., 748 F2d 767 (2nd Cir. 1984) (district court properly denied accounting of profits since evidence indicated that the alleged injury to plaintiffs was the result of other factors, rather than false advertising claims).]*

41. The detailed evidence presented in this case which shows a direct relationship between the "swift revenue growth and the connection of that growth to [Defendants'] advertising" compels a finding that Defendants' profits, as measured at least by Defendants' advertising expenditures, be disgorged. Id. at 1042.

*[For the reasons stated above, this new theory of damages is untimely. It would also constitute an improper windfall to Plaintiffs violating the statutory mandate that any award be "compensation and not a penalty." 15 U.S.C. § 1117.]*

42. The Ninth Circuit has held for trademark infringement cases under the

1  Lanham Act, that in order to recover profits, a plaintiff must show that the case is
2  "exceptional".   Exceptional cases are those where the intent or *mens rea* of the
3  defendant has been referred to as "deliberate," or "willful," or "intentional," or
4  "knowing."  See Lindy Pen Co., Inc. v. Bic Pen Corp. 982 F.2d 1400, 1406
5  (collecting cases and noting that deliberate infringement has been described in many
6  different ways).  The generally accepted notion is that profits are awarded when the
7  defendant willfully attempts to capitalize on a name or mark that was not its own.
8  While this is not a trademark case, as noted in Jartran, *supra*, the type of intellectual
9  property at issue in a Lanham Act case is unimportant to administering the remedy of
10 profits.  The Court finds herein, for the reasons set forth in the fact findings,  that this
11 is an exceptional case and as such, under the Lanham Act, Section 1117,
12 disgorgement of Defendants' profits subject to the principals of equity is required.

*[There is no evidence that Online Guru, or any other defendant, has acted intentionally to deceive the public with the DMV.ORG website.  To the contrary, the DMV.ORG website has always had disclaimers on every page and clarifying language (compare Plaintiffs' own sites and other similar sites in the marketplace); and, the website has added further conspicuous disclaimers which have not affected traffic or profits, undermining any suggestion that DMV.ORG depends or has depended in past upon confusion for its success.  Any significant sanction or punishment would be unjust.]*

    43.    Section 1117(a) authorizes courts to award attorneys' fees to the prevailing party in exceptional cases.  15 U.S.C. § 1117(a).  "While the term 'exceptional' is not defined in the statute, generally a [Lanham Act] case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful."  Invision Media Services, Inc. v. Glen J. Lerner, 175 Fed.Appx. 904 (9th Cir. 2006), quoting Lindy Pen Co. , 982 F.2d at 1409. As the Court has found that this case is exceptional, Plaintiffs are entitled to their

attorneys' fees under the Lanham Act.

*[Despite Plaintiffs' hyperbole, this case is simply not an exceptional case given the fact that the website has never contained any express claim of affiliation, has always had disclaimers on every page, and has always had clarifying language.  There is simply no evidence of malicious, fraudulent, deliberate or willful misconduct by Online Guru in this case.]*

### F.      Legal Conclusions Regarding Remedies: B&P Code § 17200 et seq

44.     Because of Defendants' violation of California's UCL, Plaintiffs are entitled to attorneys' fees pursuant to California Code Of Civil Procedure, §1021.5.  The statute provides for attorneys' fees in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement,...are such as to make the award appropriate, and (c) such fees should not in the interests of justice be paid out of the recovery, if any".  The Court finds that Plaintiffs have met these elements and are thus entitled to fees because of the important benefit they have conferred on the public through this litigation.

*[In addition to the absence of proof of the claim itself, an attorneys' fees award under California law would be improper because there is no evidence of any benefit to the public in this case.  DMV.ORG has added additional conspicuous and redundant disclaimers beyond what any cited case has required with no effect upon traffic to the site or advertising revenue.  These facts establish what common sense already indicates, namely that people searching the Internet want to find information; because DMV.ORG offers information in an organized and accessible way, people visit the site.]*

45.     As Defendants have violated California's UCL, The Court is empowered to issue an appropriate injunction pursuant to California Business &

1  Professions Code Section 17203.

2  *[Plaintiffs ignore the standing requirements under Cal. Bus. & Prof. Code section
3  17204, which specifically require both injury in fact and resulting loss of money or
4  property. Plaintiffs have failed to carry their burden to establish either standing
5  prong. For the same additional reasons that Plaintiffs' Lanham Act claims fail
6  (failure to prove confusion, failure to prove materiality), Plaintiffs' 17500 claim also
7  fails.]*

8  DATED: November 16, 2007     Respectfully submitted,
9
10                                LEWIS BRISBOIS BISGAARD & SMITH LLP
11                                By    _____
12                                      DAVID N. MAKOUS
                                        DANIEL C. DECARLO
13                                      MINA I. HAMILTON
14
15                                Attorneys for Plaintiffs