1  DAVID N. MAKOUS (State Bar # 082409)
   makous@lbbslaw.com
2  DANIEL C. DECARLO (State Bar # 160307)
   decarlo@lbbslaw.com
3  MINA I. HAMILTON (State Bar # 213917)
   hamilton@lbbslaw.com
4  LEWIS BRISBOIS BISGAARD & SMITH LLP
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012-2601
   Telephone:  (213) 250-1800
6  Facsimile:   (213) 250-7900

7  Attorneys for Plaintiffs
   TRAFFICSCHOOL.COM, INC. and
8  DRIVERS ED DIRECT, LLC, California companies.

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  TRAFFICSCHOOL.COM, INC.,          ) Case No. CV 06-7561 PA (CWx)
    a California corporation; DRIVERS ED )
13  DIRECT, LLC, a California limited   ) The Honorable Percy Anderson
    liability company,                  )
14                                      )
                      Plaintiffs,       ) **PLAINTIFFS' REQUEST TO STRIKE**
15                                      ) **DEFENDANTS' NEWLY SUBMITTED**
        vs.                             ) **EXPERT DECLARATION AND**
16                                      ) **RELATED ARGUMENTS**
    EDRIVER, INC.,ONLINE GURU, INC.,    )
17  FIND MY SPECIALIST, INC., and       )
    SERIOUSNET, INC., California        )
18  corporations; RAVI K. LAHOTI, an    )
    individual; RAJ LAHOTI, an individual; )
19  and DOES 1 through 10,              )
                                        )
20                    Defendants.       )
                                        )
21

22

23

24

25

26

27

28

4831-2894-7202.1

PLAINTIFFS' REQUEST TO STRIKE DEFENDANTS' NEWLY SUBMITTED EXPERT DECLARATION AND
RELATED ARGUMENTS

Dockets.Justia.com

## I. Introduction and Summary of Request

As anticipated, Defendants have improperly submitted new evidence in the form of an expert declaration and argued for a different type of injunction altogether in their Objections filed on June 18, 2008. Defendants blatantly disregarded the Court's Findings of Fact and Conclusions of Law and Order Finding Defendants Liable for False Advertising ("Findings and Order") and have also ignored the Court's invitation for objections based on the *form* of the proposed injunction. Instead, Defendants improperly used the Court's invitation for objections to file what amounts to a motion for reconsideration or a motion for a new trial. The trial is over but Defendants have sought by their filing to submit new evidence from an expert who was never designated (or cross-examined) on an issue which was considered during the trial. The procedural improprieties are multi-fold and, as a result, Plaintiffs object to the submission and request that the Court strike the new expert declaration and the argument which seeks to persuade the court to "reconsider" its findings on liability or regarding the proper injunctive remedy.

## II. The Court Has *Already Ordered* a Splash Screen as the Remedy

The Court has ruled and the parties were supposed to comment only on the Court's proposed injunction as to the "form of the Court's proposed permanent injunction." [Findings and Order, pg. 33:17-18.] The Court did not request an evidentiary hearing, set a further briefing schedule, or otherwise suggest that these objections were meant to be a re-opening of trial. The Court did not invite the parties to persuade the Court to reconsider its findings by submitting new expert testimony.[1/]

Specifically related to injunctive relief, the Court has already *found and ordered* as follows:

> "Accordingly, *the Court will require* Defendants to employ an
> acknowledgment page communicating to all visitors to all entry

---

[1/]    Perhaps Defendants felt that they had nothing to lose in disregarding the Court's Order and therefore submitted their improper "objections" and new declaration.

1  pages of DMV.ORG that the website is privately owned, and is not

2  the website of any government agency. This acknowledgment page

3  shall include an affirmative click-through that a consumer must

4  choose in order to continue to the DMV.ORG site. The

5  acknowledgment page must also provide links to the websites of the

6  official state agencies that regulate motor vehicles. Such "intercept"

7  devices have been ordered by other courts in the context of

8  telephone connections. [citations omitted.] *The court will issue a*

9  *permanent injunction consistent with this Order."*

10  [Findings and Order, pg. 29:20 to pg. 30:13 (Emphasis added).]

11  **III.    Prejudice to Plaintiffs**

12  Defendants ignored the Court's Order, and accordingly, Plaintiffs find

13  Defendants' June 18, 2008 filing objectionable in at least the following respects:

14  1.    Defendants' filing is improper as it is really a motion for reconsideration

15  or a motion for a new trial. Defendants admit as much in their Objections, stating that

16  they request "this Court to reconsider the splash page concept altogether." [Defendants'

17  Objections, Pg. 4:23-24.] However, Defendants have failed to follow the Local Rule

18  procedures[2/] for such motions and thus their submission is highly prejudicial to

19  Plaintiffs because Plaintiffs do not have any opportunity to respond to the disguised

20  motion for reconsideration/new trial and the arguments presented therein.

21  2.    Defendants' submission of an expert witness' declaration after the close

22  of trial – especially when that expert was never designated during trial or in any of

23  Defendants' required Rule 26 disclosures – is highly improper for obvious reasons:

24  Plaintiffs never had an opportunity to rebut or cross-examine the numerous positions

25  that Mr. Bruce Tognazzini makes in his declaration which are used to support

26  Defendants' entire argument for why a splash screen should not be utilized.

27

28  [2/]    For example, L.R. 59-1.3's New Trial Procedures requires an articulation
for why new evidence could not have been produced at trial.

PLAINTIFFS' REQUEST TO STRIKE DEFENDANTS' NEWLY SUBMITTED EXPERT DECLARATION AND
RELATED ARGUMENTS

1    3.    Finally, Defendants' position appears to be that the Court should not issue

2    its proposed injunction because a splash screen would hurt Defendants' business. This

3    is an irrelevant point when the only issue is whether the injunction would serve to

4    prevent the ongoing confusion that Defendants were found liable for intentionally

5    creating in the first place.

6    **IV.    Conclusion**

7        For all the foregoing reasons, Plaintiffs respectfully request that the Court strike

8    Defendants' newly submitted expert declaration and related arguments in the

9    Defendants' Objections.

10

11   DATED: June 19, 2008            LEWIS  BRISBOIS  BISGAARD & SMITH LLP

12

13                                   By_____/s/_____

14                                       David N. Makous
                                         Daniel C. Decarlo
15                                       Mina I. Hamilton
                                         Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28