BRIAN M. DAUCHER, Cal. Bar No. 174212
ROBERT S. BEALL, Cal. Bar. No. 132016
JOSEPH H. TADROS, Cal. Bar. No. 239379
ASHLEY E. MERLO, Cal. Bar No. 247997
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
bdaucher@sheppardmullin.com
jtadros@sheppardmullin.com

Attorneys for Defendants

Dockets.Justia.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC., a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual, and DOES 1 through 10.<br><br>Defendants. | Case No. CV067561 PA (CWx)<br>*The Hon. Percy Anderson*<br><br>**EX PARTE APPLICATION FOR INTERIM STAY OF INJUNCTION PENDING HEARING ON MOTION FOR STAY PENDING APPEAL**<br><br>[Proposed Order Lodged Concurrently Herewith]<br><br>Complaint Filed November 28, 2006<br>Trial Commenced: November 6, 2007 |

TO THE ABOVE-CAPTIONED COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

Defendants eDriver, Inc., Online Guru, Inc., Find My Specialist, Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants") hereby file this *ex parte* application for an interim stay of the permanent injunction until a full motion for stay of can be heard by this Court.

By this application, Defendants ask for an interim stay of the permanent injunction pending hearing on a motion for stay pending appeal. The four factors taken into consideration in determining whether to grant a stay – success on the merits; injury to the stay applicant; injury to other parties; and the public interest – favor a stay pending appeal.

Defendants have a reasonable chance of success on the merits of the appeal on the grounds that:

- The injunction is more restrictive than necessary to remedy any alleged confusion and causes disproportionate hardship. This dramatic loss puts the Online Guru business and 19 employees in jeopardy, rendering a profitable business unprofitable and requiring drastic downsizing of advertising expenses (currently) and employees (if no relief is forthcoming);
- Further corrective measures taken in the wake of the Findings by this Court have all but eliminated the receipt of personal information from visitors; and
- The underlying finding of false advertising is subject to legitimate legal questions including: (a) whether the claim at issue in the case is in fact a trademark claim under 15 U.S.C. § 1125(a)(1)(A), for which an interest in the mark DMV (which Plaintiffs lack) is a prerequisite to standing; (b) whether, even if the claim is properly brought under 15 U.S.C. § 1125(a)(1)(B), Plaintiffs have demonstrated a sufficient injury or competitive nexus to establish standing; (c) whether there is sufficient proof of confusion given the substantially flawed Maronick survey and statistically modest evidence of

actual confusion; (d) whether there is sufficient proof of materiality of any alleged confusion; and (e) whether Plaintiffs' unclean hands obviated the basis for relief in this case.

*Ex parte* relief is necessary because, as set forth in Defendants concurrently filed motion, and in prior papers, the harm to the DMV.ORG website from a splash page is substantial many visitors simply turn away from the site upon landing, unexpectedly, on the splash page. As the Tognazzini declaration showed, fickle Internet users do not like splash pages as they delay progress; users associate such splash pages with salacious websites dealing in pornography and other vices and will simply leave rather than waste further time on uncertain results. This evidence shows that the splash page is having a broader impact than expected or intended by associating the DMV.ORG website with the false and often fatal impression the splash page establishes.

Plaintiffs cannot identify any harm to them from staying the injunction pending appeal as the Court has already found that they presented no evidence of cognizable injury, even from prior versions of the DMV.ORG website.

The harm to the public from staying the injunction would be minimal. Since the Court issued its Findings in June 2008, DMV.ORG has added significant additional, unavoidable disclaimers and specific email safeguards to address the Court's concerns. Evidence submitted with this motion tends to show that DMV.ORG's prior array of disclaimers and screens resolved the problem of personal information transmission, perhaps better than the splash page does.

Also, the public has a significant interest in access to information on the Internet. The splash page disrupts this access to information by casting doubt upon whether the DMV.ORG website in fact contains information related to motor vehicle concerns. Although there was no allegation in this case that the DMV.ORG website is anything other than an informational website on such topics, users seeing the splash page are being mislead.

Pursuant to Local Rule 7-19.1, Defendants have provided notice of this application to counsel for Plaintiffs by e-mail. (Daucher Decl., Ex. A.) Plaintiffs' Counsel indicated that they intend to oppose the application. (Id., Ex. A.)

Pursuant to Local Rule 7-19, Defendants hereby identify contact information for counsel for Plaintiffs' counsel as follows:

> David Makous and Mina Hamilton
> Lewis Brisbois Bisgaard & Smith LLP
> 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012
> Phone: (213) 250-1800; hamilton@lbbslaw.com

In support of this application, Defendants rely on the Motion for Stay of the Permanent Injunction Pending Appeal and supporting declarations of Raj Lahoti and Brian M. Daucher, as well as the previously filed Tognazzini declaration. Defendants respectfully request that this Court grant this *ex parte* application, and temporarily stay the permanent injunction until a decision can be made on the Motion to Stay (proposed hearing date October 14).

If the Court is inclined to deny an interim stay pending further briefing on this matter, then Defendants respectfully request that this Court promptly deny both this application and the contemporaneous motion so that Defendants may seek their remedy before the Court of Appeal.

DATED: September 10, 2008

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
BRIAN M. DAUCHER
Attorneys for Defendants