1   DAVID N. MAKOUS (State Bar # 082409)
    makous@lbbslaw.com
2   DANIEL C. DECARLO (State Bar # 160307)
    decarlo@lbbslaw.com
3   MINA I. HAMILTON (State Bar # 213917)
    hamilton@lbbslaw.com
4   LEWIS BRISBOIS BISGAARD & SMITH LLP
    221 North Figueroa Street, Suite 1200
5   Los Angeles, California 90012-2601
    Telephone: (213) 250-1800
6   Facsimile: (213) 250-7900

7   Attorneys for Plaintiffs
    TRAFFICSCHOOL.COM, INC. and
8   DRIVERS ED DIRECT, LLC, California companies.

9

                   UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11

12
    TRAFFICSCHOOL.COM, INC.,          ) Case No. CV 06-7561 PA (Cwx)
13  a California corporation; DRIVERS ED )
    DIRECT, LLC, a California limited   ) The Honorable Percy Anderson
14  liability company,                  )
                                        ) ***OPPOSITION* TO EX PARTE**
15              Plaintiffs,             ) **APPLICATION BY DEFENDANTS**
                                        ) **FOR INTERIM STAY OF**
16       vs.                           ) **INJUNCTION PENDING HEARING**
                                        ) **ON MOTION FOR STAY PENDING**
17  EDRIVER, INC,.; ONLINE GURU,        ) **APPEAL**
    INC., FIND MY SPECIALIST, INC.,     )
18  and SERIOUSNET, INC., California    )
    corporations; RAVI K. LAHOTI, an    )
19  individual; DOES 1 through 10,      )
                                        )
20              Defendants.            ) [Local Rule 7-19]
                                        )
21  _____    )

22

23

24

25

26

27

28

4815-7170-0739.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Inappropriateness of Ex Parte Application**

Plaintiffs strongly oppose Defendants' Ex Parte application for an interim stay of this Court's Final Injunction pending a hearing on their motion for stay pending an appeal.[1] Ex parte applications are for extraordinary relief. <u>Mission Power Engineering Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995). There is no legal authority or justification for Defendants' *ex parte* attempt to circumvent the Federal and Local Rules regarding timing for motion practice, including motions for a stay of an injunction pending appeal under Rule 62(c).

Defendants' carefully crafted yet self-serving, unsubstantiated, and vague claims of "dramatic loss," "disproportionate hardship," and  "catastrophic impact"[2] to their business because of the injunction do not justify a reversal of the Federal Rules' presumption *against* stays of a final injunction. Under Rule 62(a), a final action for an injunction is *expressly* exempted from an automatic 10-day stay period that applies to all judgments, and the injunction is *immediately enforceable* regardless of whether an appeal is being pursued by the losing party.

---

[1]      It is unclear to Plaintiffs why Defendants did not file an ex parte application to shorten the time to hear the motion for a stay rather than request as *ex parte* relief only what they would be afforded *after Plaintiffs had a fair opportunity to be heard under normal motion deadlines*. Regardless, Defendants have not met their burden to show why this Court should overturn the status quo and grant either *ex parte* relief or a noticed motion stay of the injunction. Plaintiffs also object to having to essentially respond to the merits of a substantial and significant motion for stay in just under twenty-four hours because of the improper tactics of the Defendants.

[2]      What is significant about Mr. Lahoti's declaration is what information he **fails** to offer the Court while he adamantly claims his business is on the verge of collapse: He fails to tell the Court the financial amounts he is losing or even the percentage of sales or advertising revenue he is losing as compared with pre-injunction activity. He fails to say how much he has cut advertising expenditures or what his change in "profitability" has been since the Injunction. Most significantly, he fails to say how the "loss of hundreds of thousands of visitors" compares to how many visitors are still viewing the website after clicking through the splash page (recall, DMV.ORG received 60 million visitors a year). Finally, his statement that "absent a prompt, stay, we will **most likely** have to layoff of a significant number of our 19 employees" (emphasis added) is hardly *evidence* of irreparable injury.

1    Moreover – and *significantly* – under Rule 62(c), while a district court does

2    have the power to suspend or modify an injunction during the pendency of an

3    appeal, by its express terms, Rule 62(c) applies *only* "[w]hile an appeal ***is pending***

4    from an interlocutory order or final judgment that grants . . .an injunction."

