BRIAN M. DAUCHER, Cal. Bar No. 174212
ROBERT S. BEALL, Cal. Bar. No. 132016
JOSEPH H. TADROS, Cal. Bar. No. 239379
ASHLEY E. MERLO, Cal. Bar. No. 247997
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
bdaucher@sheppardmullin.com
bdaucher@sheppardmullin.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC., a California limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual, DOES 1 through 10.<br><br>    Defendants. | Case No. CV067561 PA (CWx)<br>*The Hon. Percy Anderson*<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' BILL OF COSTS**<br><br>Trial Commenced: November 7, 2007<br><br>Date:    September 25, 2008<br>Time:    10:00 a.m.<br>Location: Room 917<br><br>[Complaint Filed November 28, 2006] |

Pursuant to Local Rule 54-7, Defendants Edriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti and Raj Lahoti hereby object to Plaintiffs' Bill of Costs on the grounds that $62,993.76 in the costs sought to be reimbursed are unrecoverable as set forth below:

- **Trial Transcripts – Reduce By $2,670.28 to $557.08**

Plaintiffs seek reimbursement of $3,227.36 for trial transcripts. However, included in this cost is $2,670.28 for daily transcription fees. Plaintiffs are not entitled to recover costs for daily transcripts. Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F3d 1178, 1184 (Fed. Cir. 1996); Ferreira v. CCNI Antofagasta, Docket No. 2:04-cv-1916-MCE-DAD (E.D. Cal. 10-15-2007) (recovery of daily transcript fees denied since not indispensable). Accordingly, the line item for trial transcript fees should be reduced from $3,227.36 by $2,670.28 to $557.08.

- **Deposition Transcripts – Reduce By $1,845.48 to $18,518.07**

Plaintiffs seek reimbursement of $20,363.55 for deposition transcripts, of which $1,845.48 comprises expedite fees and fees for overnight shipping. [See Exhibit C to Plaintiffs' Bill of Costs (invoices for deposition transcripts of Itamar Simonson, Gerald Flack, Hardy Warren and Janine Warren).] Plaintiffs are not entitled to recover fees charged for expedited deposition transcripts and overnight shipping of transcripts pursuant to Local Rule 54-4.6. See also Affymetrix, Inc.v. Multilyte Ltd., 2005 WL 2072113 at *2 (N.D. Cal. 2005) ("Shipping or expedited delivery charges . . . are not allowed."). The line item for deposition transcript fees should therefore be reduced from $20,363.55 by $1,845.48 to $18,518.07.

- **Other Costs – Expert Witness Fees – Reduce To Zero**

Plaintiffs seek, through the "other costs" line item, reimbursement of their non-court appointed expert witness fees in the amount of $58,478. [See Exhibit F to Plaintiffs' Bill of Costs.]

Pursuant to 28 U.S.C. § 1920, the compensation of a <u>court</u> <u>appointed</u> <u>expert</u> may be taxed as a cost. The United States Supreme Court has held that a party may not recover fees for a non-court appointed expert. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 US 437, 439 (1987) (emphasis added) (affirming appellate court decisions that denied reimbursement of thousands of dollars of expert witness costs); <u>see also</u> <u>Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.</u>, 260 F.3d 1054, 1061 (9th Cir. 2001) (request for reimbursement of expert witness fees correctly rejected); <u>Coats v. Penrod Drilling Corp.</u>, 5 F3d 877, 891 (5th Cir. 1993) (expert witness fees of $1,232.65 not recoverable).

Plaintiffs are therefore not entitled to recover the fees of their non-court appointed expert witness. Accordingly, the "other costs" line item should be reduced from $58,478 to zero.

- **<u>Summary – Total Cost Award Should Be Reduced To $37,364.25</u>**

After the reductions related to expedited transcripts, daily trial transcripts, and non-court appointed expert fees, Plaintiffs are entitled to recover a total of only $37,364.25 through their Bill of Costs. Defendants request that the award of costs be limited to this sum, $37,364.25.

Dated: September 15, 2008

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
BRIAN M. DAUCHER

Attorneys for Defendants