| | |
|---|---|
| 1 | BRIAN M. DAUCHER, Cal. Bar No. 174212 |
| 2 | ROBERT S. BEALL, Cal. Bar. No. 132016 |
|   | JOSEPH H. TADROS, Cal. Bar. No. 239379 |
| 3 | ASHLEY E. MERLO, Cal. Bar No. 247997 |
| 4 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
|   |    A Limited Liability Partnership |
| 5 |    Including Professional Corporations |
| 6 | 650 Town Center Drive, 4th Floor |
|   | Costa Mesa, California 92626-1925 |
| 7 | Telephone: (714) 513-5100 |
|   | Facsimile: (714) 513-5130 |
| 8 | bdaucher@sheppardmullin.com |
|   | bdaucher@sheppardmullin.com |
| 9 | |
| 10 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC., a California limited liability company,<br><br>              Plaintiffs,<br><br>    v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual, and DOES 1 through 10.<br><br>              Defendants. | Case No. CV067561 PA (CWx)<br>*The Hon. Percy Anderson*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR STAY OF THE PERMANENT INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declarations of Raj Lahoti and Brian Daucher Filed and Proposed Order Lodged Concurrently Herewith]<br><br>Hearing Information:<br>Date:    October 20, 2008<br>Time:   1:30 p.m.<br>Crtrm.:  15<br><br>Complaint Filed November 28, 2006<br>Trial Commenced: November 6, 2007 |

# NOTICE OF MOTION AND MOTION

TO THE ABOVE-CAPTIONED COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2008 at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 15 of the above entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, defendants eDriver, Inc., Online Guru, Inc., Find My Specialist, Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants") will and hereby move for an order staying the permanent injunction pending appeal.

Defendants bring this motion to stay pursuant to Federal Rule of Procedure 62(c) and Federal Rule of Appellate Procedure 8(a) on the grounds that the splash page is having a catastrophic impact on the financial viability of the business and its employees.

The four factors taken into consideration in determining whether to grant a stay – success on the merits; injury to the stay applicant; injury to other parties; and the public interest – favor a stay pending appeal.

Defendants have a reasonable chance of success on the merits of the appeal on the grounds that:

- The injunction is more restrictive than necessary to remedy any alleged confusion and causes disproportionate hardship, namely the loss of hundreds of thousands of visitors to the site. This dramatic loss puts the Online Guru business and 19 employees in jeopardy, rendering a profitable business unprofitable and requiring drastic downsizing of advertising expenses (currently) and employees (if no relief is forthcoming);
- Further corrective measures taken in the wake of the Findings by this Court have all but eliminated the receipt of personal information from visitors; and
- The underlying finding of false advertising is subject to legitimate legal questions, detailed in the motion.

-1-

As set forth below, and in prior papers, the harm to the DMV.ORG website from a splash page is substantial as numerous visitors simply turn away from the site upon landing, unexpectedly, on the splash page. As the Tognazzini declaration showed, fickle Internet users do not like splash pages as they delay progress; users associate such splash pages with salacious websites dealing in pornography and other vices and will simply leave rather than waste further time on uncertain results. The splash page is having a broader impact than expected or intended by associating the DMV.ORG website with the false and often fatal impression the splash page establishes.

Plaintiffs cannot identify any harm to them from staying the injunction pending appeal as the Court has already found that they presented no evidence of cognizable injury, even from prior versions of the DMV.ORG website.

There is no harm to the public from staying the injunction as Online Guru has added significant additional, unavoidable disclaimers and specific safeguards to the DMV.ORG website to address the Court's concerns. Evidence submitted with this motion shows that the website's prior array of disclaimers and safeguards resolved the problem of personal information transmission, more effectively than the splash page does.

Also, the public has a significant interest in access to information on the Internet. The splash page disrupts this access to information by casting doubt upon whether the DMV.ORG website in fact contains information related to motor vehicle concerns. Although there was no allegation in this case that the DMV.ORG website is anything other than an informational website on such topics, users seeing the splash page are being mislead.

As indicated in the related ex parte application, Defendants have advised Plaintiffs of this motion and believe Plaintiffs intend to oppose.

This motion is based upon this notice, the attached memorandum of points and authorities in support thereof, the Defendants' ex parte application filed

concurrently herewith, the declarations of Raj Lahoti, Bruce Tognazzini and Brian M. Daucher, pleadings, records, and files herein, such other matters of which the Court may properly take notice, and upon such oral argument as may be made at the hearing on this motion.

