Trafficschool.com.Inc v. Drivers Ed Direct LLC                                                                                                  Doc. 240

P-SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06–7561 PA (CWx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Karen Park | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

     Before the Court is an ex parte application ("Application") for an interim stay of the Court's injunction, filed by eDriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants"). (Docket No. 216.) The Application seeks an interim stay of the injunction until Defendants' motion to stay the injunction pending appeal is heard on October 20, 2008. Federal Rule of Civil Procedure 62(c) provides that the Court may "suspend" an injunction "[w]hile an appeal is pending[.]" However, at the time Defendants filed their application, they had not filed a Notice of Appeal, and no appeal was pending.[1] Accordingly, Defendants' ex parte application is premature.

     Moreover, to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants suggest that they are being substantially harmed because the splash screen required in the injunction is turning visitors away. Defendant Raj Lahoti states that "advertising revenue has declined greatly, forcing the company under severe financial distress and will result in even greater impacts over time . . . [a]nd, absent a prompt stay, we will most likely have to layoff a significant number of our 19 employees." (Def.'s Mot. for Stay, Lahoti Decl. ¶ 7.) Mr. Lahoti does not provide any timeframe for this alleged harm, however. Indeed, Defendants provide no evidence or argument to show what substantial harm they will experience before the October 20, 2008 hearing date. Defendants also provide no figures or evidence to support the assertion of "severe financial distress."

     Defendants assert that the mere presence of a splash screen is turning away visitors. However, in light of the evidence of confusion adduced at trial, it is plausible that the splash screen is doing precisely what it is intended to do — resolve confusion. Visitors who initially think that Defendants' website is

---

[1]     Defendants filed a Notice of Appeal the day after Plaintiffs filed their Opposition to the ex parte application. Plaintiffs' Opposition pointed out that Defendants had failed to file a Notice of Appeal before filing the ex parte application.

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06–7561 PA (CWx) | Date | September 17, 2008 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

the website of an official Department of Motor Vehicles might learn from the splash screen that they are mistaken, and navigate away from Defendants' website in order to locate an official Department of Motor Vehicles website. Accordingly, Defendants' ex parte application for an interim stay is denied without prejudice.

    IT IS SO ORDERED.

                                                                                                                                         :

Initials of Preparer

cc: