```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3         HONORABLE PERCY ANDERSON, JUDGE PRESIDING

 4

 5   TRAFFICSCHOOL.COM, INC., et al.,   )
                                        )
 6                                      )
                                        )
 7                    Plaintiffs,       )
                                        )
 8                                      )
                                        )
 9         Vs.                          )   No. CV 06-7561 PA
                                        )
10                                      )
                                        )
11   EDRIVER, INC., et al.,             )
                                        )
12                                      )
                                        )
13                    Defendants.       )
                                        )
14   _____)

15

16        REPORTER'S DAILY TRANSCRIPT OF TRIAL PROCEEDINGS

17                 LOS ANGELES, CALIFORNIA

18               THURSDAY, NOVEMBER 8, 2007

19

20

21            LEANDRA AMBER, CSR 12070, RPR
           OFFICIAL U.S. DISTRICT COURT REPORTER
22            312 NORTH SPRING STREET, # 442
              LOS ANGELES, CALIFORNIA 90012
23                   (213) 613-0179

24

25
```

UNITED STATES DISTRICT COURT

1      <u>**A P P E A R A N C E S**</u>

2

3    **IN BEHALF OF THE PLAINTIFFS,**
     **TRAFFICSCHOOL.COM, INC., et**      LEWIS BRISBOIS BISGAARD &
4    **al.:**                             SMITH LLP
                                          BY:  DANIEL C. DE CARLO, ESQ.
5                                              DAVID MAKOUS, ESQ.
                                               MINA I. HAMILTON, ESQ.
6                                         221 NORTH FIGUEROA STREET
                                          SUITE 1200
7                                         LOS ANGELES, CALIFORNIA 90012
                                          (213) 680-5066
8                                         decarlo@lbbslaw.com

9

10

11   **IN BEHALF OF THE DEFENDANT,**      SHEPPARD MULLIN RICHTER &
     **EDRIVER, INC., et al.:**           HAMPTON LLP
12                                        BY:  BRIAN DAUCHER, ESQ.
                                               JOSEPH H. TADROS, ESQ.
13                                        650 TOWN CENTER DRIVE
                                          FOURTH FLOOR
14                                        COSTA MESA, CALIFORNIA
                                          92626-1993
15                                        (714) 513-5100
                                          bdaucher@sheppardmullin.com

16

17

18

19

20

21

22

23

24

25

# I N D E X

                                                          PAGE

POST-TRIAL SCHEDULING                                        4

UNITED STATES DISTRICT COURT

1          LOS ANGELES, CALIFORNIA; THURSDAY, NOVEMBER 8, 2007

2                          10:09 A.M.

3                            -o0o-

4          THE CLERK:  This is CV 06-7561, trafficschool.com

5    versus Edriver.

6          Counsel, please state your appearances.

7          MR. MAKOUS:  Good morning, your Honor.

8          David Makous, Dan De Carlo, and Mina Hamilton for

9    plaintiffs.

10          THE COURT:  Good morning.

11          MR. DAUCHER:  Good morning, your Honor.

12          Brian Daucher and Joseph Tadros for defendants.

13          THE COURT:  Good morning.

14          All right.  I think we need to set some deadlines

15    for post-trial submissions.  I believe the defendants had

16    made a motion at the conclusion of the plaintiffs' case.

17          Do you wish to submit a brief on that motion?

18          MR. DAUCHER:  Yes, your Honor.  We could submit a

19    short brief on that motion separate from the closing briefs

20    perhaps.

21          THE COURT:  Yes.  Okay.  I'm going to ask that you

22    file that by November 15th.

23          MR. DAUCHER:  Very well.

24          THE COURT:  And I'm going to ask the plaintiffs to

25    file their response by the -- let's see.  Thanksgiving is

1    what?  The 22nd?

2          All right.  Well, can you get your brief in by the

3    14th?

4          MR. DAUCHER:  Yes, your Honor.

5          THE COURT:  Okay.  Why don't you file your brief on

6    that issue by the 14th, and why doesn't -- the plaintiffs can

7    file their response on the 21st.

8          I'm going to ask the parties to file post-trial --

9    to modify or file new post-trial findings and conclusions of

10   law with citations to the record, and I'm going to ask that

11   you exchange those by the 16th.  And then if you'll mark

12   those up and submit the final post-trial findings and

13   conclusions on November 26th.  And then why don't the parties

14   submit their respective post-trial briefs on the 26th.

