DAVID N. MAKOUS (State Bar # 082409)
makous@lbbslaw.com
DANIEL C. DECARLO (State Bar # 160307)
decarlo@lbbslaw.com
MINA I. HAMILTON (State Bar # 213917)
hamilton@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012-2601
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiffs
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC, California companies.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> EDRIVER, INC.,; ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; DOES 1 through 10, <br><br> Defendants. | Case No. CV 06-7561 PA (Cwx) <br><br> The Honorable Percy Anderson <br><br> **MEMORANDUM IN _OPPOSITION_ TO MOTION BY DEFENDANTS FOR STAY OF THE PERMANENT INJUNCTION** <br><br> Set for Hearing: <br> Date: October 20, 2008 <br> Time: 1:30 p.m. <br> Crtm: 15 <br><br> Complaint Filed: Nov. 28, 2006 <br> Trial Commenced: Nov. 6, 2007 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiffs strongly oppose Defendants' Motion for Stay of the Court's Permanent Injunction entered on August 28, 2008. In the Injunction, the Court ordered Defendants to employ a "splash screen" that every visitor to the DMV.ORG domain would have to see prior to viewing any other website content. On September 10, 2008, Defendants filed an ex parte application for an interim stay of the Injunction with the supporting declaration of Mr. Lahoti. That application was denied *without prejudice* on September 17, 2008. On September 16, 2008, Defendants filed this Motion for Stay set for hearing on October 20, 2008. In support of this Motion, Defendants filed the exact same declaration of Mr. Lahoti that was used for their ex parte application.[1] However, in the denial of the ex parte application, the Court made it clear that Mr. Lahoti's declaration failed to show irreparable harm. Nonetheless, Defendants failed to supplement Mr. Lahoti's declaration to support either a renewed ex parte application or this Motion. Therefore, Defendants have once again failed to show the Court any irreparable harm that would warrant a stay of the Injunction in this case.

Indeed, for the reasons described below, and appearing of record in this case, Defendants have not proven *any* of the elements required to obtain a stay, namely, that: (a) Defendants are likely to succeed on the merits of the appeal; (b) unless a stay is granted Defendants will suffer irreparable injury; (c) no substantial harm will come to Plaintiffs; and (d) a stay would do no harm to the public interest. Defendants are simply not entitled to a stay of the Injunction pending appeal where the only evidence in the record supports the necessity for this Court's Injunction, and the other factors weigh against a stay. Accordingly, Defendants' Motion should be denied.

/ / /

/ / /

---

[1]      See, Docket #239. Defendants also withdrew an erroneously filed declaration of Mr. Lahoti (Docket #237).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## II.     LEGAL STANDARD

### A.     The Court's Jurisdiction on Appeal

Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. <u>Natural Res. Def. Council v. Southwest Marine, Inc.</u>, 242 F.3d 1163, 1166 (9th Cir. Cal. 2001). Rule 62(c) of the Federal Rules of Civil Procedure, however, allows a district court to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Rule 62(c); see <u>Mayweathers v. Newland</u>, 258 F.3d 930, 935 (9th Cir. 2001).

"This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" <u>Southwest Marine</u>, 242 F.3d at 1166 (quoting <u>McClatchy Newspapers v. Central Valley Typographical Union No. 46</u>, 686 F.2d 731, 734 (9th Cir. 1982)). Thus, a district court's action taken pursuant to Rule 62(c) "may not materially alter the status of the case on appeal." <u>Id.</u> (citation omitted).

### B.     Required Factors for Granting a Stay

"To be granted a stay of injunctive relief pending appeal, a prospective appellant must show 'a great likelihood that he will prevail when the case finally comes to be heard on the merits and must show irreparable injury from a denial of interim relief.'" <u>United States v. Lee, Goddard & Duffy, LLP</u>, 553 F. Supp. 2d 1164, 1166-1167 (C.D. Cal. 2008) (citation omitted). The court considers the same criteria as the traditional equitable criteria for granting preliminary injunctive relief, which are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the moving party if the stay is not granted; (3) a balance of hardships favoring the moving party; and (4) advancement of the public interest. <u>Id.</u> (citing <u>Los Angeles Memorial Coliseum Commission v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980)).

