Trafficschool.com.Inc v. Drivers Ed Direct LLC                                                                                                                       Doc. 260

P-SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06–7561 PA (CWx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a motion for stay ("Motion") (Docket No. 235) of the Court's permanent injunction, filed by eDriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants"). The Motion seeks to stay the Court's permanent injunction pending Defendants' appeal. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 20, 2008, is vacated, and the matter taken off calendar.

This action involves the use of Defendants' website, found at the domain www.dmv.org. Plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC ("Plaintiffs") alleged that Defendants engaged in false advertising by using the term "DMV" in conjunction with their privately owned website. After a Court trial, the Court found Defendants liable under § 43(a) of the Lanham Act. The Court then entered a permanent injunction requiring Defendants to employ an "acknowledgment page" or "splash screen" alerting visitors to Defendants' website that the website is privately owned and is not affiliated with any government entity. Visitors then must affirmatively click a 'continue' button to reach Defendants' website.

Defendants bring the Motion pursuant to Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)[1] on the grounds that the splash screen is "having a catastrophic impact on the financial viability of the business and its employees." (Defs.' Mot. 1.) Federal Rule of Civil Procedure 62(c) provides that the Court may, in its discretion, "suspend" an injunction "[w]hile an appeal is pending[.]" "This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" Natural Res. Def. Council v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (quoting McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982)). "To be granted a stay of injunctive

---

[1] Federal Rule of Appellate Procedure 8(a) provides that a party must "ordinarily move first in the district court" for a stay of an injunction pending appeal. See Fed. R. App. P. 8(a)(1)(C).

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06–7561 PA (CWx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

relief pending appeal, a prospective appellant must show a great likelihood that he will prevail when the case finally comes to be heard on the merits and must show irreparable injury from denial of interim relief." United States v. Lee, Goddard & Duffy, LLP, 553 F. Supp. 2d 1164, 1166–67 (C.D. Cal. 2008) (internal quotation omitted). Like a motion for a preliminary injunction, the factors regulating the issuance of a stay pursuant to Rule 62 are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987).

Defendants argue that they are likely to succeed on the merits of their appeal because the injunction is too broad.[2] See ALPO Petfoods v. Ralston Purina Co., 913 F.2d 958, 972 (D.C. Cir. 1990) ("the law requires that courts closely tailor the injunction to the harm that they address"). Defendants assert that they temporarily: (1) added a 16 point font disclaimer at the top of each webpage, (2) added a click-through acknowledgment that is only displayed when a visitor seeks to send a communication to Defendants, (3) added the term "unofficial" or "independent," where possible, in all search engine result listings that directly relate to traffic school or driver's education, and (4) removed all language that could be construed as an express recommendation or endorsement of any traffic school or driver's education advertisers on Defendants' website. (Def. Mot. 5.) As a result of these measures, Defendants assert that receipt of personal and confidential information "diminished to next to nothing." (Defs.' Mot. 5; Lahoti Decl. ¶ 4.) Defendants state that they then briefly eliminated some of these measures when they launched the splash page required under the injunction, and that "the email volume to the website increased and that it began receiving personal information within those emails." (Def. Mot. 5; Lahoti Decl. ¶ 6.) Therefore, Defendants argue that their voluntary measures are more effective than the Court's injunction, which indicates that the injunction is overbroad. However, the declaration of Raj Lahoti submitted in support of these assertions contains no evidence to support Defendants' arguments. Mr. Lahoti simply asserts that after implementing their voluntary measures "we have received nearly no emails that include personal information," (Lahoti Decl. ¶ 4), and that after launching the splash page required in the injunction, and eliminating their voluntary measures "we started receiving significantly more e-mails and we started to get more personal information within those e-mails compared to when

---

[2] Defendants also argue that they are likely to prevail on appeal on the issues of: (1) whether Plaintiffs' claim is a trademark claim for which they lack standing, rather than a false advertising claim, (2) whether Plaintiffs have shown a sufficient injury or competitive nexus to establish standing, (3) whether there is sufficient proof of confusion, (4) whether there is sufficient proof that any confusion is material, and (5) whether Plaintiffs' unclean hands barred the relief afforded. (Defs.' Mot. 7.) Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." Natural Res. Def. Council, 242 F.3d at 1166. The Court considered and rejected all of these arguments after the Court trial, and addressed them in its Findings of Fact and Conclusions of Law. Accordingly, the Court finds that Defendants have not shown a likelihood of success on these issues.

P-SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06–7561 PA (CWx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

we used our own proactive measures." (Lahoti Decl. ¶ 6.) Mr. Lahoti provides no figures or other evidence to demonstrate the veracity of his assertions.

Moreover, the Court issued the injunction not only to prevent visitors from transmitting sensitive information to Defendants, but also to prevent confusion among consumers who visit the www.dmv.org website, but who do not send a communication to Defendants. (See Court's Findings of Fact and Conclusions of Law ("FOF") at 29 (stating that "the Court finds that injunctive relief must be sufficient to remedy any confusion that consumers have already developed before visiting the DMV.ORG website for the first time," and "the Court finds that injunctive relief must be sufficient to prevent confusion among DMV.ORG's consumers")). Defendants' assertions regarding their voluntary measures do not address the issue of confusion among consumers that do not attempt to communicate with Defendants.

Defendants also argue that they will be irreparably harmed absent a stay because the splash screen required in the injunction is turning visitors away. Defendant Raj Lahoti states that "advertising revenue has declined greatly, forcing the company under severe financial distress and will result in even greater impacts over time . . . [a]nd, absent a prompt stay, we will most likely have to layoff a significant number of our 19 employees." (Def.'s Mot. for Stay, Lahoti Decl. ¶ 7.) Mr. Lahoti does not provide any timeframe for this alleged harm, however. Defendants also provide no figures or evidence to support the assertion of "severe financial distress." Indeed, Mr. Lahoti appears only to offer his opinion about the impact of the injunction on his business. Defendants assert that the mere presence of a splash screen is turning away visitors. However, in light of the evidence of confusion adduced at trial, it is plausible that the splash screen is doing precisely what it is intended to do — resolve confusion. Visitors who initially think that Defendants' website is the website of an official Department of Motor Vehicles might learn from the splash screen that they are mistaken, and navigate away from Defendants' website in order to locate an official Department of Motor Vehicles website.

After the Court trial, the Court found that Plaintiffs had failed to provide any evidence of injury arising from Defendants' website. (FOF at 31 ("Plaintiffs provided no evidence showing a causal connection between Defendants' actions and any harm Plaintiffs incurred, and no evidence quantifying the extent of any such harm.").) If Plaintiffs are not harmed by Defendants' website, they cannot be harmed by a stay of an injunction affecting that website. However, the Court issued the injunction to protect the public interest. (FOF at 28–30.) Defendants have not shown that their voluntary measures are sufficient to protect the public interest.

Accordingly, the factors governing the issuance of a stay pursuant to Rule 62 weigh against granting Defendants' Motion. Defendants' Motion is denied.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06–7561 PA (CWx) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

: 

Initials of Preparer

cc: