DAVID N. MAKOUS (State Bar # 082409)
makous@lbbslaw.com
DANIEL C. DECARLO (State Bar # 160307)
decarlo@lbbslaw.com
MINA I. HAMILTON (State Bar # 213917)
hamilton@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012-2601
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiffs
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC, California companies.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EDRIVER, INC.; ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>Defendants. | Case No. CV 06-7561 PA (Cwx)<br><br>The Honorable Percy Anderson<br><br>***OPPOSITION*** TO EX PARTE APPLICATION BY DEFENDANTS FOR ORDER CONTINUING HEARING ON MOTION FOR CONTEMPT<br><br>[Filed concurrently with Declaration of Mina I. Hamilton] |

4823-2603-9811.1

OPPOSITION TO EX PARTE APPLICATION FOR ORDER CONTINUING HEARING ON MOTION FOR CONTEMPT

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     The Ex Parte Application is Not Supported by Good Cause**

Defendants' <u>ex parte</u> request to have this Court extend the hearing date for Plaintiffs' Motion for Contempt for an additional three weeks (from January 26 to February 16) is unwarranted and not supported by good cause. This would give Defendants *triple* the normal time (i.e., 28 days or four weeks) to file their Opposition, rather than the one week contemplated by the Local Rules. Plaintiffs have been more than patient with Defendants regarding the clear violations of the Injunction, giving notice of each of them as early as September and continuing thereafter until the end of October, 2008 in an effort resolve the issues without having to file a contempt motion. Plaintiffs filed their Motion after it was obvious that Defendants' claim that they needed more time to comply with the Injunction was just a ruse to gain additional time in which to continue their noncompliance. Defendants have had substantial notice of these issues, and do not claim otherwise. Moreover, Plaintiffs would like to bring the following to the attention of the Court:

- **A one week extension was offered to Defendants**.

Contrary to Defendants' claim, Plaintiffs did agree to a one week extension of the hearing date, but it appears that Defendants' counsel was simultaneously filing the <u>ex parte</u> during this offer. [See, Hamilton Decl., ¶2, and Ex. A.] Nonetheless, Plaintiffs will still agree to a one week continuance, but not a three week continuance, which is not supported by good cause.

- **Inaccuracies in Mr. Daucher's declaration**.

First, while irrelevant, Mr. Daucher states in his declaration in support of this <u>ex parte</u> application that Defendants have "added and maintained a large highlighted disclaimer...." This is inaccurate as Defendants have not "maintained" those disclaimers, and in fact, *admittedly* removed all such disclaimers on their website after putting up the splash page for some time. [See, Hamilton Decl., ¶3, and Ex. B (screen shot showing no disclaimers on website), ¶4, and Ex. C (Defendants' admission).]

4823-2603-9811.1                           -1-
OPPOSITION TO EX PARTE APPLICATION FOR ORDER CONTINUING HEARING ON MOTION FOR CONTEMPT

Second, Mr. Daucher's statement that the last effort to meet and confer on these issues was September 25, 2008 is inaccurate, albeit irrelevant as well. As Mr. Daucher is well aware, Plaintiffs' counsel conferred on these issues with Defendants' new counsel, Mr. Andrew Serwin as late as October 28, 2008. [See, Hamilton Decl., ¶ 5, and Ex. D.] Moreover, as noted in Plaintiffs' moving papers (pg. 17: lines 17-26), Mr. Daucher represented that many of the issues related to noncompliance were due to the fact that his clients were not "experts in splash page mechanics" and that "further technical work [was] ongoing." After allowing several months of more time for these issues to be resolved, when it became clear that Defendants had no intent whatsoever to cure the violations, even after new counsel was involved, Plaintiffs decided to file their Motion and did so within the Local Rule notice requirement.

- **The statement that the merits of the motion are "not serious" does not support good cause**.

Defendants state as support for their <u>ex parte</u> application that "a quick glance of the merits of the motion show that the issues raised are not serious." [<u>Ex parte</u>, pg. 1: lines 23-24.] First, Plaintiffs believe that violations of this Court's Injunction are a serious matter, and are still at a loss as to why Defendants do not feel the same way. Second, if these issues are "not serious," as Mr. Daucher claims, then why does Mr. Daucher need one month to respond to them?

DATED: January 6, 2009          LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ Mina Hamilton

    David N. Makous
    Daniel C. DeCarlo
    Mina I. Hamilton
    Attorneys for Plaintiffs

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800