DAVID N. MAKOUS (State Bar # 082409)
makous@lbbslaw.com
DANIEL C. DECARLO (State Bar # 160307)
decarlo@lbbslaw.com
MINA I. HAMILTON (State Bar # 213917)
hamilton@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012-2601
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Plaintiffs
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC, California companies.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EDRIVER, INC., a California corporation; ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No. CV 06-7561 PA (CWx)<br><br>The Honorable Percy Anderson<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF DAVID GRAY, RAJ LAHOTI AND MARK ALCOCK FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT**<br><br>Date: February 2, 2009<br>Time: 1:30 p.m.<br>Courtroom: 15 |

Plaintiffs hereby submit their evidentiary objections to Defendants' Declarations in Support of Defendants' Opposition to Plaintiffs' Motion for Contempt:

///

4831-5304-1667.1

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

dockets.Justia.com

## A. Objections to the Declaration of David Gray:

1. Mr. Gray offers no foundation as to his expertise in creating splash pages, and he thus lacks the proper foundation to discuss any factors relating to the implementation of a splash page. It appears from his declaration that this is his first experience with designing a splash page.

2. Plaintiffs object to the entirety of Mr. Gray's declaration to the extent that Mr. Gray relies on the point that when implementing a splash page, one must take into consideration its impact upon the ability of the webpage to maintain its organic web traffic. This is irrelevant. This Court's Injunction makes no mention of maintaining the searchability of DMV.org through organic links. The Court's Injunction requires that all viewers be directed to the splash page, not that the most viewers possible be directed to the splash while retaining the ability of consumers to find DMV.org through free organic web searches. Thus, any mention of search engine indexes, accessibility of the webpage, and organic links are irrelevant.

3. ¶ 9. The statement that, "A splash page that masks DMV.ORG's content from search engines... would prevent users from finding its content through search engines" lacks foundation, is irrelevant and is demonstrably untrue. The trial record supports the fact that DMV.org's ability to be seen by consumers through "pay-per-click" searches is unaffected by the content of the website because DMV.org is in control of the description of their website when using pay-per-clicks. *See* Court's Order "Findings of Fact and Conclusions of Law & Order Finding Defendants Liable for False Advertising", pg 11.

4. ¶ 22. Mr. Gray declares that a splash page created with Java Script and cookies was the best solution available that would allow DMV.org to still be accessible to search engines. This statement is irrelevant to the matters at hand for the reasons mentioned above. The statement also lacks the proper foundation as it contradicts the earlier trial court testimony that Pay-Per-Clicks are not affected by the contents of a website and are at the direct control of DMV.org. Thus DMV.org

would be accessible from search engines regardless of its content or web ranking. Mr. Gray's subsequent statements relating to portions of the DMV.org website which will not work if Java Script is disabled on a users computer is irrelevant as it does not relate to the Injunction issued by this Court.

5. ¶ 30. Mr Gray lacks the appropriate foundation necessary to state that there is no industry standard for splash pages as he has shown no possible source of that knowledge.

**B.     Objections to the Declaration of Raj Lahoti:**

1. ¶ 5. Mr. Lahoti's statements with regard to other text on DMV.org other than the splash page are irrelevant. The Court's Injunction only relates to the creation of a splash page, not other text on DMV.org.

2. ¶7-8. Mr. Lahoti's declarations in paragraphs seven and eight are irrelevant as the number of visitors to DMV.org and other sites do not have any bearing on whether or not Defendants have properly complied with the Court's Injunction. Moreover, these statements lack any proper foundation and are hearsay due to the fact that they are from a third party source and Mr. Lahoti has no actual knowledge as to the veracity of the statistics nor any knowledge of how the statistics were calculated.

**C:     Objections to the Declaration of Mark Alcock:**

1. Mr. Alcock lacks the proper foundation to testify. He is a forensic examiner and forensics have nothing to do with the contempt issues. Mr. Alcock does not state that he has any background or indeed any experience (let alone expertise) in designing web pages or splash pages.

2. ¶ 16-17. Mr Alcock's statement that no solution can guarantee 100% compliance with the literal terms of the Injunction not only lacks foundation, but is also contradictory to Mr. Gray's statement in ¶ 30 of his Declaration in Support of

Defendants' Opposition to this Motion for contempt. Mr. Gray opines that "there is no industry standard for splash pages, and no method, that will assure 100% user penetration <u>without at the same time precluding search engines from identifying content on the site itself</u>". (Emphasis added). Implicit in Mr. Gray's statement is that if a designer accepts some compromise in organic search capability 100% penetration is possible. Mr. Alcock's legal and factual conclusions are also irrelevant as he lacks any adequate background to make such statements. Mr. Alcock's use of statistics is improper as he lacks any foundation to testify on theses facts. He has offered no evidence of his background in statistical analysis nor has he offered any evidence of any surveys or data analysis which would allow him to accurately determine whether his findings are indeed statistically significant or not.

3. ¶ 18. Mr. Alcock again attempts to use the term "statistically significant" without having any proper foundation to do so. He again contradicts Mr. Gray's statements in ¶ 30 of his Declaration while at the same time lacking the proper foundation to make such a statement.

4. ¶19. All of his statements related to the other text on DMV.org's website is irrelevant.

5. ¶ 20-21. Mr. Alcock's statements in paragraphs 20 and 21 are irrelevant. Moreover Mr. Alcock lacks the proper foundation to declare whether or not users would or would not be confused as he has no consumer perception expertise.

/ / /

/ / /

/ / /

**D: Objections to the Declaration of Scott Annett:**

1. Mr. Annett's testimony is unreliable because it relies on hearsay and lacks foundation. A proper foundation for the reliability of the analytics software referenced in Mr. Annett's declaration has not been set forth.

DATED: January, 26, 2009            LEWIS BRISBOIS BISGAARD & SMITH LLP


By      /s/ Mina I. Hamilton
        DAVID N. MAKOUS
        DANIEL C. DECARLO
        MINA I. HAMILTON
        Attorneys for Plaintiffs