**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 06–7561 PA (CWx) | Date | February 2, 2009 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., <u>et al.</u> v. eDriver, Inc., <u>et al.</u> | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS—COURT ORDER

Before the Court is a motion for contempt ("Motion") filed by plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC ("Plaintiffs") against defendants eDriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants"). (Docket No. 261.) Plaintiffs seek to have Defendants held in contempt for violating the Court's injunction. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 2, 2009 is vacated, and the matter taken off calendar.

## I.     FACTUAL & PROCEDURAL BACKGROUND

In this action, Plaintiffs alleged that Defendants engaged in false advertising by using the term "DMV" in conjunction with their website, even though that website is not endorsed by any state's department of motor vehicles. After a bench trial, the Court entered judgment for Plaintiffs and imposed an injunction on Defendants. (<u>See</u> Docket Nos. 210, 215.) The injunction states, in relevant part:

> 1.     The Defendants eDriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti, (collectively "Defendants"), their owners, officers, directors, assignees, transferees, employees, agents and representatives, and all other persons, firms or entities acting in concert or participating with them, who receive notice of the injunction, are enjoined as follows:
>
> > (a)     Defendants shall employ an acknowledgment splash page, or "splash screen," that every visitor to any entry webpage on the DMV.ORG domain shall see prior to viewing any webpage content;
> > (b)     Visitors to any webpage on the DMV.ORG domain need only view the acknowledgment splash page once, and need not be presented with the

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 06–7561 PA (CWx) | Date | February 2, 2009 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

acknowledgment splash page again when navigating to different webpages within the DMV.ORG domain;

(c)     The acknowledgment splash page shall state: "YOU ARE ABOUT TO ENTER A **PRIVATELY OWNED** WEBSITE THAT IS **NOT** OWNED OR OPERATED BY ANY STATE GOVERNMENT AGENCY.  TO CONTINUE, CLICK 'CONTINUE' BELOW."   Below this disclaimer shall be a "click-through" button that the visitor must affirmatively click to continue to the webpage on the DMV.ORG domain;

(d)     The statement in paragraph (c) shall appear in all capital letters;

(e)     Nothing other than the content in paragraph (c) and the DMV.ORG logo shall be visible to the visitor when viewing the acknowledgment splash page;

(f)     The statement in paragraph (c) shall appear in fourteen (14) point font, and shall be in larger font size than that used in the DMV.ORG logo and the 'continue' button.

Plaintiffs assert that Defendants violated the injunction in several ways, discussed below.

## II.     STANDARD GOVERNING MOTIONS FOR CONTEMPT

Federal Rule of Civil Procedure 70(e) states that the Court may hold a party in contempt for failure to comply with a judgment.  "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were unable to comply."  In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002) (internal citation omitted).  While "there is no good faith exception to the requirement of obedience of a court order[,] . . . a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the [court's order]."  In Re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993) (internal citations and quotation omitted).

## III.     ANALYSIS

Plaintiffs allege several violations of the injunction.  First, they allege that Defendants violated paragraph (f) by making the lettering in the DMV.ORG logo larger than the lettering used in the splash screen statement in paragraph (c).  Second, they allege that Defendants display "title tags" at the top of the splash screen in violation of paragraph 1(e).  Third, the splash screen is not presented to many users of mobile devices, computer users with browsers without "Java Script" enabled, and computer users that

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 06–7561 PA (CWx) | Date | February 2, 2009 |
|---|---|---|---|
| Title | TrafficSchool.com, Inc., et al. v. eDriver, Inc., et al. | | |

reject "cookies." In addition to having Defendants held in contempt, Plaintiffs seek attorneys' fees and costs for policing Defendants' compliance and having to bring the Motion. They further seek Defendants' profits for the period of time in which they were not in compliance. Finally, they seek for Defendants to be ordered to come into compliance within ten days, and to face sanctions of $10,000 per day of non-compliance thereafter, or in the alternative for the Court to retain an expert to design the splash screen that Defendants must use.

Defendants counter that the disclaimer is in fourteen (14) pixels rather than fourteen (14) point font, because pixels is the measure used to define text size for web pages in order to ensure that it displays in a consistent size among different users. Making the logo smaller than the disclaimer would make the small text in the logo illegible.[1] Defendants further argue that they reasonably interpreted the injunction not to apply to title tags, as the title tags appear above the splash screen, and above the browser controls. Moreover, deleting the title tags would remove them from every page on Defendants' website, not just the splash screen. Finally, with respect some users' inability to view the splash screen, Defendants state that (1) using a technology other than Java Script would prevent search engines from reviewing the material on the DMV site in order to create organic search engine listings, (2) if a user has Java Script disabled, they cannot use DMV.ORG's drop down menus, search function, or purchase anything from most of the advertisers, and (3) 97% of visitors to DMV.ORG have Java Script & cookies enabled. Defendants also assert that they added disclaimers to every page on their website, and that visitors can view these disclaimers even if they do not see the splash page. Defendants also added an affirmative acknowledgment checkbox when a user tries to send a communication to DMV.ORG.

The Court finds that Defendants have substantially complied with the injunction, and Defendants' actions "appear[] to be based on a good faith and reasonable interpretation of the [court's order]." In Re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695.

### Conclusion

For the forgoing reasons, Plaintiffs' Motion is denied.

IT IS SO ORDERED.

_____ : _____

**Initials of Preparer**

_____

cc:

---

[1] Ordinarily, the Court might modify paragraph (f) of the injunction to require that the lettering in paragraph (c) appear larger than any lettering used in the DMV.ORG logo, without specifying the size of the language in paragraph (c). However, the injunction is currently on appeal, and therefore the Court declines to modify the injunction in the absence of a stipulation from the parties.