1  DAVID N. MAKOUS, SB# 082409
      E-Mail: makous@lbbslaw.com
2  DANIEL C. DECARLO, SB# 160307
      E-Mail: decarlo@lbbslaw.com
3  MINA I. HAMILTON, SB# 213917
      E-Mail: hamilton@lbbslaw.com
4  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California  90012
   Telephone: 213.250.1800
6  Facsimile:  213.250.7900

7  *Attorneys for Plaintiffs*
   TRAFFICSCHOOL.COM, INC. and
8  DRIVERS ED DIRECT, LLC

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company, | CASE NO. CV 06-7561 PA (CWx) |
| | The Honorable Percy Anderson |
| Plaintiffs, | <u>DECLARATION OF MINA I. HAMILTON</u> IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS |
| v. | |
| EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, RAJ LAHOTI, individuals, | <u>Hearing:</u> Date:  December 5, 2011 Time:  1:30 p.m. Courtroom No. 15 |
| Defendants. | |
| | [*Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Joint Statement on Attorney's Fees; Joint Statement on Costs; Defendants' Comments to Joint Statement; Declaration of Josephine Brosas in support of Motion; Declaration of Andrew Serwin; and* [Proposed] Order*]* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

DECLARATION OF MINA I. HAMILTON

## **DECLARATION OF MINA I. HAMILTON**

I, Mina I. Hamilton, being duly sworn, state as follows:

1.      I am over 18 years of age, have personal knowledge of the matters asserted in this declaration, can attest to their accuracy, and am competent to testify as follows:

2.      I am an attorney at law admitted to practice before this Court.  My firm Lewis  Brisbois  Bisgaard  &  Smith  LLP  ("LBBS")  represents  Plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC in this action.

3.      This declaration is based upon my personal knowledge of the timekeeping and billing practices in this case and is also based upon my knowledge of the motions and briefs filed in this case.

Plaintiffs' Compliance with this Court's August 24, 2011 Order (D.E. # 302)("Order")

4.      On September 6, 2011, as required by this Court's Order, Plaintiffs' counsel provided the following documents to Defendants' counsel by email:

**(a)**      copies of the billing records on which the motion will be based;

**(b)**      copies of the American Intellectual Property Law Association ("AIPLA") surveys for 2008 and of The National Law Journal's 2010 Billing Survey Report for the hourly rates that will be claimed in Plaintiffs' motion;

**(c)**      draft of the *Joint Statement for Fees* in Microsoft Excel 2002 format containing: (i) the date of each time entry; (ii) the biller for each time entry; (iii) a brief description of the task; (iv) the number of hours Plaintiffs believe should be awarded for the task, including information regarding the hours for which compensation will and will not be sought (such as write-offs); (v) the actual rates charged for each time entry; (vi) total amount billed for each time entry; (vii) a blank column for the number of hours Defendants believe should be awarded for the item; (viii) blank columns for a summary of the parties' respective positions as to each disputed item; (ix) codes for each time entry (i.e., "B" for billed and "W" for written off); and (x) for each time entry, an "invoice number" which

1    corresponds to the invoice number of the billing records submitted with the

2    spreadsheets;

3    **(d)**    draft of the *Joint Statement for Fees* in Microsoft Excel 2002 format

4    containing: (i) the item; (ii) the amount of costs sought by Plaintiffs for the item;

5    (iii) a blank column for the amount of costs Defendants believe should be

6    awarded for the item; (iv) blank columns for a summary of the parties'

7    respective positions as to each disputed item; and

8    **(e)**    copies of invoices and other records showing the costs and expenses

9    incurred by Plaintiffs.

10    Attached hereto as Exhibit A is a true and correct copy of my September 6, 2011 email

11    to Defendants' counsel, Mr. Andrew Serwin, attaching the above-referenced

12    documents.

