DAVID N. MAKOUS, SB# 082409
  E-Mail: makous@lbbslaw.com
DANIEL C. DECARLO, SB# 160307
  E-Mail: decarlo@lbbslaw.com
MINA I. HAMILTON, SB# 213917
  E-Mail: hamilton@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
Telephone: 213.250.1800
Facsimile:  213.250.7900

*Attorneys for Plaintiffs*
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, RAJ LAHOTI, individuals,<br><br>Defendants. | CASE NO. CV 06-7561 PA (CWx)<br><br>The Honorable Percy Anderson<br><br><u>DECLARATION OF JOSEPHINE A. BROSAS</u> IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS<br><br><u>Hearing</u>:<br>Date:  December 5, 2011<br>Time:  1:30 p.m.<br>Courtroom No. 15<br><br>[*Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Joint Statement on Attorney's Fees; Joint Statement on Costs; Defendants' Comments to Joint Statement; Declaration of Mina I. Hamilton in support of Motion; Declaration of Andrew Serwin; and* [Proposed] *Order*] |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-9696-1549.1

## DECLARATION OF JOSEPHINE A. BROSAS

I, Josephine A. Brosas, being duly sworn, state as follows:

1.      I am over 18 years of age, have personal knowledge of the matters asserted in this declaration, can attest to their accuracy, and am competent to testify as follows:

2.      I am an attorney at law admitted to practice before this Court.  My firm Lewis Brisbois Bisgaard & Smith LLP ("LBBS") represents Plaintiffs TrafficSchool.com, Inc. and Drivers Ed Direct, LLC in this action.

3.      This declaration is based upon my personal knowledge of the timekeeping and billing practices in this case and is also based upon my knowledge of the motions and briefs filed in this case.

Parties' Meet and Confer pursuant to the Court's August 24, 2011 Order (D.E. # 302)("Order")

4.      On September 12, 2011, counsel for the parties met and conferred telephonically on the issue of Plaintiffs' attorneys' fees and costs.  Mina Hamilton and I attended the telephonic conference on behalf of Plaintiffs and Mr. Serwin and his associate Ms. Tammy Boggs attended on behalf of Defendants.  I recall Mr. Serwin stating that Plaintiffs are not entitled to fees because they are not the prevailing party in an exceptional case and that there has been no allocation (vaguely, in general terms, and not as outlined on p. 3 of Defendants' "Comments" to the Joint Statement).

5.      With respect to information relating to fee arrangements with Plaintiffs in this case and in other similar litigation handled by my firm, Ms. Hamilton informed Mr. Serwin that, as to the former, we do not believe we have one but will inquire and follow up, and as to the latter, Mr. Serwin volunteered that a list of the types of cases (e.g., patent infringement, trademark infringement, false advertising) and the rates charged in those cases, will suffice.  Mr. Serwin also stated that other details, such as client names and case information, are privileged, and that he does not expect to be provided with such information.  Mr. Serwin never mentioned anything about wanting to know which

2

DECLARATION OF JOSEPHINE A. BROSAS

1   attorneys worked on which cases, or any information other than a list of the case type

2   and corresponding rates.  Mr. Serwin never asked to be provided with any "business

3   records showing hourly rates charged in other types of litigation" as he claims on p. 3

4   of Defendants' "Comments" to the Joint Statement.

5   <u>Submissions Pursuant to the Court's Order</u>

6          6.     Attached as <u>Exhibit E</u> to the Declaration of Mina I. Hamilton are true and

7   correct copies of the invoices containing detailed attorney time records from November

8   2006 through February 2009.  I reviewed and redacted these invoices to protect

9   attorney-client privileged and work product information.

10         7.     I have reviewed the invoices generated in this matter and have accurately

11  summarized relevant entries into an Excel spreadsheet format containing the hours

12  which Plaintiffs are claiming in this Motion.  I reviewed and redacted certain entries in

13  this spreadsheet to protect attorney-client privileged and work product information.

