ANDREW B. SERWIN CA Bar No. 179493
    aserwin@foley.com
TAMMY H. BOGGS CA Bar No. 252538
    tboggs@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
3579 VALLEY CENTER DR., SUITE 300
SAN DIEGO, CA 92130
TELEPHONE:    858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants EDRIVER, INC., ONLINE GURU INC., FIND MY SPECIALIST, INC., SERIOUSNET, INC., RAVI K. LAHOTI, RAJ LAHOTI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California Corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations, RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>Defendants. | Case No: CV 06-7561 PA (CWx)<br><br>**DEFENDANTS' COMMENTS TO JOINT STATEMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>JUDGE:    Hon. Percy Anderson<br>COURTROOM:    15 |

## I. Information Provided by Plaintiffs on September 6, 2011

On August 24, 2011, this Court ordered the Moving Party ("Plaintiffs") to provide certain detailed records to Respondent ("Defendants") for any contemplated Motion for Attorneys' Fees, as well as to initiate a meet-and-confer pursuant to Local Rule 7-3.

On September 6, 2011, Defendants received:

1) Heavily redacted invoices from December 2006 to February 2009, a sample of which is attached to the Declaration of Andrew Serwin ("Serwin Decl.") as Ex. A.

2) An Excel file with redacted time entries for attorney's fees on separate tabs — "Pleadings," "Discovery," "MSJ," "Pre-Trial," "Trial through Post-Judgment," and "Contempt." A sample is attached as Ex. B to Serwin Decl. When summing up the amounts on all the different tabs, the "Total Hours Billed" (not including write-offs) equals 2,679.70 hours and the "Total Amount Billed" (not including write-offs) equals $715,750.00. Serwin Decl. ¶ 4; Ex. C.

3) An Excel file with costs totaling $61,774.08, which is attached as Ex. D to the Serwin Decl. $58,478 of the claimed costs appear to relate to experts, and had previously been sought by Plaintiffs (and denied) in September 2008. *See* Serwin Decl. ¶ 5.

4) AIPLA and NLJ reports to support "the hourly rates that will be claimed for each lawyer."

5) Documents relating to costs, including the Bill of Costs previously submitted to the Court.

## II. Summary of Meet and Confer[1]

On September 12, 2011, counsel for the parties met and conferred telephonically. Plaintiffs' counsel stated that the spreadsheets provided were fairly

---

[1] Serwin Decl. ¶ 6.

self explanatory, and Plaintiffs sought to recover all of their attorneys' fees incurred in the District Court action. Counsel for Defendants disputed Plaintiffs' entitlement to any attorneys' fees, and explained as follows:

- Plaintiffs were not entitled to recover attorney's fees under the relevant Lanham Act framework;
- When the possible public benefit of the injunction was weighed against its overbroad nature and harm to the public, the harm exceeded or greatly diminished the injunction's benefits on balance; and
- No allocation had been made in the records provided by Plaintiffs, and there was insufficient documentation to make that allocation.

Plaintiffs' counsel responded that Plaintiffs did not allocate any of their fees on particular issues because Plaintiffs believed they were entitled to all of their attorneys' fees as the "prevailing party."

Defendants' counsel further inquired into Plaintiffs' costs since Plaintiffs had previously submitted a cost bill to the Court and the issue had apparently already been briefed and decided. Counsel for Plaintiffs responded that while Plaintiffs *had* previously submitted a cost bill which included expert fees, the Clerk of the Court had informed Plaintiffs at the time that expert fees would not be taxed and Plaintiffs should make a motion to the Court if they disagreed, which Plaintiffs had decided not to do.

Lastly, Defendants' counsel inquired into the status of missing information that the Court had ordered should be provided, such as Plaintiffs' fee arrangement and the law firm's representative business records showing hourly rates charged in other types of litigation. Plaintiffs' counsel stated that she would look into these matters and follow up.

### III. Information Provided by Plaintiffs on September 19, 2011

On September 19, 2011, Defendants received the following:

1) An Excel file for attorney's fees broken down by separate tabs, almost

3

identical to the file from before, except with two additional tabs for: "Attorney's Fees Motion" with estimated fees of $61,125, and "Joint Status Report" with estimated fees of $32,975. Serwin Decl. ¶ 7; Ex. E.

2) An Excel file with costs now totaling $65,001.44, which is attached as Ex. F to the Serwin Decl. $58,478 of the claimed costs still appear to relate to experts, and had previously been sought by Plaintiffs (and denied) in September 2008. Remaining costs appear to have been incurred post-judgment. *See* Serwin Decl. ¶ 8.

3) An email from Plaintiffs' counsel claiming to list rates in summary fashion charged by the law firm in other cases, attached as Ex. G to Serwin Decl. Plaintiffs' counsel stated that they had no fee agreement with Plaintiffs in this case and would not agree to provide a representative fee agreement from another case. *See* Serwin Decl. ¶ 9.

### IV. Defendants' Comments to Joint Statement

#### A. *Plaintiffs' Attorneys' Fees*

In the column of the Excel spreadsheet entitled "Hours Defendants Believe Should be Awarded," Defendants have entered "0" throughout. For the column of the spreadsheet entitled "Brief Summary of Defendants' Position (for each disputed item)," Defendants preliminarily state as follows:

Plaintiffs are not entitled to a discretionary award of attorney's fees under the Lanham Act. Plaintiffs are not "prevailing parties" in an "exceptional case." 35 U.S.C. § 1117(a).

On balance, the injunction that Plaintiffs obtained caused as much if not greater harm than the benefit conferred. Defendants' free speech rights have been unnecessarily infringed upon, and for over three years, the public has been hindered in accessing protected informational content and truthful commercial speech. Also, the Court found that "Plaintiffs were motivated to file this suit by their own interest, and that the financial burden of bringing this suit was not

1 | disproportionate to their interest in the matter." (Doc. No. 210 at 33:5-7.)

2 |     Finally, Plaintiffs have not allocated their attorneys' time between Lanham
3 | Act claims and non-Lanham Act claims, as well as on issues that they clearly lost.
4 | *See Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000).

5 |     Defendants' position will be more fully set forth in their Opposition to
6 | Plaintiffs' Motion for Attorney's Fees, and pursuant to the Court's Order,
7 | Defendants are not deemed to make any admission or waive any argument about
8 | the relevance or effect of Plaintiffs' information in determining an appropriate
9 | award. Defendants reserve the right to make additional arguments and adduce
10 | additional facts and testimony in support of their Opposition to Plaintiffs' Motion
11 | for Attorney's Fees.

### B. *Plaintiffs' Costs*

13 |     In the column of the Excel spreadsheet entitled "Amount Defendants
14 | Believe Should be Awarded," Defendants have entered "$0" throughout. For the
15 | column of the spreadsheet entitled "Brief Summary of Defendants' Position (for
16 | each disputed item)," Defendants preliminarily state as follows:

17 |     On August 26, 2008, the Court awarded costs of suit to Plaintiffs as part of
18 | its Judgment and Permanent Injunction. (Doc. No. 215.) Then, on September 10,
19 | 2008, Plaintiffs submitted an Application to Tax Costs, including expert fees and
20 | other "survey" expenses, which were disputed by Defendants, briefed, and
21 | resolved by the Court. (Doc. Nos. 217 (Plaintiffs' Bill of Costs and Exhibits); 231
22 | (Defendants' Objection); 241 (Plaintiffs' Reply); 255 (Determination to Tax Costs
23 | in amount of $36,081.42).) Accordingly, for costs that were incurred *before*
24 | September 2008, Plaintiffs are improperly seeking to obtain unrecoverable costs
25 | and have waived their right to receive them. Post-judgment costs were
26 | unnecessarily incurred and/or did not relate to prosecuting the merits of a Lanham
27 | Act claim.

28 |     Defendants' position will be more fully set forth in their Opposition to

Plaintiffs' Motion for Attorney's Fees, and pursuant to the Court's Order, Defendants are not deemed to make any admission or waive any argument about the relevance or effect of Plaintiffs' information in determining an appropriate award. Defendants reserve the right to make additional arguments and adduce additional facts and testimony in support of their Opposition to Plaintiffs' Motion for Attorney's Fees.

Dated: September 26, 2011

**FOLEY & LARDNER LLP**
ANDREW B. SERWIN
TAMMY H. BOGGS

By: /s/ Andrew B. Serwin
ANDREW B. SERWIN
Attorneys for Defendants
EDRIVER, INC., ONLINE GURU INC., FIND MY SPECIALIST, INC., SERIOUSNET, INC., RAVI K. LAHOTI, RAJ LAHOTI