ANDREW B. SERWIN CA Bar No. 179493
  aserwin@foley.com
KATHRYN M.S. CATHERWOOD CA Bar No. 149170
  kcatherwood@foley.com
TAMMY H. BOGGS CA Bar No. 252538
  tboggs@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
3579 VALLEY CENTER DR., SUITE 300
SAN DIEGO, CA 92130
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants EDRIVER, INC., ONLINE
GURU INC., FIND MY SPECIALIST, INC.,
SERIOUSNET, INC., RAVI K. LAHOTI, RAJ LAHOTI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California Corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>        v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations, RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>                    Defendants. | Case No: CV 06-7561 PA (CWx)<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF THE DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS**<br><br>Date:          December 5, 2011<br>Time:          1:30 p.m.<br>Ctrm:          15<br>Judge: Honorable Percy Anderson<br><br>Complaint Filed: November 28, 2006 |

        Defendants Edriver, Inc., Online Guru, Inc., Find My Specialist, Inc.,

Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants") hereby object to

and move to strike portions of the separate declarations of Mina I. Hamilton and

Josephine A. Brosas including certain exhibits attached thereto filed by plaintiffs

Trafficschool.com, Inc. and Drivers Ed Direct, LLC ("Plaintiffs") in support of

Plaintiffs' Motion for Attorney Fees and Costs as set forth below.

///

**A.    Declaration of Mina I. Hamilton**

1.    Page 2, Lines 12-18: "On September 6, 2011, as required by this Court's Order, Plaintiffs' counsel provided the following documents to Defendants counsel by email: (a) copies of the billing records…(b)copies of the American Intellectual Property Law Association ("AIPLA") surveys for 2008 and of The National Law Journal's 2010 Billing Survey Report for the hourly rates that will be claimed in Plaintiffs' motion…."

Objection:  The reference to the AIPLA survey for 2008 and the National Law Journal's 2010 Billing Survey Report to support the hourly rates claimed in Plaintiffs' motion is irrelevant, misleading, confusing, and prejudicial. The majority of the fees and costs sought by Plaintiffs appear to have been incurred in Los Angeles in 2006 and 2007.  The surveys should be stricken and not considered.  Fed. R. Evid. 401, 403.

Sustain _____        Overrule _____

2.    Page 4, Lines 1-7 and 12-20: "[H]e informed me that such will be provided at a later time, when Defendants are required to provide their portion of the joint statement.  I recall Mr. Serwin acknowledging that the spreadsheets provided were fairly self-explanatory.  I also recall Mr. Serwin stating vaguely, in general terms (and not as outlined on p. 3 of Defendants 'Comments' to the Joint Statement), that Plaintiffs are not entitled to fees because they are not the prevailing party in an exceptional case and that there has been no allocation…. Mr. Serwin volunteered that a list of the types of cases…will suffice….Mr. Serwin never asked to be provided with any 'business records showing hourly rates charged in other types of litigation' as he claims on p. 3 of Defendants' 'Comments' to the Joint Statement."

Objection:  Testimony concerning statements allegedly made by Mr. Serwin constitutes inadmissible hearsay and is not the best evidence of Mr. Serwin's comments or Defendants' position.  See Supplemental Declaration of

2

4853-2290-7917.1

1  Andrew Serwin filed in support of Defendants' Opposition to Plaintiffs' Motion

2  for Attorneys' Fees and Costs ("Serwin Supp. Decl."). The best evidence of

3  Defendants' position is contained in the pleadings filed by Defendants in these

4  proceedings. Fed. R. Evid. 801, 802.

5           Sustain _____    Overrule _____

6        3.    Page 5, Lines 1-5: "On September 19, 2011, Mr. Serwin responded to

7  the above email, confirming that he did not expect case names and that at

8  minimum, he just wanted to know 'which attorney worked on these cases'. This is

9  inconsistent with his claim on p. 3 of Defendants' 'Comments' that he asked for

10 'business records showing hourly rates charged in other types of litigation'."

11          Objection: Testimony concerning statements allegedly made by

12 Mr. Serwin constitutes inadmissible hearsay and is not the best evidence of

13 Mr. Serwin's comments or Defendants' position. The best evidence is contained in

14 the pleadings filed by Defendants in these proceedings. Fed. R. Evid. 801, 802.

15          Sustain _____    Overrule _____

16       4.    Page 7, Lines 3-5, Exhibit F: "I have also reviewed the various

17 invoices for costs and expenses generated in this matter which support the costs

18 and expenses being sought by Plaintiffs in this Motion. Attached hereto as

19 Exhibit F are true and correct copies of these invoices."

20          Objection: Exhibit F, which consists of third-party invoices for

21 alleged costs and expenses sought by Plaintiffs, constitutes inadmissible hearsay

22 and lacks foundation. Fed. R. Evid. 602, 801, 802. Moreover, the invoices contain

23 substantial redactions and thus are not compete copies and should be stricken.

24          Sustain _____    Overrule _____

25       5.    Page 7, Lines 11-17, Exhibit G: "Attached hereto as Exhibit G is a

26 true and correct copy of excerpts from reports based on surveys periodically

27 conducted and prepared by the [AIPLA] and published every other year to

28 determine the billing rates in intellectual property cases. As can be seen from the

1 | report itself, by 2008 in the Los Angeles area, the average hourly billing rate for

2 | partners was $503 and the average hourly billing rate for associates in the

3 | Los Angeles area was $349."

4 |     Objection:  Excerpts from a report prepared by the American

5 | Intellectual Property Law Association and testimony concerning the purported

6 | average hourly billing rates in Los Angeles for 2008 lack foundation, constitute

7 | inadmissible hearsay, and are irrelevant, misleading, confusing, and prejudicial.

8 | The report is incomplete and the data underlying the survey results is unknown to

9 | Defendants.  The majority of the fees and costs sought by Plaintiffs were incurred

10 | in Los Angeles in 2006 and 2007 (not 2008).  The survey, Exhibit G, should be

11 | stricken and not considered. Fed. R. Evid. 401, 403, 602, 801, 802.

12 |     Sustain _____     Overrule _____

13 |     6.    Page 7, Lines 18-25, Exhibit H:  "Attached hereto as Exhibit H is a

14 | true and correct copy of The National Law Journal's 2010 Billing Survey Report.

15 | The rates charged to Plaintiffs in this case are well below most of those charged by

16 | the nation's 250 largest law firms, including defense counsel at Foley & Lardner,

17 | who reportedly charge an average rate of $654 an hour for partners, and $426 an

18 | hour for associates.  It is also reported that at Sheppard Mullin Richter and

19 | Hampton (former defense counsel who handled the district court proceedings),

20 | partners bill at a high-end firm wide rate of $820 and associates at a firm wide

21 | high-end rate of $620 (average rates were not reported)."

22 |     Objection:  The National Law Journal's 2010 Billing Survey Report

23 | and testimony concerning Foley & Lardner LLP's alleged national average billing

24 | rates and Sheppard Mullin Richter and Hampton's *high-end* national firm wide

25 | rates lack foundation, constitute inadmissible hearsay, and are irrelevant,

26 | misleading, confusing, and prejudicial.  The majority of the fees and costs sought

27 | by Plaintiffs were incurred in Los Angeles in 2006 and 2007 (not 2010).  The data

28 | underlying the nationwide survey results is unknown to Defendants.  The survey,

4

1  Exhibit H, should be stricken and not considered.  Fed. R. Evid. 401, 403, 602,

2  801, 802.

3             Sustain _____     Overrule _____

4        7.    Page 7, Lines 27-28 and Page 8, Line 1:  "The approximately 2,679.7

5  hours of attorney time spent in proceedings before the district court was actually

6  incurred, necessary and reasonable in order to complete the multiple and varied

7  tasks related to the following general categories...."

8             Objection:  Testimony that 2679.7 hours of attorney time "was

9  actually incurred, necessary and reasonable" lacks foundation and constitutes

10  improper opinion testimony and a legal conclusion.  Fed. R. Evid. 602, 701.

11            Sustain _____     Overrule _____

12       8.    Page 8, Lines 18-24:  "The fees being sought herein is [sic]

13  $2,867,616.  This amount reflects the lodestar figure of $1,433,808, adjusted

14  upward with a 2.0 multiplier.  The $1,433,808 lodestar figure was calculated by

15  multiplying the number of hours reasonably expended on proceedings before the

16  district court prior to or excluding the appellate proceedings (i.e., 2,679.7),

17  including this Motion (i.e., 210 [incorporating time estimated for the Reply and

18  any hearing]) and the preparation of the Joint Status Report (D.E. #306) (i.e., 115)

19  by the reasonable hourly rates (i.e., $503 for partners and $349 for associates)."

20            Objection:  Testimony concerning whether the number of hours spent

21  on proceedings and whether the rates taken from a 2008 report (when the majority

22  of the billings occurred in 2006 and 2007) are reasonable lacks foundation and

23  constitutes improper opinion testimony and a legal conclusion and is argument not

24  proper for a declaration.  Fed. R. Evid. 602, 701.

25            Sustain _____     Overrule _____

26       9.    Page 9, Lines 8-9:  "Attached hereto as Exhibit I are true and correct

27  copies of the aforementioned attorneys' website resumes."

28

4853-2290-7917.1

1       Objection:  Exhibit I, which consists of various attorneys' website

2   resumes, lacks foundation and constitutes inadmissible hearsay.  Defendants move

3   to strike Exhibit I.  Fed. R. Evid. 602, 801, 802.

4       Sustain _____        Overrule _____

5       10.   Page 9, Lines 18-26:  "Mr. David N. Makous, lead counsel in this

6   case, has practiced intellectual property law since 1978 and is managing partner of

7   the firm's intellectual property practice group and has significant and extensive

8   experience with Lanham Act and false advertising cases.  He has managed

9   numerous IP cases….He is a frequent speaker and lecturer, and has numerous

10  published articles."

11      Objection:  Testimony concerning David N. Makous' experience

12  lacks foundation and contains improper conclusions.  Fed R. Evid. 602.

13      Sustain _____        Overrule _____

14      11.   Page 10, Lines 1-8:  "Mr. Daniel C. DeCarlo has practiced intellectual

15  property and complex litigation since 1992….He frequently lectures to business

16  groups on intellectual property issues and also has numerous published articles."

17      Objection:  Testimony concerning Daniel C. DeCarlo's experience

18  lacks foundation.  Fed R. Evid. 602.

19      Sustain _____        Overrule _____

20      12.   Page 10, Lines 9-11:  "The associates who worked on this case have

21  practiced and specialized in intellectual property law, since becoming members of

22  the bar, and have at least three (3) to six (6) years of trial and litigation experience

23  on Lanham Act cases."

24      Objection:  Testimony concerning the experience of the associates

25  that worked on this case lacks foundation.  Fed R. Evid. 602.

26      Sustain _____        Overrule _____

27      13.   Page 10, Lines 13-17, Exhibit J:  "Attached hereto as Exhibit J is a

28  true and correct copy of a print out of the DMV.ORG splash screen as it appeared

1  on or about March 23, 2009.  As can be seen in this print out, there are two drop

2  down menus on the screen.  These drop down menus appeared while the page was

3  downloading and then disappeared once the page fully loaded in the web browser."

4  Objection:  Exhibit J, which allegedly consists of the DMV.ORG

5  splash screen on or about March 23, 2009, and testimony as to what happened

6  upon visiting the website lack foundation, are irrelevant, and are not specific to

7  time and incomplete.  Exhibit J should be stricken.  Fed R. Evid. 401, 403, 602.

8  Declaration of Raj Lahoti in Support of Joint Status Report, filed on September 6,

9  2011 as  Doc. No. 306 ("Lahoti Joint Status Decl.") and Declaration of Raj Lahoti

10  in Support of Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and

11  Costs ("Lahoti Attorneys' Fee Objection Decl.").

12  Sustain _____     Overrule _____

13  14.   Page 10, Lines 18-19, Exhibit K:  "Attached hereto as Exhibit K is a

14  true and correct copy of a screen shot of the DMV.ORG splash screen as it

15  appeared on or about August 25, 2009."

16  Objection:  Exhibit K, which allegedly consists of the DMV.ORG

17  splash screen on or about August 25, 2009, lacks foundation, is irrelevant, and is

18  not specific to time and are incomplete.  Exhibit K should be stricken.  Fed R.

19  Evid. 401, 403, 602.  See also Lahoti Joint Status Decl. and Lahoti Attorneys' Fee

20  Objection Decl.

21  Sustain _____     Overrule _____

22  15.   Page 10, Lines 20-21, Exhibit L:  "Attached hereto as Exhibit L is a

23  true and correct copy of a screen shot of the DMV.ORG splash screen as it

24  appeared on or about August 26, 2009."

25  Objection:  Exhibit L, which allegedly consists of the DMV.ORG

26  splash screen on or about August 26, 2009, lacks foundation, is irrelevant, and is

27  not specific to time and is incomplete.  Exhibit L should be stricken.  Fed R. Evid.

28

4853-2290-7917.1

401, 403, 602.  See also Lahoti Joint Status Decl. and Lahoti Attorneys' Fee Objection Decl.

Sustain _____        Overrule _____

16.    Page 10, Lines 22-26, Exhibit M:  "Attached hereto as Exhibit M is a true and correct copy of a screen shot of the DMV.ORG splash screen as it appeared on or about July 28, 2011.  Defendants have removed "Unofficial Guide to the DMV" from their license plate logo.  Additionally, there was a delay of approximately two to three seconds before the disclaimer text (in faint grey font) appeared right below the browser toolbar."

Objection:  Exhibit M, which allegedly consists of the DMV.ORG splash screen on or about July 28, 2011, and testimony as to what happened upon visiting the website lack foundation, are irrelevant, and are not specific to time and are not complete.  Exhibit M should be stricken.  Fed R. Evid. 401, 403, 602.  See also Lahoti Joint Status Decl. and Lahoti Attorneys' Fee Objection Decl.

Sustain _____        Overrule _____

17.    Page 10, Lines 27-28, Exhibit N and Page 11, Lines 1-2:  "Attached hereto as Exhibit N is a  true and correct copy of a screen shot of the DMV.ORG splash screen as it appeared on or about November 1, 2011.  Again, there was a delay of approximately two to three seconds before the disclaimer text (in faint grey font) appeared right below the browser toolbar."

Objection:  Exhibit N, which allegedly consists of the DMV.ORG splash screen on or about November 1, 2011, and testimony as to what happened upon visiting the website lack foundation, are irrelevant, and are not specific to time and are incomplete.  Exhibit N should be stricken.  Fed R. Evid. 401, 403, 602.  See also Lahoti Joint Status Decl. and Lahoti Attorneys' Fee Objection Decl.

Sustain _____        Overrule _____

DEFENDANTS' OBJECTIONS TO AND MTS PLAINTIFFS' EVIDENCE ISO MOTION FOR FEES & COSTS
CASE NO. CV 06-7561 PA (CWx)

4853-2290-7917.1

18.   Page 11, Lines 6-8, Exhibit O:  "Attached hereto as Exhibit O are true and correct copies of screen shots which I obtained on or about September 20, 2011 from Defendants' DMV.org website and Facebook 'wall'."

Objection:  Exhibit O, which allegedly consists of various screen shots from the DMV.org website and from DMV.org's Facebook wall on or about September 20, 2011, lacks foundation, is irrelevant, is not specific to time, and constitutes inadmissible hearsay.  The comments inserted on the various screen shots (author unknown) also lack foundation, constitute improper opinion testimony, and amount to speculation.  The comments allegedly made by Tom Pniewski on the last page of Exhibit O also lack foundation and constitute inadmissible hearsay.  Exhibit O should be stricken.  Fed. R. Evid. 401, 403, 602, 701, 801, 802. See also Lahoti Joint Status Decl. and Lahoti Attorneys' Fee Objection Decl.

Sustain _____     Overrule _____

19.   Page 11, Lines 11-13:  "According to a 2003 DMV study, there are approximately 20,000 new provisional licenses issues monthly.  This includes all drivers under the age of 18."

Objection:  Testimony concerning a DMV study concerning the number of provisional licenses issued in 2003 lacks foundation, constitutes inadmissible hearsay, and is irrelevant.  Fed. R. Evid. 401, 403, 602, 801, 802.

Sustain _____     Overrule _____

20.   Page 11, Lines 14-19:  "According to the US DOT, FHA (United States Department of Transportation, Federal Highway Administration) report for 2009, there were 236,358 licensed drivers aged 16 & 17 in CA.  The average age according to the CA DMV study noted above for a provisional license being issued is 16 ½.  The same report showed there were 3,836,929 licensed drivers aged <16, 16, 17 in the entire United States."

4853-2290-7917.1

1     <u>Objection</u>:  Testimony concerning a 2009 report allegedly made by

2 the US DOT and FHA lacks foundation, constitutes inadmissible hearsay, and is

3 irrelevant.  Fed. R. Evid. 401, 403, 602, 801, 802.

4     Sustain _____     Overrule _____

5     21.   <u>Page 11, Lines 22-24, Exhibit P</u>:  "Attached hereto as Exhibit P is a

6 true and correct copy of an article dated July 9, 2011 entitled 'DMV.ORG

7 Surpasses 50K 'Likes' on Facebook' which I printed from www.onlineguru.com

8 on November 3, 2011."

9     <u>Objection</u>:  Exhibit P, which is an article dated July 9, 2011

10 concerning the alleged number of "likes" on DMV.org's Facebook page, lacks

11 foundation, constitutes inadmissible hearsay, and is irrelevant.  Fed. R. Evid. 401,

12 403, 602, 801, 802.

13     Sustain _____     Overrule _____

14 **B.   <u>Declaration of Josephine A. Brosas</u>**

15     22.   <u>Page 2, Lines 16-28 and Page 3, Lines 1-4</u>:  "I recall Mr. Serwin

16 stating that Plaintiffs are not entitled to fees because they are not the prevailing

17 party in an exceptional case and that there has been no allocation….Mr. Serwin

18 never asked to be provided with any 'business records showing hourly rates

19 charged in other types of litigation' as he claims on p. 3 of Defendants'

20 'Comments' to the Joint Statement."

21     <u>Objection</u>:  Testimony concerning statements allegedly made by Mr.

22 Serwin constitutes inadmissible hearsay and is not the best evidence of Mr. Serwin

23 comments or Defendants' position.  The best evidence of Defendants' position is

24 contained in the pleadings filed in these proceedings.  Fed. R. Evid. 801, 802.  See

25 also Serwin Suppl. Decl.

26     Sustain _____     Overrule _____

27     23.   <u>Page 3, Lines 27-28 and Page 4, Lines 1-2</u>:  "I have also reviewed the

28 various invoices for costs and expenses generated in this matter which support the

DEFENDANTS' OBJECTIONS TO AND MTS PLAINTIFFS' EVIDENCE ISO MOTION FOR FEES & COSTS
CASE NO. CV 06-7561 PA (CWx)

4853-2290-7917.1

1  costs and expenses being sought by Plaintiffs in this Motion.  Attached to the

2  Declaration of Mina I. Hamilton as Exhibit F are true and correct copies of these

3  invoices."

4         Objection:  Testimony concerning Exhibit F, which consists of third-

5  party invoices for alleged costs and expenses sought by Plaintiffs, constitutes

6  inadmissible hearsay and lacks foundation. Fed. R. Evid. 602, 801, 802.

7         Sustain _____    Overrule _____

8  24.   Page 4, Lines 27-28 and Page 5, Lines 1-5:  "The fees being sought

9  herein is $2,867,616.  This amount reflects the lodestar figure of $1,433,808,

10  adjusted upward with a 2.0 multiplier.  The $1,433,808 lodestar figure was

11  calculated by multiplying the number of hours reasonably expended on

12  proceedings before the district court prior to or excluding the appellate proceedings

13  (i.e., 2,679.7), including this Motion (i.e., 210 [incorporating time estimated for the

14  Reply and any hearing]) and the preparation of the Joint Status Report (D.E. #306)

15  (i.e., 115) by the reasonable hourly rates (i.e., $503 for partners and $349 for

16  associates)."

17         Objection:  Testimony concerning whether the number of hours spent

18  on proceedings and whether the rates taken (presumably) from a 2008 report are

19  reasonable lacks foundation and constitutes improper opinion testimony.  Fed. R.

20  Evid. 602, 701.

21         Sustain _____    Overrule _____

22  25.   Page 5, Lines 6-9:  "I prepared Tables 2 through 4 attached to the

23  Motion based on my review of the billing records and invoices, Excel

24  spreadsheets, and the AIPLA and NLJ reports true and correct copies of which are

25  attached as Exhibits G and H, respectively, to the Hamilton declaration."

26         Objection:  The reference to the AIPLA survey for 2008 and the

27  NLJ's 2010 Billing Survey Report is irrelevant, misleading, confusing, and

28  prejudicial.  The majority of the fees and costs sought by Plaintiffs were incurred

4853-2290-7917.1

1  in Los Angeles in 2006 and 2007.  The survey and testimony relating thereto

2  should be stricken.  Fed. R. Evid. 401, 403.

3         Sustain _____       Overrule _____

4         Defendants respectfully request that the Court sustain the above objections

5  and strike the corresponding evidence.

6

7  Dated:  November 14, 2011              **FOLEY & LARDNER LLP**

8

9

10              By:  /s/ Kathryn M.S. Catherwood
                     KATHRYN M.S. CATHERWOOD

11                   Attorneys for Defendants
                     EDRIVER, INC., ONLINE GURU

12                   INC., FIND MY SPECIALIST, INC.,
                     SERIOUSNET, INC., RAVI K.

13                   LAHOTI, RAJ LAHOTI

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4853-2290-7917.1