ANDREW B. SERWIN CA Bar No. 179493
  aserwin@foley.com
KATHRYN M.S. CATHERWOOD CA Bar No. 149170
  kcatherwood@foley.com
TAMMY H. BOGGS CA Bar No. 252538
  tboggs@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
3579 VALLEY CENTER DR., SUITE 300
SAN DIEGO, CA  92130
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants EDRIVER, INC., ONLINE GURU INC., FIND MY SPECIALIST, INC., SERIOUSNET, INC., RAVI K. LAHOTI, RAJ LAHOTI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California Corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations, RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>Defendants. | Case No:  CV 06-7561 PA (CWx)<br><br>**DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND DEFENDANTS' OPPOSITION THERETO**<br><br>Date:  December 5, 2011<br>Time:  1:30 p.m.<br>Ctrm:  15<br>Judge:  Honorable Percy Anderson<br><br>Complaint Filed:  November 28, 2006 |

I, Kathryn M.S. Catherwood, declare:

1. I am an attorney licensed to practice before all courts in the State of California and before this Court.  I am a partner at the law firm of Foley & Lardner LLP, counsel of record for EDriver, Inc., Online Guru Inc., Find My Specialist,

Inc., Seriousnet, Inc., Ravi K. Lahoti, Raj Lahoti, Defendants in this matter. I joined Foley & Lardner on September 1, 2011 and therefore, was not involved in this case prior to the filing of Plaintiffs' Motion for Attorneys Fees and Costs. However, my experience includes over 20 years of practicing before state and federal courts, including in bankruptcy court with extensive experience in reviewing and assessing reasonableness of fees and costs incurred in cases with statutory rights to attorneys fees. I have been involved in both preparing fee applications in bankruptcy court and objecting to fee applications by other professionals employed in bankruptcy cases. I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would competently testify thereto.

2. Pursuant to this Court's In Chambers Order, Docket No. 320, this Court requested:

> [D]efendants shall file no later than November 14, 2011, the Joint Statement on Fees with appropriate entries for the "Hours Defendants Believe Should Be Awarded" column and for the "Brief Summary of Defendants' Position (for each disputed item)" column, as well as the Joint Statement on Costs with appropriate entries for the "Amount Defendants Believe Should Be Awarded" column and for the "Brief Summary of Defendants' Position (for each disputed item)" column.

3. I began undertaking the task of reviewing the excel spreadsheet provided to my partner, Andrew Serwin, by Plaintiff's counsel even before the Court issued its order and believe that the Court will find my analysis helpful and instructive. Although Attorney Tammy Boggs of our office requested via e-mail that Attorney Hamilton provide us with the most recent version of the excel spread sheet. This request was declined. Therefore, I have reviewed what I believe to be the most recent version provided to us in excel format and in the event it differs

2
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

from what was filed with the Court, I request an opportunity to respond to any inconsistencies in the two versions, although I understand that no changes were made after receiving Defendants' comments other than adding in Plaintiffs responses to such comments.

4. In reviewing the descriptions contained in Plaintiffs' excel spread sheet, I preliminarily note for the Court that there were several entries that did, in fact reference section 17200, et seq., including as follows:

"Review new California authority on B &P section 17204 re standing in California." (Doc. No. 315 at p. 237)

"Reviewed B. Daucher 'Proposal' re 17500 and discussed responses with D. DeCarlo.: (Doc. No. 315 at p. 239)

"Research Attorney Fee Awards under private attorney general statute." (Doc. No. 315 at p. 306)

"Research Request for: Mina Hamilton. Request: Search for model jury instructions regarding false advertising in any Federal Court or CA State Court under Bus. & Prof. Code. . ." (Doc. No. 315 at p. 234)

Therefore it appears that the statement that it was impossible to allocate the time between non-Lanham Act and Lanham Act claims is not completely accurate. I also noted random time entries such as "client lunch" for 3.0 hours at $780 (Doc. No. 315 at p. 299); "meeting with client at lunch (no charge)" for 1.5 hours at $675 (Doc. No. 315 at p. 349) that are not compensable at all, and the no charge to client is nonetheless included in the request before this Court.

Although extremely difficult and time consuming, and particularly given my lack of familiarity with the underlying litigation, I believe that my analysis contained in the Supplemental Joint Statement on Fees, filed concurrently herewith, will provide guidance to the Court, to the extent the Court believes that any fees or costs should be shifted to Defendants. I have attached to this

declaration as Exhibit 1 the last page of each tab of the excel spread sheet contained in the Supplemental Joint Statement on Fees which contains the total in reduced hours and corresponding reduced fees proposed by Defendants taking into account the proffered objections to each line item of time.

5. I also reviewed the Joint Statement on Costs and have provided Defendants' position with respect to the requested costs on a Supplemental Joint Statement on Costs filed concurrently herewith, a copy of the last page showing the total reduced costs is attached hereto as Exhibit 2.

6. I have used codes to indicate a particular arguments and grounds for objection in the column marked with the heading: "Brief summary of Defendants' Position" as inserting the full arguments would have resulted in the Joint Statement becoming overly cumbersome, I thus used shorthand with the complete arguments set out below:

"**A**": This designation objects to the services because they appear to relate to administrative tasks, clerical tasks or tasks that could have and should have been done by someone of a lower billing rate than a partner. The fact that there were a number of entries with this designation appears to support a conclusion that little consideration was made as to whether a person at a lower billing rate should have performed the task. Therefore, Defendants request that this Court should consider this and deny any multiplier be added to any lodestar calculation.

"**B**": This designation was used to indicate that the request for these costs appear to have been submitted to this Court before in connection with Plaintiffs' request for costs filed on September 10, 2008 (Doc. No. 217), including the time incurred by the expert witnesses, Mr. Maronick, whose invoice was attached to the prior cost statement. There is no explanation in Ms. Hamilton's declaration that these were previously denied and based on a

4
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

review of the order (Doc. No. 255) filed on September 25, 2008, it is not clear which costs were approved and paid by Defendants and which were denied.  Therefore,  without further explanation as to the why the expert's time is reasonable, the Court should deny the request.

"**D**": This designation objects to services that were duplicative, including where it appeared that there were several attorneys, sometimes several partners, working on the very same issues.  The fact that there were a number of entries with this designation appears to support a conclusion that little consideration was made as to whether a task truly required 3 or 4 partners addressing the same issue.  For example, in the tab for estimated fees for preparing and responding to the fee request, there were several people listed who would be working on the request.  In my experience, a fee application is not so complex as to require 3-4 partners spending time but that the bulk of the work can and should be done by a paralegal at a much reduced rate. Therefore, Defendants request that this Court should consider this and deny any multiplier be added to any lodestar calculation.

"**E**": This designation objects to services that appear to be excessive in nature, including charging for travel time, and taking too much time with multiple reviewers on a particular document or spending too much time completing a task.

"**H**": This designation attempts to address the requirement in the U.S. Supreme Court case of <u>Hensley v. Echerhart</u>, 76 L.Ed. 2d 40 (1982) and the Ninth Circuit cases relying on this case which states that the moist critical factor in determining reasonableness is the degree of success obtained.  Considering all factors, in this case I employed a partial "mathematical approach" in my review given that Plaintiffs prosecuted two causes of action, one under the Lanham Act (where Plaintiffs were found to have suffered no damages and

5
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

1  the injunction was found by the Ninth Circuit to be a barrier to First
2  Amendment protected content) and one under the California Business &
3  Professions Code section 17200 (where Plaintiffs' claims were completely
4  denied), by reducing the request by 50% given the limited degree of success
5  as discussed in Defendants' Opposition to Plaintiffs' Motion for Attorneys'
6  Fees and Costs.  Given Plaintiffs' failure to make any effort to allocate, I
7  have undertaken to allocate based upon the 50% reduction as I have seen
8  done in published decisions, some of which I have cited in our brief filed
9  concurrently herewith.  Given the two causes of action, and the fact that
10 Plaintiffs sought monetary damages on both causes of action and were
11 denied such damages on both causes of action, a 50% reduction is generous.
12 I base this assumption on the judgment that denied relief on the Second
13 Cause of Action, this Court has already confirmed that the two causes of
14 action did have different elements of proof justifying denying one and
15 awarding an injunction on the other.  I also base this upon, among other
16 things, the fact that the pleadings, such as Plaintiffs' Memorandum of
17 Contentions of Fact and Law were devoted approximately 50-50 to each
18 cause of action.

"**L**":  This designation objects to services where the time is "lumped" together within the description itself and the description contains time that although may have related to compensable services, cannot be parsed out from the time devoted to non-compensable (e.g. Non Lanham Act or unsuccessful) claims.  Therefore, the entire entry is tainted and all the time should be disallowed.

"**NL**": This designation objects to services that appear to relate to Non-Lanham Act claims or unsuccessful claims where Plaintiffs' were not the prevailing party.

6
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT
STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

"**NP**":  This designation objects to services that appear to relate to matters where Plaintiffs were not the prevailing parties. For example, Plaintiffs sought compensation for time spent on their post-judgment motion for contempt regarding the injunction. Plaintiffs lost this motion. Because the motion was brought after judgment, the cases relied upon by Plaintiffs in their brief at page 17 (Gates v. Deukmejian, 987 F.2d 1392(9th Cir. 1992)), that a litigant need not prevail on every claim, is not applicable because the case had concluded to judgment and this was a post trial motion to enforce, and was both unrelated to prosecuting the Lanham Act claim and unsuccessful.

"**R**":  This designation objects to time entries that contained redactions which prevent any analysis as to the reasonableness of the undisclosed work. Given Plaintiffs' failed to make any effort to identify whether a particular entry related solely to a Lanham Act claim the Defendants request that the Court deny the time where the redactions render it impossible to determine reasonableness because it was Plaintiffs' burden in its opening brief to establish sufficient facts to allow for a finding of reasonableness. It also appears that the redacted entries may relate to discussions that focused on Plaintiff's pecuniary interests and efforts at personal gain which would not be compensable. The evidence before the court does not allow a person reviewing the descriptions to assess the reasonableness and therefore Defendants request the time be denied in full. Although this Court's August Order did allow Plaintiffs to redact entries, they do this at their own risk if the redactions are so excessive as to gut the ability to determine reasonableness or the compensable nature of the time incurred.

"**V**":  This designation objects to time entries that are so vague (e.g. "conference with client") that it is impossible to assess reasonableness or whether it relates to a Lanham Act or Non-Lanham Act claim or a successful claim

7
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

where Plaintiffs can argue they were the prevailing party. Therefore, Defendants request that the time be denied in full.

"**no charge**": This designation identifies entries that the Plaintiffs state they did not charge their client. Given that Plaintiffs redacted the last page of each invoice that presumably showed what they actually charged their clients, it is impossible to tell what was actually charged and Defendants request that the Court give the benefit to Defendants on this point and deny the attorneys' fees.

7. As seen on Exhibit 1, after discounting for non-Lanham Act services (R and H) the number of hours spent and rates charged for each "tab" in the Excel spreadsheet was as follows:

|  | Reduced Fees | Reduced Hours |
|---|---|---|
| Pleadings: | $ 20,338.25 | 83.95 |
| Discovery | $62,301.00 | 235.40 |
| Summary Judgment | $37,946.75 | 160.35 |
| Pre-Trial | $54,899.25 | 225.85 |
| Trial through Post Judgment | $39,364.25 | 225.85 |
| Contempt | $0.00 | 0 |
| Attorneys Fees | $18,980.00 | 73 |
| Joint Status Report | $3,600.00 | 8 |
| Total Fees | $237,429.50 | 1012.4 |

///

///

8
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENTS ON FEES AND COSTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

8. In addition, I noted many entries that warranted an "A" designation not accounted for in the above and below a further across the board discount of 10% (or $23,742.95) for total possible award of $213,686.55.

9. As seen on Exhibit 2, the costs should be reduced to $29.85.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that I executed this declaration on November 14, 2011, at San Diego, California.

/s/ Kathryn M.S. Catherwood
Kathryn M.S. Catherwood

**EXHIBIT 1**

10
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

4833-8389-4029.1

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 6/5/2007 | AE1 | ESPINOZA, ANTONIA | AD | ANALYZED MAY MONTH-END FILE MONITOR REPORT FOR APPLICATION NO. 78/777,105 FOR THE MARK "DMV.ORG" [REDACTED] | 0.30 | 0 | 160.00 | $48.00 | W | 0 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein. | $0.00 |
| 25162-14 | 7/10/2007 | MIH | HAMILTON, MINA I | RV | REVIEWED CLIENT COMMENTS [REDACTED] | 1.60 | 0 | 225.00 | $360.00 | W | 0 | R, V, NL See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein. | $0.00 |
| 25162-14 | 7/10/2007 | MIH | HAMILTON, MINA I | FN | FINALIZED EX PARTE APPLICATION TO ADD RAJ AND PROPOSED ORDER AND NOTICE, AND LODGED THIRD AMENDED COMPLAINT | 1.20 | 0.60 | 225.00 | $270.00 | W | 0 | R, V, NL See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein. H | $135.00 |
| | | | | | Total: | 24.00 | | 83.95 | $5,899.50 | | | TOTAL REDUCED FEES: | |

**TOTAL HOURS BILLED:** 24.00 **TOTAL AMT BILLED:** 83.95
**TOTAL HOURS WRITTEN-OFF** **TOTAL AMT WRITTEN-OFF** $5,899.50

Pleadings Tab

| Client/Matter | Date | Tkpr | Tkpr Name | Time Code | Description of Tasks re "Discovery" | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status [B = Billed; W= Written Off] | Invoice# | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 8/16/2007 | DCD | DECARLO, DANIEL C. | | PREPARE FOR NEGRONI AND JANAL DEPOSITIONS. | 0.80 | 0.40 | 260.00 | 208.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>H | $104.00 |
| 25162-14 | 8/22/2007 | DCD | DECARLO, DANIEL C. | | CONFERENCE WITH CLIENTS RE MEDIATION. | 0.30 | 0.15 | 260.00 | 78.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein.<br><br>H | $39.00 |
| 25162-14 | 8/24/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED MARKOWITZ DISCUSSIONS WITH DAN/DAVID AND SETTLEMENT ISSUES | 0.30 | 0.15 | 225.00 | 67.50 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>H | $33.75 |
| | | | | | Total: | | 235.40 | | | | | | | |
| | | | | | TOTAL HOURS BILLED: 35.80 | TOTAL AMT. BILLED: 7,536.50 | | | | | | | | $62,301.00 |
| | | | | | TOTAL HOURS WRITTEN-OFF: | TOTAL AMT. WRITTEN-OFF: | | | | | | | | |

Discovery Tab

000012

| Client/ Matter | Date | Tkpr | Tkpr Name | Time Code | Description of Tasks re "Summary Judgment" | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status [B = Billed; W= Written Off] | Invoice# | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 8/30/2007 | IHL | LEE, ISAMU H. | DW | DISCUSSION WITH MINA HAMILTON RE: [REDACTED] | 0.20 | 0 | 195.00 | 39.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |
| 25162-14 | 8/31/2007 | MIH | HAMILTON, MINA I. | FN | FINALIZED REVIEWED (BRIEFLY) REPLY PAPERS FILED BY DEFENDANTS | 0.40 | 0.20 | 225.00 | 90.00 | W | 0 | R.V, NL, L | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $45.00 |
| | | | | | | | | | | | | H | | |
| 25162-14 | 8/31/2007 | IHL | LEE, ISAMU H. | DW | DISCUSSION WITH MINA HAMILTON RE: [REDACTED] | 0.10 | 0 | 195.00 | 19.50 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |
| | | | | | | | | | | | | | R.V, NL, L | |
| | | | | | Total: | | 160.35 | | | | | | | |
| | | | | | TOTAL HOURS BILLED: | 463.10 | | | 114,592.50 | | | | | |
| | | | | | TOTAL HOURS WRITTEN-OFF: | 18.50 | | | 3,827.50 | | | | | $37,946.75 |

38

Summary Judgment Tab

Pre-Trial Tab

| Client/ Matter | Date | Tkpr | Tkpr Name | Time Code | Description of "Pre-Trial" Tasks | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status [B = Billed; W= Written Off] | Invoice# | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 11/5/2007 | RJB1 | BRUYERE, RONALD J | TR | TRAVEL TO LOS ANGELES FOR THE TRIAL | 2.20 | 0 | 110.00 | 242.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |
| 25162-14 | 11/5/2007 | RJB1 | BRUYERE, RONALD J | PD | PREPARED ADDITIONAL EXHIBITS FOR USE IN TRIAL | 5.20 | 2.60 | 110.00 | 572.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $286.00 |
| 25162-14 | 11/5/2007 | MIH | HAMILTON, MINA I. | MW | MEETING WITH RON B. (TRIAL IT SUPPORT) [REDACTED] | 1.30 | 0 | 260.00 | 338.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |
| | | | | | Total: | | 225.85 | | | | | | R.V.NI. | |
| | | | | TOTAL HOURS BILLED: | 590.90 | TOTAL AMT. BILLED: | | 157,388.00 | | | | | | $54,899.25 |
| | | | | TOTAL HOURS WRITTEN-OFF: | 65.90 | TOTAL AMT. WRITTEN-OFF: | | 10,853.00 | | | | | | |

| Client/Matter | Date | Tkpr | Tkpr Name | Time Code | Description of Tasks re "Trial" | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status (B = Billed; W = Written Off) | Invoiced | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 1/16/2008 | PCG | GREENSPAN, PAULA C. | TF | TELEPHONE CALL FROM DAN DECARLO RE [REDACTED] | 0.20 | 0 | 260.00 | 52.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |
| 25162-14 | 5/8/2008 | DNM | MAKOUS, DAVID N. | NC | "NO CHARGE (NO CHARGE) DETAILED TELEPHONE CONFERENCE WITH ERIC CREDITOR REGARDING [REDACTED] | 1.10 | 0 | - | - | W | 0 | | R, V, N, See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |
| 25162-14 | 10/6/2008 | MIH | HAMILTON, MINA I. | RE | REVISED OPPOSITION TO MOTION FOR STAY [REDACTED] | 0.50 | 0.50 | 260.00 | 130.00 | W | 0 | | V, R, no charge See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $130.00 |
| 25162-14 | 10/6/2008 | MIH | HAMILTON, MINA I. | RV | REVIEWED INITIAL NOTICE 10-3.1(A) | 0.20 | 0.10 | 260.00 | 52.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $26.00 |
| | | | | | Total: | | 149.10 | | | | | | | $39,364.25 |
| | | | | | TOTAL HOURS BILLED: | 467.50 | | | 131,738.50 | | | | | |
| | | | | | TOTAL HOURS WRITTEN-OFF: | 19.10 | | | 2,825.00 | | | | | |

48

Trial Tab

| Client/ Matter | Date | Tkpr | Tkpr Name | Time Code | Description of Tasks re "Contempt" | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status (B = Billed; W= Written Off) | Invoice# | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 1/28/2009 | DRL | LEWIS, DANIEL R. | RV | REVIEWED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT FILED ON TUESDAY | 0.60 | 0 | 180.00 | $108.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein NP | $0 |
| 25162-14 | 1/29/2009 | MIH | HAMILTON, MINA I. | RV | REVIEWED EMAIL FROM JUDGE'S CLERK RE: TAKING HEARING OFF CALANDER [REDACTED] | 0.10 | 0 | 260.00 | $26.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein NP, R, V | $0 |
| | | | | | Total: | | 0.00 | | | | | | | $0.00 |
| | | | | | TOTAL HOURS BILLED: | 143.70 | | | 38,902.00 | | | | | |
| | | | | | TOTAL HOURS WRITTEN-OFF: | 27.90 | | | 7,622.00 | | | | | |

Contempt Tab

38

000016

| Client/ Matter | Date | Tkpr | Description of Tasks re "Attorney's Fees Motion" | Hours Requested by Plaintiffs (Estimated, at Minimum) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| | Oct-11 | Josephine A. Brosas | Preparation of Reply in Support of Motion for Attorney's Fees pursuant to District Court's 8-24 Minute Order | 25 | 0 | 235 | $5,875 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0 |
| 25162-14 | Nov-11 | David N. Makous | Preparation for and attend hearing on Motion for Attorney's Fees | 10 | 0 | 450 | $4,500 | ED | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0 |
| | Nov-11 | Mina I. Hamilton | Preparation for and attend hearing on Motion for Attorney's Fees | 10 | 3 | 260 | $2,600 | ED | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $780 |
| | | | Total: | 210 | 73 | | $61,125 | [estimated] | E | $18,980 |

Attorney Fees Tab

2

000017

Time Spent in Connection with Joint Status Report (estimated)

| Client/ Matter | Date | Tkpr | Description of Tasks re "Joint Status Report" | Hours Requested by Plaintiffs (Estimated, at minimum) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) | Reduced Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | Sep-11 | David N. Makous | Review/Revise plaintiffs' portion of Joint Status Report; conferences re same | 15 | 8 | 450 | $6,750 | E | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $3,600 |
| | Sep-11 | Daniel C. DeCarlo | Review/Revise plaintiffs' portion of Joint Status Report; conferences re same | 15 | 0 | 325 | $4,875 | E | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0 |
| | Sep-11 | Mina I. Hamilton | Drafted plaintiffs' portion of Joint Status Report; legal research; preparation of exhibits to same; conferences re same | 55 | 0 | 260 | $14,300 | E, D | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0 |
| | Sep-11 | Josephine A. Brosas | Preparation of declaration and exhibits; research; and prepared for filing plaintiffs' portion of report; conferences re same | 30 | 0 | 235 | $7,050 | E, D | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0 |
| | | | Total: | 115 | 8 | | $32,975 | (+ additional fees for further briefing/further work on remand) | | $3,600 |

| | |
|---|---|
| 1 | **EXHIBIT 2** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

4833-8389-4029.1

11
DECLARATION OF KATHRYN M.S. CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENT ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
CASE NO. CV 06-7561 PA (CWx)

000019

| Date | Description | Units | Rate | Amount | Invoice No. | Amount Defendants Believe Should be Awarded | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) |
|---|---|---|---|---|---|---|---|---|
| | Professional Services (Dr. Maronick - Invoice 2) | | | $34,553.00 | | $0.00 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| TOTAL: | | | | $65,001.44 | | $29.85 | | V, NL, B |

Costs 

18

000020