1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DAVID N. MAKOUS, SB# 082409
2      E-Mail: makous@lbbslaw.com
   DANIEL C. DECARLO, SB# 160307
3      E-Mail: decarlo@lbbslaw.com
   MINA I. HAMILTON, SB# 213917
4      E-Mail: hamilton@lbbslaw.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  *Attorneys for Plaintiffs*
   TRAFFICSCHOOL.COM, INC. and
8  DRIVERS ED DIRECT, LLC

9
                    **UNITED STATES DISTRICT COURT**
10
                    **CENTRAL DISTRICT OF CALIFORNIA**
11

12 | TRAFFICSCHOOL.COM, INC., a | CASE NO. CV 06-7561 PA (CWx) |
13 | California corporation; DRIVERS ED | |
   | DIRECT, LLC, a California limited | *The Honorable Percy Anderson* |
14 | liability company, | |
15 |          Plaintiffs, | PLAINTIFFS' <u>RESPONSE</u> TO |
16 |          vs. | DEFENDANTS' "SHORTHAND" |
   | | DESIGNATIONS IN |
17 | EDRIVER, INC., ONLINE GURU, | SUPPLEMENTAL JOINT |
   | INC., FIND MY SPECIALIST, INC., | STATEMENTS |
18 | and SERIOUSNET, INC., California | |
   | corporations; RAVI K. LAHOTI, RAJ | |
19 | LAHOTI, individuals, | |
20 |          Defendants. | |
21 | | |
22 | | Date:  December 5, 2011 |
23 | | Time:  1:30 p.m. |
   | | Courtroom No. 15 |
24 | | |
25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-9015-1438.1

1   The various objections presented by Defendants to each of Plaintiffs' time
2   entries have been interposed with no meaningful thought as they do not relate to the
3   nature of the time entries.  Defendants' purported efforts to parse through each of
4   the 3,000 time entries and designate some type of objection (multiple, redundant
5   objections in many cases)—are nothing more than a pre-textual attempt to create an
6   appearance that they somehow "assessed" the reasonableness of each entry.

7   As will be shown in detail in attached Exhibits A - L (and by a simple review
8   of Plaintiffs' actual submissions), Defendants objections are unfounded and
9   inapplicable.  For example, Defendants' "R" designation appears on every single
10  time entry that has been redacted by Plaintiffs no matter how descriptive the time
11  entry may be, and Defendants have claimed that on that basis no fees should be
12  awarded at all.  Defendants have also interposed their various objections to "written-
13  off" and "no charge" time entries which Plaintiffs are not claiming in this Motion.

14  Defendants' presentation of such objections—which are wholly based on
15  unilateral and self-serving attorney argument, and not on any competent
16  "evidence"—is simply insufficient for Defendants to meet their burden of rebuttal.
17  See Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992)("the party opposing
18  the fee application has a burden of rebuttal that requires submission of evidence to
19  the district court challenging the accuracy and reasonableness of the hours charged
20  or the facts asserted by the prevailing party in its submitted affidavits.")(Emphasis
21  added.)

22  DATED: November 21, 2011          LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24                                    By:        /s/ Mina I. Hamilton
25                                    Mina I. Hamilton
                                      *Attorneys for Plaintiffs*
26                                    TRAFFICSCHOOL.COM, INC. and
27                                    DRIVERS ED DIRECT, LLC

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

## EXHIBIT "A"

*Summary at the end of **Pleadings Tab** in Joint Statement re Fees:*

| TOTAL HOURS BILLED: | 241.20 | TOTAL AMT | $56,673.50 |
|---|---|---|---|
| TOTAL HOURS WRITTEN-OFF: | 24.00 | TOTAL AMT. | $5,899.50 |

*This is __consistent__ with Table 3 attached to the Motion which summarizes the hours that Plaintiffs are claiming:*

| Description of Services Rendered | Billing Attorney | Time Spent | Rate | Total |
|---|---|---|---|---|
| | David N. Makous | 22.60 | $450 | $10,170 |
| | Daniel C. DeCarlo | 15.50 | $260 | $4,030 |
| | Mina I. Hamilton | 159.80 | $225 | $35,842.50 |
| **Pleadings** *(fact investigation; research; motion for leave; oppositions to defendants' motions to dismiss)* | Josephine A. Brosas | 9.0 | $180 | $1,620 |
| | Daniel R. Lewis | 7.20 | $110 | $792 |
| | Antonia Espinoza (Paralegal) | 25.0 | $160 | $4,000 |
| | Francine J. Biscardi (Paralegal/research librarian) | 2.10 | $90-110 | $219 |
| Total: | | 241.20 | | $56,673.50 |

*Summary at the end of __Discovery Tab__ in Joint Statement re Fees:*

| TOTAL HOURS BILLED: | 773.30 | TOTAL AMT. BILLED: | 216,455.50 |
|---|---|---|---|
| TOTAL HOURS WRITTEN-OFF: | 35.80 | TOTAL AMT. WRITTEN-OFF: | 7,536.50 |

*This is __consistent__ with Table 3 attached to the Motion which summarizes the hours that Plaintiffs are claiming:*

| Description of Services Rendered | Billing Attorney | Time Spent | Rate | Total |
|---|---|---|---|---|
| **Discovery**<br>(*Written discovery and depositions; expert reports; surveys; motions*) | David N. Makous | 182.00 | $450 | $ 81,900 |
| | Thomas S. Kidde | 1.4 | $450 | $630 |
| | Daniel C. DeCarlo | 149.40 | $260 | 38,844.00 |
| | Mina I. Hamilton | 385.10 | $225-260 | $ 86,772.5 |
| | Paula C. Greenspan | 0.30 | $260 | $78.00 |
| | Josephine A. Brosas | 4.0 | $180 | $720 |
| | Robert M. Collins | 0.2 | $190 | $38 |
| | Daniel R. Lewis | 2.30 | $110 | $253 |
| | Cynthia A. Dixon | 0.50 | $170 | $85.00 |
| | Antonia Espinoza (Paralegal) | 37.20 | $160 | $5,952 |
| | Bhawna Prabhawati (Paralegal) | 6.50 | $110 | $715 |
| | Francine J. Biscardi (Paralegal/research librarian) | 4.60 | $110 | $506.00 |
| Total: | | 773.30 | | $216,455.50 |

*Summary at the end of __MSJ Tab__ in Joint Statement re Fees:*

| | | | | |
|---|---|---|---|---|
| **TOTAL HOURS BILLED:** | **463.10** | | **114,592.50** | |
| TOTAL HOURS WRITTEN-OFF: | 18.50 | | 3,827.50 | |

*This is __consistent__ with Table 3 attached to the Motion which summarizes the hours that Plaintiffs are claiming:*

| Description of Services Rendered | Billing Attorney | Time Spent | Rate | Total |
|---|---|---|---|---|
| **Cross-Motions for Summary Judgment** *(Research and preparation of moving and opposing papers)* | David N. Makous | 51.90 | $450 | $ 23,354 |
| | Daniel C. DeCarlo | 92.10 | $260 | $ 23,946 |
| | Mina I. Hamilton | 226.40 | $225-260 | $ 51,087 |
| | Paula C. Greenspan | 20.70 | $260 | $5,382.00 |
| | Isamu H. Lee | 11.30 | $195 | $2,203.50 |
| | Josephine A. Brosas | 20.20 | $180 | $ 3,636.00 |
| | Cynthia A. Dixon | 8.80 | $ 170 | $1,496 |
| | Daniel R. Lewis | 10.70 | $110 | $ 1,177 |
| | Hilary Matthews (Paralegal) | 5.20 | $110 | $572.00 |
| | Bhawna Prabhawati (Paralegal) | 15.40 | $110 | $ 1,694 |
| | Francine J. Biscardi (Paralegal/research librarian) | 0.40 | $110 | $44.00 |
| Total: | | 463.10 | | $ 114,592.5 |

*Summary at the end of __Pre-Trial Tab__ in Joint Statement re Fees:*

| TOTAL HOURS BILLED: | 590.90 | TOTAL AMT. BILLED: | 157,388.00 | |
|---|---|---|---|---|
| TOTAL HOURS WRITTEN-OFF: | 65.90 | TOTAL AMT. WRITTEN-OFF: | 10,853.00 | |

*This is __consistent__ with Table 3 attached to the Motion which summarizes the hours that Plaintiffs are claiming:*

| Description of Services Rendered | Billing Attorney | Time Spent | Rate | Total |
|---|---|---|---|---|
| | David N. Makous | 43.60 | $450 | $ 19,620.00 |
| | Daniel C. DeCarlo | 147 | $260 | $ 38,220 |
| **Pre-Trial Submissions** *(Witness and exhibit lists, pre-trial conference order; stipulated facts; jury instructions; special verdict forms; deposition designations; findings of fact)* | Mina I. Hamilton | 349.60 | $260 | $ 90,896 |
| | Paula C. Greenspan | 19.20 | $260 | $ 4,992 |
| | Antonia Espinoza (Paralegal) | 3.90 | $160 | $ 624 |
| | Loretta D'Errico (Paralegal) | 23.90 | $110 | $ 2,629 |
| | Francine J. Biscardi (Paralegal/research librarian) | 3.70 | $110 | $407 |
| Total: | | 590.9 | | $ 157,388 |

*Summary at the end of __Trial through Post-Judgment Tab__ in Joint Statement re Fees:*

| TOTAL HOURS BILLED: | 467.50 | | | 131,738.50 | |
|---|---|---|---|---|---|
| TOTAL HOURS WRITTEN-OFF: | 19.10 | | | 2,825.00 | |

*This is __consistent__ with Table 3 attached to the Motion which summarizes the hours that Plaintiffs are claiming:*

| Description of Services Rendered | Billing Attorney | Time Spent | Rate | Total |
|---|---|---|---|---|
| **Trial and Post-Judgment** (*Trial attendance; trial briefs to court; post-trial exhibit stipulations; findings of fact and conclusions of law; mandatory settlement conferences; cost bill*) | David N. Makous | 38.4 | $450 | $ 17,280 |
| | Daniel C. DeCarlo | 153.9 | $260-325 | $ 42,906.50 |
| | Mina I. Hamilton | 230.9 | $260 | $ 60,034 |
| | Paula C. Greenspan | 44.30 | $260 | $ 11,518 |
| Total: | | **467.50** | | **$ 131,738.5** |

*Summary at the end of **Contempt Tab** in Joint Statement re Fees:*

| TOTAL HOURS BILLED: | 143.70 | | | 38,902.00 | |
|---|---|---|---|---|---|
| TOTAL HOURS WRITTEN-OFF: | 27.90 | | | 7,622.00 | |

*This is <u>consistent</u> with Table 3 attached to the Motion which summarizes the hours that Plaintiffs are claiming:*

| Description of Services Rendered | Billing Attorney | Time Spent | Rate | Total |
|---|---|---|---|---|
| **Contempt** *(Fact investigation; research; preparation of motion)* | David N. Makous | 6.60 | $450 | $ 2,970 |
| | Daniel C. DeCarlo | 15.60 | $325 | $ 5,070 |
| | Mina I. Hamilton | 112.40 | $260 | $ 29,224 |
| | Daniel R. Lewis | 9.10 | $180 | $ 1,638 |
| Total: | | **143.70** | | **$ 38,902** |

**Exhibit A** – cont'd - pp. 299 and 349 referenced in footnote 2 of Opposition -  Written-Off Time

| Client/ Matter | Date | Tkpr | Tkpr Name | Time Code | Description of "Pre-Trial" Tasks | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status [B = Billed; W= Written Off] | Invoice# | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 10/22/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED [REDACTED] DECLARATION FROM MOTION FOR SUMMARY JUDGMENT FOR TRIAL DECLARATION WITH D. MAKOUS | 4.20 | 0 | 260.00 | 1,092.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 10/22/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED TRIAL DECLARATION OF [REDACTED] | 3.50 | 0 | 260.00 | 910.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 10/23/2007 | PCG | GREENSPAN, PAULA C. | CW | CONFERENCE WITH MINA HAMILTON AND DAN DECARLO RE TRIAL BRIEF RE REMEDIES. | 0.20 | 0 | 260.00 | 52.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 10/26/2007 | AE1 | ESPINOZA, ANTONIA | CW | CONFERENCE WITH ATTORNEY REGARDING PREPARATION OF TRIAL SUBPOENA FOR [REDACTED] SCHEDULED NOVEMBER 6, 2007 AT 10:00 A.M. AT CENTRAL DISTRICT COURT RELATING TO CASE NO. CV 06-7561 PA (CWX) , PREPARE SAME | 0.40 | 0 | 160.00 | 64.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 10/26/2007 | RG2 | GALES, RYAN | | COMPILED AND ORGANIZE VOLUMINOUS TRIAL EXHIBIT IN PREPARATION FOR TRIAL | 1.30 | 0 | 75.00 | 97.50 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 10/26/2007 | MIH | HAMILTON, MINA I. | | CLIENT LUNCH | 3.00 | 0 | 260.00 | 780.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |

Page 67 of 70

| Client/ Matter | Date | Tkpr | Tkpr Name | Time Code | Description of Tasks re "Trial" | Hours Requested by Plaintiffs (Actual Time Billed) | Hours Defendants Believe Should be Awarded | Actual Rates | Total Amount | Status (B = Billed; W= Written Off) | Invoice# | Brief Summary of Plaintiffs' Position (for each disputed item) | Brief Summary of Defendants' Position (for each disputed item) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 11/7/2007 | RJB1 | BRUYERE, RONALD J. | AT | ATTENDED AND RAN TRIAL PRESENTATION AT TRIAL | 7.30 | 0 | 110.00 | 803.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 11/7/2007 | DNM | MAKOUS, DAVID N. | MW | MEETING WITH CLIENT AT LUNCH (NO CHARGE) | 1.50 | 0 | 450.00 | 675.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 11/8/2007 | DNM | MAKOUS, DAVID N. | MW | MEETING WITH LUNCH WITH CLIENTS (NO CHARGE) | 0.50 | 0 | 450.00 | 225.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 1/16/2008 | PCG | GREENSPAN, PAULA C. | RV | REVIEWED COURT ORDER RE [REDACTED] POST-TRIAL DOCUMENTS. | 0.10 | 0 | 260.00 | 26.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |
| 25162-14 | 1/16/2008 | PCG | GREENSPAN, PAULA C. | CW | CONFERENCE WITH MINA HAMILTON RE ORDER RE [REDACTED] POST TRIAL DOCUMENTS. | 0.10 | 0 | 260.00 | 26.00 | W | 0 | * | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |

# EXHIBIT B

## THE TASKS DESIGNATED BY DEFENDANTS AS "A" ARE NEITHER "ADMINISTRATIVE" NOR "CLERICAL"; NOR SHOULD THEY HAVE BEEN DONE BY A "LOWER" BILLING ATTORNEY

<u>Defendants' Designation</u>:

"**A**":  This designation objects to the services because they appear to relate to administrative tasks, clerical tasks or tasks that could have and should have been done by someone of a lower billing rate than a partner.  The fact that there were a number of entries with this designation appears to support a conclusion that little consideration was made as to whether a person at a lower billing rate should have performed the task.  Therefore, Defendants request that this Court should consider this and deny any multiplier be added to any lodestar calculation.

<u>Response to Defendants' Designation</u>:

There is no merit to Defendants' argument.  A review of the Joint Statement entries designated by Defendants with an "A" actually shows that Defendants are unreasonably and nonsensically, with no meaningful consideration and in random fashion, designating as "*administrative*" or "*clerical*", tasks which are clearly <u>not</u> administrative or clerical.  Consider the following examples:

*Preparation of survey evidence:*

| 25162-14 | 6/20/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED MATERIALITY SURVEY WITH D. MAKOUS AND T. MARONICK; REVIEW OF RESULTS OF OTHER SURVEYS, DISCUSSION WITH D. MAKOUS RE: STATUS [REDACTED] | 3.90 | 0 | 225.00 | 877.50 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>D, R, V, NL, A, L | $0.00 |

*Preparation for client meeting and conference with client:*

| 25162-14 | 11/2/2006 | DNM | MAKOUS, DAVID N | PREPARE FOR MEETING; CONFERENCE WITH C.K. AND E.C. REGARDING "DMV. ORG" [REDACTED] | 1.10 | 0 | 450.00 | $495.00 | B | 498641 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  A, R, NL | $0.00 |

*Designation of deposition testimony as required by this Court's pre-trial order:*

| 25162-14 | 10/18/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED DEPOSITION DESIGNATIONS AND INDEX AND SUMMARY OF TESTIMONY OF STEVE MORETTI | 5.40 | 2.70 | 260.00 | 1,404.00 | B | 557816 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  H, A | $702.00 |

*Review and respond to email from Opposing counsel:*

| 25162-14 | 12/21/2006 | MIH | HAMILTON, MINA I. | RV | REVIEWED EMAIL FROM B. DAUSHER RE: MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT AND REPLIED TO SAME REQUESTING EMAILED COPY OF MOTION TO BE SENT ASAP | 0.20 | 0.10 | 225.00 | $45.00 | B | 505109 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  H, A | $22.50 |

*Work appropriately done by firm librarian re expert Maronick:*

| 25162-14 | 4/26/2007 | FJB | BISCARDI, FRANCINE J. | RS | DOWNLOAD AND PRINT THE LAWSUITS THOMAS J. MARONICK HAS PROVIDED TESTIMONY EITHER IN A DEPOSITION, TRIAL, OR A CLASS-CERTIFICATION HEARING. [REDACTED] | 2.00 | 0 | 110.00 | 220.00 | B | 523017 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, A, L | $0.00 |

# **EXHIBIT C**

## **THE RELEVANT JOINT STATEMENT ENTRIES AND EXHIBITS ON COSTS CLEARLY SHOW WHAT WAS NOT TAXED BY THE CLERK AND WHICH DEFENDANTS CONCEDE PLAINTIFFS ARE ENTITLED TO RECOVER**

Defendants' Designation:

"**B**":  This designation was used to indicate that the request for these costs appear
to have been submitted to this Court before in connection with Plaintiffs'
request for costs filed on September 10, 2008 (Doc. No. 217), including the
time incurred by the expert witnesses, Mr. Maronick, whose invoice was
attached to the prior cost statement.  There is no explanation in
Ms. Hamilton's declaration that these were previously denied and based on a
review of the order (Doc. No. 255) filed on September 25, 2008, it is not
clear which costs were approved and paid by Defendants and which were
denied.  Therefore,  without further explanation as to the why the expert's
time is reasonable, the Court should deny the request.

Response:

Costs not taxed by the Clerk initially are recoverable as non-taxable costs. See
Agster v. Maricopa County, 486 F. Supp. 2d 1005, 1021-1022 (D. Ariz. 2007).
Contrary to Defendants' protestations and claimed ignorance, the relevant Joint
Statement entries and exhibits on Costs clearly show what was not taxed by the
Clerk, including the expert fees which Plaintiffs are entitled to recover. See Kourtis
v. Cameron, 358 Fed. Appx. 863, 885 (9th Cir. 2009).  Consider the following:

*Trial transcripts and a portion of the deposition transcripts and printing costs
were not taxed (Exh. F to Motion; Clerk's handwriting below showing costs not
taxed):*

*Joint Statement showing the above costs not taxed by the Clerk:*

| | | | | |
|---|---|---|---|---|
| Deposition Transcripts (less costs awarded on 9/25/08) | | | $1,845.48 | $20,363.55 - $18,518.07 = $1,845.48 [deposition transcript costs not awarded above] |
| Court Transcript Fee (Discovery Hearing Transcript - Required to Prepare Proposed Court Order) | | | $443.00 | $443 + $114.08 + $2,670.28 = $3227.36 [trial transcript costs not awarded above] |
| Court Transcript Fee (Pretrial Hearing Transcript - Required for Post-Trial Briefing) | | | $114.08 | |
| Trial Transcripts (Required by Court for Post-Trial Findings/Brifings-Bench Trial) | | | $2,670.28 | |
| Fees and Disbursements for Printing (less costs awarded on 9/25/08) | | | $725.75 | $17,305.49 - $16,579 = $725.75 [fees and disbursements not awarded above] |

*Expert fees and costs not previously taxed (Exh. F to Motion; Clerk's handwriting below showing costs not taxed)*

Other costs to be taxed pursuant to prior Court approval (please itemize) ...................... 58,478.00

*Joint Statement showing the above costs not taxed by the Clerk:*

| | | | | |
|---|---|---|---|---|
| Surveys (Local Rule 54-4.13) | | | | |
| Zoomerang.com (Survey Expenses) | | | $5,900.00 | TOTAL: $58,478.00 [expert/survey costs not awarded above] |
| Professional Services (Dr. Maronick - Invoice 1) | | | $18,025.00 | |
| Professional Services (Dr. Maronick - Invoice 2) | | | $34,553.00 | |

# EXHIBIT D

## THE TASKS DESIGNATED BY DEFENDANTS AS "D" ARE NOT "DUPLICATIVE"

Defendants' Designation:

"**D**": This designation objects to services that were duplicative, including where it appeared that there were several attorneys, sometimes several partners, working on the very same issues. The fact that there were a number of entries with this designation appears to support a conclusion that little consideration was made as to whether a task truly required 3 or 4 partners addressing the same issue. For example, in the tab for estimated fees for preparing and responding to the fee request, there were several people listed who would be working on the request. In my experience, a fee application is not so complex as to require 3-4 partners spending time but that the bulk of the work can and should be done by a paralegal at a much reduced rate. Therefore, Defendants request that this Court should consider this and deny any multiplier be added to any lodestar calculation.

Response:

There is no merit to Defendants' argument. The time spent in each category of tasks, which at times involved 2 - 3 attorneys, is not duplicative. *See Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)(collaboration between counsel does not necessarily entail duplication of effort). Defendants also offer no support for the hollow statement that on a fee application "the bulk of the work can and should be done by a paralegal."

In fact, A review of the Joint Statement entries designated by Defendants with a "D" actually shows that Defendants are unreasonably and nonsensically, with no meaningful consideration and in random fashion, designating as "*duplicative*", tasks which are clearly <u>not</u> duplicative. Only 2-3 attorneys (and 1 partner) were working on a given task and the billed hours were not duplicative. Consider the following examples:

*Telephone conference with survey expert:*

| 25162-14 | 6/6/2007 | MIH | HAMILTON, MINA I. | TC | TELEPHONE CONFERENCE WITH SURVEY EXPERT | 0.20 | 0 | 225.00 | 45.00 | B | 533815 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |

◇ D, V, NL

| 25162-14 | 6/5/2007 | DNM | MAKOUS, DAVID N. | CW | CONFERENCE WITH MINA HAMILTON, PREPARATION FOR SURVEY MEETING | 0.50 | 0.25 | 450.00 | 225.00 | B | 533815 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |

H ◇

*Revisions to and Finalizations of Motions in Limine (by one attorney):*

| 25162-14 | 10/5/2007 | MIH | HAMILTON, MINA I. | RE | REVISED AND FINALIZED MOTIONS IN LIMINE ONE THROUGH 5 AND INSTRUCTIONS TO V. TOWLES RE: FILING AND SERVING OF SAME | 3.80 | 0 | 260.00 | 988.00 | B | 557816 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $0.00 |

◇ (p. 28)

*Conference with opposing counsel regarding Motion to Dismiss:*

| 25162-14 | 12/15/2006 | DNM | MAKOUS, DAVID N | TC | TELEPHONE CONFERENCE (2) WITH ATTORNEY FOR DEFENDANTS AT SHEPARD MULLINS REGARDING MOTION TO DISMISS; MEETING WITH MINA HAMILTON REGARDING OPPOSITION TO MOTION TO DISMISS[REDACTED] | 0.60 | 0.30 | 450.00 | $270.00 | B | 505109 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein |

H ◇ R

# EXHIBIT E

## THE TASKS DESIGNATED BY DEFENDANTS AS "E" ARE NOT "EXCESSIVE"

Defendants' Designation:

"**E**": This designation objects to services that appear to be excessive in nature, including charging for travel time, and taking too much time with multiple reviewers on a particular document or spending too much time completing a task.

Response:

There is no merit to Defendants' argument. A review of the Joint Statement entries designated by Defendants with an "E" actually shows that Defendants are unreasonably and nonsensically, with no meaningful consideration and in random fashion, designating as "*excessive*" or "*taking too much time*", tasks which are clearly <u>not</u> excessive and/or have been written-off and not being claimed by Plaintiffs. Moreover, Defendants' position that "travel" time is not recoverable, is also without merit. *See Express LLC v. Forever 21*, Case 2:09-CV-04514, Dkt. # 4783 (C.D. Cal., Nov. 15, 2010)(holding that "properly included in an award of attorney's fees are costs and fees for paralegals, out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses"); *Ambriz v. Arrow Fin. Serv., LLC,* 2008 WL 2095617 (C.D. Cal., May 15, 2008); *See also Davis v. City and County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992) ("we have continued to hold that attorneys' fees awards can include reimbursement for out-of-pocket expenses including the travel, courier and copying costs").

Consider the following examples:
*"15 minutes" or "0.3 hours" spent on reviewing and revising the application to exceed the page limitation for an MSJ:*

| 25162-14 | 9/4/2007 | PCG | GREENSPAN, PAULA C. | RV | REVIEWED AND REVISED APPLICATION TO EXCEED PAGE LIMITATION | 0.30 | 0 | 260.00 | 78.00 | B | 552391 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein ◇E◇ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

*Preparation of MSJs (Time was actually WRITTEN-OFF and NOT being claimed by Plaintiffs):*

| | | | | | | | Status [B = Billed; W= Written Off] | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 8/12/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED MOTIONS FOR SUMMARY JUDGMENT | 3.50 | 0 | 225.00 | 787.50 | W | 0 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  E |

*2-hour attendance at Pretrial Conference and travel to Court:*

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 10/5/2007 | DNM | MAKOUS, DAVID N. | TR | TRAVEL TRAVEL TO COURT AND ATTENDANCE AT TRAFFICSCHOOL PRETRIAL CONFERENCE WITH JUDGE ANDERSON AND CONDUCT OF SAME | 2.00 | 0 | 450.00 | 900.00 | B | 557816 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  E, H | $0.00 |

*9.2 hours in taking full-day depositions and travel time to and from depositions:*

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 8/6/2007 | DCD | DECARLO, DANIEL C. | | TRAVEL TO WOODLAND HILLS (CONFERENCE WITH CLIENTS ON THE WAY) AND TAKE DEPOSITIONS OF HARDY, MRS. WARREN AND CASEY ALBITRE AND TRAVEL BACK. | 9.20 | 4.60 | 260.00 | 2,392.00 | B | 545584 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  H, E |

# **EXHIBIT F**

## **DEFENDANTS' ACROSS-THE-BOARD 50% REDUCTION IS IMPROPER**

Defendants' Designation:

"**H**":  This designation attempts to address the requirement in the U.S. Supreme Court case of Hensley v. Echerhart, 76 L.Ed. 2d 40 (1982) and the Ninth Circuit cases relying on this case which states that the moist critical factor in determining reasonableness is the degree of success obtained.  Considering all factors, in this case I employed a partial "mathematical approach" in my review given that Plaintiffs prosecuted two causes of action, one under the Lanham Act (where Plaintiffs were found to have suffered no damages and the injunction was found by the Ninth Circuit to be a barrier to First Amendment protected content) and one under the California Business & Professions Code section 17200 (where Plaintiffs' claims were completely denied), by reducing the request by 50% given the limited degree of success as discussed in Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs.  Given Plaintiffs' failure to make any effort to allocate, I have undertaken to allocate based upon the 50% reduction as I have seen done in published decisions, some of which I have cited in our brief filed concurrently herewith.  Given the two causes of action, and the fact that Plaintiffs sought monetary damages on both causes of action and were denied such damages on both causes of action, a 50% reduction is generous.  I base this assumption on the judgment that denied relief on the Second Cause of Action, this Court has already confirmed that the two causes of action did have different elements of proof justifying denying one and awarding an injunction on the other.  I also base this upon, among other things, the fact that the pleadings, such as Plaintiffs' Memorandum of Contentions of Fact and Law were devoted approximately 50-50 to each cause of action.

Response:

Defendants' arbitrary and self-serving across-the-board reduction by 50% is patently improper and finds no support in law or in fact.

The Supreme Court case of <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) supports Plaintiffs position:   Any reduction, such as the across-the-board reduction proposed by Defendants, is inappropriate because the Lanham Act claims and the non-Lanham Act claim (unfair competition) are related as they both arise out of the <u>same </u>nucleus of facts regarding Defendants' willful deceptive practices using their DMV.ORG website, and Plaintiffs obtained substantial relief in this case.

Contrary to Defendants' representations, in Plaintiffs' proposed Findings of Fact and Conclusions of Law submitted to this Court, Plaintiffs only devoted 2 out of 33 pages to the unfair competition claim (not "50-50" as represented by Plaintiffs above).  As Plaintiffs noted in that submission:

California's UCL and Section of 43a of the Lanham Act are substantively substantially congruent. <u>International Order of Job's Daughters v. Lindeburg</u>, 633 F. 2d 912, 916 (9th Cir. 1980)("federal and state laws regarding trademarks and related claims of unfair competition are substantially congruent."). As such, by virtue of the Court's finding that Defendants have violated Section 43a of The Lanham Act, Defendants are also in violation of California's UCL.

(See p. 36, Doc. No. 195-2).  Indeed, recognizing the relatedness of the claims, when this Court issued its Findings of Fact and Conclusions of Law, it only devoted 2-3 pages out of 41 pages to the unfair competition claim.

Defendants erroneously represent that given the "fact that Plaintiffs sought monetary damages on both causes of action and were denied such damages on both causes of action, a 50% reduction is generous."  <u>Plaintiffs never sought damages under their UCL claim</u>; nor could they have as restitutionary and injunctive relief are the only remedies available for UCL claims.  In fact, a simple review of the operative complaint shows that Plaintiffs only sought "restitution and injunctive relief." <u>See</u> ¶ 55 of Third Amended Complaint, Docket # 44.

Moreover, any "mathematical approach" has been rejected by the Supreme Court: "We agree with the District Court's <u>rejection</u> of 'a mathematical approach' comparing the total number of issues in the case with those actually prevailed upon. [citation to record omitted]. Such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors. Indeed, the Ninth Circuit has reversed district court applications of arbitary across-the-board reductions. "[D]ecisions of district courts employing percentages in cases involving large fee requests are subject to heightened scrutiny". <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1400 (9th Cir. 1992).  "[T]he percentage or, 'meat-axe approach,' nonetheless has

been criticized when employed in cases where the fee applications at issue
involved substantial amounts of money and where district courts failed adequately
to articulate their reasons for selecting specific percentage deductions." Id. at 1399.
In Cruz v. Alhambra Sch. Dist., 282 Fed. Appx. 578, 581-582 (9th Cir. 2008), the
Ninth Circuit reversed the district court when it arbitrarily applied a 60 percent
across-the-board lodestar reduction.

Nor is it necessarily significant that a prevailing plaintiff did not receive all
the relief requested." Hensley at 435. (emphasis added).

Defendants' position is belied by their own arbitrary 50% reduction. For
example, with respect to the preparation of Plaintiffs' Proposed Findings of Fact
and Conclusions of law (with only 2 out of 33 pages discussing unfair
competition), Defendants still applied their 50% reduction. Consider the following
example:

*Preparation of Findings of Fact and Conclusions of Law where only 2 of 33 pages
related to UCL:*

| 25162 | 11/13/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED FINDINGS OF FACTS AND CONCLUSIONS OF LAW (POST TRIAL) | 6.20 | 3.10 | 260.00 | 1,612.00 | B | 561652 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein | $806.00 |

# EXHIBIT G

## THE TASKS DESIGNATED BY DEFENDANTS AS "L" ARE NOT "LUMPED TOGETHER"

Defendants' Designation:

"**L**":   This designation objects to services where the time is "lumped" together within the description itself and the description contains time that although may have related to compensable services, cannot be parsed out from the time devoted to non-compensable (e.g. Non Lanham Act or unsuccessful) claims.  Therefore, the entire entry is tainted and all the time should be disallowed.

Response:

This is duplicative of Defendants' designations for "D" (Duplicative) and "E" (Excessive).  See above.  Defendants cite to no authority that their self-serving (and erroneous) claim of inability to "parse out" "taints" the entire time entry and entitles them to axe out all the time claimed, because there is none.  Nevertheless, the time entries designated by Defendants are <u>not</u> "lumped together" and contains very discrete and descriptive time entries.  Consider the following examples:

*Tasks clearly related to Plaintiffs' survey evidence:*

| 25162-14 | 5/15/2007 | MIH | HAMILTON, MINA I. | TC | TELEPHONE CONFERENCE WITH TOM MARONICK RE: DRAFT QUESTIONNAIRE AND REVISIONS TO SAME [REDACTED] | 1.30 | 0 | 225.00 | 292.50 | B | 527824 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

| 25162-14 | 6/19/2007 | DNM | MAKOUS, DAVID N. | [REDACTED] PROPOSED DMV.ORG SURVEYS INCLUDING PARTICULAR KEY QUESTIONS AND STIMULI USAGE | 0.60 | 0 | 450.00 | 270.00 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein R, V, NL, L, A | $0.00 |

| 25162-14 | 6/22/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED IN DETAIL SURVEY RESULTS [REDACTED] AND TELEPHONE CONFERENCES WITH TOM MARONICK AND DISCUSSION WITH D. MAKOUS RE: [REDACTED] | 2.60 | 0 | 225.00 | 585.00 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein R, V, NL, L | $0.00 |

## *Preparation of written discovery (separate entries for RFAs and Interrogatories):*

| 25162-14 | 6/12/2007 | MIH | HAMILTON, MINA I. | FN | FINALIZED RESPONSES TO INTERROGATORIES AND SENT TO CLIENT AND EXCHANGE OF EMAILS AND REVISIONS TO SAME [REDACTED] | 2.00 | 0 | 225.00 | 450.00 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein R, V, NL, L | $0.00 |

| 25162-14 | 6/12/2007 | MIH | HAMILTON, MINA I. | FN | FINALIZED REQUESTS FOR ADMISSIONS AND EXCHANGE OF EMAILS WITH CLIENTS AND REVISIONS TO RESPONSES TO REQUESTS FOR ADMISSIONS [REDACTED]. | 0.70 | 0 | 225.00 | 157.50 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein R, V, NL, L | $0.00 |

*Preparation of Summary Judgment Motion:*

| 25162-14 | 7/24/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED SUMMARY JUDGMENT MOTION [REDACTED] | 3.10 | 0 | 225.00 | 697.50 | B | 5E+05 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

*Review of and revisions to Memorandum of Points and Authorities in Opposition to MSJ:*

| 25162-14 | 8/26/2007 | DNM | MAKOUS, DAVID N. | | REVIEWING AND REVISING MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT [REDACTED] | 1.40 | 0 | 450.00 | 630.00 | B | 5E+05 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

*Research of FTC cases and application to False Advertising:*

| 25162-14 | 7/27/2007 | JAB2 | BROSAS, JOSEPHINE | RS | RESEARCHED AND REVIEWED FEDERAL TRADE COMMISSION CASES, AND APPLICATION THEREOF TO FALSE ADVERTISING CASES UNDER 43(A) OF THE LANHAM ACT, [REDACTED] | 1.20 | 0 | 180.00 | 216.00 | B | 5E+05 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

*Attended telephonic hearing with the Judge:*

| 25162-14 | 10/17/2007 | MIH | HAMILTON, MINA I. | AT | ATTENDED TELEPHONE HEARING WITH JUDGE REGARDING WITNESSES, DESIGNATION PROCESS, MINUTE ORDER, DAMAGES, REMEDIES BRIEFING ALLOWED AT END OF CASE, ETC. | 0.40 | 0 | 260.00 | 104.00 | B | 557816 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>NP, L | $0.00 |

## EXHIBIT H

## THE TASKS DESIGNATED BY DEFENDANTS AS "NL" ARE NOT "NON-LANHAM ACT CLAIMS" OR "UNSUCCESSFUL CLAIMS"

Defendants' Designation:

"**NL**":This designation objects to services that appear to relate to Non-Lanham Act claims or unsuccessful claims where Plaintiffs' were not the prevailing party.

Response:

This is duplicative of the designations for "D", "E" and "H" above.  This also misapprehends the "prevailing party" standard.   A prevailing party is "the party succeeding on a significant litigated issue [not "ALL" of the litigated issues] that achieves some of the benefits sought by that party in initiating the suit." *Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999); *EchoStar Satellite Corp. v. NDS Group PLC*, 390 Fed. Appx. 764, 766-767 (9th Cir. 2010), citing to *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiffs are the prevailing party. The Ninth Circuit's ruling that this Court's denial of attorney's fees to Plaintiffs was an abuse of discretion confirms that Plaintiffs are indeed the "prevailing party" based on the simple fact that only a "prevailing party" is entitled to attorney's fees under 15 U.S.C. §1117(a).

Per *Hensley*, Plaintiffs should recover a full fee to "encompass all hours reasonably expended ***on the litigation***" (*Hensley, supra*), regardless of any alleged "lost issues" such as the 17200 Claim, or the motion for contempt.  As the Ninth Circuit held in *Cabrales v. County of Los Angeles*, 935 F.2d 1051, 1053 (9th Cir. 1991): "Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning…The rationale is clear: If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim – even though she may have suffered some adverse rulings." See, also, *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) ("[A] litigant need not prevail on every claim in order to receive a full fee."). Not only should there be no reduction in the fees, but any "mathematical approach" as Defendants advocate would be error per *Hensley*.

Moreover, in many cases involving equitable relief, as here, the entry of judgment does not end the litigation; rather, it is the *enforcement* of the judgment that secures real relief. Accordingly, courts routinely permit post-judgment attorney's fees awards for necessary monitoring of compliance with such prospective injunctions. *Eirhart v. Libbey-Ownes-For Co.*, 996 F.2d 846, 851 (7th Cir. 1993); *McDonald v. Armontrout*, 860 F.2d 1456, 1461 (8th Cir. 1988); *Gates v. Rowland*, 39 F.3d 1439, 1450-1451 (9th Cir. 1994); *Turner v. Orr*, 785 F.2d 1498, 1504 (11th Cir. 1986); *General Signal Corp. v. Donallco*, 787 F.2d 1376, 1380 (9th Cir. 1986).

Additionally, Defendants have arbitrarily designated as "NL" ("Non-Lanham Act") entries which directly relate to the Lanham Act. Consider the following examples:

*Preparation of statements of support for Lanham Act Jury Instructions:*

| 25162-14 | 9/28/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED STATEMENTS OF SUPPORT FOR JURY INSTRUCTIONS [[LANHAM ACT] LIABILITY-THEORIES AND POLICIES (15 U.S.C. 1114(1), 1125(A)) [MODIFIED]] | 0.50 | 0 | 260.00 | 130.00 | B | 552391 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  NP, L, NL | $0.00 |

*Researched  Lanham Act false advertising case law:*

| 25162-14 | 6/6/2007 | MIH | HAMILTON, MINA I. | AD | ANALYZED CASE LAW RESEARCH ON LANHAM ACT FALSE ADVERTISING (ANNOTED CODES) [REDACTED] | 4.90 | 0 | 225.00 | 1,102.50 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, L, V, NL | $0.00 |

*Researched Lanham Act injunctive remedies:*

| 25162-14 | 7/26/2007 | JAB2 | BROSAS, JOSEPHINE | RS | RESEARCHED CASE LAW AND AUTHORITY RE LANHAM ACT 43(A) INJUNCTIVE REMEDIES RE FALSE ADVERTISING [REDACTED] | 2.20 | 0 | 180.00 | 396.00 | B | 540126 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein

R, V, NL, L | $0.00 |

*Researched remedies under the Lanham Act for false advertising:*

| 25162-14 | 7/29/2007 | JAB2 | BROSAS, JOSEPHINE | DR | DRAFTED MEMORANDUM RE REMEDIES UNDER LANHAM ACT SEC 43(A) FOR FALSE ADVERTISING, DISCUSSING INJUNCTIVE REMEDIES [REDACTED] | 1.90 | 0 | 180.00 | 342.00 | B | 540126 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein

R, V, NL, L | $0.00 |

***Preparation of false advertising arguments in Opposition to Defendants' Motion to Dismiss (this time was WRITTEN-OFF and is not being claimed by Plaintiffs) :***

| 25162-14 | 1/7/2007 | DNM | MAKOUS, DAVID N. | | REVISE MULTIPLE ARGUMENTS AND PRESENTATIONS ON FALSE ADVERTISING CLAIM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT UNDER 12(B)6 AND 12(E) OF FRCP | 1.40 | 0.70 | 450.00 | $630.00 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein

H, NL | $315.00 |

*Researched injunctions in Lanham Act cases:*

| 25162-14 | 7/23/2007 | JAB2 | BROSAS, JOSEPHINE | RS | RESEARCHED CASE LAW RE INJUNCTIONS IN FALSE ADVERTISING AND TRADEMARK INFRINGEMENT CASES, [REDACTED] | 2.10 | 0 | 180.00 | 378.00 | B | 540126 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein

R, V, NL, L | $0.00 |

## EXHIBIT I

## THE TASKS DESIGNATED BY DEFENDANTS AS "NP" DO NOT "RELATE TO MATTERS WHERE PLAINTIFFS WERE NOT THE PREVAILING PARTIES"—WITHOUT QUESTION, AS CONFIRMED BY THE NINTH CIRCUIT'S MANDATE, PLAINTIFFS ARE THE PREVAILING PARTIES IN THIS CASE

<u>Defendants' Designation</u>:

"**NP**": This designation objects to services that appear to relate to matters where Plaintiffs were not the prevailing parties. For example, Plaintiffs sought compensation for time spent on their post-judgment motion for contempt regarding the injunction. Plaintiffs lost this motion. Because the motion was brought after judgment, the cases relied upon by Plaintiffs in their brief at page 17 (Gates v. Deukmejian, 987 F.2d 1392(9th Cir. 1992)), that a litigant need not prevail on every claim, is not applicable because the case had concluded to judgment and this was a post trial motion to enforce, and was both unrelated to prosecuting the Lanham Act claim and unsuccessful.

<u>Response</u>:

This is duplicative of the designations for "H", "L" and "NL" above. This misapprehends the "prevailing party" standard.  A prevailing party is "the party succeeding on a <u>significant litigated issue</u> [not "ALL" of the litigated issues] that achieves some of the benefits sought by that party in initiating the suit." *Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999); *EchoStar Satellite Corp. v. NDS Group PLC*, 390 Fed. Appx. 764, 766-767 (9th Cir. 2010), citing to *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiffs here are the prevailing party.  The Ninth Circuit's ruling that this Court's denial of attorney's fees to Plaintiffs was an abuse of discretion confirms that Plaintiffs are indeed the "prevailing party" based on the simple fact that only a "prevailing party" is entitled to attorney's fees under 15 U.S.C. §1117(a).

Notwithstanding the above, Defendants have designated as "NP" issues which Plaintiffs prevailed on.  Consider the following examples:

*Tasks relating to Plaintiffs' successful opposition to Defendants' 12(b)(6) motion to dismiss claiming that Plaintiffs and Defendants are not competitors:*

| 25162-14 | 1/24/2007 | DCD | DECARLO, DANIEL C. | | EVALUATE COURT'S ORDER RE 12B6 AND OUTLINE 2ND AMENDED COMPLAINT ALLEGATIONS RE COMPETITION. | 1.20 | 0 | 260.00 | $312.00 | B | 507606 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>INP; NL | $0.00 |

*Preparation of Statements of Support for Jury Instructions re Lanham Act liability:*

| 25162-14 | 9/28/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED STATEMENTS OF SUPPORT FOR JURY INSTRUCTIONS [[LANHAM ACT] LIABILITY-THEORIES AND POLICIES (15 U.S.C. 1114(1), 1125(A)) [MODIFIED]] | 0.50 | 0 | 260.00 | 130.00 | B | 552391 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>INP; L, NL | $0.00 |

## EXHIBIT J

## DEFENDANTS' WHOLESALE "R" DESIGNATION OF EVERY SINGLE REDACTED ENTRY (AND GUTTING OF ALL TIME CLAIMED THEREIN) —NO MATTER HOW DESCRIPTIVE IT IS—SHOWS HOW ARBITRARY AND IMPROPER DEFENDANTS' DESIGNATIONS ARE

Defendants' Designation:

"**R**": This designation objects to time entries that contained redactions which prevent any analysis as to the reasonableness of the undisclosed work. Given Plaintiffs' failed to make any effort to identify whether a particular entry related solely to a Lanham Act claim the Defendants request that the Court deny the time where the redactions render it impossible to determine reasonableness because it was Plaintiffs' burden in its opening brief to establish sufficient facts to allow for a finding of reasonableness. It also appears that the redacted entries may relate to discussions that focused on Plaintiff's pecuniary interests and efforts at personal gain which would not be compensable. The evidence before the court does not allow a person reviewing the descriptions to assess the reasonableness and therefore Defendants request the time be denied in full. Although this Court's August Order did allow Plaintiffs to redact entries, they do this at their own risk if the redactions are so excessive as to gut the ability to determine reasonableness or the compensable nature of the time incurred.

Response:

Defendants' "R" designation appears on every single time entry that has been redacted by the plaintiffs no matter how descriptive the time entry may be. Contrary to Defendants' self-serving claim that the redactions are "so excessive" so as to "prevent any analysis as to the reasonableness of the undisclosed work", the substance of the tasks performed is clearly ascertainable despite the redactions. The redactions made are minimal and have been narrowly tailored. Plaintiffs only redacted to the extent necessary to prevent disclosure of information protected by the attorney-client privilege (e.g., entries that would disclose the substance of communications with the client) or work product doctrine (e.g., entries that would

disclose attorney strategy [which is crucial especially given that this case is ongoing]. These redactions were made as specifically provided for by this Court's Order (D.E. # 302, p. 1)("These records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine.") Nevertheless, to the extent necessary, Plaintiffs offer the unredacted invoices for this Court's *in camera* review.

As shown in the examples below, those designated with an "R" either: (1) have NOT been redacted at all and/or have been WRITTEN-OFF and are not being claimed by Plaintiffs; or (2) have been redacted but the task performed is clearly ascertainable despite the redactions.

*Entries which have NOT been redacted and have been WRITTEN-OFF:*

| 25162-14 | 1/2/2007 | MIH | HAMILTON, MINA I. | CW | CONFERENCE WITH D. DECARLO RE: MOTION TO DISMISS/MOTION FOR MORE DEFINITE STATEMENT AND STRATEGY FOR OPPOSITION | 0.30 | 0.15 | 225.00 | $67.50 | W | 0 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, R, NL | $33.75 |

*Entries which are CLEARLY ascertainable even with redactions:*

*Review of survey draft and message to expert:*

| 25162-14 | 6/19/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED SURVEY DRAFT AND LEFT MESSAGE WITH TOM MARONICK RE: [REDACTED] | 0.50 | 0 | 225.00 | 112.50 | B | 533815 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

## Preparation of survey evidence and review of survey results:

| 25162-14 | 6/20/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED MATERIALITY SURVEY WITH D. MAKOUS AND T. MARONICK; REVIEW OF RESULTS OF OTHER SURVEYS, DISCUSSION WITH D. MAKOUS RE: STATUS [REDACTED] | 3.90 | 0 | 225.00 | 877.50 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  D, R, V, NL, A, L | $0.00 |

## Research re Defendants' website changes and judicial notice re same:

| 25162-14 | 6/19/2007 | JAB2 | BROSAS, JOSEPHINE | RS | RESEARCHED AND REVIEWED CASES TO DETERMINE IMPLICATIONS OF CHANGING WEBSITE AFTER THE FILING OF THE COMPLAINT, FILING OF REQUEST FOR JUDICIAL NOTICE RE THE APPEARANCE OF THE WEBSITE AT THE TIME OF THE FILING OF THE COMPLAINT, CASES INCLUDE [REDACTED] | 2.50 | 0 | 180.00 | 450.00 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, L | $0.00 |

## Research re injunctive remedies:

| 25162-14 | 7/26/2007 | JAB2 | BROSAS, JOSEPHINE | RS | RESEARCHED CASE LAW AND AUTHORITY RE INJUNCTIVE REMEDIES REQUIRING AFFIRMATIVE STEPS, SHAPING VARIOUS INJUNCTIVE REMEDIES, AND RESEARCHED AND REVIEWED CASE LAW RE VOLUNTARY CESSATION OF VIOLATIVE ACTIVITY AND SUBSEQUENT MODIFICATIONS TO SITES AND ADVERTISEMENTS, CASES INCLUDE [REDACTED] | 2.70 | 0 | 180.00 | 486.00 | B | 540126 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, L | $0.00 |

## Preparation for and attend trial conference:

| 25162-14 | 10/16/2007 | DNM | MAKOUS, DAVID N. | PF | PREPARATION FOR TRIAL CONFERENCE WITH JUDGE ANDERSON AND MEETING WITH CLIENTS [REDACTED] CREDITOR IN PREPARATION FOR HEARING, ATTENDANCE AND ARGUMENT AT LENGTHY HEARING BEFORE JUDGE ANDERSON, FURTHER MEETINGS WITH CLIENTS, MINA HAMILTON AND DAN DECARLO REGARDING [REDACTED] | 4.00 | 0 | 450.00 | 1,800.00 | B | 557816 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, L | $0.00 |

*Research re public policy for allowing competitors to sue to vindicate public interest:*

| 25162-14 | 11/1/2007 | MIH | HAMILTON, MINA I. | RS | RESEARCHED REGARDING PUBLIC POLICY FOR ALLOWING COMPETITORS TO SUE TO VINDICATE PUBLIC UNDER FALSE ADVERTISING CLAIM [REDACTED] | 2.20 | 0 | 260.00 | 572.00 | B | 561652 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL | $0.00 |

*Trial preparation:*

| 25162-14 | 11/3/2007 | MIH | HAMILTON, MINA I. | PD | PREPARED TASK LIST FOR PRE-TRIAL AND TRIAL (FIRST DAY) DOCUEMNTS AND BINDERS AND REVIEWED COURT'S CIVIL TRIAL ORDER RE SAME [REDACTED] | 0.90 | 0 | 260.00 | 234.00 | B | 561652 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, L | $0.00 |

*Preparation of Opposition to stay injunction:*

| 25162 | 9/11/2008 | MIH | HAMILTON, MINA I. | PD | PREPARED OPPOSITION TO EX PARTE MOTION TO STAY INJUNCTION, TELEPHONE CALL WITH CLIENTS RE: [REDACTED] | 5.90 | 0 | 260.00 | 1,534.00 | B | 633632 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, L | $0.00 |

**EXHIBIT K**

**TASKS DESIGNATED BY DEFENDANTS AS "V" ARE NOT "VAGUE" AT ALL**

<u>Defendants' Designation</u>:

"**V**":   This designation objects to time entries that are so vague (e.g. "conference with client") that it is impossible to assess reasonableness or whether it relates to a Lanham Act or Non-Lanham Act claim or a successful claim where Plaintiffs can argue they were the prevailing party.  Therefore, Defendants request that the time be denied in full.

<u>Response</u>:

This is duplicative of all of Defendants' other designations.  Contrary to Defendants' claim, as shown by some examples below, these time entries are not "vague" at all or so "vague" as to prevent any assessment of the task.  With regard to some of the "*conference with client*" entries, they have been redacted to prevent disclosure of the substance of the communications with the client which is protected by the attorney-client privilege and attorney strategy which is protected by work product.  Nevertheless, the context of these communications can be ascertained from entries themselves or the preceding and/or subsequent entries.  Consider the examples below:

*Revise Complaint to add new allegations vs. EDriver:*

| 25162-14 | 11/20/2006 | DNM | MAKOUS, DAVID N. | REVISE COMPLAINT WITH NEW ALLEGATIONS VS. EDRIVER | 0.70 | 0 | 450.00 | $315.00 | B | 498641 | | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  ⟨V, NL⟩ | $0.00 |

*Reviewed evidence of actual confusion:*

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 5/31/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED EVIDENCE OF ACTUAL CONFUSION RE: REFERRING WEBSITES TO DMV.ORG AND DISCUSSION WITH CLIENTS/DNM/DCD RE:[REDACTED] | 1.30 | 0.65 | 225.00 | $292.50 | B | 527824 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>H, R, V, NL | $146.25 |

*Review and analysis of expert reports:*

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 6/26/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED AND ANALYZED EXPERT REPORT OF DANIEL S. JANAL AND DISCUSSION WITH CLIENTS AND D.MAKOUS AND D. DECARLO RE: [REDACTED] | 1.20 | 0 | 225.00 | 270.00 | B | 533815 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

*Review of emails from opposing counsel re production of financials:*

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 7/13/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED EMAILS FROM B. DAUCHER RE: PRODUCTION OF SUPPLEMENTAL FINANCIAL DATA AND REPLIED TO SAME MULTIPLE TIMES AND DISCUSSIONS WITH D. MAKOUS AND D. DECALRO AND TELEPHONE CALL WITH CLIENTS RE: [REDACTED] | 0.80 | 0 | 225.00 | 180.00 | B | 540126 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

*Preparation for deposition, attendance of deposition and travel to/from deposition:*

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25162-14 | 7/17/2007 | DNM | MAKOUS, DAVID N. | MW | MEETING WITH CHRIS KRAMER AND CREDITOR IN PREPARATIOIN OF KRAMER DEPOSITION AND TRAVEL TO COSTA MESA; ATTEND DEPOSITION OF CHRIS KRAMER IN COSTA MESA; REVIEW NEW EXHIBITS AND DOCUMENTS; MEETINGS WITH CLIENTS RE [REDACTED]  RETURN TO LOS ANGELES AND CONFERENCE WITH CLIENTS RE LAWSUIT | 10.70 | 0 | 450.00 | 4,815.00 | B | 540126 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein<br><br>R, V, NL, L | $0.00 |

*Review of Court Order re MSJ and analysis of same for trial:*

| 25162-14 | 9/17/2007 | MIH | HAMILTON, MINA I. | RV | REVIEWED COURT ORDER/OPINION ON MOTION FOR SUMMARY JUDGMENT AND ANALYZED SAME FOR EVIDENTIARY POINTS FOR TRIAL AND DISCUSSION WITH D. DECALRO RE: [REDACTED] | 1.30 | 0 | 260.00 | 338.00 | B | 552391 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, L | $0.00 |

*Preparation for and attendance at Final Pre-trial Conference:*

| 25162-14 | 10/26/2007 | MIH | HAMILTON, MINA I. | PF | PREPARATION FOR AND ATTENDANCE AT PRETRIAL CONFERENCE HEARING [REDACTED] | 1.80 | 0 | 260.00 | 468.00 | B | 557816 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL, L |

*Research re attorney's fees issue:*

| 2516 | 1/10/2008 | MIH | HAMILTON, MINA I. | RS | RESEARCHED LEGAL AUTHORITY FOR ABUSE OF DISCRETION IN FAILURE TO AWARD FEES [REDACTED] | 0.40 | 0 | 260.00 | 104.00 | B | 580631 | See Defendants' Comments to Joint Statement and Declaration of Andrew Serwin in Support thereof, concurrently submitted, which is hereby incorporated by reference as if fully set forth herein  R, V, NL | $0.00 |

# EXHIBIT L
## "NO CHARGE" ENTRIES ARE NOT BEING CLAIMED IN THIS MOTION

### Defendants' Designation:

"**no charge**": This designation identifies entries that the Plaintiffs state they did not charge their client. Given that Plaintiffs redacted the last page of each invoice that presumably showed what they actually charged their clients, it is impossible to tell what was actually charged and Defendants request that the Court give the benefit to Defendants on this point and deny the attorneys' fees.

### Response:

As shown in the Joint Statement spreadsheets, for all "no charge" entries, the "Total Amount" billed was "$0", meaning, the clients were not charged anything, and Plaintiffs are not claiming such entries in this fee motion. Consider the following examples:

