1 **LEWIS BRISBOIS BISGAARD & SMITH** LLP
DAVID N. MAKOUS, SB# 082409
2    E-Mail: makous@lbbslaw.com
DANIEL C. DECARLO, SB# 160307
3    E-Mail: decarlo@lbbslaw.com
MINA I. HAMILTON, SB# 213917
4    E-Mail: hamilton@lbbslaw.com
221 North Figueroa Street, Suite 1200
5 Los Angeles, California 90012
Telephone: 213.250.1800
6 Facsimile: 213.250.7900

7 *Attorneys for Plaintiffs*
TRAFFICSCHOOL.COM, INC. and
8 DRIVERS ED DIRECT, LLC

9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company, | CASE NO. CV 06-7561 PA (CWx) *The Hon. Percy Anderson* |
| 15 Plaintiffs, | PLAINTIFFS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE DECLARATION OF KATHRYN CATHERWOOD IN SUPPORT OF DEFENDANTS' COMMENTS TO JOINT STATEMENT OF FEES AND COSTS |
| 16 vs. | |
| 17 EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, RAJ LAHOTI, individuals, | |
| 19 | Date:   December 5, 2011 Time:   1:30 p.m. Crtrm.: 15 |
| 20 Defendants. | |
| 21 | Complaint Filed: November 28, 2006 |

22

23

24

25

26       Plaintiffs TRAFFICSCHOOL.COM, INC. and DRIVERS ED DIRECT, LLC

27 hereby object to and move to strike the Declaration of Ms. Kathryn Catherwood

28 including exhibits thereto as set forth below.

4833-9263-1054.1

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF KATHRYN CATHERWOOD

1    Defendants have submitted a Declaration of Ms. Catherwood, one of the
2    partners in the firm Foley Lardner, and someone who also is now acting as counsel
3    of record for Defendants, as their self-designated "expert" on attorney fees.

4    Under the requirements of the Federal Rules of Evidence Rule 702 and the
5    gatekeeper function of the well-recognized cases of <u>Daubert v. Merrell Dow</u>
6    <u>Pharmaceuticals, Inc.</u>, 509 US 579, 592 (1993) and <u>Kumho Tire Co., Ltd. v.</u>
7    <u>Carmichael</u>, 526 US 137, 148-149 (1999), her testimony should be disregarded. The
8    reasons are self-evident as she provided no evidence that she possesses the requisite
9    "specialized knowledge to assist the trier of fact", and the "knowledge, skill,
10   experience, training or education" to opine as an expert in this matter, for the
11   following reasons:

12   • She is an admitted bankruptcy court practitioner, which is irrelevant;
13   • She failed to lay any foundation for any qualifications concerning any
14       familiarity with the Lanham Act or a false advertising case;
15   • She failed to identify any other prior matter in which she acted at all;
16   • She  did not review the sizable court and litigation record spanning the
17       last 5 years in this case and its myriad pleadings, discovery, expert
18       reports, motions, rulings, trial findings and record, injunctions, and the
19       appeal, or any of the statutes and cases at issue, and she admits as much
20       in Paragraph 4 where she stated  "*particularly given my lack of*
21       *familiarity with the underlying litigation*";
22   • She uses a self-proclaimed "mathematical approach" (Paragraph 6 –
23       "H") with no legal support or precedent.
24

25   Simply put it is plain that Ms. Catherwood fails to provide the basic
26   foundation necessary to receive the testimony of any witness (lay or expert) under
27   FRE 602 and 701) and falls remarkably short of the high standard required by FRE
28   703  because her testimony is not:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-9263-1054.1

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF KATHRYN CATHERWOOD

1  " (1)…based upon sufficient facts or data, (2)… the product of reliable

2  principles and methods, and (3)…[the result of application of]

3  principles and methods reliably to the facts of the case" .

4  In essence her "opinions" are no more than "junk science" and not competent

5  admissible evidence, and such is regularly and necessarily rejected by the Courts.

6  **SPECIFIC OBJECTIONS**

7  In addition to general objection to the entirety of Ms. Catherwood's

8  declaration for the reasons stated above, Plaintiffs more specifically object as

9  follows:

10  1.    **Page 2, Lines 4 – 9:**

11  "However, my experience includes over 20 years of practicing before state

12  and federal courts, including in bankruptcy court with extensive experience in

13  reviewing and assessing reasonableness of fees and costs incurred in cases with

14  statutory rights to attorneys fees. I have been involved in both preparing fee

15  applications in bankruptcy court and objecting to fee applications by other

16  professionals employed in bankruptcy cases."

17  Objection:  Irrelevant. Lacks foundation. FRE 401-403, 602.

18  Sustain: _____                    Overrule: _____

19

20  2.    **Page 2, Line 21 – Page 3, Line 4:**

21  "I began undertaking the task of reviewing the excel spreadsheet provided to

22  my partner, Andrew Serwin, by Plaintiff's counsel even before the Court issued its

23  order and believe that the Court will find my analysis helpful and instructive.

24  Although Attorney Tammy Boggs of our office requested via e-mail that Attorney

25  Hamilton provide us with the most recent version of the excel spread sheet. This

26  request was declined. Therefore, I have reviewed what I believe to be the most

27  recent version provided to us in excel format and in the event it differs from what

28  was filed with the Court, I request an opportunity to respond to any inconsistencies


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   in the two versions, although I understand that no changes were made after receiving

2   Defendants' comments other than adding in Plaintiffs responses to such comments."

3   <u>Objection</u>:   Irrelevant. Lacks foundation. Hearsay. Improper opinion

4   testimony. FRE 401-403, 602, 701-703, 801-802.

5   Sustain: _____                    Overrule: _____

6

7   **3.      <u>Page 3, Lines 5-22</u>:**

8   "In reviewing the descriptions contained in Plaintiffs' excel spreadsheet, I

9   preliminarily note for the Court that there were several entries that did, in fact

10  reference section 17200, et seq., including as follows:

11  "Review new California authority on B &P section 17204 re standing in

12  California." (Doc. No. 315 at p. 237)

13  "Reviewed B. Daucher 'Proposal' re 17500 and discussed responses with D.

14  DeCarlo.: (Doc. No. 315 at p. 239)

15  "Research Attorney Fee Awards under private attorney general statute." (Doc.

16  No. 315 at p. 306)

17  "Research Request for: Mina Hamilton. Request: Search for model jury

18  instructions regarding false advertising in any Federal Court or CA State Court

19  under Bus. & Prof. Code. . ." (Doc. No. 315 at p. 234)

20  Therefore it appears that the statement that it was impossible to allocate the

21  time between non-Lanham Act and Lanham Act claims is not completely accurate. I

22  also noted random time entries such as "client lunch" for 3.0 hours at $780 (Doc.

23  No. 315 at p. 299); "meeting with client at lunch (no charge)" for 1.5 hours at $675

24  (Doc. No. 315 at p. 349) that are not compensable at all, and the no charge to client

25  is nonetheless included in the request before this Court.

26  <u>Objection</u>:   Irrelevant. Lacks foundation. Hearsay. Improper opinion

27  testimony. FRE 401-403, 602, 701-703, 801-802.

28  Sustain: _____                    Overrule: _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF KATHRYN CATHERWOOD

4. **Page 3, Line 23 – Page 4, Line 4, Exhibit 1:**

"Although extremely difficult and time consuming, and particularly given my lack of familiarity with the underlying litigation, I believe that my analysis contained in the Supplemental Joint Statement on Fees, filed concurrently herewith, will provide guidance to the Court, to the extent the Court believes that any fees or costs should be shifted to Defendants. I have attached to this declaration as Exhibit 1 the last page of each tab of the excel spread sheet contained in the Supplemental Joint Statement on Fees which contains the total in reduced hours and corresponding reduced fees proposed by Defendants taking into account the proffered objections to each line item of time."

Objection:  Irrelevant. Lacks foundation. Improper opinion testimony. FRE 401-403, 602, 701-703.

Sustain: _____          Overrule: _____

5. **Page 4, Lines 5-8, Exhibit 2:**

"I also reviewed the Joint Statement on Costs and have provided Defendants' position with respect to the requested costs on a Supplemental Joint Statement on Costs filed concurrently herewith, a copy of the last page showing the total reduced costs is attached hereto as Exhibit 2."

Objection:  Irrelevant. Lacks foundation. Improper opinion testimony. FRE 401-403, 602, 701-703.

Sustain: _____          Overrule: _____

6. **Page 4, Lines 14-21:**

"'A': This designation objects to the services because they appear to relate to administrative tasks, clerical tasks or tasks that could have and should have been done by someone of a lower billing rate than a partner. The fact that there were a number of entries with this designation appears to support a conclusion that little



1  consideration was made as to whether a person at a lower billing rate should have

2  performed the task. Therefore, Defendants request that this Court should consider

3  this and deny any multiplier be added to any lodestar calculation."

4      Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

5  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.

6  B.

7      Sustain: _____          Overrule: _____

8

9      **7.    Page 4, Line 22 – Page 5, Line 4:**

10      "'B': This designation was used to indicate that the request for these costs

11  appear to have been submitted to this Court before in connection with Plaintiffs'

12  request for costs filed on September 10, 2008 (Doc. No. 217), including the time

13  incurred by the expert witnesses, Mr. Maronick, whose invoice was attached to the

14  prior cost statement. There is no explanation in Ms. Hamilton's declaration that

15  these were previously denied and based on a review of the order (Doc. No. 255)

16  filed on September 25, 2008, it is not clear which costs were approved and paid by

17  Defendants and which were denied. Therefore, without further explanation as to the

18  why the expert's time is reasonable, the Court should deny the request."

19      Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

20  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.

21  C.

22      Sustain: _____          Overrule: _____

23

24      **8.    Page 5, Lines 5-16:**

25      "'D': This designation objects to services that were duplicative, including

26  where it appeared that there were several attorneys, sometimes several partners,

27  working on the very same issues. The fact that there were a number of entries with

28  this designation appears to support a conclusion that little consideration was made as

1  to whether a task truly required 3 or 4 partners addressing the same issue. For

2  example, in the tab for estimated fees for preparing and responding to the fee

3  request, there were several people listed who would be working on the request. In

4  my experience, a fee application is not so complex as to require 3-4 partners

5  spending time but that the bulk of the work can and should be done by a paralegal at

6  a much reduced rate. Therefore, Defendants request that this Court should consider

7  this and deny any multiplier be added to any lodestar calculation."

8      <u>Objection</u>:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

9  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.

10  D.

11      Sustain: _____          Overrule: _____

12

13      **9.      <u>Page 5, Lines 17-20:</u>**

14      "'E': This designation objects to services that appear to be excessive in

15  nature, including charging for travel time, and taking too much time with multiple

16  reviewers on a particular document or spending too much time completing a task."

17      <u>Objection</u>:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

18  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.

19  E.

20      Sustain: _____          Overrule: _____

21

22      **10.      <u>Page 5, Line 21 – Page 6, Line 18:</u>**

23      "'H': This designation attempts to address the requirement in the U.S.

24  Supreme Court case of <u>Hensley v. Echerhart</u>, 76 L.Ed. 2d 40 (1982) and the Ninth

25  Circuit cases relying on this case which states that the moist critical factor in

26  determining reasonableness is the degree of success obtained. Considering all

27  factors, in this case I employed a partial "mathematical approach" in my review

28  given that Plaintiffs prosecuted two causes of action, one under the Lanham Act

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-9263-1054.1

7

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF KATHRYN CATHERWOOD

1   (where Plaintiffs were found to have suffered no damages and the injunction was

2   found by the Ninth Circuit to be a barrier to First Amendment protected content) and

3   one under the California Business & Professions Code section 17200 (where

4   Plaintiffs' claims were completely denied), by reducing the request by 50% given

5   the limited degree of success as discussed in Defendants' Opposition to Plaintiffs'

6   Motion for Attorneys' Fees and Costs. Given Plaintiffs' failure to make any effort to

7   allocate, I have undertaken to allocate based upon the 50% reduction as I have seen

8   done in published decisions, some of which I have cited in our brief filed

9   concurrently herewith. Given the two causes of action, and the fact that Plaintiffs

10   sought monetary damages on both causes of action and were denied such damages

11   on both causes of action, a 50% reduction is generous. I base this assumption on the

12   judgment that denied relief on the Second Cause of Action, this Court has already

13   confirmed that the two causes of action did have different elements of proof

14   justifying denying one and awarding an injunction on the other. I also base this

15   upon, among other things, the fact that the pleadings, such as Plaintiffs'

16   Memorandum of Contentions of Fact and Law were devoted approximately 50-50 to

17   each cause of action."

18       <u>Objection</u>:  Irrelevant. Lacks foundation. Improper opinion testimony. FRE

19   401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.

20   F.

21       Sustain: _____          Overrule: _____

22

23       **11.**   <u>**Page 6, Lines 19-24:**</u>

24       "'L': This designation objects to services where the time is "lumped" together

25   within the description itself and the description contains time that although may

26   have related to compensable services, cannot be parsed out from the time devoted to

27   non-compensable (e.g. Non Lanham Act or unsuccessful) claims. Therefore, the

28   entire entry is tainted and all the time should be disallowed."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Objection:  Irrelevant. Lacks foundation. Improper opinion testimony. FRE
2  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.
3  G.

4      Sustain: _____          Overrule: _____

5

6  **12.    Page 6, Lines 25-27:**

7  "'NL': This designation objects to services that appear to relate to Non-
8  Lanham Act claims or unsuccessful claims where Plaintiffs' were not the prevailing
9  party."

10    Objection:  Irrelevant. Lacks foundation. Improper opinion testimony. FRE
11  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.
12  H.

13      Sustain: _____          Overrule: _____

14

15  **13.    Page 7, Lines 1-9:**

16  "'NP': This designation objects to services that appear to relate to matters
17  where Plaintiffs were not the prevailing parties. For example, Plaintiffs sought
18  compensation for time spent on their post-judgment motion for contempt regarding
19  the injunction. Plaintiffs lost this motion. Because the motion was brought after
20  judgment, the cases relied upon by Plaintiffs in their brief at page 17 (Gates v.
21  Deukmejian, 987 F.2d 1392(9th Cir. 1992)), that a litigant need not prevail on every
22  claim, is not applicable because the case had concluded to judgment and this was a
23  post trial motion to enforce, and was both unrelated to prosecuting the Lanham Act
24  claim and unsuccessful."

25  Objection:  Irrelevant. Lacks foundation. Improper opinion testimony. FRE
26  401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh. I.

27      Sustain: _____          Overrule: _____

28

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF KATHRYN CATHERWOOD

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14.     <u>Page 7, Lines 10-24:</u>

"'R': This designation objects to time entries that contained redactions which prevent any analysis as to the reasonableness of the undisclosed work. Given Plaintiffs' failed to make any effort to identify whether a particular entry related solely to a Lanham Act claim the Defendants request that the Court deny the time where the redactions render it impossible to determine reasonableness because it was Plaintiffs' burden in its opening brief to establish sufficient facts to allow for a finding of reasonableness. It also appears that the redacted entries may relate to discussions that focused on Plaintiff's pecuniary interests and efforts at personal gain which would not be compensable. The evidence before the court does not allow a person reviewing the descriptions to assess the reasonableness and therefore Defendants request the time be denied in full. Although this Court's August Order did allow Plaintiffs to redact entries, they do this at their own risk if the redactions are so excessive as to gut the ability to determine reasonableness or the compensable nature of the time incurred."

Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE 401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh. J.

Sustain: _____                    Overrule: _____


15.     <u>Page 7, Line 25 – Page 8, Line 2:</u>

"'V': This designation objects to time entries that are so vague (e.g. 'conference with client') that it is impossible to assess reasonableness or whether it relates to a Lanham Act or Non-Lanham Act claim or a successful claim where Plaintiffs can argue they were the prevailing party. Therefore, Defendants request that the time be denied in full."

Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE 401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh. K.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-9263-1054.1

10

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF KATHRYN CATHERWOOD

1    Sustain: _____                Overrule: _____

2

3    **16.    Page 8, Lines 3-8:**

4    "'no charge': This designation identifies entries that the Plaintiffs state they

5    did not charge their client. Given that Plaintiffs redacted the last page of each

6    invoice that presumably showed what they actually charged their clients, it is

7    impossible to tell what was actually charged and Defendants request that the Court

8    give the benefit to Defendants on this point and deny the attorneys' fees."

9    Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

10   401-403, 602, 701-703. See Response to Defendants' "Coded" Designations, Exh.

11   L.

12   Sustain: _____                Overrule: _____

13

14   **17.    Page 8, Lines 9-21:**

15   "As seen on Exhibit 1, after discounting for non-Lanham Act services (R and

16   H) the number of hours spent and rates charged for each "tab" in the Excel

17   spreadsheet was as follows:

18

| | Reduced Fees | Reduced Hours |
|---|---|---|
| Pleadings: | $ 20,338.25 | 83.95 |
| Discovery | $62,301.00 | 235.40 |
| Summary Judgment | $37,946.75 | 160.35 |
| Pre-Trial | $54,899.25 | 225.85 |
| Trial through Post Judgment | $39,364.25 | 225.85 |
| Contempt | $0.00 | 0 |
| Attorneys Fees | $18,980.00 | 73 |
| Joint Status Report | $3,600.00 | 8 |
| Total Fees | $237,429.50 | 1012.4" |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-9263-1054.1

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF KATHRYN CATHERWOOD

1  Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

2  401-403, 602, 701-703.

3  Sustain: _____                    Overrule: _____

4

5  **18.   Page 9, Lines 1-3:**

6  "In addition, I noted many entries that warranted an "A" designation not

7  accounted for in the above and below a further across the board discount of 10% (or

8  $23,742.95) for total possible award of $213,686.55."

9  Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

10  401-403, 602, 701-703.

11  Sustain: _____                    Overrule: _____

12

13  **19.   Page 9, Line 4:**

14  "As seen on Exhibit 2, the costs should be reduced to $29.85."

15  Objection:   Irrelevant. Lacks foundation. Improper opinion testimony. FRE

16  401-403, 602, 701-703.

17  Sustain: _____                    Overrule: _____

18

19  Plaintiffs respectfully request that the Court sustain Plaintiffs' objections and

20  strike the Declaration of Kathryn Catherwood and exhibits thereto.

21

22  DATED: November 21, 2011          LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24

25  By: _____ /s/ Mina I. Hamilton _____

26  Mina I. Hamilton
   *Attorneys for Plaintiffs*

27  TRAFFICSCHOOL.COM, INC. and
   DRIVERS ED DIRECT, LLC

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW