1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DAVID N. MAKOUS, SB# 082409
2     E-Mail: makous@lbbslaw.com
   DANIEL C. DECARLO, SB# 160307
3     E-Mail: decarlo@lbbslaw.com
   MINA I. HAMILTON, SB# 213917
4     E-Mail: hamilton@lbbslaw.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  *Attorneys for Plaintiffs*
   TRAFFICSCHOOL.COM, INC. and
8  DRIVERS ED DIRECT, LLC

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company, | CASE NO. CV 06-7561 PA (CWx) *The Hon. Percy Anderson* |
| Plaintiffs, | PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RAJ LAHOTI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS |
| vs. | |
| EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, RAJ LAHOTI, individuals, | |
| Defendants. | Date:    December 5, 2011 Time:    1:30 p.m. Crtrm.: 15 Complaint Filed: November 28. 2006 |

25        Plaintiffs TRAFFICSCHOOL.COM, INC. and DRIVERS ED DIRECT, LLC

26 hereby object to and move to strike the Declaration of Raj Lahoti including exhibits

27 thereto filed by Defendants in support of their Opposition to Plaintiffs' Motion for

28 Attorneys' Fees and Costs.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RAJ LAHOTI

1  Defendants have submitted the Declaration of Defendant Raj Lahoti which
2  purports to respond to the Declaration of Mina I. Hamilton in support of Plaintiffs'
3  Motion. Mr. Lahoti's self-serving declaration, however, which purports to explain
4  Defendants' ongoing deceitful practices in a misleading fashion, is largely *irrelevant*
5  to the motion on fees. (As the Ninth Circuit stated, "To the extent we credit such a
6  self-serving declaration…", citing SEC v. Phan, 500 F.3d 895, 909-910 (9th Cir.
7  2007); Opinion at 9749).

8  The declaration is well beyond the scope of what was raised in Ms.
9  Hamilton's declaration (i.e., evidence to show only that Defendants' deceitful acts
10  are a moving target requiring further fees to be incurred),  and certainly beyond the
11  scope of the issues raised in Plaintiffs' Motion for fees.  The additional arguments
12  and evidenced related to the injunction issues in remand were uninvited by the
13  Court, and are a belated and improper attempt to argue issues relating to the Joint
14  Status Report and the permanent injunction months after they were due, and should
15  be stricken by the Court.

16  Plaintiffs expressly reserve their right to challenge, explore and conduct
17  further investigation as to Mr. Lahoti's statements by way of written discovery
18  and/or depositions to be conducted in the injunction remand stage of this litigation.

19  **SPECIFIC OBJECTIONS**

20  In addition to the above general objection to the entirety of Mr. Lahoti's
21  declaration, Plaintiffs more specifically object as follows:

22  **1.**      **Page 2, Line 7 – Page 3, Line 20:**

23  "Plaintiffs have stated in their Motion at page 18-19:

24  Defendants have continued to defiantly repudiate this Court's
25  permanent injunction. Since the injunction issued, Defendants have
26  failed to comply with it, and their litigation conduct in this regard
27  should not be ignored.

28  Defendants' current splash page is not a splash page, but rather a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1
2
PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

"welcoming screen" that effectively disguises the disclaimer in small font at the very top of the screen, so that many users will not see it. Indeed, legal commentators discussing this case have noted this issue. See, Joint Status Report, previously filed. Defendants have decided to replace the DMV.org logo upon which the injunction was issued with a happy-faced, flag-bearing mascot designed to appeal to and entice new and/or younger drivers. Exh. N, ¶ 30 to Hamilton Decl. It appears that Defendants have taken a page from the cigarette manufacturers' play book---one that is analogous to their "Joe Camel" mascot for Camel cigarettes from late 1987 to 1997.

Moreover, Defendants' website, including the splash page, have consistently been <u>moving targets</u> – forcing Plaintiffs to constantly monitor Defendants' compliance with the injunction (and thus, more fees were and will be incurred in the process). <u>Since the injunction issued</u>, Defendants have <u>repeatedly changed</u> the DMV.org logo on the splash screen and the look of the splash screen, including: (i) *delaying* the disclaimer text, (ii) presenting the delayed disclaimer text in *faint grey font* that blends with the toolbar browser, (iii) using font that is *smaller* than the logo, and (iv) making changes to the logo, going from "unofficial guide" to "dmv made simple" and now back again to "unofficial." See. ¶¶ 26-31, Exh. J-O to Hamilton Decl.

Defendants have also embarked on multiple other schemes designed to confuse more consumers through its purported "disclaimers". Specifically, screen shots from the DMV.org website, in Table 5, Hamilton Decl. Ex. O, ¶31, detail the following deceptive practice that Plaintiffs are forced to raise: In using a disclaimer before consumers email the site, Defendants purported to direct the consumer to their local DMV and "***Online Services***" for that local DMV.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    However, the consumer is <u>actually</u> being directed to DMV.org's

2    <u>own</u> private services. This practice has resulted in consumer deception,

3    which has caused a number of consumers (and likely hundreds, if not,

4    thousands of others as evidenced by the confused consumers on

5    Facebook) <u>to pay</u> fees to DMV.org (and its affiliates) under the

6    mistaken belief that these were ***required fees*** by their local DMV

7    office. [*Id.*, Ex. O]."

8

9    <u>Objection</u>:    Irrelevant. Argument.   Lacks foundation. Improper and

10   inadmissible opinion testimony. FRE 401-403, 602, 701.

11   Sustain: _____                      Overrule: _____

12

13   **2.    <u>Page 3, Line 21 – Page 4, Line 5:</u>**

14   "I believe Plaintiffs' Motion and Ms. Hamilton's declaration attaching screen

15   shots are very misleading and inaccurate. The Plaintiffs are conveniently ignoring

16   the continued efforts of the Defendants to ensure no confusion results from users

17   visiting our site. As discussed below, Plaintiffs' Table 5 presents the screen shots

18   and potential navigation path to the Defendants' third party advertisers. However,

19   Plaintiffs conveniently fail to point out the number of design elements and

20   disclaimers that exist on each page of what they characterize as a deceptive path. If

21   the Court looks closely at these screen shots and reviews my commentary below it

22   will understand why I believe that we have gone above and beyond the Court's

23   injunction and have made every effort to disclaim any affiliation with a

24   governmental entity. The confused citizen example provided by Plaintiffs, Tom

25   Pniewski, is not as depicted and I will discuss that below, as well."

26   <u>Objection</u>:    Irrelevant. Argument.   Lacks foundation. Improper and

27   inadmissible opinion testimony.  Mr. Lahoti's comments regarding the "number of

28   design elements and disclaimers that exist on each page of what they characterize as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  a deceptive path" are simply irrelevant because these purported "design elements

2  and disclaimers" have no bearing on the fact that DMV.org, in line with its admitted

3  "moving target" approach that Plaintiffs had to deal with for years to ensure

4  compliance with the injunction (in turn, resulting to *more fees* incurred),   has

5  engaged in deceptive practices (*albeit* in new and/or re-packaged forms) by leading

6  unwary consumers to purported DMV online services, causing them to pay

7  Defendants' affiliates what consumers believe to be DMV fees.  Defendants change

8  certain elements of their site when Plaintiffs point them out and catch them red-

9  handed.  For example, it was only after Plaintiffs had pointed it out that Defendants

10 modified the practice illustrated in Table 5 to Plaintiffs' motion. FRE 401-403, 602,

11 701.

12        Sustain: _____                    Overrule: _____

13

14        **3.      Page 4, Lines 6-15:**

15        "I invite the Court to log on to our website as it reviews this declaration for a

16 true and accurate picture of all the things we are doing to comply with this Court's

17 injunction, particularly since we have asked for modifications of the injunction. In

18 fact, I specifically ask the Court to review Plaintiffs' Table 5 and the declaration in

19 support with additional scrutiny and my notes below that actually show the extent

20 we have gone to ensure no confusion. What Plaintiffs characterize as a 'moving

21 target' is accurate as we have continued to grow and evolve as an Internet company

22 should and have done so in line with the Court's injunction. We have continued to

23 move towards eliminating confusion while being responsible to our visitors."

24        Objection:    Irrelevant. Argument.   Lacks foundation.    Improper and

25 inadmissible opinion testimony. All of Mr. Lahoti's conclusory and unsupported

26 statements regarding compliance with the injunction are wholly irrelevant to

27 Plaintiffs' motion for fees.  Mr. Lahoti's "invitation" to this Court to "log on" to the

28 website is improper and misleading.  Defendants' entire website, including the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

5

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RAJ LAHOTI

1  splash page, has consistently been a moving target.  Since the injunction issued,

2  Defendants have repeatedly changed the DMV.org website. Defendants change

3  certain elements of their site when Plaintiffs point them out and catch them red-

4  handed.  For example, it was only *after* Plaintiffs had pointed it out that Defendants

5  modified the practice illustrated in Table 5 to Plaintiffs' motion. Of course, then, the

6  Court will no longer see the practice, but it was preserved by Plaintiffs as evidence.

7  FRE 401-403, 602, 701.

8      Sustain: _____          Overrule: _____

9

10     **4.    Page 4, Lines 16-25:**

11     "With respect to our Splash Screen (Table 5, #1), yes, it continues to evolve

12  over the years within the guidelines of the injunction. Various configurations of a

13  splash screen were tested and used to optimize clickthrough's. Disclaimer,

14  'unofficial language,' and design elements were used in various combinations. The

15  Plaintiffs have continued to harass us notwithstanding that the Court found their

16  Contempt Motion was without merit and that we had substantially complied with the

17  spirit of the Court's injunction. Contrary to Plaintiffs' selective description of our

18  website, we are making continued efforts in this regard and if that makes our

19  website a "moving target" it is because of our efforts to comply with the Court's

20  injunction, not to violate the injunction."

21     Objection:   Irrelevant. Argument.   Lacks foundation.   Improper and

22  inadmissible opinion testimony. All of Mr. Lahoti's conclusory and unsupported

23  statements regarding compliance with the injunction, and unfounded statements

24  regarding "harassment" are improper and wholly irrelevant to Plaintiffs' motion for

25  fees. FRE 401-403, 602, 701.

26     Sustain: _____          Overrule: _____

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

5.    **Page 4, Line 26 – Page 5, Line 8:**

"The Ninth Circuit's opinion at footnote 5, p. 9750 acknowledges: 'Defendants' website usability expert submitted a declaration stating that splash screens typically drive away up to a quarter of potential site visitors. Plaintiffs cite nothing to rebut this evidence.' The Splash Screen, in fact, has negatively affected public access to our First Amendment protected content and we have experienced a negative impact on our business with the current Splash Screen. In light of the changes in the design of our site, and the Ninth Circuit's comments, we have requested modifications to the Court's injunction in separate pleadings before this Court and request the Court carefully consider my declaration and the following comments."

Objection:  Irrelevant. Argument.  Lacks foundation.  Improper and inadmissible opinion testimony. All of Mr. Lahoti's statements regarding requesting modifications to the Court's injunction, conclusory and unsupported statements regarding impact of the injunction on his business, and quoted portions of the Ninth Circuit's opinion, constitute improper argument, and are wholly irrelevant to Plaintiffs' motion for fees. FRE 401-403, 602, 701.

Sustain: _____              Overrule: _____

6.    **Page 5, Lines 9-12:**

"If the Court takes the time to view our website it can confirm that the comments about the Splash Screen are inaccurate. Furthermore, a secondary disclaimer at the top of the page in yellow sits on every page within the website going well beyond the injunction, which is not a specific requirement of this Court."

Objection:  Irrelevant. Argument.  Lacks foundation.  Improper and inadmissible opinion testimony. All of Mr. Lahoti's conclusory and unsupported statements regarding going "well beyond the injunction" constitute improper argument, and are wholly irrelevant to Plaintiffs' motion for fees. FRE 401-403,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1                    7
PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RAJ LAHOTI

602, 701.

Sustain: _____                    Overrule: _____

7.    <u>Page 5, Lines 13-17</u>:

"I also note that our Happy Face Logo was chosen to create an obvious 'unofficial' look and feel to mitigate any confusion. We certainly do not dispute that we would like to attract more customers, including the younger audience, a large audience as noted by Ms. Hamilton's statement that there are 20,000 new drivers every month. We are not in business to lose customers and I do not believe that this Court's injunction was intended to harm our business but rather to avoid any confusion to the general public. However, what Ms. Hamilton and Plaintiffs appear to want is to drive us out of business through continued harassment and unjustified claims that we are not in compliance. The Court should review their comments with the background knowledge that Plaintiffs compete with us and would like nothing more than to put us out of business as was evident by Mr. Kramer's statement in his email "if you can't join 'um, shut um down' approach." Again, I do not believe that this Court ruled we should shut down, only that our Website not generate confusion. We have taken additional steps to satisfy this Court's concerns."

<u>Objection</u>:    Irrelevant. Argument.    Lacks foundation.    Improper and inadmissible opinion testimony. All of Mr. Lahoti's conjectures and conclusory and unsupported  statements regarding "driving" him out of business, "harassment," and vague and unsubstantiated statements regarding taking "additional steps" to justify the Court's concerns— constitute improper argument, and are wholly irrelevant to Plaintiffs' motion for fees.   Mr. Lahoti's statements also contradict the Ninth Circuit's ruling which recognizes that: "[U]sing ***litigation to shut down a competitor*** who uses unfair trade practices is precisely what the Lanham Act seeks to encourage." (Opinion at p. 9757)(Emphasis added). His statements also plainly ignore that the "if you can't joint 'um, shut 'um down approach" that Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

8

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

1 incessantly keep on harping on– has already been rejected by Ninth Circuit as mere
2 "impure thoughts" which are simply irrelevant to issues in the case. FRE 401-403,
3 602, 701.

4      Sustain: _____         Overrule: _____

5

6 **8.**     **Page 6, Lines 6-8:**

7 "We engaged a dedicated Customer Service and Community Manager on
8 September 26, 2011 to address Social Media and Field questions from the website."

9 <u>Objection</u>:   Irrelevant. Argument.  Lacks foundation.  Improper and
10 inadmissible opinion testimony.  Whether Defendants have "engaged" such a
11 "dedicated Customer Service and Community Manager . . . to address Social Media
12 and Field questions" is wholly irrelevant to Plaintiffs' motion for fees.  FRE 401-
13 403, 602, 701.

14      Sustain: _____         Overrule: _____

15

16 **9.**     **Page 6, Lines 9-10:**

17 "We implemented an Auto Responder for all inbound emails with explicit
18 disclaimer language."

19 <u>Objection</u>:   Irrelevant. Argument.  Lacks foundation.  Improper and
20 inadmissible opinion testimony.  What Defendants have purportedly implemented
21 is wholly irrelevant to Plaintiffs' motion for fees.  FRE 401-403, 602, 701.

22      Sustain: _____         Overrule: _____

23

24 **10.**     **Page 6, Lines 11-18:**

25 "With respect to Plaintiffs' comments on "Table 5" of Plaintiffs' papers, I
26 make the following corrections and comments.

27     14. The Splash Page (Table 5, #1).

28     a.     Unofficial Language in Banner in different color along with

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

9

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

1    unofficial logo loads first.

2        b.      Continue button and Top Disclaimer load simultaneously.

3        c.      I could not recreate the alleged 2-3 second delay claimed by

4    Ms. Hamilton."

5    <u>Objection</u>:    Irrelevant. Argument.    Lacks foundation.    Improper and

6    inadmissible opinion testimony.  FRE 401-403, 602, 701.

7    Sustain: _____            Overrule: _____

8

9    **11.**     <u>**Page 6, Line 19-Page 7, Line 7:**</u>

10    "Landing Page (Table 5, #2).

11        a.      Note Yellow Highlighted Secondary Disclaimer clearly

12    displayed at top of screen.

13        b.      Additional Disclaimer at the bottom of the screen.

14        c.      'Unofficial DMV Guide' appears on the Browser Header.

15        d.      'Unofficial DMV Guide' with Unofficial highlighted in Logo.

16        e.      The use of an informal cartoon logo to create an unofficial look

17    and feel.

18        f.      'dmv.org' is in all lowercase.

19        g.      'The Unofficial DMV Guide' (with service mark) since 1999

20    clearly displayed.

21        h.      'About our Company' in the header indicates a non

22    government site.

23        i.      'Our Mission" link in header that directs people to our

24    overview page that starts with the bold text 'We Rule, But We are NOT the

25    Government.'"

26    <u>Objection</u>:    Irrelevant. Argument.    Lacks foundation.    Improper and

27    inadmissible opinion testimony.  Mr. Lahoti's comments regarding the "Landing

28    Page" are simply irrelevant because they have no bearing on the fact that DMV.org,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

1   in line with its "moving target" approach that Plaintiffs had to deal with for years to

2   ensure compliance with the injunction (in turn, resulting to *more fees* incurred),  has

3   engaged in deceptive practices (*albeit* in new and/or re-packaged forms) by leading

4   unwary consumers to purported DMV online services, causing them to pay

5   Defendants' affiliates what consumers believe to be DMV fees, as shown in Table 5

6   to Plaintiffs' motion.  FRE 401-403, 602, 701.

7        Sustain: _____                    Overrule: _____

8

9        **12.     Page 7, Lines 8-18:**

10       "Contact DMV Support Button (Table 5, #3).

11       a.     Plaintiffs conveniently dropped the '.org' in the description

12       contained in their commentary box which states 'Contact DMV Website

13   Support' Button. The Website page actually says 'Contact DMV.org Website

14   Support.' The '.org' designation clearly distinguishes us from a governmental

15   entity— typically designated by '.gov.'

16       b.     Directly Below the Contact link is an Additional Disclaimer.

17       c.     There is an Inc. 5000 logo on the right that is reserved for

18       privately-owned companies, inconsistent with a government site.

19       d.     'Our Company' link.

20       e.     'Careers at Online Guru' Link.

21       <u>Objection</u>:    Irrelevant.    Argument.    Lacks foundation.    Improper and

22   inadmissible opinion testimony.   Mr. Lahoti's various comments are simply

23   irrelevant because they have no bearing on the fact that DMV.org, in line with its

24   "moving target" approach that Plaintiffs had to deal with for years to ensure

25   compliance with the injunction (in turn, resulting to *more fees* incurred),   has

26   engaged in deceptive practices (*albeit* in new and/or re-packaged forms) by leading

27   unwary consumers to purported DMV online services, causing them to pay

28   Defendants' affiliates what consumers believe to be DMV fees, as shown in Table 5

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to Plaintiffs' motion.  FRE 401-403, 602, 701.

2      Sustain: _____              Overrule: _____

3

4      **13.      Page 7, Line 19 – Page 8, Line 6:**

5      "After the Contact Button (Table 5, #4).

6      a.      In bold very clearly presented right above the 'Contact your

7  State DMV Office' link, it says 'Disclaimer: DMV.org is a privately–owned

8  website and not owned by any government agency.'

9      b.      There is nothing deceptive of letting a customer know that before they

10 contact us they should check with their local DMV and sending them to our DMV

11 Office Finder.

12     c.      Note all additional "unofficial" design elements and disclaimers in #15.

13     d.      Contact form has acknowledgment checkbox before sending anything

14 to dmv.org's customer support that states "I acknowledge that DMV.org is a

15 privately-owned Web site that is not owned or operated by any state government

16 agency, including motor vehicle departments."

17     <u>Objection</u>:      Irrelevant.   Argument.   Lacks foundation.   Improper and

18 inadmissible opinion testimony.  Mr. Lahoti's statement that "presented right above

19 the 'Contact your State DMV Office' link, it says 'Disclaimer: DMV.org is a

20 privately–owned website and not owned by any government agency'" ignores that

21 right after this "disclaimer" is the following statement which directs the consumer to

22 a purported link to your "local" DMV office:  *For License or Registration Issues,*

23 *please contact your state DMV office: >> http://local.dmv.org."* It is this link which

24 directs consumers to various purported online DMV links, and ultimately, to

25 DMV.org's affiliate websites which charge fees that some consumers (such as Mr.

26 Pniewski) confuses with those charged by the DMV.  The "acknowledgment

27 checkbox" referenced by Mr. Lahoti appears to be a recently-added feature of his

28 moving target website. FRE 401-403, 602, 701.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1                               12
PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

1    Sustain: _____                    Overrule: _____

2

3    **14.    Page 8, Lines 7-13:**

4    "DMV Office Locations (Table 5, #5).

5    a.    There is nothing deceptive about having a visitor look for their

6    local DMV office.

7    b.    Also note that the visitor has yet another opportunity to view all of the

8    other design elements as well as a highlighted yellow disclaimer at the top of the

9    page if they had missed it on the previous 4 pages."

10    Objection:    Irrelevant. Argument.    Lacks foundation.    Improper and

11    inadmissible opinion testimony.  Mr. Lahoti's comments regarding what he thinks is

12    not "deceptive" and his belief as to consumers' "another opportunity to view all of

13    the other design elements" are unfounded and irrelevant. Mr. Pniewski (and likely a

14    multitude of others) still got confused, as shown in Table 5 to Plaintiffs' motion.

15    FRE 401-403, 602, 701.

16    Sustain: _____                    Overrule: _____

17

18    **15.    Page 8, Lines 14-21:**

19    "Purported Online DMV Services (Table 5, #6).

20    a.    This assertion by Plaintiffs is simply false.

21    b.    Google Maps is provided to show the visitor where to go.

22    c.    Address is given below.

23    d.    'Save Time, Skip the Line! There are many online providers that offer

24    the following DMV Services in California.'

25    e.    Note all additional disclaimers and design elements described in #15 in

26    the event anyone missed it on the previous 5 pages."

27    Objection:    Irrelevant.    Argument.    Lacks foundation.    Improper and

28    inadmissible opinion testimony.    Mr. Lahoti's conclusory and unsupported

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1                              13
PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RAJ LAHOTI

1  comments regarding what he thinks is "simply false" and reference to "additional

2  disclaimers … in the event anyone missed it" are unfounded and irrelevant. Mr.

3  Pniewski (and likely a multitude of others) still got confused, as shown in Table 5 to

4  Plaintiffs' motion.  FRE 401-403, 602, 701.

5         Sustain: _____            Overrule: _____

6

7        **16.**   **Page 8, Lines 22-26:**

8        "Affiliate I Drive Safely Sponsor (Table 5, #7).

9        a.   Note highlighted 'FEATURED CALIFORNIA TRAFFIC SCHOOL

10  SPONSORS.'

11        b.   Note all of the additional disclaimers and design elements in #15 in the

12  event anyone missed it on the previous 6 pages."

13        <u>Objection</u>:   Irrelevant. Argument.   Lacks foundation.   Improper and

14  inadmissible opinion testimony.   Mr. Lahoti's conclusory and unsupported

15  comments regarding "additional disclaimers and design elements … in the event

16  anyone missed it" are unfounded and irrelevant.  Mr. Pniewski (and likely a

17  multitude of others) still got confused, as shown in Table 5 to Plaintiffs' motion.

18  FRE 401-403, 602, 701.

19         Sustain: _____            Overrule: _____

20

21        **17.**   **Page 8, Line 27 – Page 9, line 5:**

22        "I Drive Safely's Website (Table 5, #8, p.1).

23        a.   Links to other websites are not misleading and frequently used and

24  provide a valuable service to users. Furthermore, if the user followed Plaintiffs'

25  navigation path they would have been exposed to at least 6 or 7 pages all of which

26  contained disclaimer language and unofficial design elements intentionally utilized

27  to ensure no confusion with a governmental entity."

28        <u>Objection</u>:   Irrelevant. Argument.   Lacks foundation.   Improper and

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  inadmissible opinion testimony.   Mr. Lahoti's unsupported and conclusory

2  statements, such as that "links to other websites are not misleading and provide a

3  valuable service to users" and that "if the user followed Plaintiffs' navigation path

4  they would have been exposed to at least 6 or 7 pages all of which contained

5  disclaimer language and unofficial design elements intentionally utilized to ensure

6  no confusion with a governmental entity" are mere conjectures, unfounded and

7  irrelevant.  FRE 401-403, 602, 701.

8          Sustain: _____                    Overrule: _____

9

10      **18.    Page 9, Lines 6-10:**

11      "Cartagz Sponsor (Table 5, #8, p.2).

12      a.     Again by the time a visitor ended up on a third party advertiser's site,

13  they would have had extensive exposure to disclaimers clearly stating that we have

14  no affiliation with any governmental agency, including the DMV."

15      Objection:   Irrelevant. Argument.   Lacks foundation.   Improper and

16  inadmissible opinion testimony.   Mr. Lahoti's unsupported and conclusory

17  statements regarding what a visitor would have been "extensively" "exposed" with

18  are mere conjectures, unfounded and irrelevant.   Mr. Pniewski (and likely a

19  multitude of others) still got confused, as shown in Table 5 to Plaintiffs' motion.

20  FRE 401-403, 602, 701.

21      Sustain: _____                        Overrule: _____

22

23      **19.  Page 9, Lines 11-15, Exhibit 1:**

24      "Calculate then link to Cartagz site (Table 5, #9, p.1).

25      a.     Plaintiffs fail to show the screen shot following this page as it clearly

26  separates the DMV fees from Cartagz' fees and lets the user opt in. I have attached a

27  copy of that following page for the Court's convenience as Exhibit 1."

28      Objection:   Irrelevant. Argument.   Lacks foundation.   Improper and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

15

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RAJ LAHOTI

1   inadmissible opinion testimony.   Mr. Lahoti's unsupported and conclusory
2   statements regarding what he thinks "clearly separates the DMV fees from Cartagz'
3   fees" are mere conjectures, unfounded and irrelevant.   Mr. Pniewski (and likely a
4   multitude of others) still got confused, as shown in Table 5 to Plaintiffs' motion.
5   FRE 401-403, 602, 701.

6        Sustain: _____            Overrule: _____

7

8        **20.  Page 9, Lines 16-26:**

9   "Tom Pniewski (Table 5, #9, p.2):

10        a.     Confusion generated by CA DMV due to passing of new legislation. A
11   CBS news article was written on this issue which is attached hereto as Exhibit 2.

12        b.     Notice from CA DMV had explicit instructions. A copy of the
13   notice is attached hereto as Exhibit 3.

14        c.     Mr. Pniewski appears to have overreacted.

15        d.     Cartagz is a separate site.

16        e.     Cartagz Fees are clearly displayed before purchasing.

17        f.     It is not clear whether there really was any confusion that we
18   were the DMV."

19   <u>Objection</u>:   Irrelevant. Argument.   Lacks foundation.   Improper and
20   inadmissible opinion testimony.   Mr. Lahoti's unsupported and conclusory
21   statements regarding the "confusion generated by CA DMV due to passing of new
22   legislation", the "notice from the CA DMV had explicit instructions", including his
23   beliefs that Mr. Pniewski "overreacted", that "Cartagz is a separate site", that
24   "Cartagz fees are clearly displayed" and that "it is not clear whether there was any
25   confusion" are mere self-serving conjectures, and are unfounded and irrelevant. The
26   conclusions that Mr. Lahoti attempts to draw as to Exhibits 2 and 3 are also
27   incorrect, irrelevant and lack foundation.   In fact, in the "comments" portion of
28   Exhibit 2 (page 17 of 23), the very first commenter tells the reader to "<u>simply go to</u>

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI

1  the DMV.org website..."  The entire article is about the official DMV and their

2  issues and the very first comment from "Jacob" references to Defendants' website,

3  DMV.org.  See Supplemental Hamilton Decl.  FRE 401-403, 602, 701, 801-802.

4       Sustain: _____                    Overrule: _____

5

6       **21. <u>Page 10, Lines 1-7:</u>**

7       "We remain open to address any further concerns of the Court, but at the end

8  of the day there may be someone who may be confused when visiting any website.

9  However, where reasonable steps have been taken to try to eliminate any confusion,

10  this small percentage of confusion cannot justify closing down a business that

11  provides a public benefit. I have looked at the rulings in this case and do not believe

12  that this Court ordered any more than what we have been doing and in fact, we have

13  gone beyond the order to rectify any ongoing issues."

14       <u>Objection</u>:    Irrelevant. Argument.    Lacks foundation.    Improper and

15  inadmissible opinion testimony.  Mr. Lahoti's vague, unsupported and conclusory

16  statements are merely self-serving conjectures, and are unfounded and irrelevant.

17  FRE 401-403, 602, 701.

18       Sustain: _____                    Overrule: _____

19       Plaintiffs respectfully request that the Court sustain Plaintiffs' objections and

20  strike the Declaration of Mr. Raj Lahoti and the exhibits thereto.

21

22  DATED: November 21, 2011          LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24

25       By:  _____/s/ Mina I. Hamilton_____

26            Mina I. Hamilton
            *Attorneys for Plaintiffs*

27            TRAFFICSCHOOL.COM, INC. and
            DRIVERS ED DIRECT, LLC

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1595-0350.1

17

PLAINTIFFS' <u>EVIDENTIARY OBJECTIONS</u> TO DECLARATION OF RAJ LAHOTI