**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DAVID N. MAKOUS, SB# 082409
    E-Mail: makous@lbbslaw.com
DANIEL C. DECARLO, SB# 160307
    E-Mail: decarlo@lbbslaw.com
MINA I. HAMILTON, SB# 213917
    E-Mail: hamilton@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Attorneys for Plaintiffs*
TRAFFICSCHOOL.COM, INC. and
DRIVERS ED DIRECT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations; RAVI K. LAHOTI, RAJ LAHOTI, individuals,<br><br>        Defendants. | CASE NO. CV 06-7561 PA (CWx)<br>*The Hon. Percy Anderson*<br><br>PLAINTIFFS' REQUEST TO ORDER PRODUCTION OF DELETED EVIDENCE AND ORDER TO SHOW CAUSE RE: <u>PRESERVATION</u><br><br>Date:    December 5, 2011<br>Time:    1:30 p.m.<br>Crtrm.: 15<br><br>Complaint Filed: November 28, 2006 |

        Plaintiffs TRAFFICSCHOOL.COM, INC. and DRIVERS ED DIRECT, LLC hereby submit their request for this Court to Order production of deleted evidence by Defendants and order to show cause regarding preservation of evidence.  This request is being made after several meet and confer efforts between counsel, which began on or about September 1, 2011 and continued thereafter.

4817-6478-5422.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Plaintiffs are presenting this request in response to Defendants' prior and

2  recent testimony filed in support of their Opposition that *they continue to delete*

3  *evidence*.

4  ### REQUEST TO ORDER PRODUCTION OF DELETED EVIDENCE

5  ### AND OSC RE: PRESERVATION OF EVIDENCE

6  ## I.    INTRODUCTION

7    Despite being aware of its continuing discovery obligations in this case,

8  Defendants have *destroyed* highly relevant evidence related to DMV.org and their

9  marketing practices.  Significantly, Defendants have admitted, through statements

10  made by Mr. Raj Lahoti under the penalty of perjury, and by his counsel, that

11  Defendants have defiantly (and repeatedly) repudiated their discovery obligations by

12  *deleting* consumer comments from DMV.org's Facebook page—particularly,

13  "complaints that were apparently addressed to a Department of Motor Vehicles".

14    Remarkably, Defendants' unequivocal admissions confirm that they have in

15  fact "removed" highly relevant evidence relating to consumer confusion *after*

16  Plaintiffs had informed Defendants of their knowledge of Defendants' DMV.org

17  Facebook page and asked them to preserve consumer comments on that page.  These

18  admissions are as follows:

19    • *September 6, 2011 Letter from Mr. Andrew Serwin (Defendants' counsel):*

20

> **Document Preservation**
>
> Defendants are aware of their document preservation obligations, and have preserved all relevant electronic data.  However, on dmv.org's Facebook page, Defendants have removed from public view approximately 40 postings which they believed were inappropriate for a variety of reasons, including comments that were harmful, offensive, or perpetuate consumer confusion.  For example, complaints that were apparently addressed to a Department of Motor Vehicles were removed by Defendants to **prevent further** confusion and to discourage other users from posting in these inappropriate manners.

27  9/6/11 Letter, Exh. C to Hamilton Decl. (Emphasis added).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

- *September 6, 2011 Email from Mr. Serwin:*

2

3

4

5

6

7

"[C]ertain comments were removed from public view on Facebook. Facebook is a third-party platform over which the Defendants do not have control to delete data from, and Facebook's preservation policies are their own standards. If you believe that there is relevant evidence in Facebook's possession, custody, or control, then you should take whatever steps you deem appropriate to address that. Moreover, the Defendants have, from time to time, removed comments consistent with what I informed you of in my letter"

8

9/6/11 Email, Exh. D to Hamilton Decl. (Emphasis added).

9

10

- *Mr. Raj Lahoti's September 6, 2011 Declaration in Support of the Joint Status Report (Doc. No. 306-8):*

11

12

**Dmv.org's Facebook page**

13

14

15

16

17

18

19

20

21

8.      Dmv.org has a Facebook page (http://www.facebook.com/#!/DMV.org).  Facebook is a third party platform separate and distinct from dmv.org, on which Facebook users can post comments to the "Wall."  Dmv.org removes postings from public view on its Facebook page for a variety of reasons.  These reasons include (1) that the comments are disparaging to dmv.org and/or offensive and harmful, or (2) the comments would perpetuate consumer confusion and potentially cause other users to become confused, such as when the comments appear to be complaints addressed to a Department of Motor Vehicles.

22

23

24

9.      With respect to its Facebook page, dmv.org believes it is responsible to remove comments that are potentially offensive and/or perpetuate or foster consumer confusion.

25

26

27

- *Mr. Raj Lahoti's November 14, 2011 Declaration in Support of the Opposition (Doc. No. 323-7): "However, where reasonable steps have been taken to try to eliminate any confusion..."*

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    In order to remedy the severity of the consequences of Defendants' evidence

2    destruction, the only appropriate solution would be for this Court to order the

3    production of such deleted (or removed) evidence and to allow Plaintiffs to proceed

4    with further discovery relating to Defendants' current marketing practices and

5    ensuing consumer confusion.  Plaintiffs also request that this Court issue an order to

6    show cause as to Defendants' preservation and spoliation of evidence, given that

7    Defendants have admittedly removed or deleted evidence and no assurances have

8    been made regarding preservation of such evidence.

9    **II.     ARGUMENT**

10           **A.     Legal Standard Regarding Duty to Preserve and Spoliation**

11           Spoliation is the destruction or significant alteration of evidence, or the failure

12   to preserve property for another's use as evidence in pending or reasonably

13   foreseeable litigation. <u>United States v. Kitsap Physicians Svs.</u>, 314 F.3d 995, 1001

14   (9th Cir. 2002). A party must "suspend any existing policies related to deleting or

15   destroying files and preserve all relevant documents related to the litigation." <u>In re</u>

16   <u>Napster, Inc. Copyright Litigation</u>, 462 F.Supp.2d 1060, 1070 (N.D. Cal. 2006)

17   (citation omitted). This duty extends to the period before litigation when a party

18   should reasonably know that evidence may be relevant to anticipated litigation. *Id.*

19   at 1067. The spoliation of evidence germane "to proof of an issue at trial can support

20   an inference that the evidence would have been unfavorable to the party responsible

21   for its destruction." <u>Kronich v. United States</u>, 150 F.3d 112, 126 (2nd Cir. 1998).

22   The Ninth circuit does not require a finding of "bad faith" on the part of the party or

23   its counsel responsible for the spoliation; rather "simple notice of 'potential

24   relevance to the litigation'" will suffice. <u>Glover v. BIC Corp.</u>, 6 F.3d 1318, 1329

25   (9th Cir. 1993).

26           The authority to sanction litigants for spoliation arises jointly under the

27   Federal Rules of Civil Procedure and the court's own inherent powers.  Fed.R.Civ.P.

28   37; <u>Glover</u>, *supra,* 6 F.3d at 1329 ("A federal trial court has the inherent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  discretionary power to make appropriate evidentiary rulings in response to the

2  destruction or spoliation of the relevant evidence.").

3  An appropriate sanction for destruction of relevant evidence should be

4  designed to: (1) deter parties from engaging in spoliation; (2) place the risk of

5  erroneous judgment on the party who wrongfully created that risk; and (3) restore

6  the prejudiced party to the position it would have occupied had the evidence not

7  been destroyed. West v. Goodyear Tire & Rubber Co., *supra.*

8  **B.    Defendants Have Deleted Relevant Evidence**

9  Evidence relating to Defendants' current marketing practices, including

10  evidence relating to consumer confusion from such practices, is directly relevant to

11  Defendants' continued willful false advertising and deceptive practices.  In

12  affirming this Court's finding of willful false advertising, the Ninth Circuit looked

13  to the volumes of evidence showing consumer confusion and Defendants'

14  knowledge thereof:

15  Defendants associated their website with URLs and search terms that

16  falsely implied DMV.org was a government site. They had in their

17  possession hundreds of emails sent by consumers who contacted

18  DMV.org thinking it was a state agency.

19  ***

20  There was overwhelming proof that defendants knew their statements

21  confused consumers and did little or nothing to remedy it. The district

22  court could reasonably infer that they willfully deceived the public.

23  TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 833 (9th Cir. 2011)

24  The Ninth Circuit also held that "[o]n remand, the district court shall

25  reconsider the duration of the splash screen in light of any intervening changes in

26  the website's content and marketing practices, as well as the dissipation of the

27  deception resulting from past practices." Id. at 831.

28  As was discussed in detail in the previously filed Joint Status Report, since

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   the Injunction, Defendants have engaged in additional marketing practices that are

2   intentionally deceptive.  For example, Defendants have created new marketing for

3   DMV.org through its Facebook page.  Consumer comments to the DMV.org

4   Facebook page evidence confusion, as admitted by Defendants. (Doc. No. 306, pp.

5   10-14.)  Additional deceptive practices continue and there are likely others that

6   Plaintiffs will find after additional investigation and discovery.

7          As admitted by Defendants, evidence showing ongoing consumer confusion

8   in DMV.org's Facebook page has been deleted or removed, and no assurances have

9   been made by Defendants that they have preserved (and are continuing to preserve)

10  such evidence.  <u>See</u> Exhs. A – E attached hereto.

11      **C.      This Court Should Order the Production of Deleted Evidence and**

12              **Issue an Order to Show Cause re: Preservation and Spoliation of**

13              **Evidence**

14         There can be no dispute that Defendants have been under a duty to preserve

15  what it knows, or reasonably should know, is relevant to the action and reasonably

16  calculated to lead to the discovery of admissible evidence.  <u>Zubulake v. UBS</u>

17  <u>Warburg</u>, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).  "A party . . . must retain all

18  relevant documents . . . in existence at the time the duty to preserve attaches, and

19  any relevant documents created thereafter."  <u>Id</u>. at 218.

20         There can also be no dispute that Defendants <u>have deleted</u> highly relevant

21  evidence. <u>See</u>, Exhs. A-E.  Accordingly, Plaintiffs respectfully request that given

22  this admitted spoliation of evidence, this Court exercise its authority and order the

23  production of such deleted (or removed) evidence and allow Plaintiffs to proceed

24  with further discovery relating to Defendants' current marketing practices and

25  ensuing consumer confusion.  Plaintiffs also request that this Court issue an order to

26  show cause as to Defendants' preservation and spoliation of evidence.

27  **III.   CONCLUSION**

28         For all the foregoing reasons, Plaintiffs respectfully request that their request

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   be granted.

2                              Respectfully submitted,

3   DATED: November 21, 2011      LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5

6   By:  /s/ Mina I. Hamiton

    _____

    *Attorneys for Plaintiffs*

7   David N. Makous

    Daniel C. DeCarlo

8   Mina I. Hamilton

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DECLARATION OF MINA I. HAMILTON

I, Mina I. Hamilton, declare as follows:

1.     I am a partner with the law firm of Lewis Brisbois Bisgaard &  Smith LLP and I have personal knowledge of the contents set forth herein, and if called as a witness to testify thereto, I could competently and truthfully do so.

2.     Attached hereto as Exhibit A is a true and correct copy of my September 2, 2011 letter to Defendants' counsel, Mr. Andrew Serwin.

3.     Attached hereto as Exhibit B is a true and correct copy of the email I received from Mr. Serwin on September 5, 2011 responding to my September 2nd letter.

4.     Attached hereto as Exhibit C is a true and correct copy of the letter I received from Mr. Serwin dated September 6, 2011,

5.     Attached hereto as Exhibit D is a true and correct copy of an email string showing my response to Mr. Serwin's September 6th letter and Mr. Serwin's response thereto, also dated September 6th.

6.     Attached hereto as Exhibit E is a true and correct copy an email string showing the email I sent to Mr. Serwin on September 6, 2011 and his response to that email.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Declaration was executed on November 21, 2011, at Los Angeles, California.

*/s/ Mina I. Hamilton*
Mina I. Hamilton

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4817-6478-5422.1

8

PLAINTIFFS' REQUEST RE: PRODUCTION OF DELETED EVIDENCE AND OSC RE: PRESERVATION

EXHIBIT___A___

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: 213.250.1800
Fax: 213.250.7900
www.lbbslaw.com

**MINA I. HAMILTON**
DIRECT DIAL: 213.580.7926
E-MAIL: hamilton@lbbslaw.com

September 2, 2011

File No.
25162-14

**VIA E-MAIL ONLY**

Andrew B. Serwin, Esq.
Foley & Lardner LLP
3579 Valley Centre Drive
Suite 300
San Diego, CA 92130-3302

      Re:    Follow-Up Meet and Confer Communication Per Court Order

Dear Mr. Serwin:

This letter is to follow-up on certain items discussed yesterday morning.

I.    **Meet and Confer on Attorney's Fees Motion**

First, for the meet and confer on the attorney's fees motion, we suggest September 12 at 10:00 a.m. Please advise if this is acceptable.

II.    **Injunction Issues**

Second, as to the injunction, Judge Anderson's August 24, 2011 Order requires us to submit Plaintiffs' position "for how, consistent with the Ninth Circuit's Opinion, [the] Court should modify the permanent injunction and what, if any, additional factual findings the Court should rely on in modifying the permanent injunction." Clearly, Judge Anderson contemplates that on remand, additional factual findings may be necessary. Indeed, we believe it is vital. The Ninth Circuit Opinion contemplates that Judge Anderson will consider the level of "dissipation of the deception resulting from past practices" and the "intervening changes in the website's content and marketing practices." (*Opinion* at 9751).

As to the dissipation of confusion, you were unwilling to make any representations regarding whether consumer confusion has dissipated since the splash screen was implemented on the DMV.org site. However, Defendants are in possession of most of the evidence showing whether there has been continuing consumer confusion. Moreover,

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • DALLAS • FORT LAUDERDALE • HOUSTON • LAFAYETTE • LAS VEGAS • LOS ANGELES • NEW ORLEANS
NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • TAMPA • TUCSON

4852-1239-6554.1

Andrew B. Serwin
September 1, 2011
Page 2

while we are aware of some changes in Defendants' marketing practices, Defendants are in a better position to describe the changes and how they have lessened or increased the level of confusion. To that end, you did agree to work toward a discovery plan and invited a list of proposed discovery from Plaintiffs. Accordingly, the following is Plaintiffs' good faith effort to continue the meet and confer efforts from yesterday.

A.   **Written Discovery**

   •   *Consumer Confusion*

In order to address the Ninth Circuit's concerns regarding the "dissipation of the deception resulting from past practices" (*Opinion* at 9751), Plaintiffs believe the Court will need the following:

   1.   Consumer emails or communications sent to DMV.org (or any Defendant) in six (6) month time increments sufficient to show the levels of consumer confusion:

      -   6 months before implementation of the splash screen;

      -   6 months immediately after implementation of the splash screen;

      -   6 months prior to the issuance of the Ninth Circuit Opinion;

      -   Since the Ninth Circuit Opinion issued and the most recent version of the splash screen and DMV.org's site changes were implemented.

   2.   Consumer emails, communications or comments received from visitors to DMV.org's Facebook page, which promotes, markets, and/or links back to DMV.org, to the extent such communications are not currently publicly viewable as "comments" on the DMV.org Facebook page.

   3.   Consumer emails, communications or comments received from visitors to DMV.org's "Answers Section," to the extent such communications are not currently publicly viewable.

   •   *Marketing Practices*

In order to address the Ninth Circuit's concerns regarding the "intervening changes in the website's content and marketing practices" (Opinion at 9751), Plaintiffs believe the Court will need the following:

Andrew B. Serwin
September 1, 2011
Page 3

1. A list of key changes to the splash screen, disclaimers on DMV.org, design features of DMV.org, and DMV.org logos (and representative samples for each) for the time periods stated under Section A. 1 above.

2. A listing of key changes to the marketing practices of DMV.org including via search engines, i.e., whether and why DMV.org no longer engages in pay-per-click advertising and its marketing strategy regarding search engine optimization for organic search results, and other media such as Facebook.

3. Email and other electronic data destruction policies and implementation of any such policies from the start of this litigation to the present.

## B. Depositions

1. A FRCP 30(b)(6) deposition on the items listed above.

2. Deposition of Declarant Bruce Tognazzini. Plaintiffs did not have a chance to depose Mr. Tognazzini in the underlying case since the witness was first identified by Defendants post-trial and after the close of discovery.

3. Deposition of Declarant David Gray. Plaintiffs did not have a chance to depose Mr. Gray in the underlying case since the witness was first identified by Defendants post-trial and after the close of discovery.

Let us know which of these discovery items you are willing to voluntarily provide to Plaintiffs. Please note that while we are asking for voluntarily cooperation in a discovery plan, Defendants have been - and still are - under a non-voluntary obligation to preserve all electronic data related to DMV.org. Our clients are prepared to hire forensic experts to scrutinize Defendants' compliance with this obligation, and they reserve all their rights and remedies related to evidence spoliation. Indeed, since our meet and confer conference, it appear that your clients have deleted consumer comments from their DMV.org Facebook page. This will force us to seek sanctions for destruction of evidence and depose Facebook and take other actions for which we will seek additional grounds of reimbursement.

Finally, if you agree to cooperate with the above discovery, we would likewise be willing to provide you with the evidence we now have of Defendants' current marketing practices (and related consumer confusion) that we believe evidences ongoing and/or new (willful and egregious) deceptive practices. We may also agree to allow discovery related to any declarations or evidence we may submit to the Court in this remanded remedies stage.

Andrew B. Serwin
September 1, 2011
Page 4

Since we must file our joint report by Tuesday, we would appreciate a reply to this letter as soon as possible.

Very truly yours,

*Mina Hamilton*

Mina I. Hamilton of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     David N. Makous
        Daniel C. DeCarlo
        Josephine A. Brosas
        Clients

EXHIBIT___B___

| From: | Serwin, Andrew B. <ASerwin@foley.com> |
| Sent: | Monday, September 05, 2011 6:49 AM |
| To: | Hamilton, Mina |
| Cc: | Brosas, Josephine; Makous, David; DeCarlo, Dan |
| Subject: | Re: TS v. Edriver |

Mina,

I'm sorry for the timing and brevity of this response, but I was out of the office when you sent this and my 8 year old broke 3 bones in his foot this weekend.

I don't think our position is accurately stated in the letter. We believe there is still some consumer confusion, but at this time we do not agree that it results from past or current deception, and we believe there is no evidence of continuing deception. As such, we do not believe discovery in the method and manner that is proposed would be appropriate or necessary.

Andy.

Sent from my iPhone

On Sep 2, 2011, at 12:21 PM, "Mina Hamilton" <HAMILTON@lbbslaw.com> wrote:

> Andrew,
>
> Please see attached letter.
>
> Regards,
>
>
> Mina I. Hamilton | **Partner** | Intellectual Property
> Lewis Brisbois Bisgaard & Smith LLP
> t 213.580.7926 | f 213.250.7900 | e hamilton@lbbslaw.com
> 221 N. Figueroa Street, Suite 1200
> Los Angeles, CA 90012
> *************************************************************************
>
> This message may contain information that is
> privileged, confidential and exempt from disclosure
> under applicable law. If you are not the intended
> recipient (or authorized to act on behalf of the
> intended recipient) of this message, you may not
> disclose, forward, distribute, copy, or use this
> message or its contents. If you have received this
> communication in error, please notify us immediately
> by return e-mail and delete the original message from
> your e-mail system. Thank you.
> *************************************************************************
>
> <Sept.2SerwinLetter.pdf>

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

EXHIBIT___C___



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130-3302
858.847.6700 TEL
858.792.6773 FAX
foley.com

September 6, 2011

WRITER'S DIRECT LINE
858.847.6728
aserwin@foley.com EMAIL

CLIENT/MATTER NUMBER
094205-0101

**VIA E-MAIL AND U.S. MAIL**

Mina I. Hamilton, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012

> Re: Trafficschool.com, et al. vs. EDriver, Inc., et al.
> USDC, Central District Court Case No.: CV 06-7561 PA (CWx)

Dear Ms. Hamilton:

Thank you for your letter dated September 2, 2011. The date and time of September 12, 2011, at 10:00 a.m., for a meet and confer on attorney's fees is acceptable.

**Permanent Injunction**

Your representation of Defendants' Position on the permanent injunction issues is, however, inaccurate.

As I expressed during our meet and confer, certain levels of consumer "confusion" regarding dmv.org's non-affiliation with government agencies exist, but the existence of confusion cannot be viewed separately and apart from ongoing deceptive conduct. Plaintiffs could not point to *any* evidence of ongoing deceptive conduct by the Defendants and/or misleading statements on dmv.org. Moreover, the splash screen has been in place for over three years. Consequently, existing "confusion" does not result from Defendants engaging in deceptive conduct.

Since the entry of judgment, Defendants discontinued the practices that the Court previously found problematic, and the site has been dramatically redesigned. The evidence of Defendants' redesigned site is available for you and the public to see.

It is unfortunate that Plaintiffs were unwilling to further discuss the contours of a modified injunction, in light of the severe First Amendment restraints that the splash screen imposes on Defendants' free speech rights. Plaintiffs cannot deny that most, if not all, of the content on dmv.org is fully protected under the First Amendment and is being impermissibly burdened under the Court's current injunction.

BOSTON        JACKSONVILLE    MILWAUKEE      SAN DIEGO           SILICON VALLEY
BRUSSELS      LOS ANGELES     NEW YORK       SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO       MADISON         ORLANDO        SAN FRANCISCO       TAMPA
DETROIT       MIAMI           SACRAMENTO     SHANGHAI            TOKYO
                                                                 WASHINGTON, D.C.

DLMR_930445.2



FOLEY & LARDNER LLP

Ms. Mina Hamilton
September 6, 2011
Page 2

## Discovery and Depositions

Given Defendants' proposal for how the permanent injunction may be modified *consistent with the Ninth Circuit's opinion*, the need for additional electronic discovery and depositions as Plaintiffs propose is wasteful and pointless.

If dmv.org utilizes visible design elements on the website that disclaim its affiliation with any government agency (as has been done), and Defendants are permanently enjoined from engaging in deceptive marketing or placing misleading statements on dmv.org (as the Ninth Circuit suggested), then there is no need for additional discovery. The conduct that the Court was concerned with will be enjoined, and yet fully protected informational content and truthful commercial speech will not be impermissibly restrained.

We view your extensive discovery requests as nothing more than an improper attempt to relitigate a case that already went to trial. In addition, given your client's established status as a competitor of Defendants, the discovery requests inappropriately seek sensitive, confidential information. The requests impose an undue burden on Defendants and we will vigorously oppose any attempts to seek "reimbursement" for the needless and avoidable incurrence of fees and costs.

Should the Court determine that further discovery is needed, Defendants reserve the right to seek discovery relating to the relative level of "consumer confusion" with respect to other commercial websites, including but not limited to, websites operated by Plaintiffs.

## Document Preservation

Defendants are aware of their document preservation obligations, and have preserved all relevant electronic data. However, on dmv.org's Facebook page, Defendants have removed from public view approximately 40 postings which they believed were inappropriate for a variety of reasons, including comments that are harmful, offensive, or perpetuate consumer confusion. For example, complaints that were apparently addressed to a Department of Motor Vehicles were removed by Defendants to *prevent further* confusion and to discourage other users from posting in these inappropriate manners.





FOLEY & LARDNER LLP

Ms. Mina Hamilton
September 6, 2011
Page 3

    Please feel free to contact me with any questions or comments. We remain open to discussions regarding a modified injunction.

Very truly yours,

Andrew B. Serwin

cc: Tammy Boggs

EXHIBIT___D___

## Brosas, Josephine

| | |
|---|---|
| **From:** | Serwin, Andrew B. <ASerwin@foley.com> |
| **Sent:** | Tuesday, September 06, 2011 4:05 PM |
| **To:** | Hamilton, Mina |
| **Cc:** | Brosas, Josephine; Makous, David; DeCarlo, Dan; Boggs, Tammy H.; Solis, Theresa |
| **Subject:** | RE: Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11 |

Mina,

I do not think your email accurately states what I said in my letter.  The Defendants have represented that they have preserved what relevant evidence is in their possession, custody or control, but also informed you that certain comments were removed from public view on Facebook.  Facebook is a third-party platform over which the Defendants do not have control to delete data from, and Facebook's preservation policies are their own standards.  If you believe that there is relevant evidence in Facebook's possession, custody, or control, then you should take whatever steps you deem appropriate to address that.  Moreover, the Defendants have, from time to time, removed comments consistent with what I informed you of in my letter and they do not believe the timing is what you suggest below and the resulting inferences you are attempting to draw are, as a result, not well founded.

Andy.

**From:** Mina Hamilton [mailto:HAMILTON@lbbslaw.com]
**Sent:** Tuesday, September 06, 2011 2:36 PM
**To:** Serwin, Andrew B.
**Cc:** Boggs, Tammy H.; Solis, Theresa; Josephine Brosas; Dan DeCarlo; David Makous
**Subject:** Re: Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11

Andrew,

Thank you for your letter. In the interest of time, I am responding via email.

First, you have misstated the meet and confer conversation. It is not true that Plaintiff's "could not point to any evidence of ongoing deceptive conduct" by your clients --- we certainly did, can and will -- however your refusal to provide us with even Defendants' position and level of ongoing confusion set the tone of the conversation, and Plaintiffs did state that we believe that both confusion and deception is indeed occurring.  Moreover, Plaintiffs were never "unwilling to further discuss the contours of a modified injunction"; we simply took your invitation to send you a list of proposed discovery. The fact that your clients subsequently changed their mind about discovery, and subsequently admitted that there is ongoing confusion is your clients' choice, but is not a reason to suggest that Plaintiff has no evidence of deceptive conduct by your client. Indeed, we even specifically pointed out how your clients have deceptively implemented the splash screen over these past three years.

Second, while we disagree with most everything else in your letter, we will rely on the confirmation that your clients have preserved all relevant electronic data. We find it more than interesting that the "complaints that were apparently addressed to a Department of Motor Vehicles" were only recently removed after we informed your clients of our knowledge of their Facebook page and asked them to preserve the comments. Our clients reserve all rights and remedies.

Regards,

1

Mina I. Hamilton | **Partner** | Intellectual Property
Lewis Brisbois Bisgaard & Smith LLP
t 213.580.7926 | f 213.250.7900 | e hamilton@lbbslaw.com
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message may contain information that is
privileged, confidential and exempt from disclosure
under applicable law. If you are not the intended
recipient (or authorized to act on behalf of the
intended recipient) of this message, you may not
disclose, forward, distribute, copy, or use this
message or its contents. If you have received this
communication in error, please notify us immediately
by return e-mail and delete the original message from
your e-mail system. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

>>>

| | |
|---|---|
| **From:** | "Solis, Theresa" <TSolis@foley.com> |
| **To:** | <hamilton@lbbslaw.com> |
| **CC:** | <brosas@lbbslaw.com>, <decarlo@lbbslaw.com>, <makous@lbbslaw.com>, "Serwin, Andrew B." <ASerwin@foley.com>, "Boggs, Tammy H." <TBoggs@foley.com> |
| **Date:** | 9/6/2011 1:59 PM |
| **Subject:** | Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11 |

<<ONLINE GURU TRAFFIC SCHOOL Letter to Mina Hamilton from Andy Serwin re responding to their meet & co.PDF>>

Please attached a letter sent on behalf of Andrew Serwin to Mina Hamilton, dated September 6, 2011, in the above-entitled matter.

**Terry Solis** | Litigation Assistant to Debra Nye and Tammy Boggs | **FOLEY & LARDNER LLP** | 3579 Valley Centre Drive, Suite 300 | San Diego, CA 92130
tel: +1.858.847.6843 (direct) | tel: +1.858.847.6700 (general) | fax: +1.858.792.6773 | email: tsolis@foley.com | web: www.foley.com

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal

advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

EXHIBIT___E___

## Brosas, Josephine

| | |
|---|---|
| **From:** | Serwin, Andrew B. <ASerwin@foley.com> |
| **Sent:** | Tuesday, September 06, 2011 4:59 PM |
| **To:** | Hamilton, Mina |
| **Cc:** | Brosas, Josephine; Makous, David; DeCarlo, Dan; Boggs, Tammy H.; Solis, Theresa |
| **Subject:** | RE: Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11 |

Mina,

I do not agree with the conclusions you are attempting to draw, but the Defendants have informed me that they are not currently removing posts from public view on Facebook if they have not taken steps to keep independent copies.

Andy.

**From:** Mina Hamilton [mailto:HAMILTON@lbbslaw.com]
**Sent:** Tuesday, September 06, 2011 4:22 PM
**To:** Serwin, Andrew B.
**Cc:** Boggs, Tammy H.; Solis, Theresa; Josephine Brosas; Dan DeCarlo; David Makous
**Subject:** RE: Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11

Hi Andrew,

The evidence is clearly relevant (because it admittedly evidences confusion) and was purposely deleted by your clients while it was within their control to do so. As such, your clients have engaged in spoiliation, regardless of the purported reasons for doing so. That this data may still be in possession of a third-party (i.e., Facebook), does not relieve your clients of their obligations to maintain and not delete relevant evidence in their possession and control. We understand by your letter and email below that your clients have made no efforts to preserve the evidence that it "removed from public view on Facebook." We hereby again demand confirmation that your client will cease such practices, and we reserve all rights.

-Mina

>>>

| | |
|---|---|
| **From:** | "Serwin, Andrew B." <ASerwin@foley.com> |
| **To:** | "Mina Hamilton" <HAMILTON@lbbslaw.com> |
| **CC:** | "Boggs, Tammy H." <TBoggs@foley.com>, "Solis, Theresa" <TSolis@foley.com>, "Josephine Brosas" <brosas@lbbslaw.com>, "Dan DeCarlo" <DECARLO@lbbslaw.com>, "David Makous" <MAKOUS@lbbslaw.com> |
| **Date:** | 9/6/2011 4:05 PM |
| **Subject:** | RE: Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11 |

Mina,

I do not think your email accurately states what I said in my letter. The Defendants have represented that they have preserved what relevant evidence is in their possession, custody or control, but also informed you that certain comments were removed from public view on Facebook. Facebook is a third-party platform over which the Defendants do not have control to delete data from, and Facebook's preservation policies are their own standards. If you believe that there is relevant evidence in Facebook's possession, custody, or control,

1

then you should take whatever steps you deem appropriate to address that. Moreover, the Defendants have, from time to time, removed comments consistent with what I informed you of in my letter and they do not believe the timing is what you suggest below and the resulting inferences you are attempting to draw are, as a result, not well founded.

Andy.

**From:** Mina Hamilton [mailto:HAMILTON@lbbslaw.com]
**Sent:** Tuesday, September 06, 2011 2:36 PM
**To:** Serwin, Andrew B.
**Cc:** Boggs, Tammy H.; Solis, Theresa; Josephine Brosas; Dan DeCarlo; David Makous
**Subject:** Re: Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11

Andrew,

Thank you for your letter. In the interest of time, I am responding via email.

First, you have misstated the meet and confer conversation. It is not true that Plaintiff's "could not point to any evidence of ongoing deceptive conduct" by your clients --- we certainly did, can and will -- however your refusal to provide us with even Defendants' position and level of ongoing confusion set the tone of the conversation, and Plaintiffs did state that we believe that both confusion and deception is indeed occurring. Moreover, Plaintiffs were never "unwilling to further discuss the contours of a modified injunction"; we simply took your invitation to send you a list of proposed discovery. The fact that your clients subsequently changed their mind about discovery, and subsequently admitted that there is ongoing confusion is your clients' choice, but is not a reason to suggest that Plaintiff has no evidence of deceptive conduct by your client. Indeed, we even specifically pointed out how your clients have deceptively implemented the splash screen over these past three years.

Second, while we disagree with most everything else in your letter, we will rely on the confirmation that your clients have preserved all relevant electronic data. We find it more than interesting that the "complaints that were apparently addressed to a Department of Motor Vehicles" were only recently removed after we informed your clients of our knowledge of their Facebook page and asked them to preserve the comments. Our clients reserve all rights and remedies.

Regards,

Mina I. Hamilton | **Partner** | Intellectual Property
Lewis Brisbois Bisgaard & Smith LLP
t 213.580.7926 | f 213.250.7900 | e hamilton@lbbslaw.com
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the

intended recipient) of this message, you may not
disclose, forward, distribute, copy, or use this
message or its contents. If you have received this
communication in error, please notify us immediately
by return e-mail and delete the original message from
your e-mail system. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

>>>

| | |
|---|---|
| **From:** | "Solis, Theresa" <TSolis@foley.com> |
| **To:** | <hamilton@lbbslaw.com> |
| **CC:** | <brosas@lbbslaw.com>, <decarlo@lbbslaw.com>, <makous@lbbslaw.com>, "Serwin, Andrew B." <ASerwin@foley.com>, "Boggs, Tammy H." <TBoggs@foley.com> |
| **Date:** | 9/6/2011 1:59 PM |
| **Subject:** | Trafficschool.com, et al. vs. Edriver, Inc., et al - Letter from Andrew Serwin to Mina Hamilton dated 9/6/11 |

<<ONLINE GURU TRAFFIC SCHOOL Letter to Mina Hamilton from Andy Serwin re responding to their meet & co.PDF>>

Please attached a letter sent on behalf of Andrew Serwin to Mina Hamilton, dated September 6, 2011, in the above-entitled matter.

**Terry Solis** | Litigation Assistant to Debra Nye and Tammy Boggs | **FOLEY & LARDNER LLP** | 3579 Valley Centre Drive, Suite 300 | San Diego, CA 92130
tel: +1.858.847.6843 (direct) | tel: +1.858.847.6700 (general) | fax: +1.858.792.6773 | email: tsolis@foley.com | web: www.foley.com

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated

otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.