EILEEN RIDLEY, CA BAR NO. 151735
ERIDLEY@FOLEY.COM
ANDREW B. SERWIN, CA BAR NO. 179493
ASERWIN@FOLEY.COM
KATHRYN M.S. CATHERWOOD, CA BAR NO. 149170
KCATHERWOOD@FOLEY.COM
TAMMY H. BOGGS, CA BAR NO. 252538
TBOGGS@FOLEY.COM
**FOLEY & LARDNER LLP**
3579 VALLEY CENTER DR., SUITE 300
SAN DIEGO, CA  92130
TELEPHONE:    858.847.6700
FACSIMILE:    858.792.6773

Attorneys for Defendants EDRIVER, INC., ONLINE GURU INC., FIND MY SPECIALIST, INC., SERIOUSNET, INC., RAVI K. LAHOTI, RAJ LAHOTI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAFFICSCHOOL.COM, INC., a California Corporation; DRIVERS ED DIRECT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EDRIVER, INC., ONLINE GURU, INC., FIND MY SPECIALIST, INC., and SERIOUSNET, INC., California corporations, RAVI K. LAHOTI, an individual; RAJ LAHOTI, an individual; DOES 1 through 10,<br><br>Defendants. | Case No:  CV 06-7561 PA (CWx)<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOSEPHINE A. BROSAS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date:          December 5, 2011<br>Time:         1:30 p.m.<br>Ctrm:         15<br>Judge:   Honorable Percy Anderson<br><br>Complaint Filed:  November 28, 2006 |

Defendants Edriver, Inc., Online Guru, Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, and Raj Lahoti ("Defendants") hereby object to and move to strike portions of the Supplemental Declaration Of Josephine A. Brosas In Support Of Plaintiffs' Motion For Attorney's Fees And Costs, including certain exhibits attached thereto filed by plaintiffs Trafficschool.com, Inc. and Drivers Ed Direct, LLC ("Plaintiffs") in support of Plaintiffs' Motion for Attorney

DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOSEPHINE A. BROSAS ISO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 06-7561 PA (CWx)

4842-8510-3886.2

Fees and Costs as set forth herein.

As a general matter, the Exhibits attached to Plaintiffs' Response to Defendants' Shorthand Objections are *not* true and correct copies of what Ms. Brosas declares them to be – as can be readily discerned by a passing glance at the Exhibits. Rather than being merely portions of entries from the Joint Statement, the Exhibits contain additional markings, as well as Ms. Brosas' additional "comments" and argumentation. Essentially, the Brosas Supplemental Declaration fails to serve the purpose of authentication, and worse, only selectively provides examples of entries rather than allowing the Joint Statement to speak for itself.

**Supplemental Declaration of Josephine A. Brosas**

1. <u>Page 2, Lines 12-28 and Page 3, Lines 1-2</u>: "I have reviewed the Excel spreadsheets submitted by Defendants as "Supplemental Joint Statement on Fees" (Docket Entry [D.E.] # 323-2). These spreadsheets appear to be based on the spreadsheets which I prepared based on the invoices generated in this matter. Defendants added their position for each disputed item as well as columns and entries for hours defendants believe should be awarded and reduced fees. These spreadsheets contain the following tabs: (1) Pleadings; (2)Discovery; (3) MSJ; (4) Pre-trial; (5) Trial through Post-Judgment; (6) Contempt; (7)Attorney's Fees Motion; (8) Joint Status Report. At the bottom of each of the tabs for Pleadings, Discovery, MSJ, Pre-trial, Trial through Post-Judgment and Contempt is a summary of the "Total Hours Billed" and the corresponding "Total Amount Billed", and the "Total Hours Written-Off" and the corresponding "Total Amount Written-Off". Plaintiffs are only claiming in this motion the "Total Hours Billed". For each tab, I compared the "Total Hours Billed" to entries in Table 3 attached to Plaintiffs' Motion which summarizes the hours that Plaintiffs are claiming. I also reviewed pages 299 and 349 referenced in Footnote 2 of Defendants' Opposition and confirmed that the "write-offs" and "no charges" are not being claimed by

Plaintiffs as part of the application for fees. Attached to the Reply as EXHIBIT A are true and correct copies of summaries I prepared which illustrate that Plaintiffs are not claiming "write-offs" and "no charges"."

**Objection**: Testimony concerning Exhibit A and the invoices and amounts allegedly charged to the client are not the best evidence of what was actually billed to Plaintiffs. As confirmed by the United States Supreme Court in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434, hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority. The invoices were redacted on the last page of the bills where it presumably showed what was actually billed to the client. The best evidence of what was actually billed to the client, the invoices themselves, has been redacted. Therefore, there is no admissible evidence that establishes what was billed to the client and the Court should not award any attorneys' fees or costs to the extent it cannot determine if Plaintiffs' were charged for that time.   Fed. R. Evid. 801, 802.

        Sustain _____   Overrule _____

    2.    <u>Page 3, Lines 3-6</u>: "Attached as Exhibit B to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Pleadings, Discovery and Pre-Trial tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "A.""

**Objection**: Testimony concerning Exhibit B, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Defendants' objection based upon the shorthand designation "A" where a partner did work that should have been done by an associate or paralegal is not fully addressed; only examples are provided. Plaintiffs have failed to meet their burden of reasonableness for each entry this objection applied to.

        Sustain _____   Overrule _____

3. <u>Page 3, Lines 7-11</u>: "Attached as Exhibit C to the Response to Defendants' "Shorthand Objections" are true and correct copies of portions of Exhibit F to Plaintiffs' Motion as well as the Joint Statement on Costs. I prepared the summaries on the right hand side of the tables which shows that Plaintiffs are claiming costs which were not initially taxed by the Clerk."

**Objection:** Testimony concerning Exhibit C, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should not be allowed to submit evidence that should have been included in the original motion in a reply.

Sustain _____     Overrule _____

4. <u>Page 3, Lines 12-15</u>: "Attached as Exhibit D to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Pleadings, Discovery and Pre-Trial tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "D.""

**Objection:** Testimony concerning Exhibit D, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should not be allowed to submit evidence that should have been included in the original motion in a reply.

Sustain _____     Overrule _____

5. <u>Page 3, Lines 16-19</u>: "Attached as Exhibit E to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Discovery, Pre-Trial and MSJ tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "E.""

**Objection:** Testimony concerning Exhibit E, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and

1 is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should
2 not be allowed to submit evidence that should have been included in the original
3 motion in a reply. Moreover, Defendants' objection based upon the shorthand
4 designation "E" where excessive time was recorded is not fully addressed; only
5 examples are provided. Plaintiffs have failed to meet their burden of
6 reasonableness for each entry this objection applied to.

7           Sustain _____    Overrule _____

8      6.    <u>Page 3, Lines 20-23</u>: "Attached as Exhibit F to the Response to
9 Defendants' "Shorthand Objections" is a true and correct copy of an entry from
10 the Trial through Post-Judgment tab of the Supplemental Joint Statement on Fees
11 filed by Defendants which Defendants have designated as "H.""

12      **Objection:** Testimony concerning Exhibit F, which consists of selective
13 portions of a document constitutes inadmissible hearsay and lacks foundation and
14 is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should
15 not be allowed to submit evidence that should have been included in the original
16 motion in a reply.

17           Sustain _____    Overrule _____

18      7.    <u>Page 3, Lines 24-27</u>: "Attached as Exhibit G to the Response to
19 Defendants' "Shorthand Objections" are true and correct copies of certain entries
20 from the Discovery, MSJ and Pre-Trial tabs of the Supplemental Joint Statement
21 on Fees filed by Defendants which Defendants have designated as "L.""

22      **Objection:** Testimony concerning Exhibit G, which consists of selective
23 portions of a document constitutes inadmissible hearsay and lacks foundation and
24 is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should
25 not be allowed to submit evidence that should have been included in the original
26 motion in a reply.

27           Sustain _____    Overrule _____

28

5
DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOSEPHINE A. BROSAS ISO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 06-7561 PA (CWx)

4842-8510-3886.2

8. <u>Page 4, Lines 1-4</u>: "Attached as Exhibit H to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Pleadings, Discovery, Pre-Trial and MSJ tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "NL.""

**Objection:** Testimony concerning Exhibit H, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should not be allowed to submit evidence that should have been included in the original motion in a reply.

Sustain _____  Overrule _____

9. <u>Page 4, Lines 5-8</u>: "Attached as Exhibit I to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Pleadings and Pre-Trial tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "NP.""

**Objection:** Testimony concerning Exhibit I, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should not be allowed to submit evidence that should have been included in the original motion in a reply.

Sustain _____  Overrule _____

10. <u>Page 4, Lines 9-12</u>: "Attached as Exhibit J to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Pleadings, Discovery, MSJ, Pre-Trial and Trial through Post-Judgment tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "R.""

**Objection:** Testimony concerning Exhibit J, which consists of selective

6
DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOSEPHINE A. BROSAS ISO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 06-7561 PA (CWx)

4842-8510-3886.2

portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should not be allowed to submit evidence that should have been included in the original motion in a reply. The fact that Plaintiffs decided to include such extensive redactions that rendered it impossible to assess for reasonableness should result in denial of the fees because even if there was some description in a portion of the entry, the redaction could include fees that on their face are not compensable (such as time related to the claims under the Business and Professions Code that were denied and are non-Lanham Act claims). The fact that this results in a lumped entry is further grounds to deny the entire request which is why the designation of R was used to deny the request in its entirety as the redactions so tainted the entry as to render it completely non-compensable.

Sustain _____    Overrule _____

11.   <u>Page 4, Lines 13-16</u>: "Attached as Exhibit K to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries from the Pleadings, Discovery, MSJ, Pre-Trial and Trial through Post-Judgment tabs of the Supplemental Joint Statement on Fees filed by Defendants which Defendants have designated as "V.""

**Objection**: Testimony concerning Exhibit K, which consists of selective portions of a document constitutes inadmissible hearsay and lacks foundation and is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should not be allowed to submit evidence that should have been included in the original motion in a reply.

Sustain _____    Overrule _____

12.   <u>Page 4, Lines 17-20</u>: "Attached as Exhibit L to the Response to Defendants' "Shorthand Objections" are true and correct copies of certain entries

7
DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL
DECLARATION OF JOSEPHINE A. BROSAS ISO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND
COSTS
CASE NO. CV 06-7561 PA (CWx)

4842-8510-3886.2

1  from the Pleadings and Discovery tabs of the Supplemental Joint Statement on
2  Fees filed by Defendants which Defendants have designated as "no charge.""

3  **Objection:** Testimony concerning Exhibit L, which consists of selective
4  portions of a document constitutes inadmissible hearsay and lacks foundation and
5  is not the best evidence. Fed. R. Evid. 602, 801, 802. Moreover, Plaintiffs should
6  not be allowed to submit evidence that should have been included in the original
7  motion in a reply.

8                  Sustain _____      Overrule _____

9       13.   <u>Page 5, Lines 1-5</u>: "Attached as Exhibit M to the Reply is a true and
10 correct copy of the Introduction page of the AIPLA Report of the Economic
11 Survey for 2009, which states in the first paragraph that the AIPLA reports are
12 only "conducted every other year by AIPLA". This means that there is no AIPLA
13 Report of the Economic Survey for 2008 which would have contained the
14 prevailing market rate data for 2007."

15 **Objection:** The reference to the AIPLA survey for 2009 and the NLJ's
16 2010 Billing Survey Report is irrelevant, misleading, confusing, and prejudicial.
17 The majority of the fees and costs sought by Plaintiffs were incurred in
18 Los Angeles in 2006 and 2007. The survey and testimony relating thereto should
19 be stricken. The fact that there is not a survey to cover the relevant time confirms
20 that Plaintiffs have not met their burden to support a rate other than what was
21 charged to their client and anything to the contrary is improper opinion ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

testimony.  Fed. R. Evid. 401, 403, 602, 701.  Exhibit M should be stricken.

Sustain _____   Overrule _____

Defendants respectfully request that the Court sustain the above objections and strike the corresponding evidence.

Dated:  November 28, 2011            **FOLEY & LARDNER LLP**


By: /s/ Kathryn M.S. Catherwood
KATHRYN M.S. CATHERWOOD
Attorneys for Defendants
EDRIVER, INC., ONLINE GURU INC., FIND MY SPECIALIST, INC., SERIOUSNET, INC., RAVI K. LAHOTI, RAJ LAHOTI

9
DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOSEPHINE A. BROSAS ISO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 06-7561 PA (CWx)

4842-8510-3886.2

## CERTIFICATE OF SERVICE

I hereby certify on this 28th day of November, 2011 that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

FOLEY & LARDNER LLP

By: /s/ *Kathryn M.S. Catherwood*
Eileen R. Ridley
Andrew B. Serwin
Kathryn M.S. Catherwood
Tammy H. Boggs
Attorneys for Defendants
EDriver, Inc., Online Guru Inc., Find My Specialist, Inc., Seriousnet, Inc., Ravi K. Lahoti, Raj Lahoti

10
DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF JOSEPHINE A. BROSAS ISO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
CASE NO. CV 06-7561 PA (CWx)

4842-8510-3886.2