5    [Emphasis added.]  Defendants have given no notice of appeal as required by Rule 3,

6    Fed.R.App.P., and therefore it cannot be said that an appeal ***is pending*** in this case.

7        Accordingly, grounds for *ex parte* relief are non-existence in this situation

8    where the Federal Rules do not favor immediate stays and provide only for motion

9    practice under Rule 62(c) *after* an appeal has been taken. Plaintiffs should not be

10   forced to respond to an improper motion for stay under Rule 62(c) within twenty-

11   four hours and Plaintiffs request that the *ex parte* relief be denied. Plaintiffs are also

12   not opposed to the Court summarily denying Defendants' motion to stay without

13   waiting for an opposition by Plaintiffs. However, should the Court not summarily

14   deny Defendants' motion to stay, Plaintiffs request a fair opportunity to address

15   Defendants' arguments in detail in an opposition filed under the time frames given by

16   the Local Rules for motion practice.

17   **II.    Additional Facts and Summary of Analysis of Motion to Stay Factors**

18       Defendants ask this Court to grant a stay, which is entirely in the Court's

19   discretion under Rule 62(c), but they do so while in non-compliance with the

20   Injunction and after having made a significant misrepresentation to the Court.  The

21   Court may want to consider the following facts as further support for why

22   Defendants' requests for stay should be denied:

23       •    **Not Presently in Compliance with the Injunction**: Defendants are

24   still ***not*** in compliance with the Final Injunction.[3/] While the Injunction is crystal

25   clear, Defendants refuse to make the font size of DMV.ORG on the splash page

26   smaller than the font in the disclaimer, in clear violation of paragraph (f), which

27

28   _____

[3/]       This and other non-compliance issues will be the subject of a motion by
Plaintiffs for contempt in the near future.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   orders that the disclaimer "shall appear in fourteen (14) point font, and shall be in

2   larger font size than that used in the DMV.ORG logo and the 'continue' button."

3   [See, Hamilton Decl., ¶2, and Ex. A.]

4      •   **Misrepresented that They Would Keep Disclaimers**: Defendants

5   stated to the Court in their Closing Trial Brief the following: "Defendants have no

6   intention to remove the disclaimers on DMV.ORG ...**The Court can accept**

7   **DMV.ORG's representation, made here and elsewhere, that it will maintain**

8   **its current level of disclaimers** ...Or the Court may also order Online Guru, as

9   manager of DMV.ORG to maintain such disclaimers." [Docket #203-2, pg. 24.

10  Emphasis added.] Despite such representations, Defendants admittedly removed all

11  such disclaimers on their website after putting up the splash page, and only re-

12  instituted the disclaimers immediately before filing their motion to stay papers. [See,

13  Hamilton Decl., ¶3, and Ex. B.] Despite the unequivocal nature of their post trial

14  promise, Defendants, as is their repeated habit and custom, shifted their position in

15  conformance with their interests notwithstanding their promise to the Court.

16      Moreover, Defendants, as movants, have a heavy burden of establishing that

17  the factors summarily analyzed below weigh in favor of a stay.[4] They have failed to

18  meet that burden as follows:

19      •   **Defendants are Not Likely to Prevail on Appeal**: The Court issued

20  the Final Injunction on August 26, 2008, after issuing its Findings of willful false

21  advertising against Defendants in June, 2008.  Both sides extensively briefed and

22  argued their respective positions on the form of the injunction (while Defendants

23  enjoyed the benefits of not being enjoined at all during this time). This Court cited

24

25  [4]   Handberry v. Thompson, 2003 U.S. Dist. LEXIS 5508, No. 96 Civ. 6161,
26  2003 WL 1797850, at *1 (S.D.N.Y. Apr. 4, 2003), citing Cooper v. Town of East
    Hampton, 83 F.3d 31, 36 (2d Cir. 1996). See also Juan v. Rowland, 2001 U.S. Dist.
27  LEXIS 3371, No. Civ. H-89-859, 2001 WL 263395 (D. Ct. Feb. 9, 2001); Schwartz
    v. Dolan, 159 F.R.D. 380, 383 (N.D.N.Y. 1995), vacated in part on other grounds,86
28  F.3d 315 (2d Cir. 1996); Cayuga Indian Nation v. Vill. of Union Springs, 317 F. Supp.
    2d 152, 155 (N.D.N.Y 2004).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   case law in support of the form of its Injunction. The other issues of potential appeal

2   cited by Defendants are also without merit: (1) this was never a trademark case

3   under 15 U.S.C. §1125(a)(1)(A); (2) standing was extensively briefed and analyzed

4   by the Court under 9th Circuit law; (3) there was substantial evidence of confusion

5   even without the Maronick survey (e.g., admissions of Defendants themselves); and

6   (4) the 9th Circuit has made clear that unclean hands will not prevent an injunction.

7         •  **Defendants Have Failed to Show Irreparable Injury**

8         Defendants did not put any substantive evidence in their declaration for their

9   motion (or at trial) that they are going out of business because of the Injunction.

10   See, also, ftn. 2, *supra*. Despite their failure to substantiate any of their claims of

11   injury due to the Injunction, even if Defendants had set forth the specifics of their

12   alleged loss of advertising revenue or employees, such loss does not mean that the

13   Injunction is not warranted because irreparable injury would only exist if the

14   Injunction would make them incapable of operating a legitimate business. Willful

15   false advertising exists in this case and the only thing that Defendants' statements

16   about the Injunction suggest is that less consumer and public confusion is indeed

17   taking place because of the Injunction. A stay of an injunction that is actually

18   remedying the problem would be inconsistent with the well-founded reasons set

19   forth by the Court for issuing it in the first place. See, Rodriguez v. DeBuono, 162

20   F.3d 56, 62 (2d Cir. 1998) (generally, district court's stay of injunction pending

21   appeal will be logically inconsistent with court's prior finding of harm in issuing that

22   same preliminary injunction). Moreover, it took Defendants a mere day or so to

23   install their splash page. If a highly unlikely reversal on appeal occurs, Defendants

24   can easily go back to their previous ways.

25         •  **Plaintiffs Will Be Substantially Harmed by the Granting of the**

26           **Stay**

27         Under Rule 62(c), the Court, within its discretion, may require "terms for

28   bond or other terms that secure the opposing party's rights." Clearly, Plaintiffs will

1    suffer significant harm if Defendants receive another twelve to twenty-four months

2    of windfall profits through the operation of a grossly misleading website and service.

3    As competitors of Defendants, Plaintiffs have a significant interest in being afforded

4    the opportunity to compete on a level playing field. No justification can be articulated

5    for permitting wilful false advertisers to extract another two years of profits out of

6    the public through deceptive practices while their dubious appeal moves forward. It

7    is readily apparent that not even Defendants believe that their appeal has merit. This

8    latest maneuver is nothing but yet another hustle designed by these internet

9    hucksters to squeeze every nickle out of an illegal enterprise.

10          It is important to note that Plaintiffs realized no financial reward for their

11   efforts, and were denied their attorneys fees. The only remedy to prevent the unfair

12   competition is now the Injunction and the presence of that Injunction is all that is

13   available to Plaintiffs to assist them with catching up and fairly competing. The

14   Court stated in its Findings: "Moreover, Plaintiffs stand to indirectly gain from a

15   judgment entered against Defendants because fewer consumers might be directed to

16   traffic schools and driver's education courses advertised on DMV.ORG, and more

17   of those consumers might use Plaintiff's own traffic school and driver's education

18   courses instead."[Docket # 210, pg. 32.] Any stay would take away this benefit

19   from Plaintiffs.

20          •    **__The Granting of the Stay Will Not Serve the Public Interest__**

21          Defendants have also not met their burden to show how the public interest

22   will be served by a granting of a stay. Indeed, the public is finally being served by

23   the issuance of the Injunction.  Defendants' claim that measures taken after the

24   Court's Findings of additional disclaimers have eliminated emails containing

25   "personal information from visitors."  Even if true[5/], the harm to the public was not

26

27   _____

     [5/]     As noted above and admitted to by Defendants, after the Injunction issued,

28   Defendants *removed* all disclaimers and notices from their website including the Help
     Center/Contact Us section.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1   simply that they would send personal information in emails. The focus in this case

2   was on harm to the public because of the misleading nature of DMV.ORG's

3   affiliation with a state government agency. While emails from the public may have

4   been evidence of that harm, it was not the harm itself. As argued numerous times

5   before and as the Court acknowledged in its Findings, "the proportion of total

6   visitors who send an email evidencing confusion is immaterial because there is no

7   evidence than an appreciable number of confused visitors bother to send an email."

8   The Court recognized that consumers had to be alerted before *entering* the

9   DMV.ORG site to prevent confusion from search engine advertising and from

10  teenagers who may be looking to find a drivers education course. [See, Docket,

11  #210, pg. 29.]

**III.     Conclusion**

13          For the reasons stated above, Plaintiffs strongly oppose Defendants' Ex Parte

14  application and request that it be denied in its entirety. Plaintiffs also request that the

15  Court summarily deny Defendants' motion for stay. Should the Court find, however,

16  sufficient grounds to hear Defendants' motion for stay, Plaintiffs' request that it be

17  allowed to file a more substantive Opposition under the Local Rules' time frame.

19  DATED: September 11, 2008          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                      By    /s/ Mina Hamilton

                                           David N. Makous
                                           Daniel C. DeCarlo
                                           Mina I. Hamilton
                                           Attorneys for Plaintiffs

OPPOSITION TO EX PARTE APPLICATION FOR INTERIM STAY OF INJUNCTION PENDING HEARING
ON MOTION FOR STAY PENDING APPEAL

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800