Dated: September 16, 2008

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
BRIAN M. DAUCHER

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Introduction

By this motion, Defendants ask that this Court stay the injunction pending appeal, subject to Online Guru's ongoing compliance with proactive restraints put in place after issuance of the Findings in June 2008. The grounds for this motion are:

- The splash page causes a significant decrease in site usability and associated revenue, placing Online Guru in severe financial distress. Defendants submit, based on the prior Tognazzini declaration, that a substantial percentage of that loss is attributable not to initial confusion, but rather to a negative impression stemming from the splash page itself.
- The splash page is not as effective at either alleviating confusion or at precluding receipt of confidential information as the voluntary measures Online Guru employed from June to August 2008.
- Substantial legal issues are present for appeal, as outlined below.

Defendants propose to retain their voluntary additional measures pending appeal (per the proposed order submitted herewith) in lieu of the more harmful, but less effective, splash page.

## 2. Additional Facts

On August 26, 2008, this Court entered a permanent injunction requiring a splash page that all visitors to the DMV.ORG website would encounter upon entry to the website. (Judgment and Permanent Injunction, 8-26-08.) Defendants came into compliance within one day of receipt of the Injunction. (Lahoti Decl., ¶ 5.) Evidence shows that the splash pages causes the immediate loss of hundreds of thousands of visitors a week. (Id.)

Preceding the entry of the injunction, the Court had proposed a permanent injunction, requiring a similar splash page. (Proposed Permanent Injunction, 6-4-08). Following the Court's June proposed injunction, Defendants voluntarily

employed additional alternative measures to ensure that visitors to the website were aware that they were on a privately-owned website, including:

- Defendants added the Court's proposed splash disclaimer at the top of each webpage, highlighted in yellow and in 16 point font (larger than required on the splash page) stating: "DMV.ORG is a **privately owned website** that is **not** owned or operated by any government agency."
- Additionally, visitors to DMV.ORG wishing to send a communication to the website must click through an acknowledgment check box including similar disclaimer language and are warned again not to send any personal/confidential information such as social security numbers.
- Defendants added either the term "unofficial" or "independent" in all search engine result listings (sponsored and, where feasible, organic) that directly relate to traffic school or driver's education.
- Defendants removed all language that could be construed as an express recommendation or endorsement of any traffic school or driver's education advertiser on the DMV.ORG website.

(Lahoti Decl., ¶ 3.) A copy of the homepage as it appeared immediately prior to the injunction (and now) is attached hereto as Exhibit A. As a result of these measures, DMV.ORG's receipt of personal/confidential information diminished to next to nothing. (Lahoti Decl., ¶ 4.)

Upon launching the splash page, Defendants briefly eliminated some of these proactive measures and found that the email volume to the web site increased and that it began receiving personal information within those emails. (Lahoti Decl., ¶ 6.) Defendants subsequently put back in place all of the proactive measures previously implemented. Id. Based upon this experience, the proactive measures prove to be more effective than the splash page in addressing the Court's specific concerns.

Since employing the splash page, Online Guru has been forced to cut advertising substantially and, absent relief, will have to make employee layoffs of some of its 19 member staff. (Lahoti Decl., ¶ 7.)

The detrimental effect of the splash page and the substantial elimination of confusion as a result of Defendants' recent changes to the DMV.ORG website justify a stay of the injunction pending appeal.

### 3. This Court Should Stay The Permanent Injunction

A party may move for a stay of an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure Rule 8(a). In deciding whether to issue a stay, four factors are to be taken into consideration:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Each of these factors tips in Defendants' favor.

**Success on the merits:** After finding Plaintiffs guilty of unclean hands, the Court went on to order an injunction based on public interest. (Findings, June 4, 2008, at 30-31.)

Defendants intend to appeal the terms of the permanent injunction on the grounds that it goes beyond what is necessary to prevent public confusion, especially in light of the recent steps taken to prevent confusion. ALPO Petfoods v. Ralston Purina Co., 913 F.2d 958, 972 (D.C. Cir. 1990) ("the law requires that courts closely tailor injunctions to the harm that they address").

As noted above, DMV.ORG's receipt of private personal information has all but ceased. (Lahoti Decl., ¶ 4.) Thus, the public interest concerns identified by the

Court and which formed the basis for issuance of the injunction are arguably satisfied by existing and new measures, rendering a broader injunction unnecessary. In re Circuit Breaker Litigation, 860 F. Supp. 1453, 1456 (C.D. Cal. 1994) (aff'd by Westinghouse Elec. Corp. v. Gen Circuit Breaker & Elec. Supply, Inc., 106 F.3d 894 (9th Cir. 1997)) ("where infringement ceases before judgment and defendant has no intention of infringing in the future, the public needs no protection and courts usually deny requests for permanent injunctions").

Moreover, although this Court found liability for false advertising, this Court may concede that there are good faith legal questions surrounding that finding including: (a) whether the claim at issue in the case is in fact a trademark claim under 15 U.S.C. § 1125(a)(1)(A), for which an interest in the mark DMV (which Plaintiffs lack) is a prerequisite to standing; (b) whether, even if the claim is properly brought under 15 U.S.C. § 1125(a)(1)(B), Plaintiffs have demonstrated a sufficient injury or competitive nexus to establish standing; (c) whether there is sufficient proof of confusion given the substantially flawed Maronick survey and statistically modest evidence of actual confusion; (d) whether there is sufficient proof of materiality of any alleged confusion; and (e) whether Plaintiffs' unclean hands obviated the basis for relief in this case. If Defendants prevail on any of these arguments on appeal, the injunction would be reversed.

Given these facts, Defendants have a reasonable chance of success on appeal, which warrants stay of the injunction pending such appeal, subject to maintenance of pre-injunction safeguards (set forth in the proposed order).

**Irreparable Injury:** The splash page required by the permanent injunction is a precedent setting order and poses catastrophic and immediate irreparable injury to the DMV.ORG website. Online Guru's profits are derived from advertising on the website, and with this significant cut in consumer traffic, revenue has declined dramatically, threatening the company's viability. Online Guru has cut advertising

substantially in the wake of this disruption and, if not stayed, will result in immediate layoffs of some of Online Guru's 19 employees. (Lahoti Decl., ¶ 7.)

At trial Online Guru submitted evidence of the value of the site to consumers (it's not possible to get 60 million visitors year after year without providing value). But, the splash page is having a greater impact than likely intended by this Court.

The splash page tarnishes the DMV.ORG website's reputation and goodwill given the fact that such splash pages are used almost exclusively by websites devoted to vices such as pornography, alcohol and gambling. (Tognazzini Decl., ¶ 13.) Requiring Online Guru to continue to use a splash page unfairly associates the DMV.ORG website with these types of websites. (Tognazzini Decl., ¶ 14.)

The Court should consider the fact that Online Guru prefers to utilize a larger 16 point font disclaimer, highlighted in yellow, on every page of its website over the use of a splash page. The 16 point font disclaimer in yellow is literally unavoidable. With these measures, users arrive at the site and cannot reasonably be mislead as to the nature of the actual content of the site by a splash page. The fact that Online Guru is willing to use these more onerous disclaimers in lieu of a single splash page should be some evidence that there are negative effects from the splash page not related to confusion.

**No Injury to Plaintiffs:** The Court's June 4, 2008 Findings determined that Plaintiffs' failed to prove any injury as a result of the DMV.ORG website. (Findings, June 4, 2008, at 31.) Accordingly, issuance of a stay of the injunction is not likely to injure or otherwise detrimentally impact Plaintiffs.

**Public Interest Sufficiently Protected:** Defendants have submitted a proposed order which would require Defendants to maintain their previously proposed safeguards, as they have voluntarily done since June 2008, pending appeal.

The public interest concerns identified in the Court's June Findings (i.e., transmission of sensitive information from the public to DMV.ORG and possible confusion among teenagers seeking a learner's permit) have been mitigated.

-8-

| 1 | Moreover, the effectiveness of the splash page is questionable in light of the
| 2 | increase of emails and receipt of confidential information when Defendants'
| 3 | safeguards are replaced with the splash page. (Lahoti Decl., ¶ 6.)
| 4 | Also, the public has a significant interest in access to information on the
| 5 | Internet. The splash page disrupts this access to information by casting doubt upon
| 6 | whether the DMV.ORG website in fact contains information related to motor
| 7 | vehicle concerns and is a useful site. Although there was no allegation in this case
| 8 | that the DMV.ORG website is anything other than an informational website on such
| 9 | topics, users seeing the splash page are mislead as to the nature of the site.
| 10 | The messaging of the disclaimer could lead a user to believe that the website
| 11 | is truly "private" and not accessible by the public, similar to a "No Trespassing"
| 12 | sign.
| 13 | To summarize, the DMV.ORG website and Online Guru are suffering
| 14 | significant, possibly terminal, negative impacts as a result of the splash page, and
| 15 | there are legitimate questions for appeal. A stay of the injunction will have no
| 16 | impact on Plaintiffs and the public interest underlying issuance of the injunction is
| 17 | sufficiently protected. Accordingly, a stay of the injunction pending appeal is
| 18 | warranted in this case.

### 4. Conclusion

For all the aforementioned reasons, Defendants respectfully request that the Court issue a stay of the injunction pending appeal subject to maintenance by Online Guru of the current level of disclaimers and safeguards now on the website.

Dated: September 16, 2008

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
BRIAN M. DAUCHER

Attorneys for Defendants