15         MR. DAUCHER:  Your Honor, is the -- is the 26th the

16   Monday after Thanksgiving?  I am returning to California that

17   day.

18         THE COURT:  Okay.

19         MR. DAUCHER:  So --

20         THE COURT:  Do you want --

21         MR. DAUCHER:  -- two more days?

22         THE COURT:  That's fine.

23         You want to put them in on the 28th?

24         MR. DAUCHER:  That would be great, your Honor.

25         MR. DE CARLO:  Your Honor, could that go with the

1   submitting of the final conclusions and facts?

2          THE COURT:  That's fine.  Put them both in on the

3   28th.

4          MR. DE CARLO:  Your Honor, would this be a good

5   time to inquire about some of the logistics of the post-trial

6   brief?

7          THE COURT:  Sure.

8          MR. DE CARLO:  Does the Court have a length that it

9   would like to keep the brief to?

10         THE COURT:  Yeah, I do; but I doubt I could get you

11  guys to do it.

12         MR. DE CARLO:  If this is intended to be the final

13  argument, I would suspect we may benefit and need more than

14  25 pages.

15         THE COURT:  No, you don't.

16         MR. DE CARLO:  Okay.

17         THE COURT:  I can't imagine that you would need

18  more than 25 pages.

19         So -- two claims; right?

20         MR. DE CARLO:  Yes.

21         THE COURT:  How many pages do you think you need?

22         MR. DE CARLO:  Well, I think 25 would -- there's a

23  lot of evidence, but we can cite to the evidence, and we

24  don't have to repeat it.  I think 25 pages would probably do

25  it.

1          MR. DAUCHER:  We can work within 25.

2          THE COURT:  Okay.

3          MR. DE CARLO:  Your Honor, this post-trial brief is

4    intended for both the liability and the remedy section?

5          THE COURT:  That's right.

6          MR. DE CARLO:  Thank you.

7          THE COURT:  And after I review the post-trial

8    briefs, I may have some issues that I'll ask the parties to

9    address; but we'll let you know.

10         Oh, you've submitted deposition transcripts.  Do

11   you have any electronic versions of those deposition

12   transcripts?

13         MR. DAUCHER:  Yes, we have ASCII-format

14   electronic-version text files.

15         THE COURT:  Okay.  You can get me the electronic

16   versions.

17         MR. DAUCHER:  Your Honor, there are certain

18   objections to those -- that deposition evidence as well that

19   are --

20         THE COURT:  Right.

21         I sort of cut you off.  I know there are objections

22   to -- you already submitted the objections; right?

23         MR. DAUCHER:  That's correct.

24         THE COURT:  Okay.  So I'll have those.

25         Okay.  Anything else?

1          MR. DAUCHER:  Your Honor, there are declarations

2     that we still need to offer in our case from yesterday.

3          THE COURT:  Okay.

4          MR. DAUCHER:  I -- I take it that you deem as

5     already offered the deposition designations we provided to

6     the Court.

7          THE COURT:  Uh-huh.

8          MR. DAUCHER:  Okay.  And then the request for

9     judicial notice after the declarations perhaps.

10          THE COURT:  Okay.  All right.  Were you -- does he

11     need to state on the record which of these depositions he's

12     offering, other than what he's already designated?

13          MR. DE CARLO:  No.

14          MR. DAUCHER:  I'll make a short record so that it's

15     clear.

16          THE COURT:  That's fine.

17          MR. DAUCHER:  We filed, pursuant to the Court's

18     earlier scheduling order I think on October 19th, excerpts

19     from the depositions of James Leach, Thomas Maronick, Chris

20     Kramer, and Eric Creditor.  We -- also, both parties will be

21     filing today further excerpts from the -- for the purpose of

22     cross-examining the other side's expert as well, and I assume

23     there may be counter-designations to that as well.

24          MR. DE CARLO:  But we weren't planning on filing

25     those today, your Honor.  The counter-designations for the

1  experts were supposed to be --

2          MR. DAUCHER:  Well --

3          THE COURT:  Let's back up.  When can you get me the

4  designations for the expert testimony?

5          MR. DE CARLO:  We would propose Monday, your Honor.

6          MR. DAUCHER:  We thought it was today; so we'll --

7  ours are going to be in court in 20 minutes, but Monday is

8  fine for us if you want.

9          THE COURT:  Okay.  Let's have the expert -- how

10  many pages are you designating?

11          MR. DE CARLO:  Of the two experts, Dr. Simonson and

12  Mr. Hollander would be about 100.

13          THE COURT:  And how many pages are you designating?

14          MR. DAUCHER:  I believe that's 100 out of

15  Dr. Maronick's 250-page deposition, and not all are complete

16  pages.

17          THE COURT:  Okay.  Have you met and discussed --

18  have you met and conferred about these designations as to

19  whether or not there are any objections?

20          MR. DAUCHER:  I would assume that we would not

21  assert evidentiary objections to the designated portions but

22  that there might be counter-designations.  And perhaps the

23  Court should order the parties to meet and confer tomorrow to

24  disclose so that what comes in Monday is a complete set.

25          THE COURT:  Uh-huh.

1          MR. DE CARLO:  In light of the Court's previous

2     ruling on the in limine's, it would seem for it to make sense

3     for the parties to get together with the goal of not

4     asserting any objections since this all goes to the weight

5     anyway.

6          THE COURT:  Okay.  Well, why don't you meet and

7     confer either today or tomorrow concerning the experts'

8     depositions that you're going to be submitting.  And if there

9     are going to be any counter-designations -- and generally

10    that's only for completeness -- submit the designations,

11    submit the deposition testimony and any proposed

12    counter-designations by Monday.  And if there are any

13    objections to the counter-designations, those objections

14    should be submitted on Monday as well.

15         MR. DAUCHER:  Very well.

16         THE COURT:  Okay.  Now, anything else?

17         MR. DAUCHER:  So I've -- now it might be the time

18    for us to offer the declaration of Ravi Lahoti, if you wanted

19    to entertain that at this point.

20         THE COURT:  You want to offer a deposition of

21    Mr. Lahoti?

22         MR. DAUCHER:  Declaration.  It's just the third

23    trial declaration.

24         THE COURT:  That's fine.

25         I take it you didn't want to cross-examine?

1          MR. DE CARLO:  We do not want to cross-examine --

2          THE COURT:  Okay.

3          MR. DE CARLO:  -- if it's the same declaration

4    that's already filed.

5          MR. DAUCHER:  That's correct.

6          THE COURT:  All right.

7          MR. DAUCHER:  And I don't believe there are any

8    objections to that one either.

9          MR. DE CARLO:  There are none.

10          MR. DAUCHER:  And then we would also offer the

11    declaration of Itamar Simonson, the expert who critiques the

12    methods used by Dr. Maronick.

13          THE COURT:  Uh-huh.

14          MR. DAUCHER:  And I don't -- there's a cumulative

15    objection to that, but I have a proposal on how to deal with

16    that.  I would also offer now the declaration of Ken

17    Hollander.  And last night we reviewed the two declarations

18    pretty closely.  I'm prepared to file a notice of withdrawal

19    of certain portions of Hollander's testimony.

20          THE COURT:  Uh-huh.

21          MR. DAUCHER:  That arguably could be deemed to

22    critique Maronick as opposed to just conducting a survey to

23    rebut Maronick's survey.  I could file those -- that notice

24    of -- I can do it on the record now, or I can file a written

25    document.

1          THE COURT:  Why don't you -- can you file that

2    tomorrow?

3          MR. DAUCHER:  Yes.

4          MR. MAKOUS:  Your Honor, may I inquire about that

5    process?

6          THE COURT:  Yes.

7          MR. MAKOUS:  I would suggest that if he could, with

8    the withdrawal, file a clean copy of Hollander that would

9    have the excerpted portions withdrawn, and that might

10   eliminate some of the issues of cumulativeness and make it

11   easier for all.

12         MR. DAUCHER:  I could file a notice of revised

13   declaration and line-out the cumulative --

14         THE COURT:  That's fine.

15         MR. DAUCHER:  Thank you.

16         THE COURT:  Okay.  Anything else from the defense?

17         MR. DAUCHER:  The request for judicial notice, your

18   Honor.

19         THE COURT:  Uh-huh.

20         MR. DAUCHER:  So we would offer those now with the

21   exception of Item 15 on the second request.  We withdraw

22   that.

23         THE COURT:  Okay.  I'm going to take your request

24   for judicial notice under submission, and I'll rule on that

25   when I enter a final judgment.

1           Yes, ma'am.

2           MS. HAMILTON:  Your Honor, we filed objections --

3    written objections as well to that request.

4           THE COURT:  That's fine.  So I'll consider your

5    objections, consider his request for judicial notice, and

6    I'll rule on it.

7           MS. HAMILTON:  Your Honor, the plaintiffs also have

8    a request for judicial notice that we are filing today, and

9    we have a courtesy copy for the Court today and served the

10   defendants today.

11          THE COURT:  What's your request for judicial

12   notice?  I think you may be a little late, but what is it?

13          MS. HAMILTON:  It's a certified copy from the

14   United States Patent and Trademark Office of the California

15   DMV's opposition to the defendants' trademark for *DMV.org*.

16   It's part of our rebuttal case, your Honor.

17          THE COURT:  To rebut what?

18          MS. HAMILTON:  To rebut Mr. Raj Lahoti's testimony

19   that he considered the matter with DMV closed in 2004 and the

20   DMV thought that the matter was closed at that time.

21          THE COURT:  Do you wish to be heard?

22          MR. DAUCHER:  I don't.  For the record, I don't

23   think Mr. Raj Lahoti testified as to what the DMV thought,

24   but the letters that were exchanged in 2004 have nothing to

25   do with the opposition to the trademark application in 2007.

1          And it does come in after the close of plaintiffs'

2   case.  I don't see how it rebuts Mr. Lahoti's testimony in

3   the rebuttal case.

4          MS. HAMILTON:  May I be heard, your Honor?

5          THE COURT:  Yes.

6          MS. HAMILTON:  I believe the Federal Rules of

7   Evidence say that judicial notice can be taken at any time

8   during the trial process, and our rebuttal case has not yet

9   closed.

10          THE COURT:  I'm sorry?

11          MS. HAMILTON:  I believe the Rules contemplate that

12   judicial notice may be taken at any time during the pro --

13   trial process, and our rebuttal case has not been closed at

14   this time.

15          As to relevancy, we would submit that it goes to

16   the weight.  And you can do what you wish with the evidence,

17   but it is a certified copy and subject -- the cases say --

18   subject to judicial notice.

19          THE COURT:  I'm sorry.  It's a certified copy of

20   what?

21          MS. HAMILTON:  Of the records from the United

22   States Patent and Trademark Office of the California DMV's

23   notice of opposition to the trademark application filed by

24   the defendants for the trademark *DMV.org* in 2007.

25          THE COURT:  Okay.

1            MS. HAMILTON:  They sum -- sorry.

2            They summarize that they object to the use of

3    *DMV.org*.

4            THE COURT:  Okay.  So this is something that's

5    actually filed by the State of California; correct?

6            MS. HAMILTON:  That's correct.

7            THE COURT:  Okay.  And that is to rebut what

8    evidence that came out during the defendants' case?

9            MS. HAMILTON:  It's to rebut that the defendant

10   Raj Lahoti considered the matter closed by the DMV in 2004

11   and he -- he believed the matter was closed by the California

12   DMV.

13           We don't have the -- we didn't have the DMV

14   witnesses testify, but they do not consider the matter

15   closed, and this is evidence that goes to that fact.

16           THE COURT:  When did he testify to that?

17           MS. HAMILTON:  Yesterday, your Honor, or the first

18   day of trial, I believe actually.

19           THE COURT:  And the request for judicial notice --

20   when was this?  When was this opposition filed by the DMV?

21           MS. HAMILTON:  The opposition was filed April 24,

22   2007.  We just received, I think three or four days ago, the

23   certified copy of the opposition.  But it -- this

24   information -- the exact opposition was attached previously

25   to a declaration submitted by the California DMV in the

1  summary judgment papers.  So defendants have seen -- have

2  seen this document.

3          THE COURT:  Okay.  Hold on just one minute.

4          Okay.  I'll allow the defendants to --

5          Do you have an objection to this submission?

6          MR. DAUCHER:  We -- in addition to what we have

7  stated, there would be two.  One is renders incomplete the

8  record because there is a letter that could have been

9  introduced which was sent by plaintiffs to various states

10  agitating forward these oppositions.

11          The second question that this raises is that in the

12  opposition by DMV, the DMV gives its opinion about our use of

13  our domain name.  And although we don't dispute that that's a

14  record of the State of California, I -- I'm not sure that's

15  the position of the State of California or that that would be

16  admissible as opinion testimony in the case.

17          THE COURT:  Well, I assume that the only -- that

18  the only purpose for which it's being offered is to rebut his

19  statement that -- and quite frankly I don't remember it, but

20  that if, in fact, he said that as far as he knew the

21  California Department of Motor Vehicles considered the matter

22  closed, that's only -- that's the only purpose for which it's

23  being offered.

24          I assume.

25          MS. HAMILTON:  That's correct, your Honor.

1        MR. DAUCHER:  And we would like perhaps the

2   opportunity to review the record and see if he says that or

3   not and maybe offer a one-page, two-page brief or perhaps

4   the --

5        THE COURT:  Do you have the citation in the record

6   as to where that testimony is?

7        MS. HAMILTON:  Not right now, your Honor.  I can --

8   I believe --

9        THE COURT:  Well, if you're asking to offer this in

10  your rebuttal case, it would seem to me that you would have

11  been able to point to something -- you've been able to point

12  to the record.  I think you've probably been getting daily

13  transcripts to tell me that "Here's" -- "Here's the

14  statement.  Here's where he made it, and this is why it's

15  rebuttal."

16       MS. HAMILTON:  If I could have five minutes, your

17  Honor, I'd be able to do that.

18       THE COURT:  Okay.  You can have five minutes or

19  whatever you need.

20       Let me -- okay.  Anything else?

21       MR. DE CARLO:  Yes, your Honor.

22       As part of our rebuttal case, the Court may recall

23  the exchange yesterday with Mr. Moretti where --

24       THE COURT:  Hold on one second.

25       Okay.  Have you got anything else?

1          MR. DAUCHER:  No, your Honor.

2          THE COURT:  Okay.  All right.  Now....

3          MR. DE CARLO:  There was an exchange yesterday with

4    Mr. Moretti where we were talking about pathing reports, and

5    I wanted to read from a section of Mr. Lahoti's deposition,

6    and the Court did not permit it at that time.

7          I think it would be appropriate at this time as

8    part of our rebuttal case to read that short segment from

9    Mr. Lahoti's deposition because it does speak to the issue of

10   the defendants' ability to obtain these pathing reports.

11         THE COURT:  Okay.  Do you have the -- that's fine.

12   Do you have it there?

13         MR. DE CARLO:  I have it, yes.

14         THE COURT:  Okay.  Have you shown it to counsel?

15         MR. DE CARLO:  Yesterday.

16         MR. DAUCHER:  If it's the same sections I saw

17   yesterday, no objection.

18         THE COURT:  Go ahead.

19         MR. DE CARLO:  May I stand right here and do it,

20   your Honor?

21         THE COURT:  That's fine as long as you -- as long

22   as the court reporter can hear you.

23         MR. DE CARLO:  It's from Page 191 of the deposition

24   of Raj Lahoti taken on August 9, 2007, beginning at Page 7 --

25   beginning at Line 7.

1          "QUESTION:  Do you have any way of tracking of

2          the people who come in to the California traffic

3          school page -- do you have any way of tracking of

4          those people who land on that page who goes to

5          other pages?

6              "ANSWER:  Pathing reports, yeah.

7              "QUESTION:  So could you say -- could you come

8          up with data that says of the people that land on

9          the traffic school page, X percent of them during

10          some period of time visit other pages?

11              "ANSWER:  Yes."

12          And then one more section from Page 192, beginning

13   at Line 5.

14              "Do you have any data to suggest that visitors

15          who land on a targeted page like the

16          *Californiatrafficschool* page or the

17          *Californiadriverseducation* page -- that type of --

18          that type of targeted page -- do you have any data

19          to suggest whether those visitors are more likely

20          to visit other pages of your Website than someone,

21          for example, who lands on the home page?

22              "ANSWER:  --"

23          Excuse me.

24              "ANSWER:  I don't know.  But like I told you,

25          if we ran pathing reports to see how many -- like I

1         told you before, they land on that page.  And what

2         they do, versus our home page, you can compare

3         those -- you can compare the statistics."

4     THE COURT:  Do you have anything else?

5     MR. DE CARLO:  We have no other rebuttal, your

6 Honor.

7     THE COURT:  Okay.  All right.

8     Yes, sir?

9     MR. DAUCHER:  One point of business is that the

10 parties are still finalizing the exhibit stipulation as to

11 what exhibits were admitted at trial.  And so that would be

12 filed today and a copy given to the clerk so there's a record

13 on what exhibits are in.

14     THE COURT:  Okay.  So you're going to have that in

15 by -- at the close of business today?

16     MR. DAUCHER:  Certainly.

17     THE COURT:  Okay.  Anything else?

18     MR. DE CARLO:  Your Honor, a logistical point, we

19 had just discussed filing the -- the expert designations on

20 Monday.  The Court is closed on Monday.

21     THE COURT:  I'm not.  You can put them in on

22 Tuesday morning, but I'll be here.  But Tuesday is fine.

23     Okay.  Anything else?

24     Oh, go ahead.

25     MR. DAUCHER:  Nothing from us, your Honor.

1          THE COURT:  Okay.  And these documents -- I assume

2    that you've all been trained at electronic filing.  So these

3    filings that we've talked about should be filed

4    electronically.

5          All right.  Let me just say one last thing, and

6    we'll give these folks some time to find this testimony.

7          After sitting here for the last two or three days

8    and listening to this trial, I am still of the belief that

9    this case should settle.  I can't force you to do that, but

10   I will -- well, and if you don't want to settle, that's fine.

11   I will issue a ruling.  I suspect that neither side is going

12   to be happy with that ruling, but I will issue that ruling.

13         If the parties want one final attempt to try to

14   settle this case prior to the Court's entering a judgment,

15   I will -- if you let me know that before -- well, by Tuesday

16   at noon, I will find either a federal magistrate or a federal

17   judge to make an effort to resolve this case, and I'll hold

18   the ruling or the judgment until that process is completed.

19         But it's up to you, and I'll just tell you:  Both

20   sides are, you know, very successful business people.  And if

21   you don't know, and I'm sure that both of you -- that both

22   sides have spent a considerable sum on this case.  And, you

23   know, there's only certain people that are going to make out

24   in this case, and I don't think it's you.

25         And with no -- and with no disrespect to the

1    lawyers because they're only doing their job, but the only

2    people that are really going to make out in this case are the

3    lawyers.

4          And, you know, I used to do it too.  So -- but you

5    might want to consider that because they've got a lot more

6    work to do, and they're going to spent more money.  But it's

7    really up to you.  But this is -- you know, there's some

8    cases where you can only get those resolved in court, where

9    it's the last resort.

10         This is not that kind of case.  This case ought to

11    be resolved by reasonable business people.  There are

12    business reasons that this case ought to be resolved, and it

13    can be.

14         Okay.  Have you had enough time now to find this

15    testimony?

16         MS. HAMILTON:  Yes, your Honor.  It's from the

17    November 6th testimony of Mr. Raj Lahoti on Page 81 of the

18    transcript.

19            "QUESTION:  The State of California -- the

20           State of California complained to *DMV.org* in 2004

21           about its domain name; is that correct?

22           "ANSWER:  About the *DMV.org* domain name?

23           "QUESTION:  Yes.

24           "ANSWER:  Yes, they complained.

25           "QUESTION:  Okay.  Can you go back to

1          Exhibit 342, please.

2               Do you recall getting Exhibit 342, a letter

3          from the Department of Motor Vehicles, about your

4          domain name?"

5          And then, your Honor, would you like me to keep

6     reading or just skip to the relevant portions?

7          THE COURT:  I assumed you were going to give me the

8     relevant portions.

9          MS. HAMILTON:  And then skipping to page 82 --

10              "QUESTION:  You hired a lawyer to respond to

11         it; correct?

12              "ANSWER:  Yes, that's correct.

13              "QUESTION:  And this is Mr. Trojan?

14         Mr. Lahoti --

15              "QUESTION:  [Sic] I'm sorry.  It wasn't

16         Mr. Trojan.  it was Mr. Lawrence.

17              "QUESTION:  [Sic] okay.  Page 2 of this

18         letter, in this last paragraph, Mr. Walters in the

19         second sentence indicates that 'Accordingly, it has

20         voluntarily and with full reservation of rights

21         eliminated the current references to California and

22         DMV on its website.'

23              "In fact, DMV did not abide by that particular

24         representation, did it?

25              "ANSWER:  Well, there was -- I believe at this

1          time -- and it's been more than three years but

2          it -- but I believe at that -- this time certain

3          things were proposed to the State, and there was --

4          there was other communication back and forth.  And

5          pretty much nothing was ever -- there was no kind

6          of, you know, agreement made or anything like that.

7          And the matter was basically then closed, and we

8          didn't hear from the State after that.

9               "QUESTION:  Did you of stop using California

10          concurrently with *DMV.org*?

11               "ANSWER:  I -- maybe for a time -- maybe for a

12          short period of time we did.  And then after

13          further communication -- it's hard, but I do

14          remember that for some time we did.  But I think

15          that after that there was no issue and -- we seeked

16          [sic] counsel on it, and there was no issue with

17          it, and the matter was closed with the State."

18          THE COURT:  Do you have the transcript?

19          MS. HAMILTON:  Yes, your Honor.

20          THE COURT:  You can give that to the clerk.

21          And specifically, is it this last -- which portion

22     of it is it that you believe this certified copy rebuts?

23          MS. HAMILTON:  The last -- pretty much the last

24     sentence I read.

25          THE COURT:  Where he says --

1          MS. HAMILTON:  "The matter was -- "

2          THE COURT:  Where he says, "We seeked counsel on

3     it, and there was no issue with it, and the matter was closed

4     with the State"?

5          MS. HAMILTON:  Yes, your Honor.

6          THE COURT:  Okay.

7          Do you wish to be heard?

8          MR. DAUCHER:  I don't believe that that reasonably

9     can be read to mean that -- that they never heard from the

10    State again ever.  That matter with the State was closed.

11    There's no notice -- three years later they oppose a

12    trademark application.  They don't directly contact *DMV.org*

13    to do that.  They filed that.  I don't -- I don't think it's

14    by way of rebuttal.

15          I would also mention that that testimony came in

16    plaintiffs' case.  So why didn't this come in plaintiffs'

17    case?

18          THE COURT:  Because he says, "We seeked counsel on

19    it, and there was no issue with it, and the matter was closed

20    with the State."

21          Is he saying that with his lawyer, as with his --

22    as with respect to his lawyer, that the matter was closed?

23    Is he saying that "Whatever dispute I had with the State was

24    closed"?

25          I think you're going to need -- I think the -- and

1 the question was "Did you ever stop using 'California'

2 concurrently with *DMV.org*?"

3    I think you're going to have to be a little bit

4 more specific to get that in as rebuttal.  So I'm going to

5 deny the -- I don't think that's specific enough to be

6 treated as rebuttal.

7    Okay.  Anything else?

8    MR. DAUCHER:  Nothing further from defense, your

9 Honor.

10    MR. DE CARLO:  Nothing further, your Honor.

11    THE COURT:  Okay.

12    MR. DE CARLO:  Your Honor, may I ask one more

13 question?

14    THE COURT:  Sure.

15    MR. DE CARLO:  With regards to the objections that

16 remain after the stipulation that's been filed, shall we file

17 argument on that, or how would the Court like to resolve

18 that?

19    THE COURT:  Objections as to what?

20    MR. DE CARLO:  In addition to the stipulation

21 that's being filed on the exhibits, there was -- most of the

22 exhibits are not -- there's no objections to them.  I believe

23 there's still a couple of exhibits where there's remaining

24 objections.

25    THE COURT:  Okay.  Are those objections set forth

1    on the pretrial exhibit stipulation?

2             MR. DE CARLO:  May Ms. Hamilton address that?

3             MS. HAMILTON:  Yes.  They are, your Honor --

4             THE COURT:  Okay.

5             MS. HAMILTON:  -- we --

6             THE COURT:  So I think all you need to do is to

7    give me the list of those exhibits that you've agreed can

8    come in and then tell me -- then take the -- just list the

9    exhibits about which there is still an issue and basically

10   just take the objection and your response and just put that

11   in one document, and then I'll rule on those.

12            I don't -- if you want -- if you want to argue

13   about them, that's fine.  Otherwise, I'll just rule on the

14   submission that you give me.  And if -- if I have some

15   question, I'll contact you and let you know.

16            And if you want to be heard on those objections,

17   let the clerk know, and I'll arrange a time to have you come

18   in, and we'll resolve those objections.

19            Okay.  Thank you very much.

20            MR. DAUCHER:  Thank you, your Honor.

21            MR. DE CARLO:  Thank you, your Honor.

22            THE CLERK:  All rise.

23            THE COURT:  Have a nice weekend.

24            MS. HAMILTON:  This Court stands adjourned.

25       (Whereupon, at 10:52 a.m., the proceeding concluded.)