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

Under Ninth Circuit law, the moving party must show either (1) a probability of success on the merits and the possibility of irreparable injury; or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in [the movant's] favor." Id. (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)).

## III. DEFENDANTS HAVE NOT MADE THE REQUIRED SHOWING FOR A STAY PENDING APPEAL

### A. Defendants Are Not Likely to Succeed on the Merits of the Appeal

On September 12, 2008 Defendants filed a Notice of Appeal from this Court's Judgment and Permanent Injunction issued on August 26, 2008 pursuant to its June 4, 2008, Findings of Fact and Conclusions of Law and Order Finding Defendants Liable for False Advertising. In their Memorandum for this Motion, Defendants state that they will appeal the following issues: (1) the terms of the injunction; (2) whether the claim at issue in the case is in fact a trademark claim under 15 U.S.C. § 1125(a)(1)(A); (3) whether Plaintiffs have standing under 15 U.S.C. § 1125(a)(1)(B); (4) whether there is sufficient proof of confusion; (5) whether there is sufficient proof of materiality; and (6) whether Plaintiffs' unclean hands obviated the basis for relief. [see, Memorandum, pg. 6-7.] However, Defendants fail to articulate why they believe any of these issues have any merit on appeal.

First, the terms of the Injunction and whether Plaintiffs' unclean hands barred any relief are matters committed to the Court's discretion, and thus would be viewed under an "abuse of discretion" standard. See, generally, Harman v. Apfel, 211 F.3d 1172, 1175 (9th Cir. 2000). In light of the extensive evidence of public confusion adduced at trial – despite the finding of unclean hands – this Court clearly did not abuse its discretion "to do equity and to mold [its] decree to the necessities of [this] particular case" by crafting a closely tailored injunction, requiring a splash intercept page to the DMV.ORG website, as other courts have similarly done in the context of telephone connections. There is ample authority to support the Court's issuance of the Injunction and its terms. See, e.g., F.T.C. v. H.N. Singer, 668 F.2d 1107, 1112 (9th Cir.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  1982)(court's power to craft injunctions); <u>Republic Molding Corp. v. B.W. Photo Utils.</u>,

2  319 F.2d 347, 350 (9th Cir. 1963)(unclean hands does not bar injunctive relief); <u>Moore</u>

3  <u>Bus. Forms, Inc. v. Seidenburg</u>, 619 F. Supp. 1173, 1185 (D. La. 1985)(telephone

4  intercept ordered).

5      Second, as to the questions of law on appeal (i.e., whether Plaintiffs have standing

6  under the Lanham Act for a false advertising claim, and whether the claim in this case

7  is really a trademark claim), Defendants fail to articulate any sound argument for why

8  there is a likelihood of success on appeal, probably because they have none. Plaintiffs

9  properly asserted a claim for false advertising under 15 U.S.C.

10 §1125(a)(1)(B) and *no authority* supports Defendants' persistent yet unfounded

11 insistence that the claim was one for trademark infringement. Moreover, the lack of

12 standing argument was correctly rejected by the Court several times during the litigation

13 and *after* carefully reviewing each of Defendants' standing arguments in light of the trial

14 evidence. [See, Findings, pgs. 4-7.]

15     Third, there is ample authority to support the Court's findings as to confusion and

16 materiality, which are questions of fact subject to the "clearly erroneous" standard of

17 appellate review. See, generally, <u>Harman</u>, 211 F.3d at 1175. The Court reached its

18 decisions on these issues based on the extensive evidence in the trial record, and not on

19 Dr. Maronick's survey alone [See, Findings, pgs. 10-20.] Again, Defendants have failed

20 to articulate in their Memorandum how these findings are "clearly erroneous" and why

21 they are likely to win on appeal. If anything, the clearly erroneous standard of review

22 virtually mandates the opposite finding - that Defendants are *unlikely* to prevail on

23 appeal. Defendants' claim that they "have a reasonable chance of success on appeal" is,

24 quite simply, without any merit.

25 / / /

26 / / /

27 / / /

28 / / /

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF PERMANENT INJUNCTION

## B. Defendants Have Failed to Prove They Will Suffer Irreparable Harm

Defendants' carefully crafted yet self-serving, unsubstantiated, and vague claims of "catastrophic and immediate irreparable injury," "immediate layoffs[2]," "severe financial stress," etc. do not suffice as proof of irreparable injury or tip the balance of hardships in Defendants' favor. Indeed, as the Court noted in its September 17, 2008 Order [Docket #240] denying Defendants' request for ex parte relief, "Mr. Lahoti does not provide any timeframe for this alleged harm . . . Defendants provide no figures or evidence to support the assertion of 'severe financial distress.'"[3] Losing visitors because they navigate away from the site after learning that the site is not official does not equate with "irreparable harm." It is simply the remedy for the confusion that was proven at trial, and is the status quo during the pendency of the appeal.[4] A stay of an injunction that is actually remedying the problem would be inconsistent with the well-

---

[2] It is somewhat disturbing that the strong allegations of immediate injury stated in Defendants' memorandum do not comport with the actual evidence as submitted in the form of Mr. Lahoti's declaration. For example, on page 8 of their memorandum, Defendants state that if the Injunction is "not stayed, [it] *will result* in immediate layoffs," however, Mr. Lahoti's declaration only states that "we will *most likely* have to layoff..." (Emphasis added).

[3] It is telling that Defendants did not submit a supplemental declaration of Mr. Lahoti after the Court's ex parte ruling to cure the lack of evidence of irreparable harm. Mr. Lahoti, could have, but did not, tell the Court the financial amounts he is losing or even the percentage of sales or advertising revenue he is losing as compared with pre-injunction activity; he could have, but did not, tell the Court how much he has cut advertising expenditures or what his change in "profitability" has been since the Injunction; and he could have, but did not, tell the Court how the "loss of hundreds of thousands of visitors" compares to how many visitors are still viewing the website after clicking through the splash page.

[4] Defendants' citation to the declaration of Tagnazzi for the proposition that "splash pages are used almost exclusively by websites devoted to vices such as pornography, alcohol and gambing" is improper on two fronts: (1) the Tagnazzi declaration is not part of Defendants' motion, and (2) was not submitted during trial on the issue of remedies and therefore should be stricken in its entirety (as requested in a filing by Plaintiffs previously). Moreover, Defendants' argument that the "Court should consider the fact that Online Guru prefers to utilize a larger 16 point font disclaimer" on its website, rather than a splash page, is besides the point. The Court has already ruled and issued an injunction. As noted above, a motion for stay "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  founded reasons set forth by the Court for issuing it in the first place. See, <u>Rodriguez</u>

2  <u>v. DeBuono</u>, 162 F.3d 56, 62 (2d Cir. 1998) (generally, district court's stay of injunction

3  pending appeal will be logically inconsistent with court's prior finding of harm in

4  issuing that same preliminary injunction). Moreover, it took Defendants a mere day or

5  so to install the splash page. If a highly unlikely reversal on appeal occurs, Defendants

6  can easily go back to their previous ways. Accordingly, the Defendants will not suffer

7  any legitimate harm, let alone irreparable harm, if they comply with the Injunction

8  without a stay.

9       **C.    The Interests of the Plaintiffs Weigh Against a Stay**

10     Defendants' statement that "issuance of a stay of the injunction is not likely to

11 injure or otherwise detrimentally impact Plaintiffs" is without merit. The only argument

12 that Defendants set forth in support of this factor is that the Court found that Plaintiffs

13 did not prove "damage" injury at trial. This is irrelevant and a non sequitur.

14     Plaintiffs will indeed suffer significant harm if Defendants receive another twelve

15 to twenty-four months of windfall profits through the operation of a grossly misleading

16 website and service. As competitors of Defendants, Plaintiffs have a significant interest

17 in being afforded the opportunity to compete on a level playing field. No justification

18 can be articulated for permitting wilful false advertisers to extract another two years of

19 profits out of the public through deceptive practices while their dubious appeal moves

20 forward. The Court stated in its Findings: "Moreover, Plaintiffs stand to indirectly gain

21 from a judgment entered against Defendants because fewer consumers might be directed

22 to traffic schools and driver's education courses advertised on DMV.ORG, and more of

23 those consumers might use Plaintiff's own traffic school and driver's education courses

24 instead."[Docket # 210, pg. 32.] Any stay would take away this benefit from Plaintiffs.[5/]

25 / / /

26

27     [5/]    Also, Plaintiffs realized no financial reward for their efforts, and were
denied their attorneys fees. The only remedy to prevent the unfair competition is now
28 the Injunction and the presence of that Injunction is all that is available to Plaintiffs to
assist them with catching up and fairly competing.

4813-1172-5315.1                                    -6-

## D.     The Public Interest Weighs Against a Stay

Defendants have also not met their burden to show how the public interest will be served by a granting of a stay. Indeed, the public is finally being served by the issuance of the Injunction. The Court ruled that the public interest was a significant factor for the Injunction. If this interest is frustrated by delaying the Injunction for another one or two years, how much more harm does the public interest suffer by allowing Defendants to continue to operate without the necessary safeguards to resolve confusion?

Defendants claim that measures taken after the Court's Findings (i.e., additional disclaimers on the website) have eliminated emails containing "personal information from visitors." Even if true,[6] the harm to the public was not only that they would send personal information in emails but also the false advertising itself: the misleading nature of DMV.ORG's affiliation with a state government agency. While emails from the public may have been *evidence* of that harm, it was not the only harm. Moreover, as argued numerous times before and as the Court acknowledged in its Findings, "the proportion of total visitors who send an email evidencing confusion is immaterial because there is no evidence than an appreciable number of confused visitors bother to send an email." The Court recognized that consumers had to be alerted before *entering* the DMV.ORG site to prevent confusion from search engine advertising and from teenagers who may be looking to find a drivers education course. [See, Docket, #210, pg. 29.] Accordingly, the public interest weighs against any stay in this case.

/ / /

/ / /

/ / /

/ / /

---

[6]     After the Injunction issued, Defendants *removed* all disclaimers and notices from their website including the Help Center/Contact Us section. See, Declaration of Mina Hamilton, ¶ 3, Ex. B, in support of opposition to Defendants' ex parte application for stay. [Docket #222, Attachment #1.]

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## IV. DEFENDANTS' BEHAVIOR WEIGHS AGAINST PROVIDING ANY DISCRETIONARY RELIEF

Defendants ask this Court to grant a stay, which is in the Court's discretion under Rule 62(c), but they do so while in non-compliance with the Injunction and after having made a significant misrepresentation to the Court. First, Defendants are still not in compliance with the Final Injunction.[2/] While the Injunction is crystal clear, Defendants refuse to make the font size of DMV.ORG on the splash page smaller than the font in the disclaimer, in clear violation of paragraph (f), which orders that the disclaimer "shall appear in fourteen (14) point font, and shall be in larger font size than that used in the DMV.ORG logo and the 'continue' button." [See, Hamilton Decl., ¶2, Ex. A in support of opposition to Defendants' ex parte application for stay. [Docket #222, Attachment #1.]

Second, Defendants stated to the Court in their Closing Trial Brief the following: "Defendants have no intention to remove the disclaimers on DMV.ORG ...*The Court can accept DMV.ORG's representation, made here and elsewhere, that it will maintain its current level of disclaimers .. .*Or the Court may also order Online Guru, as manager of DMV.ORG to maintain such disclaimers." [Docket #203-2, pg. 24. Emphasis added.] Despite such representations, Defendants admittedly removed all such disclaimers on their website after putting up the splash page, and only re-instituted the disclaimers immediately before filing their motion to stay papers. [See, ftn. 6, supra.] Despite the unequivocal nature of their post trial promise, Defendants, as is their repeated habit and custom, shifted their position in conformance with their interests notwithstanding their promise to the Court.

/ / /

/ / /

---

[2/] This and other non-compliance issues (e.g., the splash page not appearing on Blackberry and other mobile devices) will be the subject of a motion by Plaintiffs for contempt in the near future.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## V.    CONCLUSION

Defendants are not likely to prevail on appeal. They will not suffer irreparable harm if they comply with the Court's Injunction. On the other hand, Plaintiffs and the public interest will suffer harm if Defendants are allowed to return to their previous ways pending the appeal. Accordingly, it is respectfully requested that the Court deny the motion to stay the permanent injunction pending appeal.

DATED: October 6, 2008    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By   /s/ Mina Hamilton
David N. Makous
Daniel C. DeCarlo
Mina I. Hamilton
Attorneys for Plaintiffs