13    5.    On September 12, 2011, counsel for the parties met and conferred

14    telephonically on the issue of Plaintiffs' attorneys' fees and costs. I and my associate,

15    Josephine Brosas, attended the telephonic conference on behalf of Plaintiffs and Mr.

16    Serwin and his associate Ms. Tammy Boggs attended on behalf of Defendants. I have

17    reviewed the declaration submitted by Mr. Serwin in support of Defendants'

18    "Comments" to the Joint Statement. His account of what took place at the meet and

19    confer is inaccurate. (Indeed, it is telling that the substance of the meet and confer is not

20    set forth in his declaration; rather, he makes a general reference to the "summary"

21    provided in the "Comments" to the Joint Statement.) I explained to Defendants'

22    counsel that Plaintiffs are claiming fees and costs as identified in the spreadsheets and

23    in the billing invoices previously provided to them, and Plaintiffs are the prevailing

24    party in an exceptional case, a position which is supported by the Ninth Circuit's

25    opinion and Mandate. I also pointed out that the substance of the motion will be similar

26    in large part to what was filed by Plaintiffs on August 25, 2011 before the Ninth Circuit

27    in connection with the appellate fees. I recall asking Mr. Serwin to identify what

28    entries Defendants are disputing in the spreadsheets and submissions sent to them on

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

3

DECLARATION OF MINA I. HAMILTON

September 6th and he informed me that such will be provided at a later time, when Defendants are required to provide their portion of the joint statement.  I recall Mr. Serwin acknowledging that the spreadsheets provided were fairly self-explanatory.  I also recall Mr. Serwin stating vaguely, in general terms (and not as outlined on p. 3 of Defendants' "Comments" to the Joint Statement), that Plaintiffs are not entitled to fees because they are not the prevailing party in an exceptional case and that there has been no allocation.  As to costs, I explained that under well-established law, Plaintiffs are entitled to claim costs, including expert fees and expenses not previously taxed by the Clerk.  Finally, as to information relating to fee arrangements with Plaintiffs in this case and in other similar litigation handled by my firm, I informed Mr. Serwin that, as to the former, I do not believe we have one but will inquire and follow up, and as to the latter, Mr. Serwin volunteered that a list of the types of cases (e.g., patent infringement, trademark infringement, false advertising) and the rates charged in those cases, will suffice.  Mr. Serwin also stated that other details, such as client names and case information, are privileged, and that he does not expect to be provided with such information.  Mr. Serwin never mentioned anything about wanting to know which attorneys worked on which cases, or any information other than a list of the case type and corresponding rates.  Mr. Serwin never asked to be provided with any "business records showing hourly rates charged in other types of litigation" as he claims on p. 3 of Defendants' "Comments" to the Joint Statement.

6.     On September 19, 2011, Plaintiffs' counsel provided Defendants' counsel with the "final version" of their portion of the Joint Statements in electronic format as required by the Court's Order.  Plaintiffs' counsel also provided the list of rates in other cases, as Mr. Serwin agreed to during our September 12th conference call.  We were also able to confirm that, as mentioned during the call, there exists no fee agreement with Plaintiffs in this case as we have been unable to locate any such agreement.  Attached hereto as Exhibit B is a true and correct copy the email sent to Defendants' counsel on September 19, 2011.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

4

DECLARATION OF MINA I. HAMILTON

7.     On September 19, 2011, Mr. Serwin responded to the above email, confirming that he did not expect case names and that at minimum, he just wanted to know "which attorney worked on these cases". This is inconsistent with his claim on p. 3 of Defendants' "Comments" that he asked for "business records showing hourly rates charged in other types of litigation").

8.     In my email response to Mr. Serwin's query, I stated that "we can represent that those cases are cases led by David Makous or Dan DeCarlo with assistance from me, Josephine and/or additional partners and associates." I also asked him to tell me what he thinks we agreed to exactly and what else he wants. Mr. Serwin never responded to any of these queries. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the email exchange between Mr. Serwin and I.

9.     On September 26, 2011, I received an email from Ms. Boggs attaching Defendants' "completed portions" of the Excel Spreadsheets on Plaintiffs' attorney's fees and costs. Ms. Boggs also attached Defendants' "Comments" to the Joint Statement and a Declaration of Andrew Serwin. Attached hereto as <u>Exhibit D</u> is a true and correct copy of Ms. Boggs' email.

<u>Billing Practices and Invoices</u>

10.     I and the other professionals working on this case record our time contemporaneously in increments of one-tenth of an hour. These time records are entered into a computer database that is maintained by LBBS's accounting and billing department in the ordinary course of business and used to create monthly "pre-bills" and final bills to the clients. The billing partner in this case, Mr. David Makous, reviews the pre-bills and uses his professional judgment to "write-off" any hours that will not be billed to the client for various reasons, including if they appear to be excessive or redundant. Here, my review of the billing reports of the time written-off by Mr. Makous from November 2006 through February 2009 shows that at least 191 hours of collective attorney time were subtracted, so that the actual hours billed to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

5

DECLARATION OF MINA I. HAMILTON

1  Plaintiffs were *less* than the total number of hours actually worked by Plaintiffs'

2  attorneys during this time period.

3      11.   The client is then billed monthly for our time, with the fee determined by

4  multiplying the hours recorded by the hourly rate of the professional.  The client is also

5  billed monthly for incidental expenses (called "disbursements") such as filing fees,

6  court reporters fees, photocopy costs, long distance bills, delivery charges, etc. Invoices

7  were prepared monthly to reflect the time and disbursements expended for the prior

8  month.  The billing department printed out copies of the invoices billed to the client in

9  this case.

10 Submissions Pursuant to the Court's Order

11     12.   Attached hereto as <u>Exhibit E</u> are true and correct copies of the invoices

12 containing detailed attorney time records from November 2006 through February 2009.

13 These invoices have been redacted to protect attorney-client privileged and work

14 product information.

15     13.   I have reviewed the invoices generated in this matter.  Under my direction,

16 my associate Josephine A. Brosas also reviewed these invoices and summarized

17 relevant entries into an Excel spreadsheet format containing the hours which Plaintiffs

18 are claiming in this Motion.  Pursuant to the Court's August 24, 2011 Order, attached to

19 the Motion is a true and correct copy of that Excel spreadsheet with Defendants'

20 portions ("Joint Statement on Attorneys' Fees").  Included in that Joint Statement are

21 tables for work performed in connection with the instant Motion and with the Joint

22 Status Report previously filed with this Court (D.E. #306).  It is estimated that

23 Plaintiffs' counsel will spend approximately 210 hours in connection with the instant

24 Motion (including a reasonable and good faith estimate for the reply and any hearing).

25 It is also estimated based on pre-bill time entries that Plaintiffs' attorneys have spent

26 approximately 115 hours in connection with the Joint Status Report (D.E. #306), not

27 including additional time which will be spent on remand.  Plaintiffs expressly reserve

28 the right to submit at a later time further papers, declaration(s) and supplemental

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

6

DECLARATION OF MINA I. HAMILTON

1   evidence including invoices detailing the additional fees and costs that Plaintiffs are
2   claiming for work on remand.

3       14.    I have also reviewed the various invoices for costs and expenses generated
4   in this matter which support the costs and expenses being sought by Plaintiffs in this
5   Motion.  Attached hereto as <u>Exhibit F</u> are true and correct copies of these invoices.

6       15.    Under my direction, my associate Josephine A. Brosas also reviewed these
7   invoices and summarized relevant entries into an Excel spreadsheet format containing
8   the cost items which Plaintiffs are claiming.  Pursuant to the Court's August 24, 2011
9   Order, attached to the Motion is a true and correct copy of that Excel spreadsheet with
10  Defendants' portions ("Joint Statement on Costs").

11      16.    Attached hereto as <u>Exhibit G</u> is a true and correct copy of excerpts from
12  reports based on surveys periodically conducted and prepared by the American
13  Intellectual Property Law Association ("AIPLA Survey") and published every other
14  year to determine the billing rates in intellectual property cases.  As can be seen from
15  the report itself, by 2008 in the Los Angeles area, the average hourly billing rate for
16  partners was $503 and the average hourly billing rate for associates in the Los Angeles
17  area was $349.

18      17.    Attached hereto as <u>Exhibit H</u> is a true and correct copy of The National
19  Law Journal's 2010 Billing Survey Report.  The rates charged to Plaintiffs in this case
20  are well below most of those charged by the nation's 250 largest law firms, including
21  defense counsel at Foley & Lardner, who reportedly charge an average rate of $654 an
22  hour for partners, and $426 an hour for associates.  It is also reported that at Sheppard
23  Mullin Richter and Hampton (former defense counsel who handled the district court
24  proceedings), partners bill at a high-end firm wide rate of $820 and associates at a firm
25  wide high-end rate of $620 (average rates were not reported).

26  <u>Summary of Hours and Fees Claimed</u>

27      18.    The approximately 2,679.7 hours of attorney time spent in proceedings
28  before the district court was actually incurred, necessary and reasonable in order to



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

complete the multiple and varied tasks related to the following general categories: (1) pleadings and amendments thereto, including successfully opposing Defendants' motions to dismiss (about 241.20 hours); (2) fact and expert discovery, including written discovery, depositions, preparation of expert initial and rebuttal reports, surveys, and motions to compel (about 773.30 hours); (3) cross-motions for summary judgment; (4) pre-trial submissions, including witness lists, exhibit lists, jury instructions, memorandum of contentions of fact and law, motions *in limine*, and additional specific filings dictated by this Court's order (trial declarations, deposition designation, stipulation regarding trial exhibits (about 463.10 hours); (5) bench trial and Court-ordered post-trial filings, such as post-trial briefs and findings of fact and conclusions of law, and Defendants' motion to stay the injunction (about 590.90 hours); (6) and Plaintiffs' contempt motion (about 143.70 hours). In addition, at least 115 hours have been incurred in connection with the Joint Status Report (D.E. # 306) (not including additional fees to be incurred on remand) and there are at least 210 hours that Plaintiffs anticipate have been and will be incurred in connection with this instant Motion, which is allowed as part of the claimed fees.

19.    The total attorney's fees charged applying the actual rates is $809,850. The fees being sought herein is $2,867,616. This amount reflects the lodestar figure of $1,433,808, adjusted upward with a 2.0 multiplier. The $1,433,808 lodestar figure was calculated by multiplying the number of hours reasonably expended on proceedings before the district court prior to or excluding the appellate proceedings (i.e., 2,679.7), including this Motion (i.e., 210 [incorporating time estimated for the Reply and any hearing]) and the preparation of the Joint Status Report (D.E. #306) (i.e., 115) by the reasonable hourly rates (i.e., $503 for partners and $349 for associates). These are summarized in Tables 2 through 4 attached to the Motion.

20.    Trafficschool.com has been a long-standing client of the firm. David N. Makous, Dan DeCarlo and I have represented Trafficschool.com on multiple matters since 1999.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

8

DECLARATION OF MINA I. HAMILTON

<u>Summary of Attorney Experience and Qualifications</u>

21.    LBBS has a full service intellectual property practice group providing patent, trademark, copyright, false advertising, unfair competition, and related law services to the business community, both locally and overseas.  The attorneys who have worked and/or are working on this case (not necessarily at the same times) are: (1) David N. Makous (partner); (2) Daniel C. DeCarlo (partner); (3) Mina I. Hamilton (partner); (4) Josephine A. Brosas (associate); (5) Robert M. Collins (associate); and (6) Daniel R. Lewis (associate).  Attached hereto as <u>Exhibit I</u> are true and correct copies of the aforementioned attorneys' website resumes.

22.    I am an attorney licensed to practice in the State of California since 1999. I have practiced law since graduating from UCLA School of Law in 1999 and have over ten (10) years of trial and litigation experience, with emphasis on intellectual property issues, particularly under the Lanham Act including false advertising, and complex commercial litigation.  I have been a partner with LBBS for over three and a half years.  I became a partner during the course of this litigation and was a partner during the work performed on the appeal; however, my associate hourly rate was not adjusted.

23.    Mr. David N. Makous, lead counsel in this case, has practiced intellectual property law since 1978 and is managing partner of the firm's intellectual property practice group and has significant and extensive experience with Lanham Act and false advertising cases.  He has managed numerous IP cases before federal and state courts in many jurisdictions through preliminary injunction hearings, summary judgment motions, bench and jury trials, mediation, arbitration and other ultimate dispositions. He has also argued appeals before the U.S. Courts of Appeal for the Ninth, Eighth, Fifth, and Federal Circuits, and the California Court of Appeals.  He is a frequent speaker and lecturer, and has numerous published articles. He argued the appeal in this case.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

9

DECLARATION OF MINA I. HAMILTON

24.     Mr. Daniel C. DeCarlo has practiced intellectual property and complex litigation since 1992 and is the vice-chair of the firm's intellectual property practice group.  He has served as lead counsel in numerous jury and bench trials and has extensive experience in all aspects of Federal Court litigation including preliminary injunctions, summary judgments and appeals to the Ninth Circuit and Federal Circuit Courts of Appeal.  He has significant and extensive experience with Lanham Act and false advertising cases.  He frequently lectures to business groups on intellectual property issues and also has numerous published articles.

25.     The associates who worked on this case have practiced and specialized in intellectual property law, since becoming members of the bar, and have at least three (3) to six (6) years of trial and litigation experience on Lanham Act cases.

Various Iterations of the DMV.ORG Splash Screen

26.     Attached hereto as Exhibit J is a true and correct copy of a print out of the DMV.ORG splash screen as it appeared on or about March 23, 2009.  As can be seen in this print out, there are two drop down menus on the screen.  These drop down menus appeared while the page was loading and then disappeared once the page fully loaded in the web browser.

27.     Attached hereto as Exhibit K is a true and correct copy of a screen shot of the DMV.ORG splash screen as it appeared on or about August 25, 2009.

28.     Attached hereto as Exhibit L is a true and correct copy of a screen shot of the DMV.ORG splash screen as it appeared on or about August 26, 2009.

29.     Attached hereto as Exhibit M is a true and correct copy of a screen shot of the DMV.ORG splash screen as it appeared on or about July 28, 2011.  Defendants have removed "Unofficial Guide to the DMV" from their license plate logo.  Additionally, there was a delay of approximately two to three seconds before the disclaimer text (in faint grey font) appeared right below the browser toolbar.

30.     Attached hereto as Exhibit N is a true and correct copy of a screen shot of the DMV.ORG splash screen as it appeared on or about November 1, 2011.  Again,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

10

DECLARATION OF MINA I. HAMILTON

1  there was  a delay of approximately two to three seconds before the disclaimer text (in

2  faint grey font) appeared right below the browser toolbar.

3

4  DMV.ORG's "Website Support" Page Directing Consumers to "DMV Office" "Online

5  Services"

6      31.    Attached hereto as <u>Exhibit O</u> are true and correct copies of screen shots

7  which I obtained on or about September 20, 2011 from Defendants' DMV.org website

8  and Facebook "wall".

9

10  New Visitors to DMV.org

11      32.    According to a 2003 DMV study, there are approximately 20,000 new

12  provisional licenses issues monthly.  This includes all drivers under the age of 18. See,

13  http://dmv.ca.gov/about/profile/rd/r_d_report/Section%201/205-GDL%20Report.pdf

14      33.    According to the US DOT, FHA (United States Department of

15  Transportation, Federal Highway Administration) report for 2009, there were 236,358

16  licensed drivers aged 16 & 17 in CA.  The average age according to the CA DMV

17  study noted above for a provisional license being issued is 16 ½.  The same report

18  showed there were 3,836,929 licensed drivers aged <16, 16, 17 in the entire United

19  States. See, http://www.fhwa.dot.gov/policyinformation/statistics/2009/dl22.cfm.

20

21  Online Guru Article re Facebook "Likes"

22      34.    Attached hereto as <u>Exhibit P</u> is a true and correct copy of an article dated

23  July 9, 2011 entitled "DMV.ORG Surpasses 50K 'Likes' on Facebook" which I printed

24  from www.onlineguru.com on November 3, 2011.

25

26      I declare under the penalty of perjury that the foregoing is true and correct.

27  Executed at Los Angeles, California, on the 3rd day of November, 2011.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-0996-1741.1

DECLARATION OF MINA I. HAMILTON

1

___/s/ Mina I. Hamilton_____
Mina I. Hamilton

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

12
DECLARATION OF MINA I. HAMILTON