14  Pursuant to the Court's August 24, 2011 Order, attached to the Motion is a true and

15  correct copy of that Excel spreadsheet with Defendants' portions ("Joint Statement on

16  Attorneys' Fees").  Included in that Joint Statement are tables for work performed in

17  connection with the instant Motion and with the Joint Status Report previously filed

18  with this Court (D.E. #306).  It is estimated that Plaintiffs' counsel will spend

19  approximately 210 hours in connection with the instant Motion (including a reasonable

20  and good faith estimate for the reply and any hearing).  It is also estimated based on my

21  review of the pre-bill time entries that Plaintiffs' attorneys have spent approximately

22  115 hours in connection with the Joint Status Report (D.E. #306), not including

23  additional time which will be spent on remand.  Plaintiffs expressly reserve the right to

24  submit at a later time further papers, declaration(s) and supplemental evidence

25  including invoices detailing the additional fees and costs that Plaintiffs are claiming for

26  work on remand.

27         8.     I have also reviewed the various invoices for costs and expenses generated

28  in this matter which support the costs and expenses being sought by Plaintiffs in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-9696-1549.1

3

1  Motion.  Attached to the Declaration of Mina I. Hamilton as <u>Exhibit F</u> are true and
2  correct copies of those invoices.

3     9. I reviewed those invoices and accurately summarized relevant entries into
4  an Excel spreadsheet format containing the cost items which Plaintiffs are claiming.
5  Pursuant to the Court's August 24, 2011 Order, attached to the Motion is a true and
6  correct copy of that Excel spreadsheet with Defendants' portions ("Joint Statement on
7  Costs").

8  <u>Summary of Hours and Fees Claimed</u>

9     10. Based on my review of the invoices, I separated the approximately 2,679.7
10 hours of attorney time spent in proceedings before the district court into the following
11 general categories: (1) pleadings and amendments thereto, including successfully
12 opposing Defendants' motions to dismiss (about 241.20 hours); (2) fact and expert
13 discovery, including written discovery, depositions, preparation of expert initial and
14 rebuttal reports, surveys, and motions to compel (about 773.30 hours); (3) cross-
15 motions for summary judgment; (4) pre-trial submissions, including witness lists,
16 exhibit lists, jury instructions, memorandum of contentions of fact and law, motions in
17 limine, and additional specific filings dictated by this Court's order (trial declarations,
18 deposition designation, stipulation regarding trial exhibits (about 463.10 hours); (5)
19 bench trial and Court-ordered post-trial filings, such as post-trial briefs and findings of
20 fact and conclusions of law, and Defendants' motion to stay the injunction (about
21 590.90 hours); (6) and Plaintiffs' contempt motion (about 143.70 hours).  In addition, at
22 least 115 hours have been incurred in connection with the Joint Status Report (D.E. #
23 306) (not including additional fees to be incurred on remand) and there are at least 210
24 hours that Plaintiffs anticipate have been and will be incurred in connection with this
25 instant Motion, which is allowed as part of the claimed fees.

26    11. The total attorney's fees charged applying the actual rates is $809,850.
27 The fees being sought herein is $2,867,616.  This amount reflects the lodestar figure of
28 $1,433,808, adjusted upward with a 2.0 multiplier.  The $1,433,808 lodestar figure was

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   calculated by multiplying the number of hours reasonably expended on proceedings

2   before the district court prior to or excluding the appellate proceedings (i.e., 2,679.7),

3   including this Motion (i.e., 210 [incorporating time estimated for the Reply and any

4   hearing]) and the preparation of the Joint Status Report (D.E. #306) (i.e., 115) by the

5   reasonable hourly rates (i.e., $503 for partners and $349 for associates).

6          12.    I prepared Tables 2 through 4 attached to the Motion based on my review

7   of the billing records and invoices, Excel spreadsheets, and the AIPLA and NLJ reports

8   true and correct copies of which are attached as Exhibits G and H, respectively, to the

9   Hamilton declaration.

10

11          I declare under the penalty of perjury that the foregoing is true and correct.

12   Executed at Los Angeles, California, on the 3rd day of November, 2011.

13

14                                               /s/Josephine Brosas

15                                              Josephine A. Brosas

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW